# EXHIBIT 2



Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE  202.719.7000
FAX    202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE  703.905.2800
FAX    703.905.2820

www.wrf.com

September 26, 2005

Barbara Van Gelder
202.719.7032
bvangeld@wrf.com

**VIA E-MAIL & OVERNIGHT COURIER**

Peter Zeidenberg
Nathaniel B. Edmonds
Public Integrity Section
United States Department of Justice
1400 New York St. NW
Suite 12100
Washington, DC 20005

Re:    David H. Safavian

Dear Messrs. Edmonds and Zeidenberg:

Since we have a Preliminary Hearing set for October 7, 2005, WRF LLP, acting on behalf of our client, David H. Safavian, requests expedited release of the following materials and information, which are discoverable pursuant to Fed. R. Crim P. 12 and 16:

**STATEMENTS**

1.    Please produce all oral, written or recorded statements of David Safavian. This request includes, but is not limited to, all statements made by Mr. Safavian and contained in communications to any member of the Department of Justice ("Department"), Federal Bureau of Investigation ("FBI"), the General Services Administration ("GSA"), the Inspector General's Office of the General Services Administration ("IG"), Members of Congress including, but not limited to, the Senate Committee on Government Affairs and the Senate Committee on Indian Affairs ("Congress"), and the Office of Management and Budget ("OMB").

2.    The request for statements of Mr. Safavian also includes any statements of Mr. Safavian obtained from the government or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government. We also request the substance of any statements that the government intends to offer in evidence at trial, any response by Mr. Safavian to questioning or interrogation and the circumstances of such communications, the substance of any oral statements contained in handwritten or typed notes or documents of any government agent, any statements that may have been given by Mr. Safavian in

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 2

response to any <u>Miranda</u> warnings, and any other statements that are discoverable under, <u>inter alia</u>, Fed. R. Crim. P. 16(a)(1)(A).

## DOCUMENTS, PHOTOGRAPHS, TANGIBLE OBJECTS, ETC.

3.    Please produce all statements, reports, and documents of the Department, FBI, GSA, IG, Congress, and OMB. This request includes the identities and statements of each and every current and former officer, employee, counsel, and/or agent of the Department, FBI, GSA, IG, Congress, and OMB that the government contends either: (i) was, at the time of making the statement, so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant in respect to the subject of the statement; or (ii) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant with respect to the alleged conduct in which the person was involved. This request specifically includes the complete files of the GSA ethics opinion and internal investigation referenced in the Criminal Complaint.

4.    Please produce all documents, photographs, books, papers, data, and tangible objects within the possession, custody, or control of the United States that: (i) are material to the preparation of Mr. Safavian's defense; and/or (ii) are intended for use by the government as evidence; and/or (iii) were obtained from or belong to the Department, FBI, GSA, IG, OMB, Congress, or David Safavian. This request specifically includes the complete files of the GSA ethics opinion and internal investigation. In addition, this request includes all emails in the government's possession which relate to the allegations contained in the Criminal Complaint.

5.    Please produce all other information that includes, but is not limited to: (i) all photographs, videotapes, field notes, reports, or other records of any and all visits made by government agents to any GSA, OMB, IG, or Congressional facility; and (ii) all records, documents, photographs or other images, videotapes, field notes, or other written or recorded materials relating to the Criminal Complaint.

6.    Please provide us, in a segregated manner, the documents and other information that the United States intends to use as evidence at trial, specifically including, but not limited to, all of the individual documents, statements, and reports identified in the Criminal Complaint.

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 3

7.    Please provide all documents, arrest reports, incident reports, notes, radio runs or radio communications, surveillance tapes or communications, or any other documents or oral communications that relate to any government communications with Mr. Safavian, or observations of him.

8.    Please disclose evidence seized as a result of any search, with or without a warrant, in relation to this case.  See Fed. R. Crim. P. 16(a)(1)(C).  Please provide a copy of all documentary or witness subpoenas, including all responses if applicable, that relate in any way to the investigation.

9.    Please provide reports of all reports of examinations or testing pursuant to Fed. R. Crim. P. 16(a)(1)(F).

10.    Please provide a written summary of any expert testimony that the government intends to use during its case in chief at trial, describing the expert witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications, pursuant to Fed. R. Crim. P. 16(a)(1)(G).

## BRADY REQUESTS

11.    A general Brady request is made.  See Brady v. United States, 373 U.S. 83 (1963).  Also, please provide us with all exculpatory documents, materials, and information, as required by Brady.  Exculpatory information should be provided even if it is information that: (i) has never been reduced to writing; (ii) the government believes to be untrue; and/or (iii) is derived from a statement that has since been retracted or changed.  Please provide all information, including but not limited to, correspondence, responses to same, delivery receipts, correspondence logs, telephone logs and/or computer records, regarding communications between the Department, FBI, GSA, IG, OMB, Members of Congress including the Senate Committees, and any other U.S. government agency to secure information regarding Mr. Safavian, or any potential alleged co-conspirator, regardless of whether it was made informally or orally.

12.    Mr. Safavian specifically requests all material, including all documents, statements, law enforcement or government reports, investigative reports, witness interviews, law enforcement notes, electronic or video recordings and tangible evidence, in the possession of the government or known to the government, which are arguably favorable to Mr. Safavian or which may lead to

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 4

arguably favorable material on the issue of guilt and/or which affects the credibility
of the government's case, whether or not technically admissible in court.
Impeachment as well as exculpatory evidence falls within <u>Brady</u>'s definition of
evidence favorable to the accused.  <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667
(1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

    a.    **<u>Impeachment Evidence</u>**

        13.    Please provide us with all documents, materials, and
information that could serve to impeach or cast doubt upon the credibility of
government witnesses or the government's version of events, as required by <u>Giglio</u>
<u>v. United States</u>, 405 U.S. 150 (1972), and its progeny, including <u>Kyles v. Whitley</u>,
514 U.S. 419 (1995).

        14.    Please provide all impeachable convictions of all government
witnesses.  We request the arrest and conviction records and juvenile adjudications
for each witness the government intends to call in this matter.  We also request that
the government disclose any evidence that any prospective government witness has
engaged in any criminal act, whether or not resulting in a conviction.

        15.    We request the jurisdiction, venue, disposition, and nature of
all criminal charges (1) now pending involving any person to be called as a
government witness, or (2) which have been concluded involving any person to be
called as a government witness.  Please disclose any evidence that any prospective
witness, including law enforcement agents, is under investigation by federal, state or
local authorities for any criminal conduct.  Please disclose all evidence of any
administrative, employer, or other proceeding against any government witness, that
may bear upon credibility or truthfulness, whether or not the proceeding resulted in
a sanction.

        16.    Please provide all documents, interview memoranda or other
reports or notes that contain information that arguably may contradict or be
inconsistent with any evidence or testimony the government intends to admit at
trial.  This request shall include all prior inconsistent, or non-corroborative,
statements of witnesses or individuals who were interviewed.  This request also
includes any oral or written statements, amended statements, retractions, and the
like, of witnesses who changed their statements in any way.

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 5

**b.**   **Evidence Affecting A Witness' Abilities**

17.   Please provide all documents, or any other evidence, including medical, psychiatric or substance abuse evaluations, that tend to affect any possible witness' ability to remember, communicate, perceive, or tell the truth.

**c.**   **Evidence of Bias or Motive to Lie**

18.   Please provide all information tending to show bias for the government or against the defendant. This request includes any evidence that a prospective witness has a motive to falsify or alter his or her testimony.

19.   Please provide all information known to the government that could adversely affect a witness' credibility, reliability, veracity, or bias.

20.   Please provide the name and contact information for all witnesses interviewed by the government that may give evidence that may reflect adversely on the credibility, reliability, veracity or bias of any government witness.

21.   Pursuant to Giglio v. United States, 405 U.S. 150 (1972), please provide all statements and/or promises (express or implied) made to any government witness in exchange for his or her testimony in this case, and any other information that could potentially be used for the impeachment of a government witness.

**d.**   **Cooperating Witnesses**

22.   Please provide all information concerning any cooperating witnesses involved in the investigation, including the identification and location of any such individuals. See, e.g., Rovario v. United States, 353 U.S. 53 (1957).

23.   Please provide any plea agreements, offers, immunity discussions, forbearance of charges, preferential treatment, benefits, promises, statements, expenses, payments, communications, or other documents, relating in any way to any government witness.

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 6

## ADDITIONAL REQUESTS

24.    Please advise us when you are willing to provide us with all documents, material, and information pursuant to the Jencks Act. 18 U.S.C. §3500.

25.    Pursuant to Fed. R. Evid. 404(b), please provide disclosure of all other crimes, wrongs, and/or acts that the United States may seek to use against Mr. Safavian.

26.    Please provide disclosure if you possess any information required by 18 U.S.C. § 2518(10)(a) to be disclosed to Mr. Safavian, and advise us whether you will consent to disclosure of all intercepted communications not provided to us pursuant to other requests contained in this letter.

27.    Please provide us with all records, documents and information relating to any and all ethics opinions, accounting receipts, applications for official action from the GSA, or evaluations of such applications by the GSA or OMB that are in the possession of the Department of Justice or the FBI.

28.    Other than the arrest in this case, it is our understanding that Mr. Safavian has no prior criminal record.  If the government disagrees, Mr. Safavian requests that the government provide a copy of Mr. Safavian's criminal record including arrests, prior convictions, dates, specific jurisdictions, case numbers, and dispositions.  See Fed. R. Crim. P. 16(a)(1)(B).

Please understand that all of our requests seek not only documents and information in the possession, custody, or control of your office (and the files of the grand jury that investigated this matter), but also are written to request the production of all responsive documents and/or information in the possession, custody, or control of the Department of Justice, the FBI, and all other government agencies that have participated or assisted in the consideration or evaluation of the issues that are the subject of the Criminal Complaint or that have participated in the investigation of defendant.  See, e.g., United States v. Bryan, 868 F.2d 1032, 1035-36 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

Please further understand that all requests for statements described above are intended to seek statements in any form whatsoever, including, but not limited to, FBI 302's, notes of interviews and/or conversations, rough notes, grand jury

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 7

testimony, tape recordings and/or transcriptions, electronic surveillance tapes, photographs and images, and all relevant writings. These requests also should be deemed to request accurate disclosure of the substance of any responsive oral statements to the fullest extent such disclosure is required or permitted by law, rule, or court decision, whether or not any such statements were ever recorded in writing or by other means.

Finally, Mr. Safavian expressly requests that the government preserve any and all documents, including rough notes, whether or not the government deems them discoverable at this time. These discovery requests are on-going, and we request that the government immediately provide any additional responsive information that is later obtained.

Sincerely,

Barbara Van Gelder
Counsel for David Safavian