# EXHIBIT 3



Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE  202.719.7000
FAX      202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE  703.905.2800
FAX      703.905.2820

www.wrf.com

October 14, 2005

Barbara Van Gelder
202.719.7032
bvangelder@wrf.com

**VIA FAX, EMAIL AND FIRST CLASS MAIL**

Peter Zeidenberg
Nathaniel B. Edmonds
Public Integrity Section
United States Department of Justice
1400 New York St. NW
Suite 12100
Washington, DC 20005

    Re:    *United States v. David H. Safavian*, Crim. No. 05-370

Dear Messrs. Edmonds and Zeidenberg:

    We have received your initial set of discovery materials in support of the Criminal Complaint. As I mentioned in my voicemail to Peter yesterday, we would like to proceed with discovery issues on an informal basis but since we have a limited time to file motions, we need a timely and comprehensive production of pertinent items for the Indictment pursuant to Fed. R. Crim. P. 12 and 16 immediately.

    Accordingly, we reiterate the requests set forth in the September 26, 2005 letter as applied to all counts of the Indictment, including Counts Four and Five, which were not discussed in the Criminal Complaint. *See* 9/26/05 Ltr. We discuss the following *in addition to*, or in *clarification of*, those requests.

    The essence of each charge of the Indictment under 18 U.S.C. §§ 1001, 1505 is that Mr. Safavian either spoke falsely or did not speak enough in response to questions raised by various government officials. However, we have yet to receive materials identifying the very content and context of many of these questions and answers, let alone all items material to Mr. Safavian's defense.

1.    **Counts One and Three** of the Indictment allege that Mr. Safavian knowingly and corruptly obstructed the GSA-IG investigation into his trip to Scotland in August 2002 during his March 27, 2003 and April 25, 2003 interviews in violation of §§ 2, 1001, and 1505. Indictment ¶¶ 22-27, 30-31.

    a.    While you have produced Agent Rowe's Report of Investigation (ROI), as the document clearly states, the ROI is his "findings." Obviously, there

Wiley Rein & Fielding LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 14, 2005
Page 2

there were interview notes used to prepare his memorandum. You have not produced any records, rough documents, notes, or memoranda of the interviews in question or otherwise related to the May 9, 2003 Report. You also did not include the attachments referenced in the ROI. We would like full and complete discovery of these documents.

  b. We request a copy of the "faxed" Hotline complaint referred to in paragraph 24 of the Indictment. In addition, we are specifically requesting the identity of the Hotline complainant, as well as any evidence of any other complaints made by the complainant. We believe that the informant's identity and the exact contents of the complaint are crucial to our ability to file dispositive motions to dismiss Counts One and Three.

  c. We also specifically request any statements made by any GSA or GSA-OIG personnel that were made to the FBI, Department of Justice or any other member of law enforcement assigned to the task force investigating Mr. Safavian and/or Mr. Abramoff (hereinafter referred to as the "Task Force"), which incorporates statements attributed to Mr. Safavian as a result of his interviews with the GSA-OIG on March 27 and April 25 of 2003.

  d. Please produce any Task Force documents, videotapes, reports or other records of such statements referred to in subsection (c).

**2.** **Count Two** alleges that Mr. Safavian stated to the GSA ethics officer between May and August 2002 that "Lobbyist A did not have any business with and was not seeking to do business with GSA. . . ." in violation of § 1001. Indictment ¶ 29.

  a. Please produce the record of this purported statement and any related documents, rough notes, or memoranda that memorialize the discussion with Mr. Safavian that is referred to in the March 1, 2005 fax from Ms. Eugenia D. Ellison. As it is unclear from the fax who spoke to Mr. Safavian, we are specifically asking for any communications between Mr. Raymond McKenna and Ms. Ellison that include statements allegedly made by Mr. Safavian.

  b. We request that you produce copies of any pertinent GSA procedures or agreements concerning the privilege guidelines for communications between GSA officials and the GSA Office of General Counsel.

**Wiley Rein & Fielding** LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 14, 2005
Page 3

    c.    Please produce all emails in the United States' possession, custody, or control from the period of May-August 2002, whether they directly relate to this case or any related investigation. This includes emails from Mr. Safavian's home, office, as well as emails from Mr. McKenna, Ms. Ellison, Mr. Abramoff, Mrs. Abramoff, Mr. Rudy, Mr. Van Horne, Mr. Volz, Ms. Bowers, Mr. McBurney, Mr. Moravec, Mr. Chrisolini, Ms. Uhre, Mr. Costa, Ms. Jenkins, Mr. Stevens, Ms. Everett, and Rabbi Lapin. The substance and timing of the interrelated emails will be critical to our defense and dispositive motions.

    d.    We also specifically request any statements made by any GSA Office of General Counsel employee to any member of the Task Force, which incorporates statements attributed to conversation(s) with Mr. Safavian between July 25 and August 2, 2002.

    e.    Please produce any Task Force documents, videotapes, reports or other records of such statements referred to in subsection (d).

**3.**    **Counts Four and Five** allege that Mr. Safavian spoke with an investigator from the Senate Committee on Indian Affairs and made representations concerning the Scotland Golf Trip in violation of §§ 2, 1001, and 1505. Indictment ¶ 36. Counts Four and Five also allege that Mr. Safavian made false statements and/or concealed information in the March 17, 2005 letter responding to the Committee's investigation of Lobbyist A. Id. ¶¶ 36-37. The substance and scope of the Senate Committee Investigation and related communications are material to the defense of these allegations. We have only received the February 23, 2005 letter from Senator McCain and the March 17, 2005 response, documents that Mr. Safavian had provided in the first instance.

    a.    Please identify the "investigator" as well as the substance of the statements by Mr. Safavian and the investigator referred to in paragraph 36. In addition, please produce any documents, records, notes, or memoranda related to the communication.

    b.    Please provide all documents, notes, and reports relating to the hearings referred to in paragraphs 33 and 34 of the Indictment.

    c.    We also specifically request any statements made by any member or staff member of the Senate Committee on Indian Affairs to any member of the Task

Wiley Rein & Fielding LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 14, 2005
Page 4

Force, which incorporates statements attributed to the conversation contained in Counts Four and Five.

    d.    Please produce any Task Force documents, videotapes, reports or other records of such statements referred to in subsection (c).

4.    We have received a copy of the report of the May 26, 2005 interview with FBI Agent Jeffrey A. Reising and DOI Agent Brook Minnick.

    a.    Please produce any and all attachments, transcripts, documents, notes, reports, and memoranda related to, referenced, or generated by either agent in this May 26, 2005 interview.

    b.    The FBI-Form 302 you provided states that the form was "dictated" on May 27, 2005. Please provide the original document, notes, or memoranda from which this form was created.

    c.    Please identify and produce the documents provided to Mr. Safavian for review during the course of the interview.

    d.    We request production of any and all transcripts, reports, documents, notes and memoranda relating to the FBI FD-302 report of interview of Mr. Safavian conducted on or about November 5, 2003, referred to throughout the May 26, 2005 report.

    e.    Please produce any and all documents, reports, and memoranda related to Mr. Safavian's confirmation by the United States Senate in November 2004.

5.    Please produce the documents and other information that the United States intends to use as evidence at trial, specifically including, but not limited to: (i) all of the individual documents, statements, and reports identified in the Indictment; (ii) all statements and/or correspondence generated or reviewed by the Defendant.

6.    We reiterate requests 7 through 10 of the September 26, 2005 discovery letter with application to the Indictment. Please provide, for example, all documents, reports, and memoranda relating to any government communications with Mr. Safavian concerning his arrest or cooperation in the investigation.

## Wiley Rein & Fielding LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 14, 2005
Page 5

7.      Please produce copies of any original interview reports, documents and/or correspondence sent to, or emanating from GSA officials, including but not limited to the GSA Commissioner of Public Buildings (Hon. Joseph Moravec) and/or the Deputy Commissioner.

8.      We reiterate requests 11 through 28 of the September 26, 2005 discovery letter concerning, *inter alia*, *Brady*, *Giglio*, and *Rovario* material with application to the Indictment.

As previously stated, please recognize that all requests for statements described above are intended to seek statements in any form whatsoever, including, but not limited to, FBI 302's, notes of interviews and/or conversations, rough notes, grand jury testimony, tape recordings and/or transcriptions, electronic surveillance tapes, photographs and images, and all relevant writings. These requests also should be deemed to request accurate disclosure of the substance of any responsive oral statements to the fullest extent such disclosure is required or permitted by law, rule, or court decision, whether or not any such statements were ever recorded in writing or by other means.

Mr. Safavian also expressly requests that the government preserve any and all documents, including rough notes, whether or not the government deems them discoverable at this time. Furthermore, these discovery requests are on-going, and we request that the government immediately provide any additional responsive information that is later obtained.

We await word as to the mechanics of this production and note that time is of the essence given the Motions calendar set by the Court and Mr. Safavian's right to a speedy trial. Please do not hesitate to contact me if you have any questions or need for clarification.

Sincerely,

Barbara Van Gelder
Counsel for David Safavian