# EXHIBIT 5



U.S. Department of Justice

Criminal Division

_____

Washington, D.C. 20530

October 24, 2005

**BY EMAIL, FACSIMILE AND HAND DELIVERY**

Barbara Van Gelder, Esq.
1776 K Street NW
Washington, DC 20006
Fax: 202-719-7049

RE: *United States v. David H. Safavian*, Crim. No. 05-370

Dear Ms. Van Gelder:

This letter is part of our ongoing discussion attempting to resolve the discovery disputes and avoid a Motion to Compel. We have received your letters of September 26, 2005, October 14, 2005 and October 20, 2005. Your October 20, 2005 letter has clarified some of your outstanding requests. If our current response is insufficiently clear, please contact us and we will do our best to explain our position.

As requested, we are producing numerous materials. We are not, however, producing all that you have requested. Hopefully, our correspondence has narrowed the scope of any motions to compel that you feel it is necessary to file. The total production includes Bates Range DOJ-DS-000001 to DOJ-DS-001622.

### Section I of October 20, 2005 Letter - Documents Government Has Produced

As part of our ongoing discovery obligation, we are producing materials to Mr. Safavian.

On Friday October 7, 2005, we produced the following:
1. May 9, 2003 GSA Memorandum
2. FBI 302 of Safavian interview on May 26, 2005.
3. Relevant emails from May 2002 to August 2002

Please note we are providing these documents again in this production with new bates stamps.

On Thursday, October 20, 2005, we produced page 2 of the original hotline complaint from the GSA case file (scanned electronic version) (1 page). As requested, GSA-OIG has done

a thorough investigation of their files, and they did not retain page 1 of the original hotline complaint.

With this letter, we are producing three major categories of materials: (A) GSA-OIG records; (B) FBI 302s and related materials; and (C) emails between Lobbyist A and Mr. Safavian.

A.     GSA-OIG Records

We are producing to you the complete GSA-OIG case file, even though we do not believe that the entire file is required to be produced at this time under Rule 16. We have produced copies of both the GSA-OIG scanned electronic version and a copy of the paper GSA-OIG file. Please note that there are slight typographical differences between the scanned electronic version of the GSA case file and the paper version. In addition, we are producing all surveillance records of Mr. Safavian.

1. Records from the GSA-OIG Case File (scanned electronic version)
    a. Case Closing Form (1 page)
    b. GSA Form 9559 (1 page)
    c. May 9, 2003 Memorandum and attachments (21 pages)
    d. April 28, 2003 Report of Interview of David H. Safavian and Attachments (16 pages)
    e. GSA CHRIS INFORMATION (8 pages)
    f. Hotline Case Information (4 pages)
    g. GSA CHRIS INFORMATION (8 pages)

2. Records from the GSA-OIG Case File (paper version)
    a. Case Closing Form (1 page)
    b. Information Center Checklist (1 page)
    c. GSA Form 9559 (1 page)
    c. May 9, 2003 Memorandum and attachments (14 pages)
    d. April 28, 2003 Report of Interview of David H. Safavian and Attachments (12 pages)
    e. Cover Sheet (1 page)
    f. GSA CHRIS INFORMATION (8 pages)
    g. GSA-OIG rough notes of Interviews of David H. Safavian. (3 pages). Please note that we do not believe that we are required to produce these materials under Rule 16, *Brady* or any other discovery obligation.

3. GSA-OIG Surveillance Logs (7 pages)

B.     FBI 302s and related materials

We are producing records of Mr. Safavian's interactions with government agents related to this investigation. Please note that we decline to provide the FBI Special Agent Reising's

2

rough notes as the interview does not comprise a charged count.

1. FBI 302 11/05/03 (7 pages)
2. FBI 302 12/04/03 (2 pages)
3. FBI 302 5/26/05
   a. 302 report (10 pages);
   b. Documents provided by Mr. Safavian (7 pages);
   c. Documents shown to Mr. Safavian (16 pages)
4. FBI 302 8/2/05 (1 page)
5. FBI 302 8/8/05 (2 pages) and attachments (24 pages)
6. FBI 302 8/10/05 (1 page) and attachment (audio cassette Bates Stamp
7. FBI 302 9/20/05 (2 pages)
8. FBI 302 10/4/05 - Bryan Parker and Pablo Carillo (12 pages)

C.  E-Mails

We have agreed to provide all emails between Mr. Safavian and Mr. Abramoff regardless of subject matter and time frame. We believe that this is not required by Rule 16. We have produced these to you in chronological order. The bates range is DOJ-DS-000001 to DOJ-DS-001358. Please note that there may be gaps in the production, and we request your assistance in identifying those gaps. We will produce to you any inadvertently omitted emails or any additional correspondence between Mr. Safavian and Abramoff as it comes into our possession.

In addition, we have agreed to produce to you on an ongoing basis:

1. Trial Exhibits: We will produce these to you on an ongoing basis.

2. Fed. R. Evid. 404(B) notice. In a timely manner, the Government will file a notice of its intent to introduce Fed. R. Evid. 404(b) evidence.

3. The identity of the Senate Investigator. As you likely surmised, the Senate investigator referred to Paragraph 36 of the Indictment is Bryan D. Parker. While we do not believe that Mr. Safavian is entitled to this information at this time under Rule 16, *Brady* or any other discovery obligation, we are choosing to provide this to you. In addition, we are providing you a copy of the FBI 302 of the interview of Bryan Parker and of his colleague Pablo Carillo. Again, while we do not believe that Mr. Safavian is entitled to this information at this time under Rule 16, *Brady* or any other discovery obligation, we are choosing to provide this to you. By providing this 302 to you, we are not agreeing to provide additional 302s to you.

**Section II of October 20, 2005 Letter - Documents the Government Declines to Produce**

In your October 20, 2005 letter, you identified numerous items that you believed that will

3

not we produce at this time. Your comments are identified in italics. Our responses to your remarks hopefully will identify with specificity what we decline to produce.

A.  *Interview notes that were the basis of Agent Rowe's ROI.* We do not believe that Mr. Safavian is entitled to these notes under Rule 16, *Brady* or any other discovery obligation. We are, however, producing these notes to you at this time. By providing these rough notes to you, we are not agreeing to provide additional rough notes to you.

B.  *Identity of the author of the hotline complaint.* As we do not know the identify of the author of the hotline complaint, we cannot produce it.

C.  *302s, or notes or ROIs of potential government witnesses; and the 302 or ROI of the Senate Investigator.* As discussed above, we are producing the 302s of the Senate staffers. We believe that Mr. Safavian is not entitled to these documents at this time under Rule 16, *Brady* or any other discovery obligation.

D.  *Task Force[1] Documents, videotapes, reports or other records of what you have categorized as " non-Brady witness statements from individuals other than" Mr. Safavian.* We believe that this is a request for other 302s or ROIs of potential government witnesses. We believe that Mr. Safavian is not entitled to these documents at this time under Rule 16, *Brady* or any other discovery obligation.

E.  *GSA procedures or agreements concerning the privilege guidelines for communications between GSA officials (not currently in possession).* As stated previously, we do not currently have those in possession, and we do not believe that Mr. Safavian is entitled to these documents at this time under Rule 16, *Brady* or any other discovery obligation.

F.  *E-Mails between certain named acquaintances of Lobbyist A and E-Mails sent to/from relevant GSA officials, all of whom were identified in correspondence the Government has represented will be used at trial.* We have produced all the emails currently in our possession between Lobbyist A and Mr. Safavian, which we do not believe is required under Rule 16. We have further produced e-mails that may be used at trial. We do not believe that the broad scope of the requested emails are required to be produced under Rule 16, *Brady* or any other discovery obligation. If you narrowed the scope of your request, we will consider whether we will meet your specific request pursuant to our Rule 16, *Brady* or any other discovery obligation.

G.  *302s, ROIs, or other materials relating to GSA General Counsel officials, the very government agents in receipt of Mr. Safavian's allegedly actionable statements.* As

---

[1] Please note that there is no official "Task Force" for this investigation. We are assuming that you mean the Department of Justice Fraud and Public Integrity Sections and all law enforcement agencies working on this and related investigations.

4

stated previously, we do not believe that Mr. Safavian is entitled to any of those statements at this time under Rule 16, *Brady* or any other discovery obligation.

H.  *302s, ROIs or other materials actually identifying the substance of the conversation with the Senate Investigator, one of the two statements that form the basis of Counts Four and Five.* We do not believe that Mr. Safavian is entitled to the 302 of the Senate Investigator at this time under Rule 16, *Brady* or any other discovery obligation.

I.  *Rough Notes of Agent Reising for the May 26, 2005 interview.* We do not believe that Mr. Safavian is entitled to an agent's rough notes under Rule 16, *Brady* or any other discovery obligation.

J.  *Notes, Memoranda or documents, tapes, etc from any other Agent present at the May 16, 2005 interview.* There were no written memoranda, documents, tapes, etc from the other agent present at the May 16, 2005 interview. We do not believe that Mr. Safavian is entitled to the other agent's rough notes under Rule 16, *Brady* or any other discovery obligation.

K.  *Documents concerning communications about Mr. Safavian's arrest and/or cooperation in this matter.* We have produced all FBI 302 reports regarding Mr. Safavian's arrest. To the extent there is any further documentation, we not believe that Mr. Safavian is entitled to these requests under Rule 16, *Brady* or any other discovery obligation.

L.  *Reports, documents, and correspondence sent to, or emanating from GSA Commissioner Joseph Moravec.* We do not believe that the Government has anything related to this request in its possession that is not part of this production. Further, we do not believe that Mr. Safavian is entitled to further communication regarding GSA Commissioner Joseph Moravec under Rule 16, *Brady* or any other discovery obligation.

M.  *Documents related to GSA ethics opinions.* We do not believe that the Government has anything which is not publicly available related to this request in its possession. Further, we do not believe that Mr. Safavian is entitled to these under Rule 16, *Brady* or any other discovery obligation.

In Section II of your October 20, 2005 letter, you also highlight the major disagreements over the scope of required discovery. In order to clarify our specific responses, you have requested:

1.  Rough notes of government agents. We decline to provide them. We are, however, providing the rough notes of GSA-OIG Special Agent Rowe of his interviews of Mr. Safavian.

2.  All notes, memoranda, ROIs of anyone the Government has interviewed. We

5

decline to provide the 302s, memoranda or ROIs of everyone the Government has interviewed. We have provided all the reports of interviews conducted of Mr. Safavian. To the extent that we have any notes of individual witnesses, we decline to provide them at this time. We also decline to identify whether any interviewed person possesses notes.

c. E-Mails of acquaintances. As discussed above, we decline to provide the broad scope of emails requested.

d. As detailed above, we have produced all of Safavian's statements to known government agents related to this case. In addition, we understand that Mr. Safavian has spoken with government agents related to the background checks of other government employees. While we do not have those statements in our possession, we do not believe that they are relevant to this investigation. Further, as evidenced in the emails produced to you, Mr. Safavian also has spoken with Tina Westby Jonas of the FBI. We do not currently possess any of Mr. Safavian's statements at those meetings.

### Section III of October 20, 2005 Letter - Outstanding Discovery Requests

In your October 20, 2005 letter, in Section III, you highlight documents that the Government has not yet determined whether it will produce. Specifically, you identify the following (as noted in italics). The Government's response follows.

A. *"At this time" you have no documents to memorialize any conversations between Mr. Safavian, Mr. McKenna and/or Ms. Ellison.* As stated previously, we decline to produce any 302s, MOIs, etc of interviews with individuals the Government has interviewed. We do not have any documents created by Mr. McKenna and/or Ms. Ellison that have not been produced to you.

B. *With respect to GSA procedures regarding privileged conversations, you state that they are not discoverable, but "we do not have such copies in our possession."* We do not believe that they are discoverable. Nor do we have them in our possession.

C. *Additional emails stated with particularity.* To the extent that Mr. Safavian identifies specific emails with particularity rather than a generic overbroad request, we will respond to the request to the full extent of our obligations under Rule 16, Brady or any other discovery obligation.

D. *With respect to the Senate Investigator's notes, you state that "they are not in the Government's possession."* We do not currently possess the Senate

6

Investigator's notes. If we acquire them, we will respond to your request the full extent of our obligations under Rule 16, <u>Brady</u>, the Jencks Act or any other discovery obligation.

E. *We asked for statements made by any Senate Staffer or Member to the Taskforce, not for publicly available exhibits.* As we stated previously, we decline to provide the 302 of any Senate Staffer or Member. To the extent that any further statements exist, we also decline to provide them as we do not believe that they are required to be produced at this time under Rule 16, <u>Brady</u>, the Jencks Act or any other discovery obligation. If your request is for documents produced by the Senate to the government, the government believes that Mr Safavian is not entitled to them under Rule 16, <u>Brady</u>, the Jencks Act or any other discovery obligation. Moreover, the only document that the Senate has provided to the Government also has been provided to Mr. Safavian by the Senate.

F. *Same with Senate Confirmation materials, which you say are not currently in the Government's possession.* We have provided the two 302s related to the background check of Mr. Safavian for his Senate confirmation. We do not currently possess any further materials related to the Senate confirmation. Moreover, we do not believe that Mr Safavian is entitled to them under Rule 16, <u>Brady</u>, the Jencks Act or any other discovery obligation.

We understand that there remain legitimate areas of disagreement. Hopefully, this response and production will alleviate many of your concerns.

If you would like to discuss any of these requests further, please feel free to call and we would be happy to discuss them with you.

Sincerely,

Peter R. Zeidenberg
Trial Attorney, Public Integrity Section

Nathaniel B. Edmonds
Trial Attorney, Fraud Section

7