# EXHIBIT 7

Wiley Rein & Fielding LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 26, 2005
Page 2

Accordingly, we are seeking:

    a.    All documents, 302s, or other information which reference Mr. Safavian (by whatever moniker) and ▮▮▮▮▮▮▮▮▮, whether identified by name, CI or other moniker; and

    b.    All documents, 302s, or other reports which include statements, whether inculpatory or exculpatory, regarding ▮▮▮▮▮▮ relating to Mr. Safavian, or regarding any FOIA requests for documents relating to ▮▮▮▮▮▮.

### *Documents Concerning Communications About Mr. Safavian's Arrest and/or Cooperation in this Matter*

We have requested production of "all documents, arrest reports, incident reports notes, radio runs or radio communications, surveillance tapes or communications, or any other documents or oral communications that relate to any government communications with Mr. Safavian, or observations of him." 9/26/05 Ltr. You have produced FBI 302s regarding Mr. Safavian's arrest as well as surveillance reports but did not state whether or not surveillance pictures of Mr. Safavian or tapes of Mr. Safavian's voice exist.

As mentioned in last night's email and detailed below, this request would also encompass:

    a.    All wiretaps, body wires, voice recorders, or other recordings that capture Mr. Safavian's voice or reference Mr. Safavian in any way, including any transcripts, documents or related to such recordings;

    b.    All documents or information related to any wiretap, recording, monitoring, or capturing of information related to or referencing Mr. Safavian. This request shall also include any request (whether approved, denied, or withdrawn) for such wiretap, recording, monitoring, or capturing of information from an audio or communication device associated with Mr. Safavian, or any other audio or communication device where Mr. Safavian's voice or other information was captured or was sought to be captured. Audio or

Wiley Rein & Fielding LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 26, 2005
Page 3

>   communication devices shall include, but not be limited to, land or cellular telephones, body wires, in-car communication or recording devices, computers, and Blackberry-type devices;
>
>   c.    All documents or information, including requests (whether approved, denied, or withdrawn), for any Pen Register (or Pen Trace), or Trap and Trace, related to Mr. Safavian, including any information obtained therefrom, whether or not the audio or communication device was associated with Mr. Safavian;
>
>   d.    All documents or information, including requests, for any other surveillance or monitoring, including GPS, cell-site information, or other audio or communication device, related to Mr. Safavian, including any information obtained therefrom; and
>
>   e.    Any surveillance pictures of Mr. Safavian, taken at any time.

Finally, I want to further clarify what I mean by "documents relating to Mr. Safavian's cooperation." Agent Reising's affidavit in support of the criminal complaint indicates that in 2004, the WFO opened an investigation, which is presently being conducted by agents from "numerous agencies." This is the entity that I have dubbed, for lack of a better term, the "taskforce." It is clear that the "taskforce" is looking into the actions of various lobbyists, executive agency employees, and Congressman, especially Mr. Abramoff a.k.a., Lobbyist A.

I believe that as part of that investigation, a plan was developed to secure Mr. Safavian's cooperation in the Abramoff investigation. These documents are material to our defense. While Rule 16(a)(2) excludes from discovery "reports, memoranda, or other internal government documents made by the attorney for the government," that section applies only to attorney work product on the current "case" – that is, the matter being prosecuted in the Indictment. Rule 16(a)(2) does not apply to work product or other investigative documents created or collected as a result of a separate government investigation not leading to the Indictment at hand.

Wiley Rein & Fielding LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 26, 2005
Page 4

If you have any questions regarding these requests, please give me a call.

Sincerely,

Barbara Van Gelder
Counsel for David Safavian