# EXHIBIT 8

Case 1:05-cr-00370-PLF   Document 9-12   Filed 10/28/2005   Page 1 of 4



U.S. Department of Justice

Criminal Division

_____
Washington, D.C. 20530

October 26, 2005

**BY ELECTRONIC MAIL AND FACSIMILE**

Barbara Van Gelder, Esq.
1776 K Street NW
Washington, DC 20006
Fax: 202-719-7049

RE: *United States v. David H. Safavian*, Crim. No. 05-370

Dear Ms. Van Gelder:

This letter is part of our ongoing discussion attempting to resolve the discovery disputes and limit a Motion to Compel. We have received your letters of September 26, 2005, October 14, 2005, October 20, 2005, October 25, 2005 and October 26, 2005. Your October 25, 2005 letter has clarified some of your outstanding requests. This letter indicates the scope of what we are not willing to produce at this time.

**October 25, 2005 Letter**

**302s, ROIs or other materials related to GSA General Counsel Officials**

As discussed previously, at this time we are declining to provide 302s, ROIs or other materials related to this the GSA General Counsel's office. You have made your position clear, but we believe that Mr. Safavian is not entitled to the 302s of GSA General Counsel officials for preparation of dispositive motions.

**E-Mails**

As discussed previously, at this time we are declining to provide the broad scope of emails requested. You are asking for all emails by the 17 people named in your letter. We believe that your request is too broad, and Mr. Safavian is not entitled to them for preparation of dispositive motions.

**Rough Notes of Agents Reising and Brook Minnick for the May 26, 2005**

As discussed previously, at this time we are declining to provide the rough notes of

Special Agent Reising and Special Agent Minnick. We have provided the FBI 302 of the May 26, 2005 interview, which informs Mr. Safavian of his statements made to known Government agents. We do not believe that Mr. Safavian is entitled to these notes in preparation of dispositive motions.

### Documents and any other Reports Concerning Communications about Mr. Safavian's Arrest and/or Cooperation in this Matter

We apparently do not understand your request on this matter. You have requested all reports concerning Mr. Safavian's arrest and/or cooperation. As discussed in our previous letters, we have provided all of the FBI, GSA-OIG and DOI-OIG reports regarding any interactions with Mr. Safavian. Nevertheless, you state that:

> the Government used coercive tactics on or about the occasion of the defendant's arrest that implicate Fifth and Sixth Amendment concerns in the attempt to force Mr. Safavian to cooperate in its investigation into Lobbyist A.

We are not sure what you mean by this, but we have no further records regarding Mr. Safavian's arrest and cooperation. If you have specific concerns or requests, please identify them with particularity.

### Material Documents "Not Currently in Possession"

In your October 25, 2005 letter, you list six categories of items that we do not have in our possession that you believe are discoverable. Specifically, you propose a broad definition of "Government" to include all materials in possession of GSA and the Senate. We disagree with your characterization of what is the "Government," and we expect that you will file a motion to compel on the issue.

As stated previously, we do not have possession of, nor have we reviewed, the Senate staffer's notes.

In terms of information related to GSA Ethics opinion, the reference to "publicly available materials" was a reference to publicly available Office of Governmental Ethics opinions or statutory and regulatory language.

### October 26, 2005 Letter

### Identity of the Hotline Complainant

As we have stated repeatedly, we do not know the identity of the hotline complainant. GSA-OIG does not know the identity of the hotline complainant.

2

We do not believe that in order to prepare for dispositive motions or for any other matter, Mr. Safavian is entitled to the information in your requests regarding ▇▇▇▇▇▇▇.

Of course, if the Government has *Brady* material regarding Mr. Safavian, whatever its source, we are obligated and will provide it to you.

### Communications about Mr. Safavian's Arrest and/or Cooperation

We have nothing that you request from Paragraph A, B, C, D or E.

### Internal Investigative Memoranda

You have requested internal deliberative memoranda relating to the broader investigation. We decline to turn over any of these materials.

If you would like to discuss any of these requests further, please feel free to call and we would be happy to discuss them with you.

Sincerely,

Peter R. Zeidenberg
Trial Attorney, Public Integrity Section

Nathaniel B. Edmonds
Trial Attorney, Fraud Section