# EXHIIBIT 10

Case 1:05-cr-00370-PLF    Document 9-14    Filed 10/28/2005    Page 1 of 5

FROM  (WED) 10. 19' 05 16:24/ST. 16:24/NO. 4861219992 P 2



**U.S. Department of Justice**

Criminal Division

Washington, D.C. 20530

October 19, 2005

Barbara Van Gelder
Wiley Rein & Fielding, LLP
1776 K Street, NW
Washington, DC 20006

Re: <u>David H. Safavian</u>

Dear Ms. Van Gelder,

This letter is in response to your discovery requests of September 26 and October 14, 2005.

1. (a) You have requested Agent Rowe's interview notes and attachments to his ROI related to his interview of Mr. Safavian. We will be providing the attachments to this report. We will not be providing the interview notes, which were incorporated into Agent Rowe's ROI.

   (b) We are enclosing a copy of the faxed Hotline complaint you have requested. We do not know the identity of the author of this complaint and, in any event, do not believe such information is discoverable.

   (c) To the extent that this request is for 302s or ROIs of potential government witnesses, we decline to provide them.

   (d) This appears to be a further request for non-Brady witness statements from individuals other than your client. As noted above, we decline to provide these statements as we do not believe they are discoverable under Rule 16.

2. (a) We have previously provided to you the emails that memorialize the communications between Mr. Safavian, Mr. McKenna and Ms. Ellison. At this time, we have no additional notes or memoranda concerning these communications.

   (b) You have requested copies of "pertinent GSA procedures or agreements concerning the privilege guidelines for communications between GSA officials and the GSA Office of General Counsel." We do not have such copies in our possession, nor do we believe they are discoverable.

(c) To the extent that this request is for "all emails in the United States' possession, custody, or control" for 17 listed individuals for a four month period, regardless of whether or not they relate to this investigation, and regardless of whether or not they were to or from Mr. Safavian, we believe this request is over-broad. On an ongoing basis, we will provide to the defense all emails in the government's possession that were sent between Mr. Safavian and Mr. Abramoff, regardless of subject matter and regardless of time restrictions. If there are additional emails you are aware of and can identify with particularity, we will consider providing those as well.

(d) To the extent that this request is for 302s or ROIs of government witnesses, we decline to provide them, as the information requested does not constitute "statements" of a defendant as defined by Rule 16.

(e) As noted above (d), we do not believe this material is discoverable.

3.(a) We do intend to identify this investigator once we have had the opportunity to notify him that his name is being provided to the defense. There are no notes of this investigator in the government's possession that relate to the conversation that is the subject of Counts 4 and 5. To the extent that this is a request for a 302 of this witness, we decline to provide it.

(b) Copies of the exhibits introduced at the hearings are publicly available on the internet. Transcripts of the hearings are public records and accessible through the Senate. If you are unable to procure copies of the Senate transcripts, please let us know and we will try to get you copies.

(c) To the extent that this request is for a 302 or ROI of an interview with Senate staff, we decline to provide them as they are not discoverable under Rule 16.

(d) As noted above (c), we do not believe this material is discoverable.

4.(a) We will be providing all attachments to Agent Reising's 302 of his May, 2005 interview with Mr. Safavian. We will not be providing the notes taken by Agent Reising, which were incorporated into his 302.

(b) As noted above (a), we will not provide any notes of the agents.

(c) We will be providing all documents provided to Mr. Safavian during this interview.

(d) We will be providing the FBI 302 report of interview conducted on or about November 5, 2003 of Mr. Safavian.

2

(e) No materials pertaining to Mr. Safavian's Senate confirmation are in the government's possession, nor do we believe these materials to be relevant or discoverable.

5.(a) We have previously provided to you the material that the government intends to introduce at trial. Understanding that our discovery obligation is ongoing, we anticipate turning over to you shortly additional documents as they are identified as potential trial exhibits (for example, phone records and credit card/bank records).

6. To the extent that this request is for internal DOJ/law enforcement memoranda or emails "relating to any government communications with Mr. Safavian concerning his arrest or cooperation in the investigation," we decline to provide them. We will provide the arrest 302 of Mr. Safavian, who made no statements at the time of his arrest.

We will be providing to you a copy of a voice-mail message Mr. Safavian left on S/A Reising's office phone. We are checking to see if there are surveillance logs of Mr. Safavian. There are no additional radio runs or communications.

There was no evidence seized as a result of any search warrants in this case. To the extent that you have requested copies of "all documentary and witness subpoenas, including all responses if applicable," we decline to provide this except to the extent that this material is either Brady or will be otherwise introduced by the government at trial.

There are no reports of examinations or testing pursuant to Fed.R.Crim.P. 16(a)(1)(F).

The government does not at this time intend to introduce any expert testimony.

7. This request for "interview reports, documents and/or correspondence set to, or emanating from GSA officials" is not limited by either date, time, or subject matter. As written, it is overbroad and vague.

8. We have not identified any Brady evidence at this time.

All impeachment evidence, if any, will be provided by the government at the time Jencks materials are disclosed, shortly before trial.

We anticipate providing notice of 404(b) evidence regarding Mr. Safavian in the near future.

There are no intercepted communications in the government's possession that pertain to Mr. Safavian.

We consider your request for "all records, documents and information relating to any and all ethics opinions, accounting receipts, applications for official action from the GSA . . ."

3

to be so overbroad and vague that we are unable to comply with it. If there is a particular ethics opinion or memorandum of which you are aware and which you are requesting for the preparation for your defense, please identify it with particularity and we will attempt to comply with your request.

We are of the belief that Mr. Safavian has no criminal record.

If you would like to discuss any of these requests further, please feel free to call and we would be happy to discuss them with you.

Please note that the government is hereby requesting reciprocal discovery pursuant to Rule 16.

Sincerely,

Peter R. Zeidenberg
Trial Attorney, Public Integrity Section

Nathaniel B. Edmonds
Trial Attorney, Fraud Section

4