UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES of AMERICA,

v.

DAVID HOSSEIN SAFAVIAN,                    Criminal No. 05-370 (PLF)

Defendant

---

## NOTICE OF FILING AMENDED EXHIBIT FOR DEFENDANT DAVID H. SAFAVIAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Exhibit 7 of the Defendant's October 28, 2005 Memorandum of Law in Support of the Motion to Compel Discovery, the Defendant's October 26, 2005 discovery letter to the prosecution, did not include the first page. Enclosed herein is a copy of the complete October 26th letter, including the first page. The government has received the proper exhibit.

Respectfully submitted,

**WILEY REIN & FIELDING LLP**

By: /s/ Barbara Van Gelder

Barbara Van Gelder, Esq.
Roderick Thomas, Esq.
Albert Lambert, Esq.
1776 K Street NW
Washington, DC 20006
TEL: 202.719.7032
FASCIMILE: 202.719.7049

Attorneys for David H. Safavian

Dated: October 31, 2005

# EXHIBIT 7

 Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE  202.719.7000
FAX     202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE  703.905.2800
FAX     703.905.2820

www.wrf.com

October 26, 2005

Barbara Van Gelder
202.719.7032
bvangelder@wrf.com

**VIA FACSIMILE AND HAND-DELIVERY**

Peter Zeidenberg
Nathaniel B. Edmonds
Public Integrity Section
United States Department of Justice
1400 New York St. NW
Suite 12100
Washington, DC 20005

Re:    *United States v. David H. Safavian*, Crim. No. 05-370

Dear Mr. Zeidenberg and Mr. Edmonds:    *NAT + PETER*

        Following up on my e-mail last night, I want to clarify our position on two
outstanding requests.

*Identity of the Author of the Hotline Complainant*

        You have represented that you do not know the identity of the author of the
hotline complainant and that the first (perhaps cover) page of the March 2003 fax is
not in the possession, custody, or control of either your offices or those of the GSA.
As we indicated in yesterday's correspondence, *United States v. Poindexter*, 727 F.
Supp. 1470, 1477-78 (D.D.C. 1989) stands for the proposition that Rule 16 is a
global provision.  That is, the prosecution must produce material information that is
in the hands of any pertinent government branch or agency.  *United States v. Bryan*,
868 F.2d 1032, 1036 (9th Cir. 1989) ("The prosecutor will be deemed to have
knowledge of and access to anything in the possession, custody or control of any
federal agency participating in the same investigation of the defendant."); *accord
United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (holding that the
prosecution is required to search the files of all branches of government that are
closely aligned with the prosecution).  Since you have produced a document that
shows a similar fax was sent to a Congressional office, we specifically request
production of page 1 from their fax.

        The identity of the hotline complainant is material to several issues in this
case, including the defense of entrapment.  *See, e.g., DiBlasio v. Keane*, 932 F.2d
1038, 1041-42 (2d Cir. 1991) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)).

Wiley Rein & Fielding LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 26, 2005
Page 2

Accordingly, we are seeking:

 a. All documents, 302s, or other information which reference Mr.
Safavian (by whatever moniker) an███████████████, whether
identified by name, CI or other moniker; and

 b. All documents, 302s, or other reports which include statements,
whether inculpatory or exculpatory, regarding ████████ relating to
Mr. Safavian, or regarding any FOIA requests for documents relating to ████
████████

### Documents Concerning Communications About Mr. Safavian's Arrest and/or Cooperation in this Matter

 We have requested production of "all documents, arrest reports, incident
reports notes, radio runs or radio communications, surveillance tapes or
communications, or any other documents or oral communications that relate to any
government communications with Mr. Safavian, or observations of him." 9/26/05
Ltr. You have produced FBI 302s regarding Mr. Safavian's arrest as well as
surveillance reports but did not state whether or not surveillance pictures of Mr.
Safavian or tapes of Mr. Safavian's voice exist.

 As mentioned in last night's email and detailed below, this request would
also encompass:

 a. All wiretaps, body wires, voice recorders, or other recordings that
capture Mr. Safavian's voice or reference Mr. Safavian in any way,
including any transcripts, documents or related to such recordings;

 b. All documents or information related to any wiretap, recording,
monitoring, or capturing of information related to or referencing Mr.
Safavian. This request shall also include any request (whether
approved, denied, or withdrawn) for such wiretap, recording,
monitoring, or capturing of information from an audio or
communication device associated with Mr. Safavian, or any other
audio or communication device where Mr. Safavian's voice or other
information was captured or was sought to be captured. Audio or

Wiley Rein & Fielding LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 26, 2005
Page 3

communication devices shall include, but not be limited to, land or cellular telephones, body wires, in-car communication or recording devices, computers, and Blackberry-type devices;

c.    All documents or information, including requests (whether approved, denied, or withdrawn), for any Pen Register (or Pen Trace), or Trap and Trace, related to Mr. Safavian, including any information obtained therefrom, whether or not the audio or communication device was associated with Mr. Safavian;

d.    All documents or information, including requests, for any other surveillance or monitoring, including GPS, cell-site information, or other audio or communication device, related to Mr. Safavian, including any information obtained therefrom; and

e.    Any surveillance pictures of Mr. Safavian, taken at any time.

Finally, I want to further clarify what I mean by "documents relating to Mr. Safavian's cooperation." Agent Reising's affidavit in support of the criminal complaint indicates that in 2004, the WFO opened an investigation, which is presently being conducted by agents from "numerous agencies." This is the entity that I have dubbed, for lack of a better term, the "taskforce." It is clear that the "taskforce" is looking into the actions of various lobbyists, executive agency employees, and Congressman, especially Mr. Abramoff a.k.a., Lobbyist A.

I believe that as part of that investigation, a plan was developed to secure Mr. Safavian's cooperation in the Abramoff investigation. These documents are material to our defense. While Rule 16(a)(2) excludes from discovery "reports, memoranda, or other internal government documents made by the attorney for the government," that section applies only to attorney work product on the current "case" – that is, the matter being prosecuted in the Indictment. Rule 16(a)(2) does not apply to work product or other investigative documents created or collected as a result of a separate government investigation not leading to the Indictment at hand.

Wiley Rein & Fielding LLP

Peter Zeidenberg
Nathaniel B. Edmonds
October 26, 2005
Page 4

If you have any questions regarding these requests, please give me a call.

Sincerely,

Barbara Van Gelder
Counsel for David Safavian