UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| DAVID HOSSEIN SAFAVIAN | : | |
| | : | |
| Defendant | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF THE MOTION TO COMPEL DISCOVERY

The United States of America, by and through its undersigned attorneys, hereby respectfully submits its Memorandum in Response to Defendant David H. Safavian's Supplemental Memorandum in Support of the Motion to Compel Discovery.

A.   **Discovery Relating to the Request for an Ethics Opinion**

1.   **302s, Tapes, Rough Notes and Any Other Documents Reflecting Interviews of Mr. McKenna and Ms. Ellison Regarding Mr. Safavian's Request for an Ethics Opinion**

The government has repeatedly advised defendant Safavian that it does not have any additional reports, notes or documents concerning defendant's communications with Mr. McKenna or Ms. Ellison other than the previously provided the email exchange between defendant and Mr. McKenna. That defendant once again describes at length why he seeks this information does not change the fact that the government has no other documents that correspond to this request.

To the extent that this request seeks FBI 302s and rough notes of the interviews of Mr. McKenna and Ms. Ellison, the government once again cites to Rule 16(a)(2), which states that witness statements are to be provided pursuant to the Jencks Act. Defendant has provided no grounds as to why this explicit provision should not apply to this case.

2.  **Internal GSA Procedures and Guidelines Relating to Ethics Opinions and Disciplinary Actions for Violations of Such Policies**

Defendant "seeks GSA internal guidelines for soliciting an advisory ethics opinion" because these documents "would address whether making these requests actionable under 18 U.S.C. § 1001 would jeopardize the established agency scheme for soliciting ethics advice."

This request should be denied because defendant does not represent that he ever saw such internal guidelines (assuming they even exist), much less that he relied upon them in deciding what to or not to say to the ethics advisor. Thus, defendant cannot show that these guidelines are material to his defense. See Fed. R. Crim. P. 16, Advisory Committee Notes(b)(1) ("While specific designation is not required of the defendant, the burden is placed on him to make a showing of materiality to the preparation of his defense and that his request is reasonable.")  In this case, assuming arguendo that such internal guidelines exist *and* that they "jeopardize the established agency scheme for soliciting ethics advice," if defendant never saw them than he cannot show how this hypothetical contradiction between the guidelines and § 1001 would be material to his defense.[1] Moreover, the government does not have them in its possession.

---

[1] Defendant's reliance on United States v. DeFries, 129 F.3d 1293, 1308 (D.C. Cir. 1997) is mis-placed for a number of reason, chief among them is its stated requirement that "[a] defendant is entitled to and advice-of-counsel instruction if he introduces evidence showing: (1) *he made full disclosure of all material facts to his attorney before receiving the advice at issue* ..." (emphasis supplied). In this case, of course, the allegation is that this is the precise opposite of what the defendant did.

Moreover, and even more fundamentally, defendant has offered no legal support for the suggestion that the general counsel for GSA could have an attorney-client relationship with the chief of staff of the Agency as an individual (as opposed to as a representative of the GSA).

Finally, as pointed out at the hearing on November 14, 2005, even if an attorney-client relationship did exist between defendant Safavian and the General Counsel, the fact that defendant Safavian then forwarded the advice he received from his putative attorney to Mr. Abramoff would have served to waive his privilege, had one existed in the first place.

B.     **Requests Relating to the Availability of GSA Properties and the Scotland Trip**

1.     **Email, Correspondence and Any Other Documents from May 2002 through August 2002 between Named Abramoff Business Associates Concerning Mr. Safavian, White Oak, the Old Post Office Building, or the 2002 Scotland Trip**

Defendant seeks these documents because, he claims, they are "material to the preparation of the defense that Mr. Safavian accurately represented that Mr. Abramoff was not 'doing business' with the GSA in late July and early August 2002."

The fact that defendant claims these requested items are material does not automatically make them so. Once again defendant has failed to demonstrate how emails that he has never seen could have had any bearing on his state of mind when he communicated with his ethics officer, the GSA-OIG or the Senate investigators. As defense counsel emphasized (at one point) during the November 14 hearing, it is the defendant's state of mind that is critical in this case. The government agrees. But because defendant is unable to articulate how emails he never saw could have affected his state of mind, they therefore cannot be deemed "material" to his defense, as that term is meant by Rule 16. See United States v. George, 786 F.Supp. 11, 13 (D.D.C. 1991).[2]

---

[2] While the government objects to the defendant's request as to all of the described emails, it objects in particular to the request for emails pertaining to the Scotland trip. To be clear, as drafted, this request would seek all emails written to or from Mr. Abramoff regarding the Scotland trip, *regardless* of whether or not the email refers to defendant Safavian and, as noted above, regardless of whether or not defendant ever saw the email.
    Defendant has made no argument how emails pertaining to who was going on the Scotland trip and why they were being invited could conceivably be material to the issue of whether or not defendant believed that Mr. Abramoff was or was not "doing business with GSA" at or around the time of the trip. Therefore, even if the Court is inclined to order the government to turn over to the defense emails pertaining to OPO or White Oak, we specifically requests that the Court not order the disclosure of the Abramoff emails pertaining to the Scotland trip that the defendant has not seen.

3

2.  **E-mail, Correspondence and Other Documents in the Custody of the GSA Regarding the OPO and White Oak.**

As stated previously, the government does not have these documents in its possession, and has not reviewed the materials and left them with GSA. The government is continuing to make inquiries of any GSA employees it interviews for correspondence (whether paper or electronic) that were sent to or from defendant Safavian regarding OPO and White Oak.

C.  **Requests Relating to the Senate Investigation**

1.  **Notes, Documents, and Tapes of 302s and Interviews of the Chief and Deputy Chief Investigative Counsel to the Senate Committee**

Defendant seeks the rough interview notes that pertain to the interviews of the Senate investigators. To the extent that these rough notes can be construed as a witness statement, the government cites to Rule 16(a)(2). As the government noted previously, the disclosure of a witness's notes is governed by the Jencks Act. If these notes constitute Jencks, they will be turned over to the defense at or about the time of trial.

D.  **Requests Relating to Mr. Safavian's Coercion Defense**

1.  **All Documents or Evidence concerning Other Complaints made to the GSA by the Individual Named on Page 2 of the Unredacted Version of Exhibit 7**

The government objects to this request because, once again, defendant cannot show that these items are material to his defense. Defendant apparently has a hunch that he knows who made an anonymous complaint against him. Assuming arguendo[3] that this hunch is correct, the hotline complainant's motivations in writing are not relevant to whether or not defendant made false statements to the GSA-OIG. There has been no suggestion – nor could there be – that the GSA-OIG

---

[3] The government does not know the identity of the hotline complainant.

4

investigator was aware of the identity of the hotline complainant or his or her motivations. Thus, even if the complainant had some sort of agenda, this agenda was not communicated to the GSA-OIG investigator. There is simply no authority for defendant's apparent belief that the government must initiate an investigation into prior conduct of anyone a defendant may suspect played a role in initiating an investigation that results in his being charged. See United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1995) ("'Roviaro does not require disclosure of an informant who was not an actual participant in or a witness to the offense charged'") (citations omitted).

2.   **Documents, Tapes, Reports, or Other Records Concerning Mr. Safavian's Arrest and/or Cooperation in Other Matters**

Defendant hopes that this information "would uncover admissible evidence or otherwise aid in the inquiry possible due process violations by the government." The government has already provided all FBI 302s related to defendant's arrest. Defendant's speculative hope that internal governmental lawyers' memoranda and emails will help his defense is not sufficient to require this type of discovery. See Wade v. United States, 504 U.S. 181, 186 (1992) (generalized allegations of improper motive or government misconduct insufficient to trigger right to discovery or an evidentiary hearing; defendant must make a "substantial threshold showing"). Defendant Safavian has made no such showing here. Thus, his request must be denied because it is specifically barred by Rule 16(a)(2).

Respectfully submitted,

_____  
NATHANIEL B. EDMONDS  
Trial Attorney, Fraud Section  
Criminal Division  
United States Department of Justice

_____  
PETER R. ZEIDENBERG  
Trial Attorney, Public Integrity Section  
Criminal Division  
United States Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that on this 22d day of November, 2005, a copy of the foregoing was served on the following counsel by facsimile, electronic service and first class mail to:

>Barbara Van Gelder, Esq.
>Wiley Rein & Fielding
>1776 K Street NW
>Washington, DC 20006
>Tel: 202-719-7032
>Facsimile: 202-719-7049

>_____
>PETER R. ZEIDENBERG
>Trial Attorney
>Public Integrity Section, Criminal Division
>United States Department of Justice