UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 05-0370 (PLF) |
| DAVID HOSSEIN SAFAVIAN, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

For the reasons set forth in the Opinion issued this same day, it is hereby ORDERED that defendant's motion to compel discovery [9] is GRANTED in part and DENIED in part. Accordingly, it is hereby ORDERED that the government shall produce to the Defendant the following material:

1. All 302s, investigative reports, notes, documents, and tapes of General Services Administration ("GSA") Ethics Officer Ray McKenna and Eugenia Ellison of the GSA General Counsel's office pertaining to Mr. Safavian's request for an advisory ethics opinion.

2. All internal GSA procedures and guidelines relating to ethics opinions and disciplinary actions for violations of such policies, but not information about specific disciplinary actions related to other employees.

3. All e-mails and correspondence and any other documents from May 2002 through August 2002 sent or received by Pam Abramoff, Anthony Rudy, John Van Horne, Neil Volz, Holly Bowers, Colin Stevens, and Rabbi David Lapin concerning Mr. Safavian, the Old

Post Office Building in Washington D.C. ("OPO"), the Naval Surface Warfare Center White Oak Property in Silver Spring, Maryland ("White Oak") or the 2002 Scotland trip.

      4.      All e-mails and correspondence and any other documents within a specified, reasonable and appropriate time frame sent from or received by GSA Commissioner Joseph Moravec, as well as GSA officials Paul Chrisolini, Leah Uhre, Tony Costa, Sharon Jenkins, Ann Everett, Ray McKenna, and Eugenia Ellison concerning the OPO or White Oak properties or projects, or Mr. Safavian's request for an advisory ethics opinion.[1]

      5.      All notes, documents and tapes of 302s and interviews of the Chief Investigative Counsel and Deputy Chief Investigative Counsel to the Senate Committee on Indian Affairs within the possession, custody or control of the government.

      6.      Upon producing the above materials, the government shall also provide the defendant information as to what specific efforts were made to search for responsive documents, including the extent of the search for responsive documents within the possession, custody or control of the GSA, GSA Office of the Inspector General, and the Department of Justice.

      SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: December 23, 2005          United States District Judge

---

[1] As discussed in the Opinion accompanying this Order, the defendant is ordered to particularize his request with a time frame reasonable for discovery and relevant to the materials requested. If the parties cannot reach an agreement on what that time frame is, they may file an additional motion to resolve that issue. The parties are, however, expected to negotiate this matter to the best of their ability before bringing it to the Court's attention.