# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES of AMERICA,**

     **v.**

**DAVID HOSSEIN SAFAVIAN,**                  **Criminal No. 05-370 (PLF)**

        **Defendant**

## DEFENDANT DAVID H. SAFAVIAN'S RENEWED
## MOTION TO COMPEL DISCOVERY

Defendant David H. Safavian, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 16, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, to enter an order compelling the United States to provide Mr. Safavian with a redacted portion of all notes, documents and tapes of the 302 interviews of Jack Abramoff insofar as such notes, documents and tapes concern or reference statements of Mr. Safavian.

This request arises out of Mr. Abramoff's January 3, 2006 plea agreement with the United States, and the uncovering of news that Mr. Abramoff has provided information to the Department of Justice about certain United States officials, including Mr. Safavian. In accordance with Local Rule 16.1, Defendant Safavian first requested this information directly from the United States' attorneys through correspondence. *See* January 4, 2006 Letter at 2 (Ex. 1). Government counsel initially indicated that it would consider providing the few paragraphs of information in the Abramoff 302 pertaining to Mr. Safavian's statements. *See* January 5, 2006 Letter (Ex. 2). However, the Government reconsidered its position and advised Defendant it would need to litigate the issue. *See* January 6, 2006 Letter at 2 (Ex. 3).

The redacted portion of Mr. Abramoff's 302 materials fall within the ambit of the December 23rd Opinion and Order granting in part the Defendant's initial Motion to Compel. (Ex. 4). Paragraphs 1 and 5 of the Order direct the production of 302s (together with rough notes, documents, and tapes corresponding to such interviews) for GSA Ethics Officer Raymond McKenna, Eugenia Ellison of the GSA General Counsel's Office, and Senate Committee on Indian Affairs' Investigative Counsel Bryan Parker and Pablo Carillo that are in the "possession, custody or control of the government." This Court held that the GSA employee 302s (and associated materials) met the standard for disclosure under Federal Rules 16(a)(1)(A), and (a)(1)(B), and that the Senate staffer 302s must also be turned over under Rule 16(a)(1)(b)(i) and Brady. Op. at 11 & 16. In doing so, the Court held that the government must turn over any portion of the Senate staffer 302s (and associated materials) that include statements by Safavian "to anyone," Op. at 16, and that such "disclosure is not precluded either by Rule 16(a)(2) or by the Jencks Act." Op. at 12. The Court should reach the same conclusion for the 302 interview (and related materials) of Mr. Abramoff as it pertains to statements of Mr. Safavian supplied by Mr. Abramoff to the government.

The redacted 302s concerning Mr. Safavian's statements, and notes and tapes thereof, are also discoverable under Rule 16(a)(1)(E) because they are "material to the *preparation of* the defendant's defense." Op. at 6 (quoting United States v. Marshall, 132 F.3d 63, 67 (1998)) (emphasis in original). Mr. Abramoff is a central figure in the Indictment ("a.k.a. Lobbyist A"). While Mr. Safavian paid his own way for the August 2002 Scotland trip at issue, Mr. Abramoff was the organizer of the event and the source of the financing for other invitees. There would be no indictment against Mr. Safavian if not for the government's perception of Mr. Abramoff's relationship with the defendant.

Mr. Abramoff's representations as to Mr. Safavian's statements concerning the August 2002 Scotland trip are crucial to determining the nature of his personal relationship with Mr. Safavian, one that predated and indeed formed the basis of Mr. Safavian's participation in the August 2002 Scotland trip.  The government has suggested that Mr. Safavian attended the Scotland trip for business interests of Mr. Abramoff.  Having Mr. Safavian's statements to Mr. Abramoff concerning the context of the Scotland trip may help the defendant demonstrate that not only was a gift not accepted because the trip was paid for, but that the offer to travel to Scotland itself arose out of a personal relationship.

Mr. Abramoff's descriptions of Mr. Safavian's statements would also help the defendant demonstrate that even had Mr. Safavian accepted the gift, Mr. Abramoff was not "doing business" with the GSA at the time of Mr. Safavian's July 25, 2003 ethics request.  Mr. Abramoff's interview may or may not contain references to his request for Mr. Safavian's thoughts on properties managed by the GSA.  Either way, a redacted segment of his interview would speak to the defense that Mr. Safavian's representations concerning Mr. Abramoff's activities at the time of the July 2003 ethics request were accurate.  Indeed, the Court has already acknowledged that conversations of Mr. Abramoff's business associates concerning the status of GSA properties would be material to the preparation of this defense and directed production accordingly.  *See* Op. at 13; *see also* Op. at 7 (holding that items material to the preparation of a defense is not limited to exculpatory information) (citing Marshall, 132 F. 3d at 67).

In light of this Court's earlier decision and the interests of justice, the defendant requests that the Court grant this motion directing the production of all portions of 302s, investigative reports, notes, documents, and tapes of Mr. Abramoff that concern or relate to Mr. Safavian.  A proposed Order is attached.

Respectfully submitted,

WILEY REIN & FIELDING LLP


By: /S/ Barbara Van Gelder

    Barbara Van Gelder, Esq.
    Bar No. 265603
    Roderick L. Thomas, Esq.
    Bar No. 433433
    Albert Lambert, Esq.
    Bar No. 489562
    Wiley Rein & Fielding LLP
    1776 K Street NW
    Washington, DC  20006
    TEL: 202.719.7032
    FASCIMILE: 202.719.7049

    Attorneys for David H. Safavian

Dated: January 9, 2006