# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-0370 (PLF) |
| ) | |
| DAVID HOSSEIN SAFAVIAN, ) | |
| ) | |
| Defendant. ) | |

ORDER

For the reasons set forth in the Opinion issued this same day, it is hereby ORDERED that defendant's motion to compel discovery [9] is GRANTED in part and DENIED in part. Accordingly, it is hereby ORDERED that the government shall produce to the Defendant the following material:

1. All 302s, investigative reports, notes, documents, and tapes of General Services Administration ("GSA") Ethics Officer Ray McKenna and Eugenia Ellison of the GSA General Counsel's office pertaining to Mr. Safavian's request for an advisory ethics opinion.

2. All internal GSA procedures and guidelines relating to ethics opinions and disciplinary actions for violations of such policies, but not information about specific disciplinary actions related to other employees.

3. All e-mails and correspondence and any other documents from May 2002 through August 2002 sent or received by Pam Abramoff, Anthony Rudy, John Van Horne, Neil Volz, Holly Bowers, Colin Stevens, and Rabbi David Lapin concerning Mr. Safavian, the Old

Post Office Building in Washington D.C. ("OPO"), the Naval Surface Warfare Center White Oak Property in Silver Spring, Maryland ("White Oak") or the 2002 Scotland trip.

4. All e-mails and correspondence and any other documents within a specified, reasonable and appropriate time frame sent from or received by GSA Commissioner Joseph Moravec, as well as GSA officials Paul Chrisolini, Leah Uhre, Tony Costa, Sharon Jenkins, Ann Everett, Ray McKenna, and Eugenia Ellison concerning the OPO or White Oak properties or projects, or Mr. Safavian's request for an advisory ethics opinion.[1]

5. All notes, documents and tapes of 302s and interviews of the Chief Investigative Counsel and Deputy Chief Investigative Counsel to the Senate Committee on Indian Affairs within the possession, custody or control of the government.

6. Upon producing the above materials, the government shall also provide the defendant information as to what specific efforts were made to search for responsive documents, including the extent of the search for responsive documents within the possession, custody or control of the GSA, GSA Office of the Inspector General, and the Department of Justice.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: December 23, 2005                United States District Judge

---

[1] As discussed in the Opinion accompanying this Order, the defendant is ordered to particularize his request with a time frame reasonable for discovery and relevant to the materials requested. If the parties cannot reach an agreement on what that time frame is, they may file an additional motion to resolve that issue. The parties are, however, expected to negotiate this matter to the best of their ability before bringing it to the Court's attention.

2

# EXHIBIT B

**Full docket text for document 18:**
ORDER as to DAVID HOSSEIN SAFAVIAN Upon receipt of the Court's Opinion and Order resolving the pending motion to compel discovery, the parties shall meet to discuss and agree upon a production schedule. All pretrial motions due by 1/17/2006. Responses due by 1/30/2006 Replies due by 2/9/2006. Motion Hearing set for 2/28/2006 09:30 AM in Courtroom 29 in the Annex before Judge Paul L. Friedman. Jury Trial set for 4/3/2006 09:30 AM in Courtroom 29 in the Annex before Judge Paul L. Friedman. Signed by Judge Paul L. Friedman on 12/15/2006. (bm)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/11/2006 10:18:16 | | | |
| **PACER Login:** | wr0544 | **Client Code:** | 82353-0001 |
| **Description:** | History/Documents | **Search Criteria:** | 1:05-cr-00370-PLF |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# EXHIBIT C

 Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE  202.719.7000
FAX    202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE  703.905.2800
FAX    703.905.2820

www.wrf.com

January 6, 2006

Barbara Van Gelder
202.719.7032
bvangelder@wrf.com

**VIA ELECTRONIC MAIL**

Peter Zeidenberg
Nathaniel B. Edmonds
Public Integrity Section
United States Department of Justice
1400 New York St. NW
Suite 12100
Washington, DC 20005

Re:   *United States v. David H. Safavian*, Crim. No. 05-370

Dear Peter and Nat:

I just wanted to follow up on our conversation earlier this afternoon with a summary of developments.

You indicated that you will not be turning over a redacted set of Nat's notes for the 302s covered by paragraphs 1 and 5 of the December 23rd Order. We will review the discrepancies we have uncovered between the notes and the subsequent 302 summaries and make a determination as to whether we need to litigate this issue. Our understanding is that the D.C. Circuit has held more than once that a party can discover fact work product upon showing a substantial need for the materials, particularly when the attorney has not conducted the interview. *See, e.g., In re Sealed Case*, 124 F.3d 230, 236-37 (D.C. Cir. 1997), *rev'd on other grounds by, Swidler & Berlin v. U.S.*, 524 U.S. 399 (1998). In light of the possibility of litigation on this question, you agreed to preserve these notes.

Concerning the materials relating to the December 23rd Order paragraph 2, you represented that you have some internal documents to produce, but that GSA has more or less adopted the Standards of Ethical Conduct for Employees of the Executive Branch in 5 C.F.R. § 2635. You implied that the GSA has not added independent rules and regulations pursuant to 5 C.F.R. § 2638 or otherwise. You also indicated that you would provide cites to certain regulations, including pertinent CPO opinions.

Peter Zeidenberg
Nathaniel B. Edmonds
January 6, 2006
Page 2

Regarding the business associate e-mails covered in Order paragraph 3, you represented that a number of responsive documents will be turned over as soon as a protective order is entered. We stated that we will consent to this protective order upon receipt.

In addition, you have indicated that you will examine whether there are additional discoverable e-mails generated from Jack Abramoff's personal accounts and production independent of Greenberg Traurig, LLP. However, you have indicated that, upon reconsideration, you will not be providing the selective portion of Mr. Abramoff's 302 that relates to Mr. Safavian's statements. We stated that we believe a redacted production of 302s and related materials would fall within the ambit of the December 23rd Order, and that we will litigate this issue with a motion to compel early next week.

You represented that the GSA has not completed its examination and/or interviews of relevant officials to complete the obligations in paragraph 4. However, while Tony Costa's account provided approximately 30,000 responsive email communications, GSA officials have apparently indicated to you that they do not anticipate the remaining officials to have similar reserves given the 60-day retention policy that the GSA has apparently had in place since 1998. You represented that you will be providing documentation, pursuant to Order paragraph 6, outlining the specific efforts that were made to search and secure responsive documents from the GSA, GSA-OIG, and the Department of Justice.

You represented that you would consent to our request for an extension of the pretrial motions deadline until January 23, 2006. We will file a joint motion to amend the briefing schedule along with the motion to compel early next week.

Please do not hesitate to contact me if you have any questions or concerns regarding these issues.

Sincerely,

Barbara Van Gelder
Counsel for David Safavian