# Exhibit 5



Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE   202.719.7000
FAX     202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE   703.905.2800
FAX     703.905.2820

www.wrf.com

December 27, 2005

Barbara Van Gelder
202.719.7032
bvangelder@wrf.com

**VIA ELECTRONIC MAIL AND HAND DELIVERY**

Peter Zeidenberg
Nathaniel B. Edmonds
Public Integrity Section
United States Department of Justice
1400 New York St. NW
Suite 12100
Washington, DC 20005

Re:   *United States v. David H. Safavian*, Crim. No. 05-370

Dear Messrs. Zeidenberg and Edmonds:

This letter is to follow up on the Honorable Judge Paul Friedman's December 23, 2005 Opinion and Order. In footnote 1 of the Order, and the Court's minute Order of December 16, 2005, the Court directed the parties to meet to discuss and agree upon a production schedule upon receipt of the Court's Opinion and Order resolving the pending motion to compel discovery.

I assume from our previous conversations that many of the documents responsive to paragraphs 1, 2, 3, and 5 of the Court's Order of December 23, 2005 are available for production after bates-numbering and copying. We request these materials as soon as feasible this week in light of the motions briefing schedule. Pursuant to footnote 1 of the Order, I would like to refine the time frame on the request for reports, documents, e-mails and correspondence sent to or from the eight GSA officials, including GSA Commissioner Moravec. Mr. Safavian was at GSA from May, 2002 to December 2003. We would request that GSA search for documents in that time frame.

We also note that the Court's Order, at page 2, requires the government to provide the defendant with, among other things, "information as to what specific efforts were made to search for responsive documents. . . ." We specifically request that the government also include any information related to compliance/non-compliance with applicable GSA Orders governing retention of electronic documents and correspondence. During the last status hearing, the government represented that the applicable GSA Order related to the retention of e-mails only

December 27, 2005
Page 2

requires the agency to maintain e-mails for sixty days. To the extent that you were referring to CIO 2160.2A, that GSA Order was not implemented until July 26, 2005, after the investigation began in this case. That Order, however, only permits the destruction of "non-record material" defined in the Order. In other words, there is no blanket permission to destroy e-mails that fall within other systems of records, among other things.

To the extent you were referring to the predecessor of the recent Order, we have not been able to locate a copy of the prior order because it has been deleted from the GSA website. That order, known as CIO 2160.2, apparently was issued on September 24, 1998. We request a copy of this order, as well as all information related to compliance/non-compliance with CIO 2160.2A and CIO 2160.2.

If you have any questions regarding this request, please contact me at 202-719-7032 immediately to discuss the production schedule.

Sincerely,

Barbara Van Gelder
Counsel for David Safavian