# Exhibit 25

# Public Financial Disclosure:
## A Reviewer's Reference

**Second Edition**

U.S. Office of Government Ethics

November 2004

The Office of Government Ethics originally developed this reference manual in March 1994. We are pleased to reissue it now, with all changes that have been made to date.

This manual's purpose is to ensure the consistent, comprehensive and accurate review of executive branch employees' public financial disclosure reports. It aims to increase Government efficiency by providing uniform guidance and interpretation to agency ethics officials.

We have designed this guide primarily for the beginning and intermediate-level reviewer. The detailed summaries of review procedures and optional model documents should ease administration of the financial disclosure system. As you use this reference manual, you may have suggestions for revision. We welcome your ideas and urge you to contact us.

While this book provides a needed resource for ethics counselors, your review work must stand on your own judgment and analysis. The intention is not to create additional requirements but to specify the boundaries within which conflict of interest analysis may occur. Financial disclosure review should not be limited to satisfying technical disclosure requirements. Rather, ethics officials must focus on the research and analysis necessary to identify and resolve conflicts of interest.

The efforts of agency ethics officials, together with the Office of Government Ethics, are crucial in achieving the goals of maintaining the Government's integrity and fostering excellence in public service. This guide will play a significant role in that process.

## 1.0 INTRODUCTION

The Ethics in Government Act of 1978, as amended, requires senior officials in the executive, legislative and judicial branches to file public reports of their finances as well as other interests outside the Government. The statute and the Office of Government Ethics's (OGE) regulations specify which officials in the executive branch file a Standard Form 278 (SF 278). Unlike confidential financial statements filed by some mid-level employees, the SF 278 is available to the public. Reviewing officials within each agency certify and maintain these reports. Agencies do, however, forward reports of Presidential appointees requiring Senate confirmation and certain other reports to OGE for additional review and certification.

Although a financial disclosure report sometimes reveals a violation of law or regulation, the primary purpose of disclosure is to assist agencies in identifying *potential* conflicts of interest between a filer's official duties and her private financial interests and affiliations. Once a reviewing official identifies a potential conflict of interest and consults with the filer's supervisor as necessary, several remedies are available to avoid an actual or apparent violation of Federal ethics laws and regulations.

---

**A Caveat: Uses and Misuses**

OGE has developed this reference manual on public financial disclosure for use by ethics officials at executive branch agencies. While it is a comprehensive reference, the statutes and regulations serve as the ultimate authorities. **If this *Reference's* language and format differ from the underlying statutes, regulations, or the instructions accompanying the standard reporting form, then reviewers must follow those primary sources.** Other cautions:

- All of the forms in Chapters 1 through 10 are sample forms only and they may have been altered to focus on particular aspects of disclosure review. Filers may use only the official standard forms.

- This work does not directly offer advice on Confidential Financial Disclosure Reports (OGE Form 450). Reviewers of the confidential form may, however, find the detailed information in *Part II: Reviewing Common Entries* to be a useful supplement to *OGE Form 450: A Review Guide* (September 1996).

- While some examples use the names of actual investment companies or funds, OGE expresses no opinion about the quality of any specific private entity or investment.

---

Public Financial Disclosure: A Reviewer's Reference

### Conflict of Interest Analysis

After determining that gift disclosure information is complete, the reviewer should:

Questions a Reviewer Should Answer Before Certifying a Report

- consider the application of the bribery and supplementation of Government salary statutes (18 U.S.C. §§ 201 & 209);

- analyze the circumstances to determine whether the gift may have been given because of the filer's official position; and

- determine whether the donor was a PROHIBITED SOURCE by consulting the agency's listing of contractors, grantees, and similar listings.

If the donor gave the gift because of the employee's official position or the donor is a prohibited source, the reviewer should then examine whether the Standards of Conduct gift exceptions allow receipt of the item.

18 U.S.C. §201

The strongest sanction on gifts is the criminal prohibition against bribes and gratuities (see *Section 11.1: Criminal Conflict of Interest Statutes*). An important element of this statute is that the gift must be intended to influence official action or be in return for such action for the gift to be prohibited. In addition, the Emoluments Clause of the Constitution restricts the acceptance of foreign gifts (see *Section 11.3: Other Conflict of Interest Provisions* for more information on foreign gifts).

18 U.S.C. §209
5 C.F.R. § 2635.201 to § 2635.205

Another important consideration for gift acceptance analysis is whether the item received is a supplementation of salary in violation of a criminal statute. The criminal statute does not prohibit giving gifts to employees, but it does prohibit gifts given or received as compensation for Government service as a supplement to the employees' salaries. The difference is whether the giving of the item is connected to Government service. Also, some gift donors are considered prohibited sources of gifts under the Standards of Conduct, which allows the receipt of gifts from such donors only if they fit within certain exceptions. These rules help prevent any actual or apparent misuse of Government position for private gain or loss of impartiality in an employee's performance of Government duties.

Reviewing Common Entries - Gifts

The Employee Standards of Ethical Conduct fully lists these exceptions.
5 C.F.R. § 2635.204

The Standards of Conduct bans receipt of gifts given by PROHIBITED SOURCES or because of one's official position. The following list summarizes the exceptions to this gift prohibition:

- Gifts clearly motivated by a family relationship or private friendship;
- Commercial discounts and similar benefits offered to groups in which membership is not related to Government employment or, if membership is related to Government employment, where the same offer is broadly available to the public through similar groups; and certain benefits offered by professional associations or by persons who are not prohibited sources;
- Certain awards and honorary degrees;

  NOTE: Such awards greater than $200 require approval, in writing, by the agency ethics official. When such a gift is reported on an SF 278 that is forwarded to OGE for certification, the written approval should be included with the form.

- Gifts resulting from the outside business activities of employees and their spouses (totally independent of the relationship to the filer);
- Gifts in connection with political activities permitted by the Hatch Act Reform Amendments of 1993 (5 U.S.C. § 7323);
- Free attendance that the sponsor of a conference or other event provides for the day on which an employee is speaking or presenting information officially;
- Free attendance provided by the sponsor of a widely-attended gathering of mutual interest to a number of parties where the ethics official has made any necessary agency-interest determinations;
- Certain gifts of food and entertainment in foreign areas;
- Gifts accepted by the employee under a specific statute, such as the Government Employees Training Act (5 U.S.C. § 4111) with agency approval, or the Foreign Gifts and Decorations Act (5 U.S.C. § 7342); or
- Gifts permitted by a supplemental agency standards of conduct regulation.

Note that an employee may not use any of the exceptions listed above to solicit or coerce the offering of a gift. Nor may an employee accept gifts:

- for being influenced in the performance of official duties or
- so frequently as to appear to be using public office for private gain.

Revised 11/04
Page 9-5

Reviewing Common Entries - Gifts

Analysis of Private Acceptances is Similar to Non-Travel Gifts Analysis
18 U.S.C. §§201&209
5 C.F.R. § 2635.201 to 205

Private Capacity Acceptances

As with other gifts, if a filer receives a travel gift or reimbursement in a private capacity, the reviewer should first consider the criminal prohibitions on bribes, gratuities and supplementation of salary. Assuming no criminal issues are present, the reviewer should:

- analyze the circumstances to determine whether the gift may have been given because of the filer's official position, and
- determine if the donor was a PROHIBITED SOURCE by consulting the agency's listings of contractors, grantees or other similar listing.

Standards of Conduct

If the gift or reimbursement was given because of official position or received from a PROHIBITED SOURCE, the reviewer should determine if the exceptions in the Standards of Conduct listed below allow its receipt:

The Employee Standards of ethical conduct fully lists these exceptions.
5 C.F.R. § 2635.204

- Gifts based on a family relationship or a personal friendship;
- Commercial discounts and similar benefits offered to groups in which membership is not related to Government employment or, if membership is related to Government employment, where the same offer is broadly available to the public through similar groups; and certain benefits offered by professional associations or by persons who are not prohibited sources;
- Gifts resulting from the outside business activities of employees and their spouses (totally independent of the relationship to the filer);
- Customary travel and entertainment in connection with employment discussions;
- Gifts in connection with political activities permitted by the Hatch Act Reform Amendments of 1993 (5 U.S.C. § 7323);
- Free attendance that the sponsor of a conference or event provides for the day on which an employee is speaking or presenting information officially;
- Free attendance provided by the sponsor of a widely-attended gathering of mutual interest to a number of parties where the necessary determination of agency interest has been made; or
- Gifts accepted by the employee under a supplemental agency standards of conduct regulation or a specific statute, such as 5 U.S.C. §§ 4111 (Government Employee Training Act) or 5 U.S.C. § 7342 (Foreign Gifts and Decorations Act).