UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNIITED STATES OF AMERICA | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| DAVID HOSSEIN SAFAVIAN | : | |
| | : | |
| Defendant | : | |

## GOVERNMENT'S MOTION TO QUASH SUBPOENA

The United States of America, by and through its undersigned attorneys, hereby respectfully submits its Motion to Quash Subpoena filed by defendant upon Bryan David Parker of the United States Senate.

As grounds for this motion to quash, the government states as follows:

On January 27, 2006, Defendant's counsel issued a subpoena to Senate staffer Bryan David Parker seeking "All document or notes or rough notes containing statements made by David H. Safavian during [Parker's] telephone conversation with Mr. Safavian on March 1, 2005 and all documents or notes or rough notes containing statements made by David H. Safavian during your subsequent two telephone conversations." See Attachment 1 ("Parker Subpoena"). The Parker Subpoena indicates a return date of February 6, 2006, two months before the scheduled trial date in the above-captioned case and on a date for which no court hearings are scheduled. This subpoena should be quashed because the type of information sought is not properly the subject of a 17(c) subpoena. Further, the Defendant's counsel should be required to disclose all other Rule 17(c) subpoenas issued to allow the Government to determine if they are properly issued.

I.      **Rule 17 Is Not a Broad Discovery Tool and Its Use to Obtain Potential Impeachment Evidence is Improper**

There can be little doubt that it is for impeachment purposes that this evidence is sought. The defense has already been provided the FBI 302 regarding Mr. Parker's conversations with the defendant, so defendant has already been apprised as to Mr. Parker's version of his interactions with defendant.  The only utility of the notes would be to discern any discrepancies between the FBI 302 and the notes.  Defendant has been quite blunt about his discovery intentions in this regard in previous filings.  ("Multiple filings before this Court have utilized discovery made available by the Court's December 23, 2005 decision to detail key discrepancies between representations of the defendant's actionable statements in the Indictment and the government officials' recollections of those statements in their 302s interviews and notes of interviews.") Def. Reply in Support of Renewed Motion to Compel, p. 2. The case law is clear that it is an improper use of a Rule 17(c) subpoena to attempt to procure impeachment evidence.

The standard by which a court should review subpoenas with pretrial return dates was firmly established in United States v. Nixon, 418 U.S. 683, 698-99 (1974).  In that case, the Supreme Court held that a party seeking a subpoena returnable prior to trial must show that:

> 1) the documents are evidentiary and relevant; 2) the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; 3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and 4) the application is made in good faith and is not intended as a general 'fishing expedition.'

Nixon, 418 U.S. at 699-700.  The Nixon Court summarized the test by stating that a party

seeking a subpoena with a pretrial return date "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." Id. at 700.

Defendant fails to meet this test because he cannot demonstrate that the notes sought are admissible as evidence at trial. Theoretically, the notes could might be used for impeachment of Mr. Parker. However, a number of contingencies would have to occur before they could be admitted as evidence. Namely, if Mr. Parker were to testify at trial, and if he testified inconsistently with the notes, and if, when confronted with the notes, he denied the discrepancy, then, perhaps, the notes might be admissible as evidence. Rather than admissibility at trial, Defendant appears to be issuing the Parker Subpoena as part of a larger discovery fishing expedition. Senate Counsel informed the Government that Defendant's counsel was seeking documents to assist with the pending motions - most likely for similar impeachment purposes as laid out in Defendant's Motion to Inspect Grand Jury Record. This, however, is insufficient to meet the admissibility standard set forth in Nixon. See United States v. Liddy, 478, F.2d 586, 587-88 (D.C. Cir. 1972) ("In general, pre-trial statements by a prospective witness 'ripen into evidentiary material for purposes of impeachment if and when, and only if and when, the witness who has made the statement takes the stand and testifies.")

Rule 17(c) subpoenas cannot be used to obtain impeachment materials before trial because "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." Nixon, 418 U.S. at 701-02; Bowman Dairy, 341 U.S. at 221 (materials subject to Rule 17(c) subpoena must be "admissible as evidence"); United States v. LaRouche Campaign, 841 F.2d 1176, 1180 (1st Cir. 1988) (for impeachment materials, "the admissibility prong of Rule 17(c) cannot be fully assessed until the corresponding witness

3

testifies at trial."); <u>United States v. Cuthbertson</u>, 651 F.2d 189, 195 (3d Cir.), <u>cert. denied</u>, 454 U.S. 1056 (1981) (reversing district court for permitting party to subpoena impeachment materials pretrial contrary to <u>Cuthbertson I</u>); <u>Cuthbertson I</u>, 630 F.2d 139, 144-45 (3rd Cir. 1980) (impeachment materials generally not subject to pretrial subpoenas because they "ripen into evidentiary material for purposes of impeachment <u>only</u> <u>if</u> and <u>when</u> the witness testifies at trial")(emphasis added); <u>United States v. Merlino</u>, 349 F.3d 144, 155 (3rd Cir. 2003) ("impeachment material is generally not subject to pre-trial disclosure under" Rule 17(c); <u>United States v. Hughes</u>, 895 F.2d 1135, 1145-46 (6th Cir. 1990) (Rule 17(c) subpoena to third party for impeachment material improper); <u>United States v. Polesti</u>, 489 F.2d 822 (7th Cir. 1973) (upholding the quashing of a subpoena to Police Department for investigative report); <u>United States v. Fields</u>, 663 F.2d 880, 881 (9th Cir. 1981) (barring pre-trial production of statements and transcribed interviews that could be used for impeachment purposes); <u>United States v. Edwards</u>, 191 F.Supp.2d 88, 89 (D.C. 2002) (Rule 17(c) subpoena *duces tecum* is a legitimate device to obtain evidentiary material, it was never intended to be a broad discovery device going beyond that which is required either by Rule 16 of the Federal Rules of Criminal Procedure or by <u>Brady</u>"); <u>United States v. Carter</u>, 15 F.R.D. 367 (D.C. 1954) (Rule 17(c) not to be used for witness statements since they are not evidence; although witness statements can be used for impeachment purposes, "such use may be made only in the event that the witness testifies at the trial" which is unknowable in advance given "the exigencies of the trial."); <u>United States v. Beckford</u>, 964 F.Supp. 1010, 1031-32 (E.D. Va. 1997) (Rule 17(c) subpoena "improper where it call for the production of <u>Brady</u>, Jencks or <u>Giglio</u> material. That is because those materials are subject only to limited discovery pursuant to Fed.R.Crim.P. 16."); <u>United States v. Holihan</u>, 248

4

F.Supp.2d 179 (W.D. N.Y. 2003) (Rule 17(c) (Evidence sought only to impeach a government witness [] is not subject to production by a third party in response to a Rule 17(c) subpoena").

### II.  Defendant Fails to Follow Established Procedures for Rule 17(c) Subpoenas

In issuing the Parker Subpoena for Mr. Parker's notes, Defendant's counsel failed to follow established procedures for Rule 17(c) subpoenas.  Defense counsel initially sought the subpoena ex parte and under seal.  The Court notified the Government on January 25, 2006 of the existence of the subpoena and denied Defense motion to issue the subpoena ex parte and under seal.  See Minute Entry of January 25, 2006.  Since then, the Defendant has made no communications with the Government regarding the subpoena to Mr. Parker or any other subpoena.  The Defendant has not provided the Government a copy of the subpoena nor informed the Government of the date of return of the subpoena.  Senate Counsel informed the Government that the return of the subpoena was due February 6, 2006.

Senate Counsel inquired of Defendant's counsel whether the subpoena was issued ex parte and under seal, as was reflected on the face of the subpoena received by Senate Counsel. When informed that it was not, Senate Counsel inquired whether he could produce documents directly to Defendant counsel's office rather than the court.  Defendant's counsel stated that delivery to her offices would be acceptable.  Such informal delivery of documents is in direct violation of Rule 17(c) which provides instead that documents shall be returned to the Court, which must then decide which parties can inspect the documents and the timing of that inspection.  United States v. Santiago-Lugo, 904 F.Supp. 43, 46 (D.P.R. 1995); United States v. Jenkins, 895 F.Supp. 1389, 1394 (D.Haw. 1995) 1394 ("Rule 17(c) makes no provision for allowing only one party access to the documents").  Defendant has not contacted the Government

5

to reach mutual agreement between the parties about the return of the documents or to offer copies of any documents that would be provided by Mr. Parker.

Based upon the Defendant's counsel's actions with respect to the Parker Subpoena, other potentially improper subpoenas may have been issued and the documents returned to Defendant's counsel without knowledge of either the Government or the Court. Just like the Parker Subpoena, these other subpoenas could be marked "ex parte and under seal" even though they are not. Without knowledge of those subpoenas, the Government cannot review them to determine if they meet the <u>Nixon</u> criteria or should be quashed.

## III.     Conclusion

The Government respectfully submits that the Parker Subpoena should be quashed. The evidence sought will be provided at the time of trial if it is determined that Mr. Parker will be a witness for the government. Because its only conceivable admissibility is for impeachment, it is not subject to a 17(c) subpoena.

6

Furthermore, the Defendant's counsel should be required to disclose to the Court and the Government all other subpoenas that have been issued with pretrial return dates so that the Government may move to quash any invalid subpoenas. Finally, the defendant should be required to transfer immediately to the Court all copies of materials received pursuant to improperly issued Rule 17(c) subpoenas.

Respectfully submitted,

NATHANIEL B. EDMONDS
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice

PETER R. ZEIDENBERG
Trial Attorney, Public Integrity Section
Criminal Division
United States Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2006, a copy of the foregoing was served

on the following counsel by facsimile, electronic service and first class mail to:

Barbara Van Gelder, Esq.
Wiley Rein & Fielding
1776 K Street NW
Washington, DC 20006
Tel: 202-719-7032
Facsimile: 202-719-7049

NATHANIEL B. EDMONDS
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice

# Attachment 1

A089 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

FOR THE _____    DISTRICT OF _____    COLUMBIA

UNITED STATES OF AMERICA,

V.

DAVID HOSSEIN SAFAVIAN,
Defendant.

**SUBPOENA IN A
CRIMINAL CASE**

Case Number:  05-0370(PLF)

T.O:    BRYAN DAVID PARKER
HART SENATE OFFICE BUILDING
CONSTITUTION AVENUE and 2nd STREET, NE
WASHINGTON, D.C. 20510

ISSUED EX PARTE AND UNDER SEAL

☑  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case.  This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001 | DATE AND TIME
February 6, 2006 |

☑  YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

All documents or notes or rough notes containing statements made by David H. Safavian during your telephone conversation with Mr. Safavian on March 1, 2005 and all documents or notes or rough notes containing statements made by David H. Safavian during your subsequent two telephone conversations.  Compliance with this subpoena may be satisfied by providing all responsive documents to the Chambers of Judge Paul L. Friedman on or before the above-referenced date and time.

APPROVED BY: _____

PAUL L. FRIEDMAN
United States District Court Judge

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE January 27, 2006 |
|---|---|
| (By) Deputy Clerk
Barbara A. Montgomery | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Counsel for David Safavian.
WILEY REIN & FIELDING LLP:  Barbara Van Gelder, Esq., 1776 K Street NW, Washington, DC 20006
TEL: 202.719.7032

# Attachment 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| DAVID HOSSEIN SAFAVIAN, | : | |
| | : | |
| Defendant | : | |

## ORDER

After consideration of government's motion and the response thereto, IT IS HEREBY

ORDERED that defendant's subpoena to Bryan David Parker for his notes and rough notes

concerning his conversations with David Safavian should be and hereby is QUASHED.

It is further ORDERED that Defendant's counsel must disclose to the Court and the

Government all other subpoenas that have been issued with pretrial return dates and return any

materials improperly obtained through Rule 17(c) subpoenas.

DATED: _____, 2006.


_____
HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Peter Zeidenberg
Nathaniel B. Edmonds
Criminal Division
United States Department of Justice
1400 N.Y. Avenue, N.W.
Washington, D.C.  20005

Barbara Van Gelder, Esq.
Roderick Thomas, Esq.
Wiley Rein & Fielding LLP
1776 K Street N.W.
Washington, D.C.  20006