UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES of AMERICA,

v.

DAVID HOSSEIN SAFAVIAN,

Defendant

Criminal No. 05-370 (PLF)

**DEFENDANT SAFAVIAN'S RESPONSE TO GOVERNMENT SUR-REPLY ON THE RENEWED MOTION TO COMPEL**

The government has sought the last word to the Defendant's renewed motion to compel Mr. Safavian' statements contained in Mr. Abramoff's 302 and the notes thereof. The scope of Rule 16 and Brady obligations has already been decided by this Court after thorough briefing and argument. As this Court has already held, 302s and notes fall within the rubric of written and recorded statements under Rule 16 whether or not they are made to a "government agent," Opinion at 4-5, and they are "not precluded" by the Jencks Act. See id. at 12. As explained in prior papers, the redacted 302 of Mr. Safavian's statements and notes thereof are also discoverable under Rule 16(a)(1)(E) and Brady. The government had it right the first time, it should promptly disclose this material.

The rationale for permitting a sur-reply is to notify the Court that defendant misrepresented the holding of three cases in our renewed motion to compel.[1] The allegation of

---

[1] The government's sur-reply claims that Defendant cited only "six cases in support of [the Renewed] Motion to Compel." Gov't Sur-reply at 1. We think the government meant to say six cases in Defendant's *reply brief* supporting this Court's ruling concerning production *under Rule 16(a)(1)(B)(i)*, given that the reply itself cites a dozen other cases in its reply under Rule 16(a)(1)(E) and Brady. See Def. Reply on Ren. Motion at 9-14.

misrepresentation falls squarely on the shoulders of defense counsel, not the defendant. Counsel is confident that the Court can decipher the remaining cases before it.

However, we agree with the government's contention that the third case of the string cite on page 6 of the reply, United States v. Brighton Bldg. & Maintenance Co., 435 F. Supp. 222, 232 (D. Ill. 1977), should have had a different parenthetical than United States v. Thomas, 239 F.3d 163, 166-67 (2nd Cir. 2001) and United States v. Thevis, 84 F.R.D. 47, 55-56 (D. Ga. 1979) (holding that Rule 16 encompasses statements of the defendant whether made directly to a government agent or to a third party who then makes a statement to the government in which the defendant's remarks are included, and the Jencks Act does not limit the discovery of the portion of the statement to the government that sets forth the statement by the defendant). In Brighton, the defendant only sought, and the Court only granted discovery, for the circumstances surrounding defendant's statements to a third party in a Sherman Act case, not the statements themselves. 435 F.Supp. at 232 (D. Ill. 1977).

Counsel maintains that it accurately stated that the D.C. Circuit in United States v. Lewis, "acknowledg[ed]," see reply at 7, that the older version of Rule 16(a)(1) "has also been held to support disclosure of pre-arrest government tape recordings of conversations between the defendant and a third party." 511 F.2d 798, 802 n.6 (citing United States v. Crinsona, 416 F.2d 107, 114--15 (2d Cir. 1969), cert. denied, 397 U.S. 961 (1970)). We also disagree with the government's view that United States v. Addonizio, 313 F.Supp. 486, 500 (D. N.J. 1970), aff'd 451 F.2d 49 (3d Cir. 1971), "never even ruled" on the issue of whether it had to accede to the defendant's request for written or recorded statements by the defendant to a third party. Gov't Sur-reply at 2. As the court ordered in that case "[I]f, however, these items [written and

recorded statements to third parties] have not as yet been furnished to the defendants, the United States is directed to do so forthwith." Id.

This issue now briefed, re-briefed and sur-replied, is ripe for resolution. Defendant Safavian respectfully requests this Court order the forthwith production of any and all statements of Jack Abramoff that contain statements of David Safavian, whether contained in written, taped or note form.

          Respectfully submitted,

          WILEY REIN & FIELDING LLP

          By: /s/ Barbara Van Gelder

          Barbara Van Gelder (D.C. Bar # 265603)
          Roderick L. Thomas (D.C. Bar # 433433)
          Albert Lambert (D.C. Bar # 489562)
          Wiley Rein & Fielding LLP
          1776 K Street NW
          Washington, DC  20006
          TEL: 202.719.7032
          FAX: 202.719.7049

Dated: February 5, 2006          *Attorneys for David H. Safavian*