UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| DAVID HOSSEIN SAFAVIAN | : | |
| | : | |
| Defendant | : | |

## GOVERNMENT'S SUR-REPLY TO DEFENDANT'S RENEWED MOTION TO COMPEL DISCOVERY

The United States of America, by and through its undersigned attorneys, hereby respectfully submits a sur-reply to Defendant's Renewed Motion to Compel Discovery.

Defendant cites six cases in further support of his Motion to Compel. He misstates the holdings of three of these cases.

Defendant cites United States v. Brighton Bld. & Maintenance Co., 435 F. Supp. 222, 232 (D. Ill. 1977) for the proposition that "Rule 16 encompasses statements of the defendant whether made directly to a government agent or to a third party who then makes the statement to the government in which the defendant's remarks are included, and the Jencks Act does not limit the discovery of the portion of the statement to the government that sets for the statement by the defendant." Def. Motion, p. 6. In fact, the Court in Brighton made no such ruling. Rather, the Court said, it would permit the defendants "to discover the *circumstance* surrounding the making of any statements by defendants [] to any other individual." Brighton, 435 F. Supp. at 232 (Emphasis supplied). Thus, the Court permitted the defendants to discover the name and address of the person to whom the statement was made, the date on which the statement was made and the place the statement was made. Id. The Court specifically did not order the government to

disclose the substance of the defendant's statements, finding they would be barred by the Jencks Act. Id. ("Jencks Act [] prevents the defendant from discovering the substance of any statements made to a third party.")

Defendant cites United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975) and United States v. Addonizio, 313 F.Supp. 486, 500 (D.N.J. 1970), aff'd 451 F.2d 49 (3d Cir. 1971) for the proposition "that Rule 16(a)(1) discovery encompasses all oral statements of a defendant recorded by others, even government witnesses." Def. Motion, p. 7. In fact, Lewis says no such thing and, indeed, did not concern "conversations" with the defendant and third parties. Rather, the statement at issue in Lewis was made by the defendant to the *arresting officer at the time of defendant's arrest*. Lewis, 511 F.2d 799-802. Not surprisingly, the Court held that the government's failure to disclose this statement to the defense and then surprise defendant with it by impeaching his testimony at trial, was reversible error.

Nor does Addonizio stand for the proposition asserted by defendant. The defendants in Addonizio requested, inter alia, "written or recorded statements or confessions made to anyone by the defendant." Id. at 500. The government, not surprisingly, acceded to this request and thus the Court never even ruled on this issue. In any event, there is no dispute that a written statement by the defendant or a recorded statement/confession of the defendant are discoverable, regardless as to whom they are made, if they are in the possession of the government. In the instant case, as the Court well knows, the government has already provided "written statements by the defendant," i.e, e-mail traffic between himself and Abramoff, regardless of date. The

government has no undisclosed recorded statements or confessions of defendant.[1]

Respectfully submitted,

_____
NATHANIEL B. EDMONDS
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice

_____
PETER R. ZEIDENBERG
Trial Attorney, Public Integrity Section
Criminal Division
United States Department of Justice

---

[1] The remaining three cases cited by defendant are either inapposite to the case at bar because they deal with entirely different factual issues (United States v. Crisona, 416 F.2d 107, 115 (2d Cir. 1969) and United States v. Thomas, 239 F.3d 163, 166-67 (2d Cir. 2001)) or, in the case of United States v. Thevis, 84 F.R.D. 47, 54-57 (N.D. Ga. 1979) is directly contradicted by relevant D.C. Circuit law.  Crisona concerned *tape-recordings* of incriminating conversations between a government witness and the defendant which the witness then turned over to the government and which the government refused to provide to the defense. Crisona, 416 F.2d at 112. The government subsequently used the tapes in its case-in-chief. Id. The Court held that this non-disclosure was a failure of the government's Rule 16 obligation (although the error was deemed harmless). Id. at 116.

United States v. Thomas, 239 F.3d 163, 166-67 (2d Cir. 2001) dealt with the government's failure to reveal to the defense that it had obtained a *copy of a transcript of a prior administrative hearing at which defendant had testified "about the events leading to his arrest."* Id. at 165 (emphasis supplied). The government then impeached defendant with these statements after he testified, with devastating results. Id. at 165-66. The government's failure to provide defendant with defendant's transcript was, not surprisingly, found to be error. Id. at 167. Again, this case has nothing to do with the facts at issue in the case before this Court.

Finally, the remaining authority cited by defendant, United States v. Thevis, 84 F.R.D. 47, runs directly counter to this Circuit's holding in United States v. Tarantino, 846 F.2d 1384, 1414-15 (D.C. Cir. 1988) a case on point which defendant claims is distinguishable because it is not a perjury or obstruction case. Def. Motion, p. 7. Defendant cites no authority for the suggestion that somehow the rules of discovery differ depending upon the offense charged. Moreover, even if it were true, as defendant argues, that the cases cited by the government should not control because they are not cases "where the statements themselves constitute the alleged crime" (Def. Motion, p. 7) that distinction is of no help in their instant request, as none of the statements defendant made to Abramoff "constitute the alleged crime."

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2006, a copy of the foregoing was served on the following counsel by facsimile, electronic service and first class mail to:

>Barbara Van Gelder, Esq.
>Wiley Rein & Fielding
>1776 K Street NW
>Washington, DC 20006
>Tel: 202-719-7032
>Facsimile: 202-719-7049

>NATHANIEL B. EDMONDS
>Trial Attorney
>Fraud Section, Criminal Division
>United States Department of Justice