# EXHIBIT 1

```
From:           Abramoff, Jack                                              on behalf
                of Abramoff, Jack
Sent:           Saturday, July 27, 2002 8:37 PM
To:             'david.safavian@
Subject:        RE: Ethics question
```

Superb!!

-----Original Message-----
From:           david.safavian@          [mailto:david.safavian@       ]
Sent: Friday, July 26, 2002 9:05 PM
To:    abramoffj@
Subject:   Fw: Ethics question

Jack - fyi. It looks like Scotland is a go.

Have a good weekend.

Dhs

----------------------------
Sent from my BlackBerry Wireless Handheld

       From: Raymond J. McKenna
       Sent: 07/26/2002 05:06 PM
       To:   David H. Safavian
       Subject: Ethics question


This is in response to your inquiry on whether you can accept a gift of free air
transportation from a friend to attend an golf trip. You stated that a friend and former
colleague, Jack Abramhoff, invited you, along with several members of Congress and a few
Congressional staff, to Scotland to play golf for four days. You stated that you will be
paying for all of your hotel expenses, meals and greens fees. You noted, however, that
your friend would be providing the air transportation at no cost to you and the other
guests attending the event. You stated that your friend, who is a lawyer and lobbyist
with Greenberg and Traurig, is chartering a private jet to take you and the other
participants from BWI to Scotland and back. You stated that neither Mr. Abramhoff nor his
firm does business with or is seeking to do business with GSA. Based upon the information
you have provided, you may accept the gift of free transportation from your friend.

Section 2635.202 of the Standards of Ethical Conduct for Employees of the Executive Branch
states that an employee shall not solicit or accept a gift from a prohibited sources or a
gift given because of the employee's official position. 5 C.F.R. 2635.202. A prohibited
source is any person who:

       "(1) Is seeking official action by the employee's agency;
       (2) Does business or seeks to do business with the employee's agency;
       (3) Conducts activities regulated by the employee's agency;
       (4) Has interests that may be substantially affected by performance or
nonperformance of the employee's official duties; or
       (5) Is an organization a majority of whose members are described in paragraphs (1)
and (4) above.

5 C.F.R. 2635.203 (d).

A gift is solicited or accepted because of an employee's official position "if it is from
a person other than an employee and would not have been solicited, offered or given had
the employee not held the status, authority or duties associated with his Federal

1

DOJ-DS-001408

GTG-E000093096

position. 5 C.F.R. 2635.203(e).

Since the gift is not being offered by a prohibited source and the it is not being given because of your official position, the gift acceptance restrictions under 5 C.F.R. 2635.202 do not apply to you. Consequently, you may accept the gift of free air transportation.

You are reminded that you must report the gift of free transportation on Schedule B, Part II of your next Public Financial Disclosure Report if the gift totals more than $260.

If you have any questions, please feel free to contact Eugenia Ellison or Dan Ross on 501-1460.


Raymond J. McKenna
General Counsel
Phone (202) ▓▓▓▓
FAX    (202) ▓▓▓▓

CREATING A SUCCESSFUL FUTURE AT GSA
by Living Our Values Everyday and Working Together to Achieve Our Goals