# EXHIBIT 1

PATRICIA MACK BRYAN
COUNSEL

MORGAN J. FRANKEL
DEPUTY COUNSEL

GRANT R. VINIK
ASSISTANT COUNSEL

THOMAS E. CABALLERO
ASSISTANT COUNSEL

# United States Senate

OFFICE OF SENATE LEGAL COUNSEL
WASHINGTON, DC 20510-7250

TELEPHONE: (202) 224-4435
FAX: (202) 224-3391

February 10, 2006

BY FAX

Barbara Van Gelder, Esq.
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006

Re:   *United States of America v. David Hossein Safavian*, Cr. No. 05-370-PLF

Dear Ms. Van Gelder:

    I am writing to confirm our telephone conversation of this afternoon with regard to the documentary subpoena issued to Bryan D. Parker of the Senate Committee on Indian Affairs on January 27, 2006, served on February 2, 2006 and originally returnable on February 6, 2006. Pursuant to our earlier conversations, and my explanation that, under the Standing Rules of the Senate, the Committee would need to seek authorization from the Senate by formal resolution to produce records in this matter, you arranged for the extension of the return date on the subpoena to today, February 10, 2006. I indicated that the Committee had no intention of moving to quash the subpoena.

    Following that agreement, on February 3, 2006, the Government moved to quash the subpoena on its own grounds. The Committee has taken no position on that motion. It has been my understanding that, in accord with usual practice, the filing of such a motion to quash tolls the return date on this subpoena. Accordingly, we had not endeavored to seek Senate authorization to produce the documents sought by the subpoena, pending resolution of the matter by the Court. Today, you advised me of your opinion that the Government's motion does not toll the return date. As I described, because the Senate has not acted on this matter, I do not have authority under the Senate rules to produce the documents sought today.

    You indicated your willingness, which I greatly appreciate, to arrange for a further extension of the date for return on this subpoena in light of these unique circumstances. Specifically, we will maintain any responsive documents in our files pending resolution of the matter by the Court. If the Court denies the motion to quash, we will expeditiously seek authority from the Senate to produce to the Court the documents sought by the subpoena. The Committee has no intent to move to quash the subpoena, and I do not anticipate a problem in obtaining authority for production on a timely basis, should the Court so rule.

    Thank you for your cooperation in this matter.

Sincerely,

Morgan J. Frankel

cc: Bryan D. Parker
    Nathaniel B. Edmonds, Esq.