UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES of AMERICA, | |
| v. | |
| DAVID HOSSEIN SAFAVIAN, | Criminal No. 05-370 (PLF) |
| Defendant | |

**DEFENDANT SAFAVIAN'S SUR-REPLY IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR CLARIFICATION**

The government's attempt to redefine and narrow the scope of its discovery obligations directed by this Court's December 23, 2005 Order, the plain text of Rule 16, and well-settled caselaw regarding the scope of Brady should be denied. The government has taken this Court, as well as Mr. Safavian and his counsel, on a hypothetical frolic far removed from the specific facts of this case and the discovery question in play. There is no discovery "case or controversy" as required by Article III of the Constitution save the question of whether Mr. Safavian's statements, as memorialized through interviews of Abramoff by federal agents, should be provided to the defense. See U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of America, Inc., 508 U.S. 439, 446 (1993). The government has not denied that it is in possession of his statement. Nevertheless, it seeks to spend valuable time (and expense) re-briefing the irrelevant issue of what their discovery obligations are regarding files outside of their possession *that have not been requested* by the defendant.

Moreover, the Government's Motion request to clarify *which* "Executive Branch agencies that the Court believes fall within the reach of this investigation" is particularly mystifying in light of its prior pronouncement to this Court that it has satisfied all of the Court's

discovery obligations.  See Government's Notice of Compliance at 1 ("The Government believes that it has fully complied with the Court's Order.").

However, Rule 16 makes a clear distinction between "the government" and "the attorney for the government."  See Fed. R. Crim. P. Rule 16(a)(1)(B)(i).  Accordingly, while Rule 16 requires the "attorney for the government" to have actual or constructive knowledge of the document's *existence*, it only requires "the government" *as an entity* to have "possession, custody, or control" for the document to be discoverable.  See id.  This critical distinction was recognized by this Court in its opinion when it held that the government is required to turn over to the defendant "'any relevant written or recorded statement [made] by the defendant if . . . the statement is within *the government's* possession, custody, or control,' and the *attorney for the government* knows 'or through due diligence could know' that the statement exists, regardless of whether the government intends to use the statements at trial."  December 23, 2005 Opinion ("Opinion") at 4 (alteration in original, emphasis added); see also United States v. Santiago, 46 F.3d 885, 893-94 (9th Cir. 1995); United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir. 1989).

Setting aside the advisory nature of the request, the government forgets the underlying basis of this Court's Opinion.  The issue was whether the government's discovery obligations extended beyond law enforcement personnel or government witnesses to other officials within a specified Department, in this case the GSA.  Consequently, the Court recognized that "'the government' includes any and all agencies and departments of the Executive Branch of the government and their subdivisions, not just the Justice Department, the FBI, the GSA-OIG, and other law enforcement agencies."  Opinion at 4 (citing, inter alia, United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992)).

Moreover, Mr. Safavian has not made any generalized requests even approaching the magnitude of the government's concerns.  Rather, the defense has asked for, *inter alia*, specific documentation (correspondence stemming to and from certain GSA officials) within a specific timeframe (May 2002 to December 2003) pertinent to the crux of the case (could anyone, let alone Mr. Abramoff, have been doing business with these GSA properties in August 2003).  See Dec. 27, 2005 Letter, Def. Reply in Supp. of Renewed Motion to Compel and Opp. to Gov't Motion for Clarification, Ex. 5.

It is also important to point out that this Court has already held that if any element of the Court's discovery order or pending request consistent with that order is "in the 'possession, custody, or control' of any agency of the Executive Branch of the government or [is] exculpatory under Brady," it must be produced.  Opinion at 14 (emphasis in original).  In other words, if the prosecution believes that items it is obligated to produce by the Order of this Court are in the "possession, custody, or control" of any agency of the Executive Branch, it must discover and produce those items.

The government's attempt to create a veritable "safe harbor" for Brady purposes should be rejected and the Motion for Clarification denied.

                                              Respectfully submitted,

                                      By:  /s/ Barbara Van Gelder
                                              Barbara Van Gelder (D.C. Bar # 265603)
                                              Roderick L. Thomas (D.C. Bar # 433433)
                                              Albert C. Lambert (D.C. Bar # 489562)
                                              WILEY REIN & FIELDING LLP
                                              1776 K Street NW
                                              Washington, DC  20006
                                              TEL: 202.719.7032

Dated: February 13, 2006                 *Attorneys for David H. Safavian*