UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
|  | ) | |
|  | ) | |
| v. | ) | Criminal No. 05-0370 (PLF) |
|  | ) | |
| DAVID HOSSEIN SAFAVIAN, | ) | |
|  | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on defendant David Safavian's renewed motion to compel discovery, the government's opposition, the defendant's reply, the government's sur-reply, and the defendant's response.  The government also seeks a clarification of the Court's Opinion of December 23, 2005, which motion the defendant opposes; the government has filed a reply to the defendant's opposition, and the defendant has filed a sur-reply.

        In his renewed motion, defendant seeks an order compelling the United States to provide him with "a redacted portion of all notes, documents and tapes of the 302 interview of Jack Abramoff insofar as such notes, documents and tapes concern or reference statements of Mr. Safavian."  Defendant David H. Safavian's Renewed Motion to Compel Discovery ("Renewed Motion") at 1.  The government has acknowledged that there are a "few paragraphs of information in the Abramoff 302 pertaining to Mr. Safavian's statements," *id*., but maintains that non-defendant witness statements are not subject to Rule 16 pretrial disclosure and that whatever Mr. Abramoff said to an FBI or other federal agent is not a statement of the defendant.

Government's Combined Memorandum in Opposition to Defendant's Motion to Compel

Discovery and in Support of Government's Motion for Clarification ("Gov't. Opp.") at 1-2, 4-5.

The defendant argues that relevant portions of the notes, documents or tapes are discoverable

either under Rule 16(a)(1)(B)(i) or Rule 16(a)(1)(E).  The Court disagrees.

The few potentially relevant paragraphs in the Abramoff 302 are not "written or

recorded statement[s] by the defendant" within the meaning of Rule16(a)(1)(B)(i) of the Federal

Rules of Criminal Procedure; they are the statements of Mr. Abramoff.  Mr. Abramoff neither

transcribed in writing nor recorded Mr. Safavian's statements when Mr. Safavian made them.

Rather, Mr. Abramoff subsequently repeated to the FBI agent his recollection of certain

statements made to him by Mr. Safavian.  The FBI agent then transcribed or recorded Mr.

Abramoff's statements.  Because the FBI 302 does not contain statements of the defendant, but

statements made by a non-defendant reporting his recollection of statements of the defendant, it

is not discloseable under Rule 16(a)(1)(B)(i).  See United States v. Burns, 15 F.3d 211, 214 n. 1

(1st Cir. 1994); In re United States, 834 F.2d 283, 284-86 (2d Cir. 1987).

If Mr. Abramoff does not testify at Mr. Safavian's trial, the testimony of the FBI

agent about what Mr. Abramoff said Mr. Safavian said would be inadmissible hearsay.  If Mr.

Abramoff does testify, the relevant portions of the 302 will have to be produced under the Jencks

Act, and Mr. Abramoff will be examined and cross-examined about his recollections.  The only

use that then could be made of the FBI 302 would be to impeach Mr. Abramoff if he says

something different on the witness stand from what the FBI agent recorded, accurately or

inaccurately, in the 302.  Furthermore, as the Court pointed out in its December 23, 2005

Opinion, Rule 16 does not authorize the pretrial discovery or inspection of statements made by

prospective government witnesses like Mr. Abramoff, even if they arguably are "material to preparing the defense" under Rule 16(a)(1)(E), unless, of course, they constitute *Brady* material as defined in this Court's earlier Opinion.  See also United States v. Rudolph, 224 F.R.D. 503 (N.D. Ala. 2004).

As for the government's motion for clarification of the discovery and *Brady* obligations of the government as set forth in the Court's Opinion of December 23, 2005, the defendant is correct:  It is not a motion for clarification at all but a motion for reconsideration and a request for the wholesale retraction of the Court's decisions and reasoning.  The Court fully understands that its reading of the term "favorable to the accused" under *Brady* and its opinion that the post-trial "materiality" standard is irrelevant to pretrial and in-trial *Brady* decisions to be made by prosecutors and trial judges are inconsistent with the way some Justice Department lawyers have approached their *Brady* obligations in the past.  But there is no need for clarification.  There simply is a need for the Justice Department to change the mindset of its trial prosecutors to assure that its approach to *Brady* is broad and open, "consistent with the special role of the American prosecutor in the search for truth in criminal trials."  Strickler v. Greene, 527 U.S. 213, 301-02 (1999) (citing Berger v. United States, 295 U.S. 78, 88 (1935) (the interest of the Justice Department "in a criminal prosecution is not that it shall win a case, but that justice shall be done.")).  The Court's December 23, 2005 Opinion stands as it is.[1]

---

[1]    The government raises concerns about the broad definition of "government" this Court recognized is intended by Rule 16 and under *Brady*.  Its concern about the scope of its separate Rule 16 and *Brady* obligations to undertake searches beyond agencies that are connected either to the investigation and prosecution of this case or to the events that are the subject matter of the prosecution is overblown.  While, in this Court's view, the term "government" encompasses all Executive Branch agencies and departments and the obligation to search files extends beyond agencies "closely aligned" with the prosecution, it should be apparent that prosecutors are not required to search, or cause to be searched, the files of all Executive Branch agencies and departments in every criminal case.  Both the duty to search and the imputation of knowledge necessarily are bounded by a rule of reason.  In the context of this case, one way of

In sum, the defendant is not entitled under Rule 16 of the Federal Rules of

Criminal Procedure to a redacted portion of notes, documents and tapes of the 302 interviews of

Jack Abramoff insofar as such notes, documents or tapes concern or reference statements of Mr.

Safavian.  Whether such material must be produced because it is exculpatory under *Brady* is a

matter that must be determined under the principles enunciated by this Court in its December 23,

2005 Opinion.  If there remains any doubt in the prosecutors' minds as to what constitutes *Brady*,

they should submit the "few paragraphs" pertaining to Mr. Safavian's statements to Mr.

Abramoff to the Court for *in camera* review.

For the foregoing, reasons, it is hereby

ORDERED that Defendant David H. Safavian's Renewed Motion to Compel

Discovery [21] is DENIED; and it is

FURTHER ORDERED that the Government's Motion for Clarification is

DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 22, 2006

---

articulating a reasonable approach to the government's Rule 16 and *Brady* search and disclosure
obligations can be found at pages 16 and 17 of the defendant's Reply Brief and pages 2 and 3 of
his Sur-reply.