UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| **DAVID HOSSEIN SAFAVIAN** | : | |
| | : | |
| **Defendant** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT' NOTICE OF FILING**

The United States of America, by and through its undersigned attorneys, hereby respectfully submits this response to defendant's Notice of Filing, in which defendant suggests that the government has failed to adhere to this Court's discovery order. The government submits the instant response so that the Court can fully understand what materials have been disclosed to the defense since the Government filed its Notice of Compliance on January 27, 2006.

E-Mails

On February 23, 2006, the government provided to the defense computer disks containing approximately 1,500 e-mails from current and former GSA employees. These e-mails, which the government obtained from GSA on February 21, 2006, were never the subject of any previous discovery request by the defense, nor (obviously) any Court order. The government had sought these e-mails as part of its ongoing investigation into possible influence peddling within the government and, within 48 hours of obtaining the e-mails, made and provided copies for the defense, notwithstanding the fact that they were not only never subject to this Court's discovery order, they were never even requested by the defense. The disks were provided in a searchable

format, so that word and date searches could be performed on the e-mails without the necessity of reading every document. The government also offered to provide assistance to the defense if they had any difficulty in accessing the information contained on the disks.

<u>6600 Pages of Documents</u>

Defendant also suggests the government was tardy in disclosing thousands of pages of relevant discovery materials. Such is not the case. On or about March 14, 2006, GSA provided to the government approximately 1,200 pages of materials that it was intending to make public pursuant to a Freedom of Information Act ("FOIA") request. The government immediately bate-stamped the entire production and turned it over in its entirety, without redactions and in the identical form it was received to the defense, on March 16, 2006. The government made this production notwithstanding the fact that many of the documents fell far outside the dates relevant to this trial (some documents dated back to 1999, others were dated long after defendant was employed at GSA) and many documents pertained to individuals who were not the subject of any previous discovery requests from the defense. Relevant documents encompassed by the FOIA production were previously provided to the defense.

On February 17, 2006, the government disclosed to the defense approximately 5,000 pages of telephone, bank, credit card and other financial records of defendant. While clearly a significant amount of material, the government, in a letter dated March 2, 2006 (attached), attempted to assist the defense by identifying by bates numbers the approximately 86 pages of materials that it might introduce at trial. The other materials, covering years of financial records,

cover time-frames that bear no relevance to the charges that were ultimately brought in this case.[1]

Ethics Materials

The defense claims the government has "withheld" from it relevant documents in contravention of the this Court's Order. This is not the case. The defense requested, and the Court ordered, the government to disclose "All internal GSA procedures and guidelines relating to ethics opinions and disciplinary actions for violations of such policies." The government responded to this Order on January 27, 2006 (see government's Notice of Compliance, paragraph 2, (docket no. 30) and Letter of GSA Deputy Associate General Counsel, Laura M. Leussing, Exhibit 3). The government did not – and still does not – understand the defendant's request, or the Court's Order, to pertain to ethics *training* materials. The materials defendant now refers to in his Notice of Filing are not "internal GSA procedures and guidelines relating to ethics opinions;" they are training materials. Our misapprehension of the defendant's request in this regard, if it was one, was shared by GSA general counsel.[2]

---

[1] Of the remaining approximately 300 pages of documents that have been disclosed since late January, many of them were previously provided to the defense under separate bates number (see March 2, 2006 letter, p. 1).

[2] These materials, which the government does not intend to introduce at trial, were turned over because it is at least conceivable this information could become relevant in a potential rebuttal case, see generally U.S. v. Walter Anderson, 2006 WL 45672, No. 05-0066, D.D.C., Feb. 23, 2006.

Respectfully submitted,

_____/s/_____          ____/s/_____
NATHANIEL B. EDMONDS                   PETER R. ZEIDENBERG
Trial Attorney, Fraud Section          Trial Attorney, Public Integrity Section
Criminal Division                      Criminal Division
United States Department of Justice    United States Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2006, a copy of the foregoing was served on the following counsel by electronic service to:

>Barbara Van Gelder, Esq.
>Wiley Rein & Fielding
>1776 K Street NW
>Washington, DC 20006
>Tel: 202-719-7032
>Facsimile: 202-719-7049

>_____/s/_____
>NATHANIEL B. EDMONDS
>Trial Attorney
>Fraud Section, Criminal Division
>United States Department of Justice