

**U.S. Department of Justice**

Criminal Division

---

*Washington, D.C. 20530*

March 2, 2006

Rod Thomas, Esq.
1776 K Street NW
Washington, DC 20006
Fax: 202-719-7049

      **RE: *United States v. David H. Safavian*, Crim. No. 05-370**

Dear Mr. Thomas:

      We are in receipt of your letter of February 28, 2006. We will attempt to respond to your specific concerns and questions with this response:

      At the outset, we must correct your statement that in our January 26, 2006 pleading we advised the Court that we had completed discovery in this case. The pleading you describe was styled "Government's Notice of Compliance With Discovery Order of December 23, 2005" (attached) and stated that the government had, in its view, fully complied with the Court's December 23, 2005 Order. It did not state that the government had completed all discovery in this case.

      Regarding the items that were recovered from Mr. Safavian's desk (bates-stamped DOJ-DS008300 to DOJ-DS-008360) which were provided to you on February 23, 2006: as we advised you in an e-mail dated February 21, 2006 (attached), these papers were previously provided to you under separate bates numbers. These particular documents were originally bates stamped DOJ-DS006907 to DOJ-DS006967 and were provided to you on December 30, 2005 (see attached letter of December 30, 2005).

      In regards to your concerns about the timing and amount of materials associated with the February 17, 2006 disclosure, these items primarily consisted of telephone, bank, credit card and other financial records of Mr. Safavian.[1] While the volume that was subpoenaed is significant, we believe the only relevant information that could conceivably be covered by Rule 16 concerns those documents that pertain to roughly the 14-day period between July 26, 2002 and August 10, 2002; in other words, the days immediately prior to and during the Scotland trip. To assist and

---

      [1] In addition, in that production we provided 1) documents related to Defendant's employment at the Dumfries Police Department (DOJ-DS-013220 to 013263); 2) documents related to the costs of the Scotland trip (DOJ-DS-013264 to 013305) (discussed more fully _infra_); and 3) GSA "Instructional Letter OAD IL-95-6, Recordkeeping Policy for e-mail Messages"(DOJ-DS-13305 to 13308), pursuant to your specific request.

simplify your trial preparation, the government hereby identifies below by bates numbers the documents it might introduce in its case-in-chief. The remaining documents, which we do not intend to introduce into evidence, are neither exculpatory nor, we believe, material to the preparation for the defense in this case. Nevertheless, we have provided these records to you in their totality.

The total amount of these documents that the government might potentially seek to introduce is approximately 86 pages, and consists of the following bates numbers:

> DOJ-DS008727 through 8733 (7 pages)
> DOJ-DS009204 through 9205 (2 pages)
> DOJ-DS0010585 through 10599 (15 pages)
> DOJ-DS0010735 through 10746 (12 pages)
> DOJ-DS0010858 through 10880 (23 pages)
> DOJ-DS0011122 through 11131 (10 pages)
> DOJ-DS0011676 through 11677 (2 pages)
> DOJ-DS0012058 through 12060 (3 pages)
> DOJ-DS012369 (1 page)
> DOJ-DS012367 through 12377 (11 pages)

As for the timing of this particular disclosure to the defense, a portion of these documents, which we had been waiting for, was only recently received by the government. Rather than turn over this documentation piecemeal, we waited until all of the outstanding financial subpoenas had been returned and reviewed before disclosing a complete set of these records.

Additionally, in response to the assertion that your correspondence "explicitly required disclosure of any subpoenas or responses thereto," while it is true that your September 26, 2005 discovery letter requested such documentation, we objected to this request and the Court did not compel compliance with it. Such a request, if allowed, would sweep in evidence involving other individuals, both charged and uncharged, subject "innocent accused" to unwarranted embarrassment, would reveal the direction of various ongoing grand jury investigations, and would compromise grand jury secrecy. More to the point, it would also require the production of evidence that bears no relevance whatsoever to the charges now pending against Mr. Safavian.

Regarding the fact that we have disclosed "only 14 pages" of material regarding our 404(b) evidence, this is the only tangible evidence we have thus far identified regarding these allegations. These 14 pages were provided to you more than seven weeks prior to the scheduled trial date. As none of these e-mails is either to or from your client, we view them as potential Jencks material if the particular e-mail recipient or sender is called as a witness at trial. Thus, we do not believe their disclosure was mandated by Rule 16. Nevertheless, we have provided to you all of the e-mails we have in our possession regarding the subject of our 404(b) notice.

As for the 5,000 e-mails we turned over to you on February 23, 2006, we were perhaps remiss in not noting that these e-mails were initially provided to GSA-OIG on February 15, 2006. The e-mails were then culled to provide the appropriate date range. This process took several days and we received the e-mails, in the form later provided to you, on February 21, 2006. They were made available to you less than 48 hours later. We do not believe that these e-mails are discoverable pursuant to Rule 16 because the government does not intend to use this evidence in our case-in-chief. Nor do we understand how this material could be construed as material to the preparation of your defense. Moreover, you never requested e-mails to or from Renee Courtland, Joseph Neurater, David Drabkin or Karl Reichelt. Nevertheless, because we obtained the material and because you have previously indicated an interest in this type of information, we elected to provide it to you.

As for your request for additional information relating to why we believe Mr. Safavian's $3,100 check did not fully cover the expenses associated with the trip, we have provided to you bills and records indicating the costs associated with the trip. These costs included expenses associated with air fare, food and lodging both in Scotland and London. This is the documentary evidence on which we would rely to show that Mr. Safavian's check did not actually cover his pro rata share of the expenses associated with the trip. As we continue to receive and review relevant documentary evidence concerning the costs of the Scotland trip, we will provide them to you. You should be aware that we have outstanding requests to international authorities to obtain many of these records. We will be providing these and other relevant materials to you as we receive them.

We would decline to provide witness statements of Mr. Abramoff or any other government witness this far in advance of trial on this or any other issue, for the reasons outlined in the Court's Opinion of February 22, 2006.

We expect to provide an exhibit list to you 10 days prior to trial, and Jencks and _Giglio_ materials one week prior to trial. We would be willing to discuss the possibility of an even earlier production of Jencks and _Giglio_ materials in exchange for stipulations as to the authenticity (as opposed to admissibility) of various documents, in order to obviate the need for calling various custodians of record.

We would, of course, make ourselves available for a telephone conference with the Court at a mutually convenient time and date. We were, however, puzzled by your reference to pre-trial evidentiary motions. Our understanding of the Court's Order modifying the briefing schedule (signed January 24, 2006, attached) as well as your Unopposed Motion to Modify Briefing Schedule (filed January 20, 2006, attached) is that pre-trial motions were to be filed by January 27, 2006, and that subsequent evidentiary motions were to be based upon material produced by the government on or after January 20, 2006. Therefore, we would anticipate objecting to the filing of any evidentiary motions not based upon discovery material provided to you on or after January 20, 2006.

3

We hope that this letter adequately addresses the questions and concerns you raised. If not, please do not hesitate to let us know, and we will attempt to clarify these issues further. If you still wish to have a conference with the Court, let us know and we will provide you with dates and times we are available.

Sincerely,

Peter R. Zeidenberg
Trial Attorney, Public Integrity Section

Nathaniel B. Edmonds
Trial Attorney, Fraud Section

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| DAVID HOSSEIN SAFAVIAN | : | |
| | : | |
| Defendant | : | |

GOVERNMENT'S NOTICE OF COMPLIANCE WITH DISCOVERY ORDER OF
DECEMBER 23, 2005

The United States of America, by and through its undersigned attorneys, hereby respectfully

submits its Notice of Compliance with the Court's Discovery Order of December 23, 2005

("Order").

On December 23, 2005, the Court issued an Order requiring the Government to produce

specific documents and categories of materials. See Exhibit 1. Pursuant to the Court's Order, the

Government sent the General Services Administration ("GSA") General Counsel's Office a formal

letter requesting assistance in the discovery process. See Exhibit 2. GSA General Counsel's Office

responded with a letter describing what actions they took to provide the required discovery. See

Exhibit 3. GSA Office of Inspector General ("GSA-OIG") provided a letter detailing specific steps

they took to identify and produce relevant electronic documents from GSA. See Exhibit 4. Finally,

the FBI provided a 302 identifying the process used to identify relevant emails as required by the

Court's Order. See Exhibit 5.

The Government believes that it has fully complied with the Court's Order. All discovery

as required by the Court's order has been made available to the Defendant since the time the Court

signed the Protective Order on January 25, 2006.[1]  The Government provides the summary below of discovery as required by the Court's Order.

**1.    All 302s, investigative reports, notes, documents, and tapes of General Services Administration ("GSA") Ethics Officer Ray McKenna and Eugenia Ellison of the GSA General Counsel's office pertaining to Mr. Safavian's request for an advisory ethics opinion.**

> The Government has previously produced the 302s of McKenna and Ellison.  On December 30, 2005, the Government produced the rough notes of those interviews.  No further reports, documents or tapes of those interviews exist or have existed.  The Government believes that these actions bring it in full compliance with the Order.

**2.  All internal GSA procedures and guidelines relating to ethics opinions and disciplinary actions for violations of such policies, but not information about specific disciplinary actions related to other employees.**

> As discussed in the letter from the GSA General Counsel's Office, see Exhibit 2, GSA applies the guidance set forth in the Standards of Ethical Conduct for Employees of the Executive Branch (the Standards), 5 CFR Part 2635, which provides that violations of the Standard may result in disciplinary action. 5 CFR §§ 2635.107, 2635.108.  GSA Order CPO 9571.1, Maintaining Discipline (May 20, 2003) was made available to the Defendant on January 25, 2006.  The Government believes that these actions bring it in full compliance with the Order.

**3. All emails and correspondence and any other documents from May 2002 through August 2002 sent or received by Pam Abramoff, Anthony Rudy, John Van Horne, Neil Volz, Holly**

---

[1] As of this filing, Defendant has yet to pick up the discovery materials from the Government.

Bowers, Colin Stevens, and Rabbi David Lapin concerning Mr. Safavian, the Old Post Office Building in Washington D.C. ("OPO"), the Naval Surface Warfare Center White Oak Property in Silver Spring, Maryland ("White Oak") or the 2002 Scotland trip.

>The Government has provided emails in accordance with the Court's order to produce emails sent or received by the individuals outlined in Paragraph 3 of the Order. These emails were made available on or before January 25, 2006. The FBI 302 identifying how the search was conducted is included as Exhibit 4. The Government believes that these actions bring it in full compliance with the Order.

4. All emails and correspondence and any other documents within a specified, reasonable and appropriate time frame sent from or received by GSA Commissioner Joseph Moravec, as well as GSA officials Paul Chrisolini [sic], Leah Uhre, Tony Costa, Sharon Jenkins, Ann Everett, Ray McKenna, and Eugenia Ellison concerning the OPO or White Oak properties or projects or Mr. Safavian's request for an advisory ethics opinion.

>In Exhibits 3 and 4, the GSA General Counsel's office and GSA-OIG provided explanations of how additional searches were conducted and materials produced pursuant to the Order. On January 5 and January 25, 2006, the Government either produced or made available to the Defendant multiple DVDs containing approximately 50,000 emails of the named GSA officials. In addition, paper records were made available by January 25, 2006. The Government believes that these actions bring it in full compliance with the Order.

5. All notes, documents and tapes of 302s and interviews of the Chief Investigative Counsel and Deputy Chief Investigative Counsel to the Senate Committee on Indian Affairs within the possession, custody or control of the government.

Prior to the Order, the Government provided the defendant with the 302s of the Chief Investigative Counsel and Deputy Chief Investigative Counsel to the Senate Committee on Indian Affairs. On December 30, 2005, pursuant to the Court's order, the Government produced the agent's rough notes of the interviews. The Government believes that these actions bring it in full compliance with the Order.

6.  Upon producing the above materials, the government shall also provide the defendant information as to what specific efforts were made to search for responsive documents, including the extent of the search for responsive documents within the possession, custody or control of the GSA, GSA Office of the Inspector General, and the Department of Justice.

Included with this filing are exhibits identifying the specific efforts that were made to search for responsive documents. See Exhibit 3 (GSA General Counsel's Office letter); Exhibit 4 (GSA OIG Report); Exhibit 5 (FBI 302). The Government believes that these actions bring it in full compliance with the Order.

Respectfully submitted,


NATHANIEL B. EDMONDS
 Trial Attorney, Fraud Section
 Criminal Division
 United States Department of Justice


PETER R. ZEIDENBERG
Trial Attorney, Public Integrity Section
Criminal Division
United States Department of Justice


4

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2006, a copy of the foregoing was served

on the following counsel by facsimile, electronic service and first class mail to:

Barbara Van Gelder, Esq.
Wiley Rein & Fielding
1776 K Street NW
Washington, DC 20006
Tel: 202-719-7032
Facsimile: 202-719-7049

NATHANIEL B. EDMONDS
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice

**Zeidenberg, Peter**

| | |
|---|---|
| **From:** | Edmonds, Nathaniel |
| **Sent:** | Tuesday, February 21, 2006 7:38 PM |
| **To:** | 'RThomas@wrf.com' |
| **Cc:** | Zeidenberg, Peter |
| **Subject:** | RE: Safavian |

Rod

The gap in the bates number are materials that we had previously produced to you under separate bates numbers (we accidentally bates stamped the originals and a copy). We would be happy to produce that to you again - tomorrow if you'd like.

We have produced to you the documents as we have received them. We have not redacted any of the documents. Some of the documents may have been redacted for attorney/client privilege or others from the organizations that we received them from.

Let me know if you have any other questions, Nat

-----Original Message-----
From: RThomas@wrf.com [mailto:RThomas@wrf.com]
Sent: Tuesday, February 21, 2006 6:31 PM
To: Zeidenberg, Peter; Edmonds, Nathaniel
Subject: Safavian

Peter/Nat: Can you tell us why there is a gap in the Bates numbers for the documents recently produced (at least 8300 through 8360)? Also, what is the basis for the redactions on various documents. Rod.

NOTICE: This message (including any attachments) from Wiley Rein & Fielding LLP may constitute an attorney client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by reply email or by calling our Administrative Office at 202.719.7201. Thank You.

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'RThomas@wrf.com' | |
| | Zeidenberg, Peter | Read: 2/21/2006 8:59 PM |

1

**U.S. Department of Justice**

Criminal Division

_____

Washington, D.C. 20530

December 30, 2005

**BY FACSIMILE AND HAND DELIVERY**

Barbara Van Gelder, Esq.
1776 K Street NW
Washington, DC 20006
Fax: 202-719-7049

RE: *United States v. David H. Safavian*, Crim. No. 05-370

Dear Ms. Van Gelder:

This letter accompanies the production of materials with bates range DOJ-DS-005783 to DOJ-DS-007374. Included in these materials, you will find the FBI notes and 302s for Ray McKenna and Eugenia Ellison. We are also hereby providing you the FBI notes for the interviews with the Chief and Deputy Chief Investigative Counsel to the Senate Committee on Indian Affairs. (We have previously provided to you the FBI 302s for the Senate counsel.) As there are no tapes of any of these interviews, this production satisfies (1) and (5) of Judge Friedman's December 23, 2005 Order. We are producing the remaining materials in accordance with the Court's Order.

We expect to be producing the remaining documents outlined in the Court's Order on a rolling basis as soon as they are received (assuming that these requested documents can be produced by GSA).

If you have any questions regarding these materials, please feel to give us a call.

Sincerely,

Peter R. Zeidenberg
Trial Attorney, Public Integrity Section

Nathaniel B. Edmonds
Trial Attorney, Fraud Section

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES of AMERICA,

v.

DAVID HOSSEIN SAFAVIAN,

Defendant

Criminal No. 05-0370 (PLF)

## ORDER MODIFYING BRIEFING SCHEDULE

After consideration of Defendant's Renewed Unopposed Motion to Modify the Briefing Schedule, IT IS HEREBY ORDERED that:

All pretrial motions will be due by January 27, 2006.

Responses will be due by February 10, 2006.

Replies will be due by February 21, 2006.

The Motion Hearing will still take place on February 28, 2006 at 09:30 AM in Courtroom 29 in the Annex before Judge Paul L. Friedman. Jury Trial remains set for April 3, 2006 09:30 AM in Courtroom 29 in the Annex before Judge Paul L. Friedman. This schedule shall not prohibit the subsequent filing of motions relating to facts, evidentiary issues, and/or motions based upon material produced on or after January 20, 2006.

DATED: _____, 2006.

_____
HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES of AMERICA,** | |
| **v.** | |
| **DAVID HOSSEIN SAFAVIAN,** | **Criminal No. 05-370 (PLF)** |
| **Defendant** | |

**RENEWED UNOPPOSED MOTION TO MODIFY BRIEFING SCHEDULE**

Defendant David H. Safavian, with the consent of the United States Department of Justice, hereby moves to amend the briefing schedule for pretrial motions.

1.    At the December 13, 2005 status conference, and before the issuance of the Order granting Defendant's Motion to Compel in part ("December 23 Order" or "discovery order"), the parties discussed a target deadline of January 17, 2006 for the filing of pretrial motions.

2.    Defendant filed an Unopposed Motion to Amend the Briefing Schedule on January 11, 2006, which contemplated further amendments if the outstanding discovery obligations could not be met in a timely manner. *See* January 11, 2006 Unopposed Motion to Amend Briefing Schedule (Docket #22) at ¶13.

3.    On January 11, 2006, the Government filed an Unopposed Motion for Protective Order for discovery materials released to the Defendant. *See* Unopposed Motion for Protective Order (Docket # 23).

4.    As of today, January 20, 2006, the government has delivered some but not all of the relevant documents. The government represented that upon entry of the protective order, approximately 20,000 additional documents (mostly emails) will be produced to meet the requirements of the December 23, 2005 Order.

5.      After conferring with the government, it is clear that given the volume of material yet to be produced and reviewed, there is a significant chance that further motions will have to be filed after the production is completed and reviewed.

6.      In light of the incomplete status of discovery, the government has consented to the following revising the deadline for filing pre-trial motions until Friday, January 27, 2005. The respective opposition and reply dates would, as a result, move to Friday, February 10, 2006 and Tuesday, February 21, 2006. Argument would still take place on February 28, 2006 at 9:30a.m, and the trial date of April 3, 2006 would also remain unchanged.

7.      In light of the incomplete status of discovery, the parties have agreed that all pretrial dispositive motions of law, as opposed to fact, will be filed by Friday, January 27, 2006.

8.      This schedule shall not prohibit the subsequent filing of motions relating to facts, evidentiary issues, and or motions based upon material produced on or after today, January 20, 2006.

WHEREFORE, Defendant David H. Safavian, requests that the Court amend the briefing schedule to permit pretrial motions to be filed on January 27, 2006. A proposed order is attached.

Respectfully submitted,

WILEY REIN & FIELDING LLP

By: /s/ Barbara Van Gelder

    Barbara Van Gelder, Esq.
    Roderick L. Thomas, Esq.
    Albert Lambert, Esq.
    Wiley Rein & Fielding LLP
    1776 K Street NW
    Washington, DC 20006
    TEL: 202.719.7032
    FASCIMILE: 202.719.7049

    Attorneys for David H. Safavian

Dated: January 20, 2006