UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES of AMERICA,

v.

DAVID HOSSEIN SAFAVIAN,　　　　　　　　　　Criminal No. 05-370 (PLF)

Defendant

DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OFFERING CONCLUSIONS
OR SPECULATION REGARDING THE BELIEFS, UNDERSTANDINGS,
MOTIVATIONS, OR KNOWLEDGE OF OTHERS

Defendant David H. Safavian, by his attorneys, moves for an order under Federal Rules of Evidence 104(a), 602, 701, 802, and 403 barring any witness testimony offering conclusions or speculation as to the alleged beliefs, understandings, motivations, or knowledge of others.

I.　　WITNESSES MUST NOT BE ALLOWED TO SPECULATE

During the course of discovery, the government has proffered witness interviews[1] replete with conjecture and speculation regarding the motives, knowledge, and intent of other individuals, especially those of Mr. Safavian and Jack Abramoff.

The defense seeks to preclude this line of questioning because speculation as to another individual's beliefs, knowledge, motivation, or intent is beyond the scope of the personal knowledge of the witness and invades the province of the jury. Fed. R. Evid. 602 (limiting a witness' testimony to matters for which the witness has personal knowledge). In addition, while

---

[1]　The witness reports themselves (302s and notes of 302s) constitute inadmissible hearsay as mere agent statements about what the witness said. Feb. 22, 2006 Memorandum Opinion and Order at 2; Fed. R. Evid. 802. However, this motion seeks to exclude a similar approach to questioning in the Government's case-in-chief. In addition, if the government attempts to use a 302 for impeachment purposes, any questions relating to speculation testimony in the 302 should also be barred. The complete 302s were filed as sealed exhibits to Defendant Safavian's Motion to Inspect. See Document #34 (filed Jan. 27, 2006).

the Rules permit a lay person from offering opinion testimony, the admission of such is strictly limited to testimony that is "rationally based on the perception of the witness." Fed. R. Evid. 701. Admission of speculative testimony regarding the state of mind of another person is unfairly prejudicial and must be barred pursuant to Rule 403. Fed. R. Evid. 403 (excluding evidence if the probative value is substantially outweighed by, *inter alia*, danger of unfair prejudice, misleading the jury, or needless presentation of cumulative evidence).

Accordingly, Mr. Safavian requests that this Court preclude testimony which is not based upon the witness's personal knowledge or observation, but are purely speculative responses to leading questions from government interrogators. These questions would include whether a witness believes Mr. Safavian "appeared to be parsing his words," "had a problem," or "intended to deflect attention" away from himself.

## II.     WITNESSES MUST NOT BE ALLOWED TO OFFER LEGAL CONCLUSIONS

The Court must also preclude witness testimony that amounts to a legal conclusion. Christiansen v. Nat'l Sav. & Trust Co., 683 F.2d 520, 529 (D.C. Cir. 1982) ("The duty to issue [legal] conclusions devolve on the courts and lay legal conclusions are inadmissible in evidence.") (citation omitted). The division of responsibility in a court is well established: the judge instructs and decides questions of law, and the jury, if necessary, applies this law to the facts. See Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.") (citation omitted). The records and notes of interviews produced by the government in this matter suggest that it intends to elicit legal conclusions from lay witnesses that would co-opt these responsibilities.

-3-

Consequently, Mr. Safavian respectfully moves this Court to preclude witnesses from offering legal conclusions in their testimony, given that "legal principles are outside the witness' area of expertise under Federal Rule of Evidence 702." Weston v. Washington Metro. Area Transit Auth., 78 F.3d 682, 684 n.4 (D.C. Cir. 1996) (citation omitted).  Examples of such inappropriate questioning would include whether Mr. Abramoff was a "prohibited source" or whether Mr. Abramoff's activities were tantamount to "seeking to do or doing business with the GSA."[2] Other legal conclusions include whether Mr. Safavian's statements were "not true," "not forthcoming," or "misleading."

---

[2] The phrase relates to the definition of a "prohibited source" under the Standards of Ethical Conduct for Employees of the Executive Branch outlined in 5 C.F.R. § 2635.203(d).  The Standards provide that an executive employee "shall not, directly or indirectly, solicit or accept a gift: (1) From a prohibited source; or (2) Given because of the employee's official position." Id. § 2635.202(a).  The regulations define a "prohibited source" as "any person who: (1) Is seeking official action by the employee's agency; (2) Does business or seeks to do business with the employee's agency; (3) Conducts activities regulated by the employee's agency; (4) Has interests that may be substantially affected by performance or nonperformance of the employee's official duties; or (5) Is an organization a majority of whose members are described in paragraphs (d) (1) through (4) of this section.  Id. § 2635.203(d).

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests an order excluding speculative testimony regarding alleged beliefs, understanding, motivation, or knowledge of others.

                              Respectfully submitted,

                              By:   /s/ Barbara Van Gelder
                                    Barbara Van Gelder (D.C. Bar # 265603)
                                    Roderick L. Thomas (D.C. Bar # 433433)
                                    Albert C. Lambert (D.C. Bar # 489562)
                                    WILEY REIN & FIELDING LLP
                                    1776 K Street NW
                                    Washington, DC  20006
                                    TEL: 202.719.7032

Dated: April 14, 2006                     *Attorneys for David H. Safavian*