# EXHIBIT A

Case 1:05-cr-00370-PLF    Document 67-2    Filed 04/14/2006    Page 1 of 9

```
From:        Abramoff, Jack (Dir-DC-Gov) [/o=GTLAW/ou=WDC/cn=Recipients/cn=abramoffj] on behalf
             of Abramoff, Jack (Dir-DC-Gov)
Sent:        Saturday, July 27, 2002 8:37 PM
To:          'david.safavian@gsa.gov'
Subject:     RE: Ethics question
```

Superb!!

-----Original Message-----
From:     david.safavian@gsa.gov [mailto:david.safavian@gsa.gov]
Sent: Friday, July 26, 2002 9:05 PM
To:   abramoffj@gtlaw.com
Subject:  Fw: Ethics question

Jack - fyi. It looks like Scotland is a go.

Have a good weekend.

Dhs

Sent from my BlackBerry Wireless Handheld

> From: Raymond J. McKenna
> Sent: 07/26/2002 05:06 PM
> To: David H. Safavian/A/CO/GSA/GOV@GSA
> Subject: Ethics question

This is in response to your inquiry on whether you can accept a gift of free air transportation from a friend to attend an golf trip. You stated that a friend and former colleague, Jack Abramoff, invited you, along with several members of Congress and a few Congressional staff, to Scotland to play golf for four days. You stated that you will be paying for all of your hotel expenses, meals and greens fees. You noted, however, that your friend would be providing the air transportation at no cost to you and the other guests attending the event. You stated that your friend, who is a lawyer and lobbyist with Greenberg and Traurig, is chartering a private jet to take you and the other participants from BWI to Scotland and back. You stated that neither Mr. Abramhoff nor his firm does business with or is seeking to do business with GSA. Based upon the information you have provided, you may accept the gift of free transportation from your friend.

Section 2635.202 of the Standards of Ethical Conduct for Employees of the Executive Branch states that an employee shall not solicit or accept a gift from a prohibited sources or a gift given because of the employee's official position. 5 C.F.R. 2635.202. A prohibited source is any person who:

>    "(1) Is seeking official action by the employee's agency;
>     (2) Does business or seeks to do business with the employee's agency;
>     (3) Conducts activities regulated by the employee's agency;
>     (4) Has interests that may be substantially affected by performance or
> nonperformance of the employee's official duties; or
>     (5) Is an organization a majority of whose members are described in paragraphs (1)
> and (4) above.

5 C.F.R. 2635.203 (d).

A gift is solicited or accepted because of an employee's official position "if it is from a person other than an employee and would not have been solicited, offered or given had the employee not held the status, authority or duties associated with his Federal

1

DOJ-DS-001408

GTG-E000093096

position. 5 C.F.R. 2635.203(e).

Since the gift is not being offered by a prohibited source and the it is not being given because of your official position, the gift acceptance restrictions under 5 C.F.R. 2635.202 do not apply to you. Consequently, you may accept the gift of free air transportation.

You are reminded that you must report the gift of free transportation on Schedule B, Part II of your next Public Financial Disclosure Report if the gift totals more than $260.

If you have any questions, please feel free to contact Eugenia Ellison or Dan Ross on 501-1460.

Raymond J. McKenna
General Counsel
Phone (202) 501-0424
FAX    (202) 501-2509

CREATING A SUCCESSFUL FUTURE AT GSA
by Living Our Values Everyday and Working Together to Achieve Our Goals

# EXHIBIT B

COUNSEL/ETHICS LAW      ☒ 001

**MEMORANDUM OF CALL**

TO: Eugenie

☐ YOU WERE CALLED BY—   ☐ YOU WERE VISITED BY—

David Safavian

OF (Organization)

☐ PLEASE PHONE ▶ (Enter area code, if necessary)   ☐ DSN

395-3816

☐ WILL CALL AGAIN   ☐ IS WAITING TO SEE YOU
☐ RETURNED YOUR CALL   ☐ WISHES AN APPOINTMENT

MESSAGE: fax 395-3242

*********** REPORT ***  ***********

142   92023953242

1/01 11:32
'01
3

RECEIVED BY: [signature]   DATE: 3/1   TIME: 10:00

NSN 7540-00-634-4018
50363-111
UNICOR FPI-SST

OPTIONAL FORM 363 (Rev. 7-94)
General Services Administration

---

GSA Office of General Counsel

FROM: Eugenia D. Ellison

Office of General Counsel
  General Law Division
   Ethics Law Staff (LG)

FAX NUMBER: (202) 501-6347

PHONE NUMBER: (202) 501-0765

LOCATION: GSA/OGC/LG  Room 4139

TOTAL NUMBER OF PAGES
INCLUDING COVER SHEET: 3

DATE: 3/1/05

TO: David Safavian
   OFPP/OMB

FAX NUMBER: (202) 395-3242

PHONE NUMBER: (202) 395-3816

LOCATION: OFPP/OMB

CORRESPONDENCE
SYMBOL:

COMMENTS:

Attached is a copy of the email message that you sent to Ray McKenna pertaining to the Scotland trip.

I have also attached a copy of a response

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                1042
CONNECTION TEL                  92023953242
SUBADDRESS
CONNECTION ID
ST. TIME                03/01 11:32
USAGE T                 01'01
PGS. SENT               3
RESULT                  OK
```



GSA Office of General Counsel

DATE: 3/1/05

FROM: Eugenia D. Ellison

TO: David Safavian
OFPP/OMB

Office of General Counsel
  General Law Division
  Ethics Law Staff (LG)

FAX NUMBER: ___(202) 501-6347___

PHONE NUMBER: ___(202) 501-0765___

LOCATION: ___GSA/OGC/LG  Room 4139___

TOTAL NUMBER OF PAGES
INCLUDING COVER SHEET: __3__

FAX NUMBER: (202) 395-3242

PHONE NUMBER: (202) 395-3816

LOCATION: OFPP/OMB

CORRESPONDENCE
SYMBOL: _____

COMMENTS:

Attached is a copy of the email message that you sent to Ray McKenna pertaining to the Scotland trip.

I have also attached a copy of a response

DOJ-DS005796



GSA Office of General Counsel

DATE: 3/1/05

FROM: Eugenia D. Ellison

TO: David Safavian
OFPP/OMB

Office of General Counsel
   General Law Division
      Ethics Law Staff (LG)

FAX NUMBER: (202) 501-6347

FAX NUMBER: (202) 395-3242

PHONE NUMBER: (202) 501-0765

PHONE NUMBER: (202) 395-3816

LOCATION: GSA/OGC/LG Room 4139

LOCATION: OFPP/OMB

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET: 3

CORRESPONDENCE SYMBOL:

COMMENTS:

Attached is a copy of the email message that you sent to Ray McKenna pertaining to the Scotland trip.

I have also attached a copy of a response that I gave to Ray. I don't know if he ever sent it to you or just telephoned you the response.

/s/ E. Ellison

BATES 5798

U.S. General Services Administration
1800 F Street, NW
Washington, DC 20405-0002

**GSA**

**David H. Safavian**
07/25/2002 10:19 AM

To: Raymond.Mckenna@gsa.gov
cc:
Subject: Ethics Guidence

I am in need of an ethics opinion. I (along with wto members of Congress and a few Congressional staff) have been invited by a friend and former colleague on a trip to Scotland to play golf for four days. I will be paying for all of my hotels, meals, and greens fees. The issue is airfare.

The host of the trip is chartering a private jet to take the eight of us from BWI to Scottland and back. He is paying the cost for the aircraft regardless of whether I go or not. In fact, none of the other guest will be paying a proportional share of the aircraft costs. I need to know how to treat this activity.

One other point of relevance: the host is a lawyer and lobbyist, but one that has no business before GSA (he does all of his work on Capitol Hill).

DHS

David H. Safavian
Chief of Staff
General Services Administration
1800 F Street, N.W., Room 6137
Washington, D.C. 20405
Tel: (202) 501-0800
Fax: (202) 219-1243
Email: david.safavian@gsa.gov

DOJ-DS005798

This is in response to your inquiry on whether you can accept a gift of free air transportation from a friend to attend an golf trip. You stated that a friend and former colleague, Jack Abramhoff, invited you, along with several members of Congress and a few Congressional staff, to Scotland to play golf for four days. You stated that you will be paying for all of your hotel expenses, meals and greens fees. You noted, however, that your friend would be providing the air transportation at no cost to you and the other guests attending the event. You stated that your friend, who is a lawyer and lobbyist with Greenberg and Traurig, is chartering a private jet to take you and the other participants from BWI to Scotland and back. You stated that neither Mr. Abramhoff nor his firm does business with or is seeking to do business with GSA. Based upon the information you have provided, you may accept the gift of free transportation from your friend.

Section 2635.202 of the Standards of Ethical Conduct for Employees of the Executive Branch states that an employee shall not solicit or accept a gift from a prohibited sources or a gift given because of the employee's official position. 5 C.F.R. 2635.202. A prohibited source is any person who:

> "(1) Is seeking official action by the employee's agency;
> (2) Does business or seeks to do business with the employee's agency;
> (3) Conducts activities regulated by the employee's agency;
> (4) Has interests that may be substantially affected by performance or nonperformance of the employee's official duties; or
> (5) Is an organization a majority of whose members are described in paragraphs (1) and (4) above.

5 C.F.R. 2635.203 (d).

A gift is solicited or accepted because of an employee's official position "if it is from a person other than an employee and would not have been solicited, offered or given had the employee not held the status, authority or duties associated with his Federal position. 5 C.F.R. 2635.203(e).

Since the gift is not being offered by a prohibited source and the it is not being given because of your official position, the gift acceptance restrictions under 5 C.F.R. 2635.202 do not apply to you. Consequently, you may accept the gift of free air transportation.

You are reminded that you must report the gift of free transportation on Schedule B, Part II of your next Public Financial Disclosure Report if the gift totals more than $260.

If you have any questions, please feel free to contact Eugenia Ellison or Dan Ross on 501-1460.