UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES of AMERICA, | |
| v. | |
| DAVID HOSSEIN SAFAVIAN, | Criminal No. 05-370 (PLF) |
| Defendant | |

**DEFENDANT'S MOTION IN LIMINE TO DENY THE GOVERNMENT'S RULE 902(11) CERTIFICATIONS**

Defendant requests that the Court reject the Government's April 12, 2006 filing of boilerplate declarations under Fed. R. Evid. 902(11). Ex. A. The declarations are clearly deficient since they lack *any* facts that would allow this Court to make a determination that the evidence sought to be admitted is trustworthy.[1] The certifications fail to satisfy Rule 902(11), which, in any event, has been deemed unconstitutional under the Sixth Amendment in light of the Supreme Court's ruling in Crawford v. Washington. 541 U.S. 36 (2004). United States v. Wittig, No. 03-40142JAR, 2005 WL 1227790, at *2 (D. Kan. May 23, 2005) (holding that Rule 902(11) is unconstitutional and citing Crawford).

---

[1] One of the most glaring instances of insufficiency is the certification of Jay Nagle, which claims without elaboration that over *467,000* emails – most of which have never been produced -- from the law firm of Greenberg Traurig should be accepted as business records from the GSA because they were stored in a Greenberg Traurig computer. It is ironic that the Defense requested all of the Greenberg Traurig emails in discovery and was told that he had no right to the "tens of thousands of documents…that have no relevance or connection to the charges at issue." See 11/04/05 Gov't Opposition to Motion to Compel at 7 (Doc. # 11). At the time of the request, the Government called the request a "fishing expedition." Now it asks us to accept the authenticity of the cod we never caught.

1

A.  **The Certifications Fail to Set Forth Adequate Foundation For Admissibility Pursuant to Fed. R. Evid. 803(6)**

The Government's April 12, 2006 proposed 902(11) certifications do not include sufficient facts to ascertain whether the purported records (or duplicates of electronically filed records) meet the requisite indicia of trustworthiness to meet the Business Records hearsay exception under Fed. R. Evid. 803(6). The central question to be addressed in a 902(11) certification is whether the declarant can set forth a sufficient foundation to show that the documents were made by the business to be relied upon by the business while conducting its business. The certifications submitted by the Government fail to allege that the purported custodian is "familiar with the creation and maintenance of records" or that they have "knowledge . . . of the record-keeping practices of the company that produced the documents." Rambus v. Infineon Techs. AG, 348 F. Supp. 2d 698, 702-04 (E.D. Va. 2004) (finding certifications insufficient under Rule 902(11) that on their face failed to make reference to the declarant's knowledge of the business's record-keeping practices).

In short, to be admitted, the record must memorialize a regularly conducted business practice. Fed. R. Evid. 803(6) and Advisory Notes. The originator of a record (as well as all other parties involved) must be under a business duty in order for that record to be admissible under Rule 803(6). See Microsoft, No. Civ A. 98-1233, 2002 WL 649951 at *3-4 (D.D.C. Apr. 12, 2002) (finding e-mails sent by employees of third-party companies inadmissible under Rule 803(6) where the business practices of those companies had not been established); Rambus, 348 F. Supp. 2d at 706-07 (same).

Furthermore, most of the records these certifications are purporting to authenticate are stored electronically. Rather than address the trustworthiness of the content of record, the proffered certifications really attempt to address the alleged trustworthiness of the electronic

2

storage of the records. Even this level of certification is insufficient because none of the certifications address the integrity of the computer stored files, the source of the input of the stored information, the process for transcribing the electronically stored information into machine readable form, the identification of the computer software that creates, edits and updates the files and the reliability of the hardware and software that manages the internal processes of the storage server. None of the certifications purport to establish any of the companies' policies and procedures for the use and maintenance of the electronic equipment, database, and programs related to the creation, storage, and retrieval of these records, nor do they purport to establish the qualifications of the alleged custodians to testify to such matters. See In re Vinhnee, 336 B.R. 437, 448-49 (B.A.P. 9th Cir. 2005) (requiring evidence of the procedures and safeguards related to the storage of electronic records in order to be admissible under Rule 803(6)).

The Government's certifications fail for other reasons. For instance, the certification of George Elzey purports to authenticate the GSA-OIG Inspector Rowe report of investigation, which is not admissible under Rule 803(6). See United States v. Smith, 521 F.2d 957, 965-66 (D.C. Cir. 1975) (holding that police records are not admissible in a criminal trial by the prosecution as a business record).[2]

    B.    **Fed. R. Evid. 902(11) is Unconstitutional**

More fundamentally, this Court must exclude the government's certifications because their admission into evidence would violate the Sixth Amendment's Confrontation Clause. The certifications would be unconstitutional because they are testimonial evidence offered without (1) proof of the declarant's unavailability *and* (2) a prior opportunity for the defendant to cross-

---

[2] In addition, the OIG report contains Inspector Rowe's handwritten notes. This court has already held that similar evidence (i.e. 302 summaries and notes of 302s) is only admissible for impeachment purposes. See Mem. Opin. and Order at 2 (Feb. 22, 2006) (acknowledging that the Abramoff 302 and notes of his 302 are hearsay documents).

3

examine the declarant. Crawford v. Washington, 541 U.S. 36, 68 (2004). As the court in United States v. Wittig recently explained:

> The statements within a certification contemplated by Rule 902(11) are testimonial statements because they contain "solemn declaration or affirmations made for the purpose of establishing or proving some fact," namely that the proper foundation for the admission of the business record exists. They are the functional equivalent of ex parte in-court testimony that defendants cannot cross-examine. Indeed, the Rule 902(11) procedure itself takes the place of live, sworn testimony of a witness. Moreover, the Rule 902(11) declarants know that they are providing foundational testimony for business records to the government, and thus, must reasonably expect that their certifications will be used prosecutorially. Therefore, the Court concludes that the Rule 902(11) procedure violates defendants' right to confrontation.

2005 WL 1227790, at *2 (citing Crawford, 541 U.S. at 51).

## CONCLUSION

For the aforementioned reasons, Mr. Safavian respectfully requests that this Court deny the Government's Rule 902(11) certifications.

                                                Respectfully submitted,

                                                By:   /s/ Barbara Van Gelder
                                                     Barbara Van Gelder (D.C. Bar # 265603)
                                                     Roderick L. Thomas (D.C. Bar # 433433)
                                                     Albert C. Lambert (D.C. Bar # 489562)
                                                     WILEY REIN & FIELDING LLP
                                                     1776 K Street NW
                                                     Washington, DC  20006
                                                     TEL: 202.719.7032

Dated: April 14, 2006                          *Attorneys for David H. Safavian*