UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES of AMERICA,

v.

DAVID HOSSEIN SAFAVIAN,                    Criminal No. 05-370 (PLF)

Defendant

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT IS
HEARSAY OR IRRELEVANT

Defendant David H. Safavian, by counsel, requests that the Court enter an order excluding all evidence, whether testimonial or documentary, which contains inadmissible hearsay or is irrelevant to the charges contained in the Indictment.

The defense believes that the Government intends to introduce a substantial number of third-party e-mails, many of which have been forwarded and edited by multiple authors, into evidence at trial.[1] The Federal Rules require that it establish that each portion of the e-mail is authentic and was in fact written by the author it purports to be from. Fed. R. Evid. 901(a). Furthermore, as all of these documents are out-of-court statements, many, if not all, constitute inadmissible hearsay as evidence that could only be offered for the truth of the matter asserted, Fed. R. Evid. 802, and/or are irrelevant under Fed. R. Evid. 402.

I.   **ADMISSIBILITY OF E-MAILS – HEARSAY AND RELEVANCE**

The Government has submitted numerous exhibits to the Court constituting e-mails purporting to be sent from various individuals. See Gov't 02/10/06 Opp. to Def. Mot. to

---

[1] Exhibit 1 to this motion is an example of the later editing of earlier e-mails. DOJ-DS007537 is a series of e-mails between Jack Abramoff and John Van Horne. In the "last" e-mail in the chain, Abramoff edited an earlier e-mail from Van Horne to include answers to Van Horne's questions in the body of an earlier e-mail.

Dismiss, Exs. 1-32. The Government will have to provide authenticating testimony of someone with personal knowledge of the communication, such as the author or the recipient, to authenticate these documents. See Bouriez v. Carnegie Mellon Univ., No. 02-CV-02104, 2005 WL 2106582, at *6 (W.D. Pa. Aug. 26, 2005) (finding e-mails and other documents inadmissible as not properly authenticated absent affidavit attesting to authenticity); Gansen v. County of Rice, No. 04-1550, 2005 WL 3159675, at *6 (D. Minn. Nov. 28, 2005) ("Because plaintiff failed to authenticate the e-mail through either an affidavit based on personal knowledge or a deposition, the evidence is inadmissible under Rule 56(e).").

In addition, many of the Government's exhibits in this case are comprised of e-mail chains that have been forwarded multiple times. See, e.g., Gov't Opp. to Def. Mot. to Dismiss, Exs. 5, 17. Each time an e-mail is quoted in a "reply" or "forward," the author has an opportunity to edit any part of the message they wish, including the quoted text. Consequently, the Court must direct the Government to establish the authenticity of each portion of each e-mail chain in order to introduce any portion of the document at trial. New York v. Microsoft Corp., No. Civ A. 98-1233, 2002 WL 649951, at *5 (D.D.C. 2002) (holding that the requisite foundation must be established for each portion of a forwarded e-mail chain for the purposes of the business records exception).

In addition to the July 26, 2002 GSA ethics e-mail discussed in a separate April 14, 2006 Motion to Exclude, the Government has submitted other e-mails to this Court that it may attempt to admit into evidence. See Gov't Opp. to Def. Mot. to Dismiss, Exs. 1-32. Even if they are somehow wholly authenticated, they are still inadmissible if they are offered for the truth of the matter asserted and do not fall under a recognized exception to the hearsay rule. See Bouriez, 2005 WL 2106582, at *7 ("Although a document is authenticated, the statements contained

within the documents may be inadmissible due to the application of the rule which prohibits the use of hearsay evidence."). This Court has recognized that other out-of-court statements are inadmissible unless the declarant takes the stand, and even then the statements are only admissible to impeach the witness. See Feb. 22, 2006 Order at 2 (holding that the FBI 302 of the interview with Abramoff is only admissible to impeach Abramoff's testimony).

Moreover, the long e-mail chains that comprise most of the Governments' exhibits create multiple hearsay within hearsay issues, since the trier of fact has to rely on the fact that the person forwarding each e-mail relayed the information unaltered. See Microsoft, 2002 WL 649951, at *5. For example, in Exhibit 5 to the Government's Feb. 10, 2006 Opposition to the Motion to Dismiss, a purported July 2, 2002 e-mail from Mr. Safavian had been forwarded back and forth five times. In Gov't Opp. Ex. 17, a July 25, 2002 e-mail from Mr. Safavian was forwarded three times. Of all the e-mails from Mr. Safavian that the government has submitted, only one, Gov't Opp. Ex. 18, appears on its face to be an original. The remaining electronic communications are embedded at least one layer deep in a chain.

### A.     E-mails Are Inadmissible Because They Are Hearsay

Many of the e-mails contained in the exhibits attached to the Government's Opposition to Defendant's Motion to Dismiss were never sent by or to Mr. Safavian. These e-mails are not relevant to his state of mind, and therefore could only be offered for the truth of the matter asserted. For this reason, the following e-mails, among others, must be found inadmissible:[2]

- Gov't Exhibit 2—entire exhibit (DOJ-DS-001381);

---

[2] To the extent that any of these e-mails fit under the recorded recollection exception of 803(5), they still cannot be read into the record because they are irrelevant pursuant to Fed. R. Evid. 402. See infra Part I.B.

- Gov't Exhibit 5—every e-mail sent after Mr. Safavian's 9:04 AM e-mail (DOJ-DS-001384 to -001385);[3]

- Gov't Exhibit 6—entire exhibit (DOJ-DS-001386);

- Gov't Exhibit 7—entire exhibit (DOJ-DS-001389);

- Gov't Exhibit 10—entire exhibit (DOJ-DS-001394);

- Gov't Exhibit 11—entire exhibit (DOJ-DS-001395);

- Gov't Exhibit 17—every e-mail sent after Mr. Safavian's July 25, 2002 8:30 AM e-mail (DOJ-DS-001404 to -001405);[4]

- Gov't Exhibit 19—entire exhibit;[5]

- Gov't Exhibit 28—entire exhibit (DOJ-DS-001425);

- Gov't Exhibit 29—entire exhibit (DOJ-DS-001426 to -001427);

- Gov't Exhibit 30—top e-mail from Abramoff to van Horne dated August 12, 2002 (DOJ-DS-007454).

**B.    E-mails Inadmissible Because They Are Not Relevant**

The following Exhibits to the Government's Opposition to Defendant's Motion to Dismiss, among others, are inadmissible because they are irrelevant under Fed. R. Evid. 402:

Exhibit 2 (DOJ-DS-001381):

The first two e-mails in the chain are irrelevant. The June 14, 2002 e-mail from Anthony Rudy states "Why dave? I like him but didn't know u did as much. Business Angle?" The June 15, 2002 reply from Abramoff states "Total business angle. He is new COS of GSA." These e-

---

[3]    The 9:04 AM e-mail, purportedly from Mr. Safavian, was forwarded and re-forwarded five times before being stored as the e-mail in the exhibit. This calls into question the e-mail's reliability and creates hearsay within hearsay issues as discussed above and in Microsoft, 2002 WL 649951, at *5.

[4]    Note that the e-mail purportedly sent by Mr. Safavian suffers the same forwarding issues discussed supra note 3.

[5]    The inadmissibility of this exhibit is discussed more fully in Defendant's April 14, 2006 Motion in Limine to Exclude Hearsay in the July 26, 2002 Ethics Response and Documents Containing Portions Thereof.

mails only establish Abramoff's and Rudy's subjective states of mind, and their mental states are not relevant to this case. The only mental state that is relevant to this case is Mr. Safavian's during the applicable time frames. See United States v. Forrester, 60 F.3d 52, 60-61 (2d Cir. 1995) (finding that the state of mind of a police officer was not relevant in case involving drug charges). With respect to Abramoff, only two issues are relevant to this case: 1) Mr. Safavian's state of mind as to whether Abramoff was doing business, as this goes to intent; and 2) what specific *actions* Abramoff had taken prior to Mr. Safavian's request for the ethics opinion, as this goes to whether Mr. Safavian's statement "Abramoff has no business" was actually false. Consequently, Abramoff's subjective mental state, not communicated to Mr. Safavian, is not relevant to either of those two issues and therefore is inadmissible in this case.

Exhibit 5 (DOJ-DS-001384 to -001385)

The e-mails from Abramoff and van Horne are irrelevant because they only establish Abramoff's and van Horne's respective states of mind. Id.

Exhibit 6 (DOJ-DS-001386)

The e-mails in this chain are irrelevant because they only establish Abramoff's and van Horne's respective states of mind. Id.

Exhibit 7 (DOJ-DS-001389)

The e-mails in this chain are irrelevant because they only establish Abramoff's and van Horne's respective states of mind. Id.

Exhibit 31 (DOJ-DS-001163)

This e-mail is sent four months after Mr. Safavian requested the ethics opinion. Therefore, it is not relevant to Mr. Safavian's mental state at the time he requested the opinion, or the issue of whether Abramoff was or was not doing business with GSA at that time. See

United States v. Reeder, 170 F.3d 93, 107 (1st Cir. 1999) (finding, in a case involving wire fraud, that events occurring after wire transfer was complete were irrelevant to defendant's state of mind during the transfer).

Exhibit 32 (DOJ-DS-001166)

This e-mail is sent four months after Mr. Safavian requested the ethics opinion. Therefore, it is not relevant to Mr. Safavian's mental state at the time he requested the opinion, or the issue of whether Abramoff was or was not doing business with GSA at that time. Id.[6]

## CONCLUSION

For the aforementioned reasons, Mr. Safavian respectfully requests that this Court exclude unauthenticated, hearsay, or irrelevant evidence.

                Respectfully submitted,

                By:   /s/ Barbara Van Gelder

                Barbara Van Gelder (D.C. Bar # 265603)
                Roderick L. Thomas (D.C. Bar # 433433)
                Albert C. Lambert (D.C. Bar # 489562)
                WILEY REIN & FIELDING LLP
                1776 K Street NW
                Washington, DC  20006
                TEL: 202.719.7032

Dated: April 14, 2006          *Attorneys for David H. Safavian*

---

[6] While the defense maintains that the e-mails listed above are not probative, e-mails regarding the intent and state of mind of third parties would also be inadmissible because their capacity to mislead, unfairly prejudice, or otherwise confuse the jury substantially outweighs any other value.  Fed. R. Evid. 403.