UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES of AMERICA, <br><br> v. <br><br> DAVID HOSSEIN SAFAVIAN, <br><br> Defendant | Criminal No. 05-370 (PLF) |

DEFENDANT'S MOTION TO PRECLUDE THE GOVERNMENT'S
SUPPLEMENTAL FILING

Pursuant to the Court's April 20, 2006 instruction, Defendant David H. Safavian, by counsel, hereby objects to the government's planned filing of over sixty additional e-mails generated by Jack Abramoff to supplement its April 14, 2006 Motion in Limine for Pre-trial Determination of Admissibility of Certain Evidence. The belated addendum is not necessary for the Court to decide the validity of the government's legal theories in support of the exceptions to the Hearsay rule advanced in its motion. Thus, the filing would only serve as a vehicle to place additional irrelevant and misleading evidence in the media.[1]

---

[1]  The defense recognizes that the Court must balance the need to protect the defendant's right to an unbiased jury and fair trial with its need to furnish and maintain a public record. To illustrate the current state of balance, however, the government's April 14, 2006 Motion and several hundred pages of attachments were "blast-faxed" to news outlets *before* the Court's electronic filing system served the defense. Last Friday was not the first time that the Department of Justice Office of Public Affairs has issued a "blast-fax" of its exhibits to all major news outlets.

The defense also recognizes that the decision of when and how to release filings to the press is not necessarily made by those trying the case. However, the government's unfettered ability to release grand jury documents to the public, without prior notice to or consent by the defense, underscores the fundamental unfairness of the government's insistence on a Protective Order. The January 24, 2006 Order is viewed by the government as a "one-way street," obligating the defendant -- but not the government --to receive prior approval before filing discovery information or file the information under seal. Jan. 24, 2006 Protective Order at ¶3 (Docket # 23). The government cannot simultaneously maintain that it needs to protect grand jury information from public release and then publish the same information at whim.

In its April 14, 2006 motion, the government advances previously undisclosed and sundry legal theories, including a Rule 801(d)(2)(E) (co-conspirator exception) argument based on an unindicted conspiracy to commit so-called "honest services fraud," in an attempt to shortcut the defendant's right to confront and challenge witness testimony. This attempt to circumvent the rights and privileges protected by the Hearsay rule and the Sixth Amendment is particularly inappropriate in a case predicated upon precise questions, answers, and conduct. We will more fully address the substance of the government's motion as scheduled on April 25th.

The government attached approximately three-hundred e-mails produced by Greenberg Traurig, LLP to its April 14, 2006 motion. The government has informed the defense that it will be adding approximately sixty Abramoff e-mails as a supplemental attachment to this motion, many of which the defense has never seen before. Under the circumstances, the supplemental filing is tantamount to a public filing of initial discovery, not a filing to support of a motion in limine regarding its admissibility at trial.

Cognizant of this Court's concerns about sealed filings, however, we do not request that the government file their additional e-mails under seal. Instead, we request that the government be precluded from publicly filing supplemental exhibits until the Court addresses the legal questions presented by the motion. The expectant document dump is simply not necessary for the Court to decide the motion before it. Indeed, it is a waste of judicial resources to argue over e-mails and documents that may never be introduced at trial. Once the Court addresses whether, e.g. Rules 801(d)(2)(E) and 803(6) apply to the Greenberg Traurig e-mails,[2] then the government

---

[2] There is another reason for deferring focus on the specificity of each email at this time. As noted above, the emails are from Greenberg Traurig, not the GSA. The GSA did not maintain Mr. Safavian's emails. Thus, we do not know whether these emails comprise all of the correspondence between the parties or only those Mr. Abramoff decided to archive. This issue will be set forth in greater detail in our response to the government's motion due April 25, 2006.

can "identify what it intends to rely on in its case-in-chief at trial," and the defendant can reciprocate with an exhibit list based on the Court's rulings on the various pending motions in limine.  United States v. Anderson, 416 F.Supp.2d 110, 115 (D.D.C. 2006).  At that point, after the parties have identified trial documents, any remaining evidentiary disputes, which would be fewer and more defined as a result of the Court's guidance, would be resolved before trial.  To do otherwise is highly impractical and inefficient.

## CONCLUSION

For the aforementioned reasons, Defendant Safavian requests that the Court enter an Order precluding the Government from supplementing its Motion for Pre-Trial Admissibility until the Court has ruled on the legal issues and after the government's disclosure of proposed trial exhibits.

                                              Respectfully submitted,

                                        By: /s/ Barbara Van Gelder
                                              Barbara Van Gelder (D.C. Bar # 265603)
                                              Roderick L. Thomas (D.C. Bar # 433433)
                                              Albert C. Lambert (D.C. Bar # 489562)
                                              WILEY REIN & FIELDING LLP
                                              1776 K Street NW
                                              Washington, DC  20006
                                              TEL: 202.719.7032

Dated: April 21, 2006                      *Attorneys for David H. Safavian*