UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| **DAVID HOSSEIN SAFAVIAN**, | : | |
| | : | |
| **Defendant** | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRECLUDE THE GOVERNMENT'S SUPPLEMENTAL FILING

The United States of America, by and through its undersigned attorneys, hereby respectfully submits this Response to Defendant's Motion to Preclude the Government's Supplemental Filing.

On April 14, 2006, the government filed with this Court a Motion in Limine (Docket No. 66) seeking the Court's pre-trial ruling, pursuant to Fed. R. Evid. 104, on the admissibility of approximately 275 e-mails that the government will be seeking to introduce at trial. On April 17, the government received from Greenberg Traurig approximately six boxes of previously undisclosed documents pertaining to e-mails sent or received by Jack Abramoff, but not limited to e-mails relevant to defendant. A group of agents spent the next 48 hours identifying and culling any and all e-mail traffic between Abramoff and defendant, regardless of date-range or subject matter and ultimately identified approximately 300 relevant e-mails.[1] This package of e-

---

[1] Although most of these e-mails fell far outside the relevant time range for this case (many date back to 1995 and 1996) the government has turned over to the defense all of the e-mail traffic between defendant and Abramoff, regardless of date or subject matter.

mails was provided to defendant on April 19.[2]  Out of this group of roughly 300 e-mails, the government has identified approximately 60 e-mails sent to or from defendant and Abramoff that it will be seeking to admit at trial.  On April 21, the government notified defense counsel of its intention of supplementing its previously filed Motion in Limine with the additional e-mails.  It is to this supplemental motion that defendant now objects.

Defendant claims in his motion that the government's filing "is not necessary for the Court to decide the validity of the government's legal theories in support of the exceptions to the Hearsay rule advanced in its motion" and that "the filing would only serve as a vehicle to place additional irrelevant and misleading evidence in the media." Def. Motion, p. 1.  The government disagrees on both of these points.

First, the government takes issue with defendant's contention that the Court can properly decide on the admissibility of particular e-mails, and consider the merits of either the government's or defendant's arguments, without seeing what it is the government is seeking to introduce.  The government will be relying upon the e-mails in its anticipated filing in support of its argument that defendant and Abramoff were engaged in a conspiracy to commit honest services fraud and that the proffered e-mails are therefore admissible as co-conspirator's statements.  The government will not repeat its legal arguments here, but, as argued previously, the case law permits the Court to review the allegedly conspiratorial statements themselves in determining whether or not a conspiracy existed.

---

[2]Given that defendant has had this package of e-mails since April 19 and the Court has indicated that it will not rule on the instant motion until April 25, the government does not understand the basis for defendant's claim that "the supplemental filing is tantamount to a public filing of initial discovery." Def. Motion, p. 2.

2

Moreover, in its previously filed motion the government argued why it believed certain e-mails written or received by defendant after the August 2002 Scotland trip were relevant and should be admitted. This argument will apply with particular force to many of the 60 e-mails the government is presently seeking to introduce. It is clearly impossible for the Court to address these arguments without looking at the e-mails in question.

Defendant also argues that "it is a waste of judicial resources to argue over e-mails and documents that may never be introduced at trial." Def. Mot., p. 2. Apparently, defendant misapprehends the purpose of the proposed filing, as well as government's previously filed Motion in Limine to Determine Admissibility of Certain Evidence. The government has provided to the defense in discovery more than 10 thousand e-mails. We have culled those thousands of e-mails down to approximately 350 or so that the government intends to introduce at trial. It is these approximately 350 e-mails that the government is seeking pre-trial rulings on admissibility.

While it is indeed time-consuming to comb through these e-mails pre-trial, it is most definitely not a waste of judicial resources to do so, as these are the exhibits the government is seeking to admit at trial. The alternative is to wait until trial and then argue about the admissibility of each and every e-mail while a witness is on the stand and a jury is in the box, or, alternatively, do as defendant urges and rule on the admissibility of the proffered documents in the abstract, without having seen their content. Given these alternatives, it is far more practical and efficient[3] for the parties to brief the admissibility of this proffered evidence in advance of

---

[3]The inefficiency of proceeding in the manner suggested by defendant is evident when considering defendant's Motion in Limine to Exclude Evidence That is Hearsay or Irrelevant (Docket No. 70). Defendant's motion, filed prior to the government's submission of e-mails it will

trial, with the Court having a full opportunity to see the evidence in question. [4]

For the foregoing reasons, the government respectfully requests the Court to deny defendant's Motion to Preclude the Government's Supplemental Filing.

Respectfully submitted,

  /s/ Nathaniel B. Edmonds                    /s/ Peter R. Zeidenberg
NATHANIEL B. EDMONDS              PETER R. ZEIDENBERG
Trial Attorney, Fraud Section             Trial Attorney, Public Integrity Section
Criminal Division                                 Criminal Division
United States Department of Justice      United States Department of Justice

---

be seeking to introduce, argues forcefully for the exclusion of many e-mails the government has no intention of introducing at trial. By filing these particular motions, the government is hoping to permit the parties to efficiently focus on relevant, non-extraneous matters.

[4] The government also takes issue with defendant's argument that the only purpose of this filing would be to "place additional irrelevant and misleading evidence in the media." Def. Motion, p. 1. The Justice Department's Office of Public Affairs has not, and will not, disseminate any non-public documents to the media. Only after filings are publicly docketed are they made available to the media.

Moreover, the government in this case has not made and will not make any extrajudicial statements to the media while this matter is pending. The government feels constrained to note that the same cannot be said for the defense. See Washington Post, April 15, 2006, "E-Mails Tie Former GSA Official to Abramoff, by Thomas B. Edsall, ("'This is not a pleading, it is a press release that allows the Government to place inadmissible hearsay documents into the public record right before trial,' Van Gelder *said in an e-mail to reporters*.") emphasis added; New York Times, January 29, 2006, "Official Tipped Abramoff on Client's Case, Filing Says," (Ms. Van Gelder "said that there had been nothing illegal or improper about Mr. Safavian's conversations with Mr. Abramoff about Tyco, but that they were being used 'as a nasty little trial tactic' by prosecutors to damage her client."). This sampling is far from exhaustive.

4

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2006, a copy of the foregoing was served on the following counsel by electronic service to:

> Barbara Van Gelder, Esq.
> Wiley Rein & Fielding
> 1776 K Street NW
> Washington, DC 20006
> Tel: 202-719-7032
> Facsimile: 202-719-7049

>   /s/ Nathaniel B. Edmonds
> NATHANIEL B. EDMONDS
> Trial Attorney
> Fraud Section, Criminal Division
> United States Department of Justice