UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| **DAVID HOSSEIN SAFAVIAN** | : | |
| | : | |
| Defendant | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE
(DOCKET 65) TO EXCLUDE TESTIMONY OFFERING CONCLUSIONS OR
SPECULATION REGARDING THE BELIEFS, UNDERSTANDINGS, MOTIVATIONS,
OR KNOWLEDGE OF OTHERS**

The United States of America, by and through its undersigned attorneys, hereby respectfully submits this response to the Motion in Limine seeking to bar testimony offering conclusions or speculations as to the alleged beliefs, understandings, motivations or knowledge of others.  In addition, the Defendant seeks to preclude witness testimony regarding what he asserts is an impermissible legal conclusion.  The Government agrees in principle with Defendant's motion that witnesses should not be allowed to speculate or offer inappropriate legal conclusions, but  the Government objects to the application proposed and Defendant's attempt to limit relevant testimony necessary to determine materiality in prosecutions under 18 U.S.C. §§ 1001 and 1505.

Defendant seeks to preclude questioning regarding another individual's beliefs, knowledge, motivation, or intent, and specifically references the statements made by government witnesses that they believed that Defendant's actions were misleading or false.   Def. M. (Docket

65), p. 1.[1]  Speculative testimony concluding that Mr. Safavian was attempting to mislead the investigators is one of the ultimate issues at trial, and generally witness are not allowed to testify to those issues.  Federal Rule of Evidence 704, however, provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  See Fed R. Evid. 704(a).

Unquestionably, the impact that the statement had upon the recipient - whether the GSA ethics official, the GSA-OIG investigator or the Senate investigators - is admissible.  One of the elements of 18 U.S.C. § 1001 is that the defendant's actions had a "material" impact on the investigation.  By entering a general denial of guilt, Defendant has put the government to its proof on this issue and cannot prohibit the Government's introduction of certain evidence to establish this element of the crime because alternative forms of proof might exist to show the same thing.  See, e.g., United States v. Ellis, 871 F.2d 1149 (Table), 989 WL 33920, at *2 (D.C. Cir. 1989) (unpublished).  Defense counsel has repeatedly stated that Mr. Safavian's statement, even if false, had no material impact on the ethics officer or the GSA-OIG investigation because Mr. Abramoff was not a prohibited source or that Mr. Safavian ultimately paid for the trip.[2]  Thus, Defendant is not conceding materiality, and the Government must prove that element beyond a reasonable doubt.

Consequently, the Government intends during its case-in-chief to provide facts for the

---

[1] In providing the 302s to the Defendant, the Government was not claiming that the information elicited during those interviews was admissible or that the government would seek to introduce it at trial.

[2] The Government contends that Mr. Safavian did not pay for the full extent of the Scotland trip.  That issue is addressed in a separate motion filed simultaneously.

jury to determine materiality by asking Government witnesses what impact Mr. Safavian's statements and omissions had upon their investigations. Specifically, the Government seeks to inquire into the effect of Mr. Safavian's failure to disclose his relationship with Mr. Abramoff and Mr. Abramoff's interests in GSA property and the effect of Mr. Safavian's statements regarding Mr. Abramoff's work and business with GSA.[3] Areas of inquiry would include if Mr. Safavian had fully disclosed his knowledge of Mr. Abramoff's interests in GSA, what additional questions would be asked of Mr. Safavian, what different analyses would be undertaken, and who else would they have interviewed in any subsequent investigation. See, e.g., United States v. Hansen, 772 F.2d 940, (D.C. Cir. 1985) (discussing materiality in § 1001 prosecution and finding that "[a] lie influencing the possibility that an investigation might commence stands in no better posture under § 1001 than a lie distorting an investigation already in progress."). These issues are directly relevant to providing facts to allow the jury to determine the material impact of Mr. Safavian's statements and non-disclosures.

   Defendant argues that the Government should be precluded from inquiring into specific areas because they are legal conclusions. The Government does not dispute that the judge instructs and decides questions of law, but the Government must provide the jury with the facts

---

[3] The Government would contend that Mr. Safavian's statements include his email that "Mr. Abramoff has no business before GSA (he does all his work on Capitol Hill);" the phrase in the GSA ethics opinion "You stated that neither Mr. Abramoff or his firm is doing business or seeking to do business with GSA;" his statement to GSA-OIG that Mr. Abramoff has no business with GSA; and the statements to the Senate investigators that include the e-mail message, the ethics opinion and an additional statement, "Mr. Abramoff was not doing business with GSA at that time." Whether these statements are considered to be admissible statements by Mr. Safavian is the subject of another Motion in Limine. Similarly, the Government will also inquire about the effect, if any, of Mr. Safavian's statements to GSA-OIG and the Senate regarding the fact that his $3100 payment to "Hon. Jack Abramoff" was the full cost of the trip, including airfare.

necessary to apply the law.[4]  Defendant is seeking to preclude any legal determinations about the scope of "prohibited source" or different definitions of "business."[5]   Because Defendant may argue that his false statement is immaterial because he paid for the trip or that the statement was truthful because Abramoff was not "doing business," the ethics officer should be allowed to describe what other analyses she would have done to see if the gift of the Scotland trip was prohibited.  One of those other analyses is to determine if the gift would be prohibited because Mr. Abramoff was a "prohibited source."  The ethics opinion of July 26, 2002 determined that based on Mr. Safavian's representations, Mr. Abramoff was not a prohibited source and, consequently, Mr. Safavian could accept the gift of airfare free of charge.  If Mr. Safavian had provided full disclosure to the ethics officer, then the ethics officer may have determined that Mr. Abramoff was actually a prohibited source under one of the five subsections of 5 C.F.R. § 2635.203(d)  - including those defining prohibited sources as those seeking official action and doing business or seeking to do business.[6]  Without inquiring into the definition of a prohibited source, it will be impossible for the jury to determine the materiality of Mr. Safavian's alleged

---

[4]The Government is not seeking to introduce an expert witness who will opine on whether Defendant had the requisite criminal intent.  See, e.g., United States v. Boyd, 55 F.3d 667, 671 (D.C. Cir.1995) (prohibiting the use of "mirroring hypotheticals").  Instead, the Government is proffering fact witnesses who will describe what they would have done had Mr. Safavian disclosed that Mr. Abramoff was doing or seeking to do business or doing work with GSA.

[5]Defendant apparently does not object to Government witnesses opining on whether Mr. Abramoff's actions constituted "work" with GSA.

[6]Additionally, if Mr. Safavian had fully disclosed the extent of his relationship with Mr. Abramoff and his assistance to Mr. Abramoff, the ethics officer may have been required to make a criminal referral to GSA-OIG to investigate potential corrupt activities in violation of 18 U.S.C. §§ 201 and 1343, 1346.

false statements to the GSA ethics official.

The Government also is planning on asking what the GSA ethics officer or GSA-OIG investigator would have done had they known at the time what Mr. Safavian knew of Mr. Abramoff's activity with GSA. Specifically, the Government will inquire into what additional steps the GSA ethics officer or the GSA-OIG investigator would have taken had they been provided a copy of all of the emails between Mr. Safavian and Mr. Abramoff. The answers of subsequent actions are directly relevant to the materiality aspect of the false statements charges.

Although Mr. Safavian's criminal intent is an element that the jury must determine, the jury must also determine the materiality of Mr. Safavian's statements and non-disclosures. Thus, the witnesses' perception of what Mr. Safavian was attempting to do may be directly relevant to materiality because it would result in a change in the ongoing investigation. Thus, a relevant area of inquiry for determining materiality under an 18 U.S.C. §§ 1001 or 1505 prosecution is whether the course of the investigation would have been affected if the officials believed that the subject was attempting to mislead them. Specifically, the Government will ask whether the GSA ethics officer, GSA-OIG investigator or Senate investigators would have done anything differently in their investigations if they believed that Mr. Safavian was attempting to mislead them. If the answer is "yes," then the Government will ask directly if they had known the full extent of the communications between Mr. Safavian and Mr. Abramoff, whether they believed that Mr. Safavian was attempting to mislead them by providing the minimal information that he did. If they believed that Mr. Safavian misled them, the Government will then inquire into what steps they would have taken in the investigation that would have been different than those they actually took when they did not believe Mr. Safavian was attempting to mislead them.

CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant's Motion in Limine requesting an order prohibiting Government witnesses from providing facts necessary for a jury to determine the materiality of Mr. Safavian's statements and non-disclosures.

Respectfully submitted,

| | |
|---|---|
| /s/ Nathaniel B. Edmonds | /s/ Peter R. Zeidenberg |
| NATHANIEL B. EDMONDS | PETER R. ZEIDENBERG |
| Trial Attorney, Fraud Section | Trial Attorney, Public Integrity Section |
| Criminal Division | Criminal Division |
| United States Department of Justice | United States Department of Justice |

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2006, a copy of the foregoing was served on the following counsel by electronic service to:

>Barbara Van Gelder, Esq.
Wiley Rein & Fielding
1776 K Street NW
Washington, DC 20006
Tel: 202-719-7032
Facsimile: 202-719-7049

>/s/ Nathaniel B. Edmonds
NATHANIEL B. EDMONDS
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice