# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No 05-370 (PLF)** |
| | : | |
| v. | : | |
| | : | |
| **DAVID HOSSEIN SAFAVIAN** | : | |
| | : | |
| **Defendant** | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT IS HEARSAY OR IRRELEVANT

The United States of America, by and through its undersigned attorneys, hereby respectfully submits this Response to Defendant's Motion In Limine to Exclude Evidence that is Hearsay or Irrelevant:

In his motion, defendant, for the most part, incorrectly anticipates that the government will be seeking to introduce a number of e-mails that, he claims, are objectionable on hearsay or relevance grounds. To the extent that defendant is objecting to e-mails the government will not be seeking to introduce,[1] or is seeking redactions of particular e-mails that the government agrees are necessary,[2] defendant's motion should be denied as moot.[3]

The government contends for the reasons stated in its previously filed Motion in Limine

---

[1] The government will not be moving to introduce G. Oppos. to Def. Mot. Dismiss (Docket # 45) Ex. 2, 5, 6, 10 or 11.

[2] We agree with defense as to which portions of Ex. 17 and 30 are admissible.

[3] Defendant's inability to accurately predict which e-mails the government will be seeking to introduce at trial is a vivid illustration of the utility of the government's Motion for Pre-trial Determination as to Admissibility of Certain Evidence (Docket # 66).

for Pre-trial Ruling on Admissibility of Certain Evidence[4] (Docket # 66) that Govt. Exhibits 7,[5] 19, 28, and 29 are admissible as co-conspirator's statements.  Moreover, Exhibit 19, the ethics opinion that defendant forwarded on to Abramoff with the message, "Jack – fyi.  It looks like Scotland is a go.  Have a good weekend.  Dhs," is admissible as a statement of a party opponent. The substance of the attached e-mail (the ethics opinion itself) is also admissible substantively as an adoptive admission.[6]

For the reasons explained more fully in the Government's Response to Defendant's Motion in Limine to Exclude 404(b) Evidence (being filed simultaneously with instant motion), Exhibits 31 and 32 are directly relevant to defendant's motive and intent when he was interviewed by GSA-OIG and the Senate, as well as to refute any suggestion of accident or mistake.

## Conclusion

For the reasons stated, the government respectfully requests that to the extent that defendant's motion seeks exclusion of exhibits that the government is not seeking to introduce at trial or, alternatively, the government agrees with defendant's proposed redactions, defendant's motion should be denied as moot.  As argued in Docket # 66, Government Exhibits 7, 19, 28 and

---

[4]The government will not reiterate those arguments here but does incorporate them by reference.

[5]For the purposes of this motion we have adopted defendant's practice of referring to all exhibit numbers by reference to Government's previously filed Opposition to Defendant's Motion to Dismiss.

[6]This argument, and the law regarding adoptive admissions, is addressed at length in the government's response to defendant's Motion to Exclude Hearsay in the July 26, 2002 GSA Ethics Response filed on April 25, 2006.

29 should be admitted as statements of a co-conspirator made in furtherance of the conspiracy.

Finally, as argued in Government's Response to Defendant's Motions in Limine to Preclude

Admission of 404(b) Evidence and to Exclude Evidence of Unalleged False Statements,

Gratuities, Bribery, or Gifts from Prohibited Sources, Exhibits 31 and 32 are admissible because

they are relevant to show defendant's motive and intent when speaking with the GSA-OIG and

the Senate, and to refute any suggestion of accident or mistake.


                                        Respectfully submitted,



/s/ Nathaniel B. Edmonds                    /s/ Peter R. Zeidenberg
NATHANIEL B. EDMONDS                        PETER R. ZEIDENBERG
Trial Attorney, Fraud Section               Trial Attorney, Public Integrity Section
Criminal Division                           Criminal Division
United States Department of Justice         United States Department of Justice

3

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2006,  a copy of the foregoing was served on

the following counsel by electronic service to:


Barbara Van Gelder, Esq.
Wiley Rein & Fielding
1776 K Street NW
Washington, DC 20006
Tel: 202-719-7032
Facsimile: 202-719-7049


/s/ Nathaniel B. Edmonds
NATHANIEL B. EDMONDS
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice