# EXHIBIT A

This is in response to your inquiry on whether you can accept a gift of free air transportation from a friend to attend an golf trip. You stated that a friend and former colleague, Jack Abramhoff, invited you, along with several members of Congress and a few Congressional staff, to Scotland to play golf for four days. You stated that you will be paying for all of your hotel expenses, meals and greens fees. You noted, however, that your friend would be providing the air transportation at no cost to you and the other guests attending the event. You stated that your friend, who is a lawyer and lobbyist with Greenberg and Traurig, is chartering a private jet to take you and the other participants from BWI to Scotland and back. You stated that neither Mr. Abramhoff nor his firm does business with or is seeking to do business with GSA. Based upon the information you have provided, you may accept the gift of free transportation from your friend.

Section 2635.202 of the Standards of Ethical Conduct for Employees of the Executive Branch states that an employee shall not solicit or accept a gift from a prohibited sources or a gift given because of the employee's official position. 5 C.F.R. 2635.202. A prohibited source is any person who:

"(1) Is seeking official action by the employee's agency;
(2) Does business or seeks to do business with the employee's agency;
(3) Conducts activities regulated by the employee's agency;
(4) Has interests that may be substantially affected by performance or nonperformance of the employee's official duties; or
(5) Is an organization a majority of whose members are described in paragraphs (1) and (4) above.

5 C.F.R. 2635.203 (d).

A gift is solicited or accepted because of an employee's official position "if it is from a person other than an employee and would not have been solicited, offered or given had the employee not held the status, authority or duties associated with his Federal position. 5 C.F.R. 2635.203(e).

Since the gift is not being offered by a prohibited source and the it is not being given because of your official position, the gift acceptance restrictions under 5 C.F.R. 2635.202 do not apply to you. Consequently, you may accept the gift of free air transportation.

You are reminded that you must report the gift of free transportation on Schedule B, Part II of your next Public Financial Disclosure Report if the gift totals more than $260.

If you have any questions, please feel free to contact Eugenia Ellison or Dan Ross on 501-1460.

DOJ-DS005799

This is in response to your inquiry on whether you can accept a gift of free air transportation from a friend to attend an golf trip. You stated that a friend and former colleague, Jack Abramhoff, invited you, along with several members of Congress and a few Congressional staff, to Scotland to play golf for four days. You stated that you will be paying for all of your hotel expenses, meals and greens fees. You noted, however, that your friend would be providing the air transportation at no cost to you and the other guests attending the event. You stated that your friend, who is a lawyer and lobbyist with Greenberg and Traurig, is chartering a private jet to take you and the other participants from BWI to Scotland and back. You stated that neither Mr. Abramhoff nor his firm does business with or is seeking to do business with GSA. Based upon the information you have provided, you may accept the gift of free transportation from your friend.

Section 2635.202 of the Standards of Ethical Conduct for Employees of the Executive Branch states that an employee shall not solicit or accept a gift from a prohibited sources or a gift given because of the employee's official position. 5 C.F.R. 2635.202. A prohibited source is any person who:

     "(1) Is seeking official action by the employee's agency;
     (2) Does business or seeks to do business with the employee's agency;
     (3) Conducts activities regulated by the employee's agency;
     (4) Has interests that may be substantially affected by performance or nonperformance of the employee's official duties; or
     (5) Is an organization a majority of whose members are described in paragraphs (1) and (4) above.

5 C.F.R. 2635.203 (d).

A gift is solicited or accepted because of an employee's official position "if it is from a person other than an employee and would not have been solicited, offered or given had the employee not held the status, authority or duties associated with his Federal position. 5 C.F.R. 2635.203(e).

Since the gift is not being offered by a prohibited source and the it is not being given because of your official position, the gift acceptance restrictions under 5 C.F.R. 2635.202 do not apply to you. Consequently, you may accept the gift of free air transportation.

You are reminded that you must report the gift of free transportation on Schedule B, Part II of your next Public Financial Disclosure Report if the gift totals more than $260.

If you have any questions, please feel free to contact Eugenia Ellison or Dan Ross on 501-1460.

# IA0011

DOJ-DS 0014925

# EXHIBIT B



**David H. Safavian**

07/25/2002 10:19 AM

To: Raymond.Mckenna@gsa.gov
cc:
Subject: Ethics Guidence

I am in need of an ethics opinion. I (along with wto members of Congress and a few Congressional staff) have been invited by a friend and former colleague on a trip to Scotland to play golf for four days. I will be paying for all of my hotels, meals, and greens fees. The issue is airfare.

The host of the trip is chartering a private jet to take the eight of us from BWI to Scottland and back. He is paying the cost for the aircraft regardless of whether I go or not. In fact, none of the other guest will be paying a proportional share of the aircraft costs. I need to know how to treat this activity.

One other point of relevance: the host is a lawyer and lobbyist, but one that has no business before GSA (he does all of his work on Capitol Hill).

DHS

David H. Safavian
Chief of Staff
General Services Administration
1800 F Street, N.W., Room 6137
Washington, D.C. 20405
Tel: (202) 501-0800
Fax: (202) 219-1243
Email: david.safavian@gsa.gov

DOJ-DS005798

# EXHIBIT C

From:          david.safavian@gsa.gov
Sent:          Friday, July 26, 2002 8:05 PM
To:            abramoffj@gtlaw.com
Subject:       Fw: Ethics question

Jack - fyi. It looks like Scotland is a go.

Have a good weekend.

Dhs

----------------------------
Sent from my BlackBerry Wireless Handheld

    From: Raymond J. McKenna
    Sent: 07/26/2002 05:06 PM
    To: David H. Safavian/A/CO/GSA/GOV@GSA
    Subject: Ethics Question


This is in response to your inquiry on whether you can accept a gift of free air
transportation from a friend to attend an golf trip. You stated that a friend and former
colleague, Jack Abramoff, invited you, along with several members of Congress and a few
Congressional staff, to Scotland to play golf for four days. You stated that you will be
paying for all of your hotel expenses, meals and greens fees. You noted, however, that
your friend would be providing the air transportation at no cost to you and the other
guests attending the event. You stated that your friend, who is a lawyer and lobbyist
with Greenberg and Traurig, is chartering a private jet to take you and the other
participants from BWI to Scotland and back. You stated that neither Mr. Abramoff nor his
firm does business with or is seeking to do business with GSA. Based upon the information
you have provided, you may accept the gift of free transportation from your friend.

Section 2635.207 of the Standards of Ethical Conduct for Employees of the Executive Branch
states that an employee shall not solicit or accept a gift from a prohibited sources or a
gift given because of the employee's official position. 5 C.F.R. 2635.202. A prohibited
source is any person who:

        "(1) Is seeking official action by the employee's agency;
        (2) Does business or seeks to do business with the employee's agency;
        (3) Conducts activities regulated by the employee's agency;
        (4) Has interests that may be substantially affected by performance or
nonperformance of the employee's official duties; or
        (5) Is an organization a majority of whose members are described in paragraphs (1)
and (4) above.

5 C.F.R. 2635.203 (d).


A gift is solicited or accepted because of an employee's official position "if it is from
a person other than an employee and would not have been solicited, offered or given had
the employee not held the status, authority or duties associated with his Federal
position. 5 C.F.R. 2635.203(e).

Since the gift is not being offered by a prohibited source and the it is not being given
because of your official position, the gift acceptance restrictions under 5 C.F.R.
2635.202 do not apply to you. Consequently, you may accept the gift of free air
transportation.

You are reminded that you must report the gift of free transportation on Schedule B, Part
II of your next Public Financial Disclosure Report if the gift totals more than $260.

                                              1

                                              DOJ-DS-001037

GTG-E000092643

# EXHIBIT D

March 17, 2005

1314 Gatewood Dr.
Alexandria, VA. 22307
(703) 660-0775

The Honorable John McCain
Chairman
Committee on Indian Affairs
United States Senate
Washington, D.C. 20510

RE:     *Information Request Regarding Mr. Jack Abramoff*

Dear Chairman McCain:

This letter is in response to your correspondence of February 23, 2005 regarding a trip to
Scotland I took with Mr. Jack Abramoff in August, 2002. Thank you for the opportunity to
work with the Committee on this matter.

As you may know, I was invited by Mr. Abramoff to join his trip to Scotland in August, 2002.
Mr. Abramoff and I have had a relationship since 1994, when I worked as a new associate at
the Preston, Gates & Ellis Rouvelas Meeds law firm where he was a partner.

When the invitation was made, I was the chief of staff to the U.S. General Services
Administration ("GSA"). Mr. Abramoff did not have any business before the agency at that
time. Prior to departure, I consulted the GSA Office of General Counsel to obtain guidance
on the propriety of this trip. Counsel determined that I could accept the value of the trip
*gratis*; it did not meet the definition of a "gift from a prohibited source" under the applicable
regulations, nor was it considered a gift given because of my official position. Nevertheless,
in the exercise of discretion, I gave Mr. Abramoff a check for the value of the trip prior to
departure. In addition, I took leave without pay to travel.

Per your request, I have conducted a search of all possibly responsive records, as defined in
your correspondence of February 23, 2005. Attached, please find the following:

- A copy of an email I sent on July 25, 2002 to Mr. Ray McKenna, then-GSA General
  Counsel, asking for an ethics opinion as to the propriety of the invitation;

- A response from Ms. Eugenia Ellison, Associate General Counsel at GSA, indicating
  that I could attend the trip *gratis*;

- A fax cover sheet from GSA Office of General Counsel transmitting the above two
  documents;

IA0008

DOJ-DS 0014922

- A copy[1] of cancelled check #844, dated August 3, 2002, and cashed by Mr. Abramoff on August 21, 2002; and

- A copy of my 2002 bank statement[2] showing images of checks written between July 27, 2002 and August 27, 2002 (#833-#851), including check #844.

I am aware of no other information in my possession concerning the August 2002 trip to Scotland. Should you have any further questions, please feel free to contact me.

Very truly yours,

David H. Safavian

Attachments

---

[1] Please note that I consider banking data confidential and personal information, and thus, have redacted my account number.
[2] Please note that I consider banking data confidential and personal information, and thus, have redacted account numbers, amounts and, payees on images of checks written for purposes unrelated to Mr. Abramoff or the trip.

IA0009

DOJ-DS 0014923

 **GSA**    David H. Safavian          To: Raymond.Mckenna@gsa.gov
                      07/25/2002 10:19 AM      cc:
                                           Subject: Ethics Guidence

I am in need of an ethics opinion. I (along with wto members of Congress and a few Congressional staff) have been invited by a friend and former colleague on a trip to Scotland to play golf for four days. I will be paying for all of my hotels, meals, and greens fees. The issue is airfare.

The host of the trip is chartering a private jet to take the eight of us from BWI to Scotland and back. He is paying the cost for the aircraft regardless of whether I go or not. In fact, none of the other guest will be paying a proportional share of the aircraft costs. I need to know how to treat this activity.

One other point of relevance: the host is a lawyer and lobbyist, but one that has no business before GSA (he does all of his work on Capitol Hill).

DHS

David H. Safavian
Chief of Staff
General Services Administration
1800 F Street, N.W., Room 6137
Washington, D.C. 20405
Tel: (202) 501-0800
Fax: (202) 219-1243
Email: david.safavian@gsa.gov

IA0010

DOJ-DS 0014924

This is in response to your inquiry on whether you can accept a gift of free air transportation from a friend to attend an golf trip. You stated that a friend and former colleague, Jack Abramhoff, invited you, along with several members of Congress and a few Congressional staff, to Scotland to play golf for four days. You stated that you will be paying for all of your hotel expenses, meals and greens fees. You noted, however, that your friend would be providing the air transportation at no cost to you and the other guests attending the event. You stated that your friend, who is a lawyer and lobbyist with Greenberg and Traurig, is chartering a private jet to take you and the other participants from BWI to Scotland and back. You stated that neither Mr. Abramhoff nor his firm does business with or is seeking to do business with GSA. Based upon the information you have provided, you may accept the gift of free transportation from your friend.

Section 2635.202 of the Standards of Ethical Conduct for Employees of the Executive Branch states that an employee shall not solicit or accept a gift from a prohibited sources or a gift given because of the employee's official position. 5 C.F.R. 2635.202. A prohibited source is any person who:

"(1) Is seeking official action by the employee's agency;
(2) Does business or seeks to do business with the employee's agency;
(3) Conducts activities regulated by the employee's agency;
(4) Has interests that may be substantially affected by performance or nonperformance of the employee's official duties; or
(5) Is an organization a majority of whose members are described in paragraphs (1) and (4) above.

5 C.F.R. 2635.203 (d).

A gift is solicited or accepted because of an employee's official position "if it is from a person other than an employee and would not have been solicited, offered or given had the employee not held the status, authority or duties associated with his Federal position. 5 C.F.R. 2635.203(e).

Since the gift is not being offered by a prohibited source and the it is not being given because of your official position, the gift acceptance restrictions under 5 C.F.R. 2635.202 do not apply to you. Consequently, you may accept the gift of free air transportation.

You are reminded that you must report the gift of free transportation on Schedule B, Part II of your next Public Financial Disclosure Report if the gift totals more than $260.

If you have any questions, please feel free to contact Eugenia Ellison or Dan Ross on 501-1460.

IA0011

DOJ-DS 0014925



**GSA Office of General Counsel**

DATE: **3/1/05**

FROM: *Eugenia D. Ellison*

TO: **David Safavian**
**OFPP/OMB**

Office of General Counsel
    General Law Division
    Ethics Law Staff (LG)

FAX NUMBER: ___(202) 501-6347___

PHONE NUMBER: ___(202) 501-0765___

LOCATION: ___GSA/OGC/LG  Room 4139___

TOTAL NUMBER OF PAGES
INCLUDING COVER SHEET: ___3___

COMMENTS:

FAX NUMBER: **(202) 395-3242**

PHONE NUMBER: **(202) 395-3816**

LOCATION: **OFPP/OMB**

CORRESPONDENCE
SYMBOL: _____

*Attached is a copy of the email message that you sent to Ray McKenna pertaining to the Scotland trip.*

*I have also attached a copy of a response that I gave to Ray. I don't know if he ever sent it to you or just telephoned you the response.*

*Le Ellison*

**U.S. General Services Administration**
**1800 F Street, NW**
**Washington, DC 20405-0002**
**www.gsa.gov**

DOJ-DS 0014926

IA0012







PLEASE READ THE IMPORTANT DISCLOSURES ON THE BACK OF THIS LETTER.

DOJ-DS 0014927

IA0013

E✱TRADEBANK    PO Box 1542, Merrifield, VA 22116-1542    t: 800.638.2265    i: 800.664.4641    w: etradebank.com

# STATEMENT

Page   3



DOJ-DS 0014928

IA0014

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. CR-05-370 |
| | ) | |
| DAVID HOSSEIN SAFAVIAN, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATION PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)
FOR DOMESTIC RECORDS OF REGULARLY CONDUCTED ACTIVITY**

My name is Laura M. Leussing. I am an official custodian of records for the General Services Administration, Office of General Council (hereinafter, 'the business"). Part of my duties as the custodian may include testifying in court and/or certifying the authenticity of our business records, including, but not limited to, original records or duplicate copies of records which truly and accurately reflect - as a matter of business practice - the information recorded on the corresponding records in the normal course of business.

I have been requested by the Criminal Division of the Department of Justice, on behalf of the United States of America, to examine duplicate copies of certain business records which may be offered as evidence during trial of the above-styled action, United States v. David Hossein Safavian. The records were originally transmitted by our business to representatives of the United States voluntarily or pursuant to subpoena in connection with this action. Further, I have been asked to certify those duplicate copies as being in compliance with FED. R. EVID. 902(11) in lieu of testifying in person at the trial.

The requirements of FED. R. EVID. 902 (11), and with which these records comport, are as follows:

The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under FED. R. EVID. 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record -

(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(B) was kept in the course of the regularly conducted activity; and

(C) was made by the regularly conducted activity as a regular practice.

I have personally examined duplicate copies of the attached described business records, which have been identified further in this certification below, and in my capacity as records custodian, I certify that each of the following documents meet the requirements listed above and set forth by FED. R. EVID. 902(11):

2

## INVENTORY OF DOCUMENTS

| Exhibit No. | Date | Description | Bates No. |
|---|---|---|---|
| | 03/01/2005 | Facsimile Cover Sheet with Memorandum of call from David Safavian | DOJ-DS005795 |
| | | Facsimile Cover Sheet and report | DOJ-DS005796 |
| | | Facsimile Cover Sheet | DOJ-DS005797 |
| | 07/25/2002 | E-mail from Safavian to McKenna | DOJ-DS005798 |
| | | Ethics opinion | DOJ-DS005799 |
| | 10/18/2002 | Review of Public Financial Disclosure Report (SF 278) | DOJ-DS005800 |
| | | | DOJ-DS005801 |
| | 10/18/2002 | Public Financial Disclosure Report     (SF 278), page 1 | DOJ-DS005802 |
| | | page 2 | DOJ-DS005803 |
| | | page 3 | DOJ-DS005804 |
| | | page 4 | DOJ-DS005805 |
| | | page 6 | DOJ-DS005806 |
| | | page 7 | DOJ-DS005807 |
| | 07/25/2002 | E-mail from Safavian to McKenna | DOJ-DS005808 |
| | | Ethics opinion | DOJ-DS005809 |
| | 04/27/2002 | Acknowledgement of Receipt of SF 278 | DOJ-DS005810 |
| | 10/31/2002 | E-mail from Safavian to Ellison | DOJ-DS005811 |
| | 07/21/2003 | E-mail from Safavian to Ellison | DOJ-DS005812 |
| | 07/21/2003 | E-mail from Safavian to Ellison | DOJ-DS005813 |
| | 07/09/2003 | Review of Public Financial Disclosure Report (SF 278) | DOJ-DS005814 |
| | | | DOJ-DS005815 |
| | 07/09/2003 | Public Financial Disclosure Report     (SF 278), page 1 | DOJ-DS005816 |
| | | page 2 | DOJ-DS005817 |
| | | page 3 | DOJ-DS005818 |
| | | page 4 | DOJ-DS005819 |
| | | page 5 | DOJ-DS005820 |
| | | page 6 | DOJ-DS005821 |
| | | page 7 | DOJ-DS005822 |
| | 12/30/2003 | Return Receipt | DOJ-DS005823 |
| | 01/08/2004 | Return Receipt | DOJ-DS005824 |
| | 09/03/2003 | Sign-in Sheet for Annual Ethics Briefing | DOJ-DS005825 |
| | 09/03 | Sign-in Sheet for Public Financial Report | DOJ-DS005826 |

3

| | | | |
|---|---|---|---|
| | | Filers | |
| | 06/20/2002 | GSA Ethics Briefing Sign-in sheet | DOJ-DS005827 |
| | 09/03 | Sign-in Sheet for Public Financial Report Filers | DOJ-DS005828 |
| | 07/25/2002 | E-mail from Safavian to McKenna | DOJ-DS005829 |
| | | Ethics opinion | DOJ-DS005830 |
| | 05/30/2003 | E-mail from Safavian to Ellison | DOJ-DS005831 |
| | | | DOJ-DS005832 |
| | 06/20/2002 | GSA Ethics Briefing Sign-in sheet | DOJ-DS 0013490 |
| | | Acknowledgement of Receipt of Standards of Conduct | DOJ-DS 0013491 |
| | | Ethics in the 21st Century | DOJ-DS 0013492 |
| | | | DOJ-DS 0013493 |
| | | | DOJ-DS 0013494 |
| | | | DOJ-DS 0013495 |
| | | | DOJ-DS 0013496 |
| | | | DOJ-DS 0013497 |
| | 10/2002 | Standards of Ethical Conduct for Employees of the Executive Branch | DOJ-DS 0013498 to |
| | | | DOJ-DS 0013579 |
| | | Attachment 3 | DOJ-DS 0013580 |
| | | Summary of Conflict of Interest Laws | DOJ-DS 0013581 |
| | | | DOJ-DS 0013582 |
| | | | DOJ-DS 0013583 |
| | | Attachment 4 | DOJ-DS 0013584 |
| | | Supplemental Standards of Ethical Conduct for Employees of the GSA | DOJ-DS 0013585 |
| | | | DOJ-DS 0013586 |
| | | | DOJ-DS 0013587 |
| | | Attachment 5 | DOJ-DS 0013588 |
| | | GSA Order | DOJ-DS 0013589 |
| | | | DOJ-DS 0013590 |
| | | | DOJ-DS 0013591 |
| | | Attachment 6 | DOJ-DS 0013592 |
| | | Procurement Intrgrity Requirements | DOJ-DS 0013593 |
| | | | DOJ-DS 0013594 |
| | | Attachment 7 | DOJ-DS 0013595 |
| | | Political Activities of Most Federal Employees | DOJ-DS 0013596 |
| | | Attachment 8 | DOJ-DS 0013597 |
| | | GSA Deputy Standards of Conduct Counselors | DOJ-DS 0013598 |
| | | | DOJ-DS 0013599 |
| | | | DOJ-DS 0013600 |

4

| | | | DOJ-DS 0013601 |
|---|---|---|---|
| | 09/03/2003 | Sign-in Sheet for Annual Ethics Briefing | DOJ-DS 0013602 |
| | 07/11/2003 | Annual Agency Ethics Briefing for CY 2003 | DOJ-DS 0013603 |
| | | | DOJ-DS 0013604 |
| | | Public Filers Guide | DOJ-DS 0013605 to |
| | | | DOJ-DS 0013661 |
| | 10/18/2002 | Review of Public Financial Disclosure Report (SF 278) | DOJ-DS 0013662 to |
| | | | DOJ-DS 0013667 |
| | 07/09/2003 | Public Financial Disclosure Report     (SF 278), page 1 to 7. | DOJ-DS 0013668 to |
| | | | DOJ-DS 0013674 |
| | | Public Financial Disclosure Report     (SF 278), page 5 | DOJ-DS 0014904 |
| | | | |

I declare under penalty of perjury as provided by 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this ___ day of _April_ , 2006.

RECORDS CUSTODIAN

5