# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No 05-370 (PLF)** |
| | : | |
| v. | : | |
| | : | |
| **DAVID HOSSEIN SAFAVIAN** | : | |
| | : | |
| **Defendant** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government, through its undersigned attorneys, hereby respectfully requests that the Court give the standard instructions listed below by name and number to the jury at the conclusion of the trial in this case. The Government also respectfully requests that the Court give the instructions which are thereafter set forth in full and which pertain to the offenses charged in the indictment. The Government respectfully seeks leave to make any additional requests for specific jury instructions that may become necessary in the event of any presentation of defense evidence or otherwise.

The following instructions are drawn from the Bar Association of the District of Columbia's <u>Criminal Jury Instructions</u> (4th Ed. Revised 2005) (The Red Book):

<u>General Instructions</u>

      1.07    Question Not Evidence

      1.08    Expert Testimony (if applicable)

      1.12    Impeachment of Proof of Conviction of a Crime - Witness (if applicable)

      2.01    Function of Court

      2.02    Function of Jury

2.03    Jury's Recollection Controls

2.04    Evidence in Case – Judicial Notice, Stipulations

2.05    Statements of Counsel

2.06    Indictment Not Evidence

2.07    Inadmissible and Stricken Evidence

2.08    Burden of Proof -- Presumption of Innocence

2.09    Reasonable Doubt

2.10    Direct and Circumstantial Evidence

2.11    Credibility of Witnesses (with bracketed portion if applicable)

2.13    Number of Witnesses

2.14    Nature of Charges Not to be Considered

2.23    Witness with a Plea Agreement (if applicable)

2.23    Testimony of Immunized Witness (if applicable)

2.26    Police Officer's Testimony[1]

2.27    Right of Defendant Not to Testify (if applicable)

2.42    Character and Reputation of Defendant (if applicable)

2.43    Cross-examination of Character Witnesses (if applicable)

2.48    Statements of the Defendant - Substantive Evidence

2.51A   Evidence of Other Crimes Admitted to Show Motive, Identity or Common

        Scheme or Plan (if applicable)

---

[1]The Government respectfully requests that the instructions in 2.26 "police officer" be changed to "law enforcement officer" to accommodate the particular facts of this case.

2.51B   Evidence of Other Crimes Admitted to Show Intent/Absence of Mistake or

Accident (if applicable)

2.52   Multiple Counts – One Defendant

2.70   Redacted Documents

2.71   Election of Foreperson

2.72   Unanimity

2.73   Exhibits During Deliberations

2.74   Possible Punishment Not Relevant

2.75   Communication Between Court and Jury During Deliberations

2.76   Furnishing the Jury with a Copy of the Instructions

Definitions and Proof

3.02   Proof of State of Mind

3.07   "On or About" – Proof of

Offenses

4.02   Aiding and Abetting (but not 4.02(A))

4.05   Willfully Causing an Act to be Done

The Government also respectfully requests the following particular instructions pertaining to the offenses charged in the indictment:

<u>**ADDITIONAL INSTRUCTIONS**</u>

<u>PRETRIAL PUBLICITY</u>

There has been some publicity about this case prior to the beginning of this trial. The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who will not be present in court to be seen and evaluated by the jury like the other witnesses and will not be examined or cross-examined by either of the parties under oath.

You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.

**Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 10.02.


<u>PUBLICITY DURING TRIAL</u>

I have been advised that reports about this trial are appearing in the newspapers, radio, television, or the internet. The person who wrote or is reporting the story may not have listened to all the testimony as you have, may be getting information from people who you will not see here in Court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong.

Please do not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence which will be received here in court.

**Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 11.08

## INSTRUCTIONS RELATED TO SPECIFIC COUNTS

Count One: NATURE OF THE OFFENSE

Count One of the indictment charges that on or about March 27, 2003 to in or about May 2003, in the District of Columbia and elsewhere, Defendant Safavian did corruptly influence, obstruct, or impede or corruptly endeavor to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before the General Services Administration Office of the Inspector General.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.01 (modifying instruction for 18 U.S.C. § 1503).

Count One: STATUTORY LANGUAGE

Section 1505 of Title 18 of the United States Code provides, in part, that

"Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress" shall be guilty of an offense against the United States.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.02 (modifying instruction for 18 U.S.C. § 1503).

<u>Count One</u>:  ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof for the crime of obstructing the investigation of the GSA-OIG as charged in Count One of the Indictment, the Government must prove the following three essential elements beyond a reasonable doubt:

**One**: the proceeding identified in the indictment was pending at the time alleged in the indictment;

**Two**: Defendant Safavian knew that this proceeding was pending

**Three**:  Defendant Safavian did corruptly influence, obstruct or impede or corruptly endeavor to influence, obstruct or impede or did corruptly endeavor to influence, obstruct, or impede the pending GSA-OIG proceeding in Count One of the Indictment.


**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.03 (modifying instruction for 18 U.S.C. § 1503); <u>United States v. Quattrone</u>, 441 F3d 153, 177 n. 24 (2d Cir. 2006).

6

Count 2: NATURE OF THE OFFENSE

Count 2 of the Indictment charges that in or about May 2002 to in or about August 2002, in the District of Columbia, Defendant Safavian knowingly and willfully falsified, concealed or covered up a material fact from the executive branch of the United States, the General Services Administration, by (A) concealing his assistance to Mr. Abramoff in GSA-related activities; (B) concealing Mr. Abramoff's business relationships with GSA; or (c) falsely stating to the GSA ethics officer that Mr. Abramoff did not have any business with and was not seeking to do business with GSA and that Mr. Abramoff did all his work on Capitol Hill, when in truth and in fact, as defendant Safavian well knew, prior to the August 2002 Scotland trip Mr. Abramoff was seeking to lease or purchase GSA-controlled property.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.01.


Count 2: STATUTORY LANGUAGE

Section 1001 of Title 18 of the United States Code provides, in part, that

"Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact..." shall be guilty of an offense against the United States.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.02.

Count 2:  ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof for the crime of knowingly and willfully concealing a material fact from the agency of the federal government as charged in Count 2 of the Indictment, the Government must prove the following four essential elements beyond a reasonable doubt:

**One**: Defendant Safavian knowingly concealed a fact by any trick, scheme or device as detailed in the indictment;

**Two:** Defendant Safavian acted willfully in concealing the fact;

**Three**: The fact concealed by defendant Safavian was material to GSA;

**Four**: The subject was within the jurisdiction of the executive branch of the Government of the United States, the GSA.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.03.

Count 3: NATURE OF THE OFFENSE

      Count 3 of the Indictment charges that on or about March 27, 2003 to in or about May 2003, in the District of Columbia, Defendant Safavian knowingly and willfully falsified, concealed or covered up a material fact from the executive branch of the United States, the General Services Administration Office of Inspector General, by (A) concealing his assistance to Mr. Abramoff in GSA-related activities; (B) concealing Mr. Abramoff's business relationships with GSA; or (c) falsely stating to GSA-OIG that Mr. Abramoff did not have any business with and was not seeking to do business with GSA and that Mr. Abramoff did all his work on Capitol Hill, when in truth and in fact, as defendant Safavian well knew, prior to the August 2002 Scotland trip Mr. Abramoff was seeking to lease or purchase GSA-controlled property

Authority:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.01.


Count 3: STATUTORY LANGUAGE

      Section 1001 of Title 18 of the United States Code provides, in part, that

      "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact..." shall be guilty of an offense against the United States."

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.02.

<u>Count 3</u>:  ELEMENTS OF THE OFFENSE:

In order to sustain its burden of proof for the crime of knowingly and willfully concealing a material fact from GSA-OIG as charged in Count 3 of the Indictment, the Government must prove the following four essential elements beyond a reasonable doubt:

**One**: Defendant Safavian knowingly concealed a fact by any trick, scheme or device as detailed in the indictment;

**Two**: Defendant Safavian acted willfully in concealing the fact;

**Three**: The fact concealed by defendant Safavian was material to GSA-OIG;

**Four**: The subject was within the jurisdiction of the executive branch of the Government of the United States, the GSA-OIG.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.03.

<u>Count Four</u>: NATURE OF THE OFFENSE

Count Four of the indictment charges that in or about February 2005 to in or about March 2005, in the District of Columbia and elsewhere, Defendant Safavian did corruptly influence, obstruct, or impede or corruptly endeavor to influence, obstruct, or impede the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had was being had by the United States Senate Committee on Indian Affairs.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.01 (modifying instruction for 18 U.S.C. § 1503).

<u>Count Four</u>: STATUTORY LANGUAGE

Section 1505 of Title 18 of the United States Code provides, in part, that

Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress" shall be guilty of an offense against the United States.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.02 (modifying instruction for 18 U.S.C. § 1503).

<u>Count Four</u>:  ELEMENTS OF THE OFFENSE:

In order to sustain its burden of proof for the crime of obstructing the investigation of the United States Senate Committee of Indian Affairs as charged in Count Four of the Indictment, the Government must prove the following three essential elements beyond a reasonable doubt:

**One**: the inquiry or investigation identified in the indictment was pending at the time alleged in the indictment;

**Two**: Defendant Safavian knew that this inquiry or investigation was pending;

**Three**: Defendant Safavian did corruptly influence, obstruct or impede or corruptly endeavor to influence, obstruct or impede or did corruptly endeavor to influence, obstruct, or impede the due and proper exercise of the power of Congressional inquiry described in Count Four of the Indictment.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.03 (modifying instruction for 18 U.S.C. § 1503); <u>United States v. Quattrone</u>, 441 F3d 153, 177 n. 24 (2d Cir. 2006).

Count 5: NATURE OF THE OFFENSE

Count 5 of the Indictment charges that in or about February 2005 to in or about May 2005, in the District of Columbia, Defendant Safavian knowingly and willfully falsified, concealed or covered up a material fact from the legislative branch of the United States, the United States Senate Committee on Indian Affairs, by (A) concealing his assistance to Mr. Abramoff in GSA-related activities; (B) concealing Mr. Abramoff's business relationships with GSA; (c) falsely stating to the Committee that Lobbyist A did not have any business with GSA at the time of the Scotland trip; or (D) providing documentation falsely stating that Mr. Abramoff did all of his work on Capitol Hill, when in truth and in fact, as defendant Safavian well knew, prior to the August 2002 Scotland trip Mr. Abramoff was seeking to lease or purchase GSA-controlled property.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.01.


Count 5: STATUTORY LANGUAGE

Section 1001 of Title 18 of the United States Code provides, in part, that

"whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact..." shall be guilty of an offense against the United States."

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.02.

Count 5:  ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof for the crime of knowingly and willfully concealing a material fact from the from the legislative branch of the United States federal government as charged in Count 5 of the Indictment, the Government must prove the following four essential elements beyond a reasonable doubt:

**One**: Defendant Safavian knowingly concealed a fact by any trick, scheme or device as detailed in the indictment;

**Two**: Defendant Safavian acted willfully in concealing the fact;

**Three**: The fact concealed by defendant Safavian was material to Senate Committee on Indian Affairs;

**Four**: The subject was within the jurisdiction of the legislative branch of the Government of the United States, the Senate Committee on Indian Affairs, under applicable rules of the Senate.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.03;

## **DEFINITIONS**

MATERIALITY

A statement is material if it had the effect of influencing the action of the agency of committee, or was capable of, or had the potential to do so.  It is not necessary that the statement actually have that influence or be relied on by the agency or committee, so long as it had the potential or capability to do so.

**Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.03 (commentary); 7th Cir. Pattern Instructions; United States v. Gaudin, 515 U.S. 506, 510 (1995).

TRICK, SCHEME OR DEVICE

The phrase "conceals or covers up by any trick, scheme or device" means any deliberate plan or course of action, or any affirmative act, or any knowing omission designed to deceive others by preventing or delaying the discovery of information.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.04.

CONCEALMENT

Concealment, as used in these instructions, can include nondisclosure or partial disclosure.  Once a defendant volunteers information, he has an obligation to refrain from telling half-truths or from excluding information necessary to make the statements accurate.

**Authority**:  United States v. Dale, 991 F.2d 819 (D.C. Cir. 1993); Eighth Circuit Pattern Instructions citing United States v. Olin Mathieson, 368 F.2d 525 (2d Cir. 1966).

15

KNOWINGLY

A person acts "knowingly," as that term is used in these instructions, if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reasons.

A person who makes, submits, or uses a statement or writing which that person believes to be truthful does not "knowingly" make, submit, or use a false, fictitious, or fraudulent statement.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.13.

WILLFULLY

A person acts "willfully," as that term is used in these instructions, when that person acts deliberately, voluntarily and intentionally.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.14.

<u>CORRUPTLY</u>

To act "corruptly" as that word is used in these instructions means to act voluntarily and deliberately and for the purpose of improperly influencing, or obstructing, or interfering with the administration of justice.  Defendant Safavian must know that his actions are likely to affect the proceeding, but knowledge of unlawfulness is not required.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.04; <u>United States v. Quattrone</u>, 441 F3d 153, 178 (2d Cir. 2006); <u>United States v. North</u>, 910 F.2d 843, 884 (D.C. Cir. 1990) superseded in part on other grounds by <u>United States v. North</u>, 920 F.2d 940 (D.C. Cir. 1990).

ENDEAVORS

The term "endeavors" as used in these instructions means to knowingly and deliberately act or to knowingly and deliberately make any effort which has a reasonable tendency to bring about the desired result.

It is not necessary for the government to prove that the "endeavor" was successful or, in fact, achieved the desired result.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.05.

Respectfully submitted,

/s/ Nathaniel B. Edmonds
NATHANIEL B. EDMONDS
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice
The Bond Building
10th and Constitution, NW
Washington, DC 20005
202-307-0629

/s/ Peter R. Zeidenberg
PETER R. ZEIDENBERG
Trial Attorney, Public Integrity Section
Criminal Division
United States Department of Justice
The Bond Building
10th and Constitution, NW
Washington, DC 20005
202-514-2042

18

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of May 2006, a copy of the foregoing was served on the following counsel by electronic service to:

Barbara Van Gelder, Esq.
Roderick L. Thomas, Esq.
Albert C. Lambert, Esq.
Wiley Rein & Fielding
1776 K Street NW
Washington, DC 20006
Tel: 202-719-7032
Facsimile: 202-719-7049

/s/ Nathaniel B. Edmonds
NATHANIEL B. EDMONDS
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice