## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES of AMERICA,** | |
| **v.** | |
| **DAVID HOSSEIN SAFAVIAN,** | **Criminal No. 05-370 (PLF)** |
| **Defendant** | |

## PROPOSED JURY INSTRUCTIONS

Defendant David H. Safavian, by counsel, hereby submits the following proposed jury instructions.[1]

---

[1] Defendant Safavian requests the opportunity to amend these first proposed instructions based on the Court's rulings on pre-trial Motions in Limine and developments at trial.

## <u>TABLE OF CONTENTS</u>

I.    INSTRUCTIONS BEFORE/DURING TRIAL ................................................. 1

    A.    NOTETAKING PERMITTED ................................................. 2

    B.    SUMMARY OF CHARGES AND ELEMENTS ................................ 4

    C.    ORDER OF PROCEEDINGS ................................................. 8

    D.    DUTY OF THE JURY/DUTY OF THE COURT ............................... 10

    E.    CAUTIONARY INSTRUCTION - JURY COMMUNICATION ..................... 11

    F.    CAUTIONARY INSTRUCTION ON PUBLICITY ............................... 12

    G.    A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY ............. 13

    H.    QUESTION NOT EVIDENCE/COURT'S QUESTIONS TO
        WITNESSES ................................................................... 14

    I.    OBJECTIONS AND RULINGS ................................................. 15

    J.    EVALUATION OF TESTIMONY EVIDENCE ............................... 16

II.    ADDITIONAL EVIDENTIARY INSTRUCTIONS ........................................ 17

    A.    EXPERT TESTIMONY [IF APPLICABLE] ................................... 17

    B.    EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A
        WITNESS [IF APPLICABLE] ................................................. 18

    C.    EVALUATION OF PRIOR CONSISTENT STATEMENT OF A
        WITNESS [IF APPLICABLE] ................................................. 19

    D.    INADMISSIBLE AND STRICKEN EVIDENCE ............................... 20

    E.    DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................... 21

    F.    CREDIBILITY OF WITNESSES ................................................. 22

    G.    NUMBER OF WITNESSES ................................................. 24

    H.    TESTIMONY OF IMMUNIZED WITNESS [IF APPLICABLE] ............. 25

    I.    TESTIMONY OF WITNESS WITH A PLEA AGREEMENT [IF
        APPLICABLE] ................................................................... 26

    J.    CREDIBILITY OF WITNESSES--BAD REPUTATION FOR TRUTH
        AND VERACITY [IF APPLICABLE] ......................................... 27

    K.    RIGHT OF DEFENDANT NOT TO TESTIFY ............................... 28

    L.    EVIDENCE OF OTHER CRIMES ADMITTED TO SHOW
        INTENT/ABSENCE OF MISTAKE OR ACCIDENT [IF APPLICABLE] ....... 29

    M.    EVIDENCE ADMITTED FOR A LIMITED PURPOSE ..................... 31

    N.    JURY'S RECOLLECTION CONTROLS ..................................... 32

    O.    INDICTMENT NOT EVIDENCE ............................................. 33

P.    MISSING WITNESS OR OTHER EVIDENCE [IF APPLICABLE] ............... 34

Q.    REDACTED DOCUMENTS AND TAPES [IF APPLICABLE] ...................... 35

III.    ADDITIONAL CHARGING INSTRUCTIONS ................................................ 36

A.    BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE ........................ 36

B.    REASONABLE DOUBT .................................................................... 37

C.    JURY TO CONSIDER ONLY THIS DEFENDANT, NOT WHETHER
OTHERS HAVE COMMITTED CRIMES .......................................... 38

D.    IMPERMISSIBLE TO INFER GUILT FROM ASSOCIATION ..................... 39

E.    CONSIDER EACH COUNT SEPARATELY .................................................. 40

F.    THE OFFENSES CHARGED UNDER 18 U.S.C. § 1001(A)(1) ...................... 41

G.    DEFINITION – TO CONCEAL A MATERIAL FACT BY TRICK,
SCHEME, OR DEVICE .................................................................... 43

H.    DEFINITION – FALSE STATEMENT .......................................................... 44

I.    DEFINITIONS – KNOWINGLY ................................................................... 45

J.    DEFINITIONS – WILLINGLY ..................................................................... 46

K.    DEFINITIONS – MATERIAL ...................................................................... 47

L.    DEFINITIONS – WITHIN THE JURISDICTION OF THE UNITED
STATES GOVERNMENT .................................................................. 49

M.    DUTY TO DISCLOSE ................................................................................. 50

N.    UNANIMITY .............................................................................................. 51

O.    THE OFFENSES CHARGED UNDER 18 U.S.C. § 1505 ................................. 52

P.    FIRST ELEMENT – PROCEEDING WAS PENDING ...................................... 54

Q.    SECOND ELEMENT – KNOWLEDGE OF PROCEEDING IN
PROGRESS .................................................................................... 55

R.    THIRD ELEMENT – CORRUPTLY OBSTRUCTING OR IMPEDING ......... 56

S.    DEFINITIONS - DOING BUSINESS .............................................................. 58

T.    SEEKING TO DO BUSINESS (IF APPLICABLE) ......................................... 59

U.    PROOF OF KNOWLEDGE OR INTENT--RULE 404(B) EVIDENCE [IF
APPLICABLE] ............................................................................... 60

V.    AIDING AND ABETTING--EXPLAINED ...................................................... 61

W.    THE THEORY OF THE DEFENSE--EXPLAINED ......................................... 63

X.    ACTION ON THE ADVICE OF COUNSEL—EXPLAINED .......................... 64

Y.    ENTRAPMENT BY ESTOPPEL ................................................................... 66

IV.    DELIBERATION INSTRUCTIONS .......................................................... 67

## I.     INSTRUCTIONS BEFORE/DURING TRIAL

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.[2]

---

[2] D.C. CRIM § 1.03.  References to D.C. CRIM are to Barbara E. Bergman, et al. Criminal Jury Instructions for the District of Columbia, (4th ed. 2004).  References to FED-JI are to Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal (5th ed. 2000 & 2005 supp.).

## A.    NOTETAKING PERMITTED[3]

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you.  It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations.  I want to emphasize that none of you are required to take notes. Indeed, you should not do so if you think that notetaking will distract your attention from the evidence or the testimony of the witnesses.  On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes.  You should remember that your notes are only an aid to help your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats. [They will be collected by the clerk and given to me to keep.]  No one, including myself, will ever look at any of your notes.  At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed.  Again, neither I nor anyone else will look at any notes you have taken.

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name.  If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If

---

[3] D.C. CRIM § 1.02.

you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

### B.    SUMMARY OF CHARGES AND ELEMENTS

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case.  This is a criminal case which began when the grand jury returned an indictment on October 5, 2005.  A United States Attorney from the Department of Justice will present the evidence in support of the charges in the indictment.

The defendant, Mr. David H. Safavian, is charged in a five-count indictment with three counts of making false statements under 18 U.S.C. § 1001, and two counts of obstruction of justice under 18 U.S.C. § 1505.  The indictment charges that the defendant served as Chief of Staff for the Administrator of the General Services Administration ("GSA") from May 16, 2002 to January 2004.[4]  Briefly, the indictment alleges that in July of 2002 the defendant sought an opinion from the GSA General Counsel's office about whether he could attend a golf trip from a friend, Jack Abramoff, who was also a lobbyist.  The trip, which was also attended by a congressman and several congressional staffers was to Scotland on a private plane chartered by Mr. Abramoff.  In the e-mail by which Mr. Safavian sought the ethics opinion, he stated that the lobbyist in question "is a lawyer and lobbyist, but one that has no business before GSA (he does all of his work on Capitol Hill)."[5]  The GSA General Counsel is alleged to have responded by e-mail, permitting Mr. Safavian to go on the trip and to accept the gift of free transportation on the ground that "[y]ou stated that neither [Mr. Abramoff] nor his firm does business with or is seeking to do business with GSA."[6]

---

[4] Indictment ¶1.

[5] Indictment ¶18.

[6] Indictment ¶19.

WRFMAIN 12474043.5

Count One of the indictment charges Mr. Safavian with obstruction of justice with regard to a spring 2003 investigation conducted by the Office of the Inspector General ("OIG") of GSA into whether Mr. Safavian violated any regulations by participating the golf trip. The investigation closed on May 9, 2003, upon its conclusion that no violation had occurred. The Count alleges that the defendant falsely stated in connection with the investigation that Mr. Abramoff had no business with GSA and that he had paid Abramoff for the total cost of the trip to Scotland.[7]

Count Two charges the defendant with falsifying, concealing, or covering up material facts in connection with obtaining the GSA ethics opinion in July 2002.[8]

Count Three charges the defendant with falsifying, concealing, or covering up material facts during the course of the GSA-OIG investigation.[9]

Count Four charges obstruction of justice in connection with an investigation into allegations of misconduct by Mr. Abramoff by the Senate Committee on Indian Affairs in March 2005. It relates in part to statements allegedly made to the Committee with respect to Mr. Safavian's statements to the GSA ethics officer in July 2002.[10]

Count Five alleges that Mr. Safavian made false statements to the Committee to the effect that Mr. Abramoff did not have any business with GSA at the time of the trip to Scotland, that Mr. Safavian provided documentation to the Committee containing false statements (his e-mail

---

[7] Indictment ¶25.

[8] Indictment ¶29.

[9] Indictment ¶31.

[10] Indictment ¶¶36-37

WRFMAIN 12474043.5

to the GSA ethics officer), and that he concealed Mr. Abramoff's business relationships with GSA.[11]

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment information as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted. At the end of the trial, you will have to decide whether or not the government has convinced you that the defendant committed each element of every offense with which he has been charged beyond a reasonable doubt. Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.[12]

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

---

[11] Indictment ¶¶40.

[12] D.C. CRIM § 2.09.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant." When I mention the "government," I am referring to the person who is presenting the evidence in support of the charges contained in the indictment.  In this case, it is the United States Attorney, Mr. Zeidenberg or Mr. Edmonds.  When I mention the defendant, I am referring either to the defendant Mr. Safavian or to his attorney, Ms. Van Gelder.

WRFMAIN 12474043.5

## C.    ORDER OF PROCEEDINGS

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements.  If the government makes an opening statement it must do so at the beginning of its case.  The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case.  The defendant does not have to make any opening statement.  The opening statements are only intended to help you understand the evidence that the lawyers expect will be introduced.  The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment.  After the government presents its evidence, the defendant may present evidence, but he is not required to do so.  The law does not require a defendant to prove his innocence or to produce any evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case.  The lawyers' closing arguments, just like their opening statements, are not evidence in this case.  They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdict[s] shall be.  Your verdict[s] must be unanimous; that is, all twelve jurors must agree on the verdict[s].

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case.  Then each party will have a chance to present oral arguments in support of its case.  The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements,

are not evidence in this case. They are intended only to help you understand the evidence and what each party claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

**D.     DUTY OF THE JURY/DUTY OF THE COURT**

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  You alone decide what weight to give to the evidence presented during the trial.  You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.  You should not be improperly influenced by anyone's race, ethnic origin, or gender.  Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.[13]

---

[13] FJP § 10.01.

### E.    CAUTIONARY INSTRUCTION - JURY COMMUNICATION

The attorneys and the parties will not speak with you because I have already instructed them that they must not. When you see one of the lawyers in the hallway, for example, and he or she does not speak with you, that lawyer is not being rude, cold or unfriendly, but is simply doing what I have ordered all of the lawyers to do in this case. It does not look appropriate for one side or the other to this case to be speaking with any of you no matter how innocent or trivial that conversation might, in fact, be.

Until this case is submitted to you to begin your deliberations, you must not discuss it with anyone at all – even with your fellow jurors.  After it is submitted, you must discuss the case only in the jury room with your fellow jurors.  It is important that you keep an open mind and not decide any issue in the case until the entire case has been submitted to you and you have received the final instructions of the Court regarding the law which you must apply to the evidence.[14]

---

[14] FJP § 10.01.

## F.    CAUTIONARY INSTRUCTION ON PUBLICITY

There has been publicity about this case prior to the beginning of this trial.    The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who will not be present in court to be seen and evaluated by the jury like the other witnesses and will not be examined or cross-examined by either of the parties under oath. You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.

It is also likely that reports about this trial will be appearing in newspapers and on radio, television, and the Internet.  The people writing or reporting these stories may not be listening to all of the testimony as you will be, may be getting information from people who you will not see here in Court under oath and subject to cross-examination may emphasize an unimportant point, or may simply be wrong.  Please do not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence which will be received here in court.[15]

---

[15] FJP §§ 10.02 & 11.08.

### G.    A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY

At the beginning of the jury selection process, you were introduced to some witnesses in person.  Others were identified to you only by name.  If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately.  You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.[16]

---

[16] D.C. CRIM § 1.22.

### H.    QUESTION NOT EVIDENCE/COURT'S QUESTIONS TO WITNESSES

Sometimes a lawyer's question suggests that something is a fact.  Whether or not something is a fact depends on the witness' answer -- not the lawyer's question.  A lawyer's question is not evidence.[17]

Furthermore, the statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.[18]

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter--not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.[19]

---

[17] D.C. CRIM § 1.07.

[18] D.C. CRIM § 2.05.

[19] FED-JI § 11.05.

### I.    OBJECTIONS AND RULINGS

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.[20]

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose.[21]

---

[20] FED-JI § 11.03.

[21] FED-JI § 11.09.

## J.    EVALUATION OF TESTIMONY EVIDENCE

In attempting to determine the facts in this case you may be called upon to judge the credibility of the witnesses who testify in this trial.  In deciding whether or not to believe what a witness has said, I suggest that you consider the intelligence of the witness, the ability of the witness to have seen or heard what the witness said was seen or heard, the ability of the witness to remember what happened, any interest that the witness might have in how this case is decided, and whether the testimony is reasonable.  You are free to believe all of what a witness or exhibit says, some of it, or none of it.  I will address this subject again after you have heard all of the evidence in the trial.

It is likely that you will hear testimony from law enforcement and other government officers or agents.  You should evaluate their testimony just as any other evidence in the case.  In evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is an officer or an agent.[22]

---

[22] FJP § 10.01 & DC CRIM § 2.26.

WRFMAIN 12474043.5

## II.     ADDITIONAL EVIDENTIARY INSTRUCTIONS

### A.     EXPERT TESTIMONY [IF APPLICABLE]

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted [ ^ ] to testify as an expert concerning [ ^ ] . You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.[23]

---

[23] D.C. CRIM § 1.08.

### B.    EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS [IF APPLICABLE]

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.   The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.   It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.[24]

---

[24] FED-JI § 15.06.

### C.     EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS [IF APPLICABLE]

You may hear/have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial.  This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case.  In other words, if you find that the earlier statement is consistent with the witness' present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness' in-court testimony here.[25]

---

[25] D.C. CRIM § 1.11.

WRFMAIN 12474043.5

## D.     INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.[26]

---

[26] D.C. CRIM § 2.07.

## E.     DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the facts of a case -- direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness' testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence

The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.[27]

---

[27] FED-JI § 12.04.

WRFMAIN 12474043.5

### F.    CREDIBILITY OF WITNESSES

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

You will then be in a position to decide whether the government has proven the charge[*s*] beyond a reasonable doubt.[28]

---

[28] FED-JI § 15.01.

WRFMAIN 12474043.5

## G.    NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you may find to the contrary.[29]

The jury must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. [30]

---

[29] D.C. CRIM § 2.13.

[30] FED-JI § 14.15.

### H.    TESTIMONY OF IMMUNIZED WITNESS [IF APPLICABLE]

You have heard evidence that [name of witness] has received immunity.  What this means is that the testimony of the witness may not be used against him/her in any criminal case. You should consider whether such testimony may be colored in such a way as to further the witness' own interest, for a witness who realizes that s/he may obtain his/her own freedom, receive a benefit, or avoid prosecution by incriminating another may have a motive to lie. However, you may also consider that the witness is under the same obligation to tell the truth as is any other witness, because the grant of immunity does not protect him/her against a prosecution for perjury or false statement, should s/he lie under oath.

The testimony of a witness as to whom immunity has been granted should be received with caution and scrutinized with care.  You should give the testimony such weight as in your judgment it is fairly entitled to receive.[31]

---

[31] D.C. CRIM § 2.23.

WRFMAIN 12474043.5

## I.    TESTIMONY OF WITNESS WITH A PLEA AGREEMENT [IF APPLICABLE]

You have heard evidence that several witnesses [ ] entered into a plea agreement with the government pursuant to which [they] agreed to testify truthfully in this case and the government agreed to bring [their] cooperation to the attention of the sentencing court on the remaining charge(s) of the government's indictment against them.

The government is permitted to enter into this kind of plea agreement.  You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.  A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness, because the plea agreement does not protect him/her against a prosecution for perjury or false statement, should s/he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from any other witness.  A witness who realizes that he may be able to obtain his/her own freedom, or receive a lighter sentence by giving testimony may have a motive to lie.  The testimony of a witness who has entered into a plea agreement should be received with caution and scrutinized with care.  You should give the testimony such weight as in your judgment it is fairly entitled to receive.[32]

---

[32] D.C. CRIM § 2.22A.

WRFMAIN 12474043.5

**J.     CREDIBILITY OF WITNESSES--BAD REPUTATION FOR TRUTH AND VERACITY [IF APPLICABLE]**

The credibility of a witness may be discredited or impeached by evidence showing that the general reputation of the witness for truth and veracity is bad.

If you believe a witness has been so impeached and thus discredited during this trial it is your exclusive right to give the testimony of that impeached witness such weight, if any, you think it deserves.

You may consider this evidence of bad reputation for truthfulness as one of the circumstances you assess in determining whether or not to believe the testimony of that witness.[33]

---

[33] FED-JI § 15.09.

-29-

### K.     RIGHT OF DEFENDANT NOT TO TESTIFY

Every defendant in a criminal case has an absolute right not to testify.  Mr. Safavian has chosen to exercise his right to remain silent.  You must not hold this decision against him/her, and it would be improper for you to speculate as to the reason or reasons for his/her decision, and I, therefore, instruct you not to do so.  Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.[34]

---

[34] D.C. CRIM § 2.27.

L.    **EVIDENCE OF OTHER CRIMES ADMITTED TO SHOW INTENT/ABSENCE OF MISTAKE OR ACCIDENT [IF APPLICABLE]**

You have heard evidence to suggest that the defendant had communications with Mr. Abramoff concerning the government's investigation of TYCO, Inc., one of Mr. Abramoff's clients in November 2003, approximately fifteen months after the August 2002 Scotland trip. You may hear/have also heard evidence to suggest that the government believes Mr. Safavian conspired with Mr. Abramoff to deprive the public of honest services.

Before you consider that evidence however, you must first decide, without considering the defendant's communications regarding TYCO or conspiracy at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offense[s].  If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offense[s], you may then go on to consider the evidence that the defendant communicated with Mr. Abramoff concerning TYCO, one of Mr. Abramoff's clients.

If you consider this evidence, you may use it only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to conceal material information, make false statements, or obstruct justice knowingly and on purpose, and not by mistake or by accident.

You may not consider this evidence for *any* other purpose.  The defendant is not on trial for any act or any conduct not specifically charged in the indictment.[35]  The defendant has *not* been charged with any offense relating to his communications with Mr. Abramoff concerning TYCO in November 2003 or with conspiracy, and you may not consider this evidence to

---

[35] FED-JI § 12.09.

conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the charged offense[s], and you may not conclude from this evidence that because the defendant may have had such communications in November 2003 or engaged in a conspiracy with Mr. Abramoff for unrelated conduct, that he also committed the act[s] charged in the indictment.

You are instructed that if you find that the defendant did engage in the activity not charged to him here, you are not to draw any inference from such a finding that the defendant is a person of bad character and that he must therefore be guilty of the crimes with which he is charged. In other words, that the defendant had communications with Mr. Abramoff concerning TYCO and otherwise that the government believes amounted to a conspiracy is not evidence that he committed any offense for which he is now on trial. You may only consider the evidence for the limited purpose of showing whether the defendant, if he committed the acts charged in the indictment, did so with the specific intent and not by accident/by mistake.[36]

---

[36] D.C. CRIM § 2.51(B).

-32-

## M.    EVIDENCE ADMITTED FOR A LIMITED PURPOSE

Indeed, several times during the trial I told you that certain evidence was allowed into this trial for a particular and limited purpose.  When you consider that evidence, you must limit your consideration to that purpose.[37]

---

[37] FED CRIM-JI § 18.

WRFMAIN 12474043.5

## N.    JURY'S RECOLLECTION CONTROLS

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations. [38]

---

[38] D.C. CRIM § 2.03.

## O.    INDICTMENT NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime to bring him/her to trial. You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.[39]

---

[39] D.C. CRIM § 2.06.

## P.    MISSING WITNESS OR OTHER EVIDENCE [IF APPLICABLE]

If it is peculiarly within the power of the government to produce a witness who could give relevant testimony on an issue in the case, failure to call that witness may give rise to an inference that this testimony would have been unfavorable to that party.  No such conclusion should be drawn by you, however, with regard to a witness who is equally available to both parties or where the testimony of that witness would be merely repetitive or cumulative.

In this trial, the following witnesses with relevant testimony were not produced by the government and were not equally available to the defense [    ].

If evidence material to an issue in this case was peculiarly within the power of the government to produce, was not produced, and the absence has not been sufficiently accounted for or explained, then you may, if you deem it appropriate, infer that the evidence or testimony would have been unfavorable to the government.  However, you should not draw such an inference from evidence which was equally available to both parties or whose testimony would have been merely cumulative or immaterial.

In this trial, the following evidence was not preserved and/or produced by the government and its absence has not been sufficiently accounted for [   ].

The jury must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. [40]

---

[40] FED-JI § 14.15 D.C. CRIM § 2.41.

**Q.    REDACTED DOCUMENTS AND TAPES [IF APPLICABLE]**

During the course of this trial, a number of exhibits have been received in evidence, including statements and portions of statements of witnesses or other persons. Sometimes only those parts of a document or tape recording relevant to your deliberations are received in evidence. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Only the relevant parts have been received in evidence and will be made available to you. Thus, as you examine the exhibits, and you see or hear a statement where there appears to be omissions, you should consider only the relevant portions that have been received in evidence. You should not guess or speculate about anything that has been taken out.[41]

---

[41] D.C. CRIM § 2.70.

### III.    ADDITIONAL CHARGING INSTRUCTIONS

### A.    BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty.  On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty. [42]

---

[42] D.C. CRIM § 2.08.

WRFMAIN 12474043.5

B.    **REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.[43]

---

[43] D.C. CRIM § 2.09.

### C.    JURY TO CONSIDER ONLY THIS DEFENDANT, NOT WHETHER OTHERS HAVE COMMITTED CRIMES

As I explained to you earlier, the defendant, Mr. Safavian, is on trial here because the government has charged him with the alleged crimes I described before.  The only question you must answer is whether the government proved, beyond a reasonable doubt, that he committed these alleged crimes.  It is not up to you to decide whether any other witness or person is guilty of any crime.  The question of the possible guilt of others should not enter your thinking when you decide whether the government has proved beyond a reasonable doubt that the defendant committed the alleged crime.[44]

---

[44] FEDCRIM-JI § 20.

### D.     IMPERMISSIBLE TO INFER GUILT FROM ASSOCIATION

Moreover, you may not infer that the defendant was guilty of criminal conduct from the

mere fact that he was associated with other people who may have been guilty of wrongdoing.[45]

---

[45] L. SAND, ET AL., MODERN FEDERAL JURY INSTRUCTIONS at 6-4 (2003) (modified).

E.     CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.[46]

---

[46] FED-JI § 12.12.

## F.     THE OFFENSES CHARGED UNDER 18 U.S.C. § 1001(A)(1)

The defendant has been charged with three counts of false statements under United States Title 18 Code 1001(a)(1), that is falsifying, concealing, or covering up by a trick, scheme, or device a material fact.

Count Two charges the defendant with allegedly concealing or otherwise making false statements in connection with obtaining the GSA ethics opinion in July 2002.[47]

Count Three charges the defendant with allegedly making the same false statements in the course of the GSA-OIG investigation.[48]

Count Five alleges that Mr. Safavian made false statements to the Senate Committee on Indian Affairs in March 2005. It relates in part to statements made to the Committee, via correspondence, to the effect that Mr. Abramoff did not have any business with GSA at the time of the trip to Scotland, that Mr. Safavian provided documentation to the Committee containing false statements (his e-mail to the GSA ethics officer), and that he concealed Mr. Abramoff's business relationships with GSA.[49]

You should understand clearly that the indictment is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment information as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

You will now have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense[s] with which he has been

---

[47] Indictment ¶29.

[48] Indictment ¶31.

[49] Indictment ¶¶40.

WRFMAIN 12474043.5

charged.  The government must prove *each* of the elements of this offense beyond a reasonable

doubt.

The **elements** of the false statement charges pertaining to alleged concealment that must

be proven beyond a reasonable doubt in **Counts Two, Three, and Five** are that:

(1) Mr. Safavian knowingly falsified or concealed a fact by any trick, scheme or device
as detailed in the indictment;

(2) Mr. Safavian acted willfully in concealing the fact;

(3) The fact concealed by Mr. Safavian was material to an official act of the government
agency named in Counts two and three, the General Services Administration, and the
Senate Committee on Indian Affairs in Count Five;

(4) The subject matter involved was within the jurisdiction of a branch of the
Government of the United States; and

(5) Mr. Safavian had a specific, legal duty to disclose the fact allegedly concealed.[50]

---

[50] FJP § 40.03; <u>United States v. Crop Growers Corp</u>., 954 F.Supp. 335, 347-48 (D.D.C. 1997).

WRFMAIN 12474043.5

### G.    DEFINITION – TO CONCEAL A MATERIAL FACT BY TRICK, SCHEME, OR DEVICE

With respect to the phrase "conceals or covers up by any trick, scheme, or device," the first element of the charges in Counts Two, Three, and Five, you are instructed that a scheme is a plan for the accomplishment of an object.  A trick or device is a deceptive act or strategy calculated to deceive persons.  Mere nondisclosure of a material fact does not constitute a trick, scheme, or device.

Whether defendant's behavior amounted to a trick, scheme, or device is a question for you, as finders of the facts to decide.  It is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified (or concealed or covered up) a material fact by trick, scheme, or device.[51]  If the government has not demonstrated beyond a reasonable doubt that the Defendant falsified or concealed a material fact by a trick, scheme, or device in Count Two, Three, or Five, then you must decide in favor of the Defendant on that count.

---

[51] SAND, ET AL., 1A MODERN FEDERAL JURY INSTRUCTIONS: CRIMINAL ¶ 36.01 (instruction 36-6); United States v. London, 550 F.2d 206, 214 (5th Cir. 1977) ("The latter clause of § 1001 requires the government to prove something more—that the material fact was affirmatively concealed by ruse or artifice, by scheme or device.").

WRFMAIN 12474043.5

## H.     DEFINITION – FALSE STATEMENT

In considering Counts Two, Three, and Five, you are instructed to consider that a false statement is defined as one that is more than merely untrue or erroneous, rather it implies that the statement is designedly untrue and made with intention to deceive the person to whom the false statement is made or exhibited.[52]

---

[52] FED JI § 16.06 (citing United States v. Worthington, 822 F.2d 315, 319 (2d Cir.), cert. denied, 484 U.S. 944 (1987).

## I.    DEFINITIONS – KNOWINGLY

You are instructed to consider that a person acts "knowingly," as that term is used in these instructions, only if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

A person who makes, submits, or uses a statement or writing which that person believes to be truthful does not "knowingly" make, submit, or use a false, fictitious, or fraudulent statement.[53]    If the government has not demonstrated beyond a reasonable doubt that the Defendant "knowingly" falsified, concealed, or covered up a material fact by trick, scheme, or device in Counts Two, Three, or Five, then you must find in favor of the Defendant on that Count.

---

[53] FED-JI § 40.13.

## J.    DEFINITIONS – WILLINGLY

You are instructed to consider that a person's act is done willfully only if it is done with an intention to do something the law forbids, a bad purpose to disobey the law or where the government alleges that the defendant concealed information, with the specific intent to fail to do something the law requires to be done.[54]  The defendant's conduct is not willful "[if] it was the result of a good faith understanding that he was acting within the requirements of the law."[55] If the government has not demonstrated that the Defendant's statements were not the result of a good faith understanding that he was acting within the requirements of the law in Counts Two, Three, or Five, you must find in favor of the Defendant on that Count.

---

[54] SAND, ET AL., 1A MODERN FEDERAL JURY INSTRUCTIONS: CRIMINAL ¶ 36.01 (instruction 36-7).

[55] FED-JI § 17.05; United States v. Doyle, 130 F.3d 523, 540 (2d Cir. 1997).

### K.    DEFINITIONS – MATERIAL

A statement or representation is "material" if it has a natural tendency to influence or is capable of influencing a decision or action of the GSA or committee of Congress.

In relation to whether statements are incorrect as to a material matter in <u>Count Two</u>, a statement is material if the information required to be reported was capable of influencing or impeding the General Services Administration in an official action, such as providing property or equipment to other government agencies.  If the statement at issue in Count Two, that Mr. Abramoff "ha[d] no business before the GSA, (he does all of his work on the Hill)" was not capable of influencing GSA action in service of providing property or equipment to other government agencies, it was not material, irrespective of its truth or falsehood, and you must acquit the defendant on this Count.[56]  Furthermore, if you determine that Mr. Safavian believed that he paid for the Scotland trip from his personal funds then his statement in support of his request for ethics advice from the GSA General Counsel was not material, and you must find in favor of the defendant on this Count, irrespective of the truth or falsehood of the underlying statement.[57]

In relation to whether statements are incorrect as to a material matter in <u>Count Three</u>, a statement is a material matter if the information required to be reported was capable of influencing or impeding the General Services Administration in its official investigation into

---

[56]  FED-JI § 16.11; <u>United States v. Gaudin</u>, 515 U.S. 506, 511 (1995) (determining whether a statement is "material" implicates two subsidiary questions: "(a) what statement was made . . . (b) what decision was the agency trying to make?") (internal quotes omitted); <u>United States v. Bok</u>, 156 F.3d 157, 165 (2d Cir. 1998) (affirming district court's definition of  "material" to jury as requiring the capacity for impeding or influencing an agency (IRS) in its official action (verifying and auditing a return).

[57]  <u>United States v. Weinstock</u>, 231 F.3d 699, 701-02 (D.C. Cir. 1996) (recognizing that § 1001(a)(1) requires the statement of the accused to be a "material" fact); OFFICE OF GOVERNMENT ETHICS (OGE), AN ETHICS HANDBOOK FOR EXECUTIVE BRANCH EMPLOYEES 8-9, Jan. 1995 (explaining that "exercising your discretion to decline a gift may be particularly smart when a gift is offered by a person or organizations whose interests could be affected by your official action).

whether Mr. Safavian participated illicitly in an international golf trip that was provided by lobbyists. If you determine that Mr. Safavian believed that he paid for the Scotland trip from his personal funds or that Mr. Safavian relied upon the advice of GSA General Counsel during the course of the GSA-OIG investigation, then his statements to the GSA-OIG were not material, and you must find in favor of the defendant on this Count, irrespective of the truth or falsehood of the underlying statements.[58]

In relation to whether statements are incorrect as to a material matter in <u>Count Five</u>, a statement is a material matter if the information required to be reported was capable of influencing or impeding the Senate Committee on Indian Affairs in its official investigation into fraudulent activities committed against Indian tribes lobbyists. If you conclude that Mr. Safavian's statements to the Senate Committee via correspondence and other communication concerning Mr. Abramoff's contacts with the GSA could not have impeded the Committee's investigation into whether Indian Tribes were defrauded then you must find in favor of the defendant on this Count, irrespective of the truth or falsehood of any underlying statements.[59]

---

[58] <u>United States v. Weinstock</u>, 231 F.3d 699, 701-02 (D.C. Cir. 1996) (recognizing that § 1001(a)(1) requires the statement of the accused to be a "material" fact); OFFICE OF GOVERNMENT ETHICS (OGE), AN ETHICS HANDBOOK FOR EXECUTIVE BRANCH EMPLOYEEs 8-9, Jan. 1995 (explaining that "exercising your discretion to decline a gift may be particularly smart when a gift is offered by a person or organizations whose interests could be affected by your official actions"); FED-JI § 19.08 (instruction on good-faith defense of advice of counsel).

[59] <u>See</u> <u>supra</u> n. 57.

### L.     DEFINITIONS – WITHIN THE JURISDICTION OF THE UNITED STATES GOVERNMENT

The fourth element with respect to Counts Two, Three, and Five is that the statement was made with regard to a matter within the jurisdiction of the government of the United States.  I charge you that the General Services Administration and the Senate Committee on Indian Affairs are departments of the United States government.

There is no requirement that the statement be actually directed to or given to the GSA or the SCIA.  All that is necessary is that you find that it was contemplated that the statement was to be utilized in a manner which was within the jurisdiction of the government of the United States.  To be within the jurisdiction of the government of the United States means that the statement must concern an authorized function of that department or agency.

In that regard, it is not necessary for the government to prove that the defendant had actual knowledge that the false statement was to be utilized in a matter which was within the jurisdiction of the government of the United States.  It is sufficient to satisfy this element if you find that the false statement was made with regard to a matter within the jurisdiction of the government of the United States.[60]

---

[60] 1A MODERN FEDERAL JURY INSTRUCTIONS: CRIMINAL ¶ 36.01 (instruction 36-8).

## M.     DUTY TO DISCLOSE

With respect to the concealment allegations in Counts Two, Three, and Five, the fifth and final element is that there was a legal duty to disclose the material fact allegedly concealed.[61] However, whether Mr. Safavian in fact had a legal duty to disclose the information is a question of law for the court to decide.[62]   Nevertheless, as I will explain in later instructions, you must still determine whether Mr. Safavian possessed a good faith belief that he was not obliged to disclose the information he allegedly concealed.[63]

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.   It is the government's burden to prove to you, beyond a reasonable doubt, that Defendant Safavian acted with the required specific knowledge and intent.[64]

---

[61] FED-JI § 40.03; see also United States v. Crop Growers Corp., 954 F.Supp. 335, 347-48 (D.D.C. 1997); United States v. Irwin, 654 F.2d 671, 678-679 (10th Cir.1981), cert. denied, 455 U.S. 1016 (1982) (reversing convictions for concealing facts from the Economic Development Agency because the government failed to prove that the defendant had a legal duty to disclose the information in question).

[62] Crop Growers Corp., 954 F.Supp. at 347-48; United States v. DeRosa, 783 F.2d 1401, 1407 (9th Cir.), cert. denied, 477 U.S. 908 (1986); United States v. Zalman, 870 F.2d 1047, 1055 (6th cir. 1989).

[63] United States v. Blackley, 167 F.3d 543, 550-51 (D.C.Cir.1999) (acknowledging that the majority of circuits have concluded that the duty to disclose is an element for the Court but affirming the district court instruction for the jury to decide the defendant's good faith perception of a duty to disclose).

[64] FED-JI § 19.06.

WRFMAIN 12474043.5

### N.     UNANIMITY

Unless the government has proven the same falsification or concealment of a material fact to each of you, beyond a reasonable doubt, you must acquit the defendant of the charge in Counts Two, Three, and Five of the indictment.[65]

---

[65] FED-JI § 40.15.

WRFMAIN 12474043.5

## O.    THE OFFENSES CHARGED UNDER 18 U.S.C. § 1505

The government has also charged the Defendant with one count of corruptly obstructing, or impeding or endeavoring to influence, obstruct, or impede the due and proper administration of the law under a pending proceeding before an agency of the United States under United States Title 18 Code 1505; and one count of corruptly obstructing, or impeding, or endeavoring to influence, obstruct, or impede the due and proper exercise of the power of inquiry under an inquiry or investigation by a Senate committee under the same provision.

<u>Count One</u> of the indictment charges Mr. Safavian with obstruction of justice with regard to a spring 2003 investigation conducted by the Office of the Inspector General ("OIG") of GSA into whether Mr. Safavian violated any regulations by participating in an international golfing trip.   The investigation closed on May 9, 2003, upon its conclusion that no violation had occurred.   The Count specifically alleges that the defendant falsely stated in connection with the investigation that Mr. Abramoff had no business with GSA and that he had paid Abramoff for the total cost of the trip to Scotland.[66]

The **elements** of this obstruction charge that must be proven beyond a reasonable doubt, are that:

(1) On or about March through May 2003 there was a proceeding pending before an agency of the United States;

(2) Mr. Safavian knew that a proceeding was pending before an agency of the United States;

(3) Mr. Safavian corruptly endeavored to influence, obstruct or impede the due administration of the law under which the proceeding was being conducted.[67]

---

[66] Indictment ¶25.

[67] 18 U.S.C. § 1505; SAND, ET AL., 1A MODERN FEDERAL JURY INSTRUCTIONS: CRIMINAL ¶ 46.02 (instruction 46-9).

WRFMAIN 12474043.5

Count Four charges obstruction of justice in connection with an investigation into allegations of misconduct by Mr. Abramoff by the Senate Committee on Indian Affairs in March 2005. It relates in part to alleged statements made to the Committee, via correspondence, with respect to Mr. Safavian's statements to the GSA ethics officer in July 2002.[68]

The **elements** of this charge that must be proven beyond a reasonable doubt, are that:

(1) On or about March 2005 there was a proceeding pending before a Congressional committee;

(2) Mr. Safavian knew that a proceeding was pending before a Congressional committee;

(3) Mr. Safavian corruptly endeavored to influence, obstruct, or impede the due and proper exercise of the power of inquiry under the inquiry or investigation was being had by a committee of either House or any joint committee of the Congress.[69]

---

[68] Indictment ¶¶36-37

[69] 18 U.S.C. § 1505; SAND, ET AL., 1A MODERN FEDERAL JURY INSTRUCTIONS: CRIMINAL ¶ 46.02 (instruction 46-9).

WRFMAIN 12474043.5

## P.  FIRST ELEMENT – PROCEEDING WAS PENDING

The first element the government must prove beyond a reasonable doubt is that at or about the date set forth in the indictment, a proceeding was pending before an agency of the United States.  Whether the GSA-OIG and the SCIA's actions constitute a "proceeding" is a question of law.  In this regard, you are instructed that the GSA-OIG and the SCIA are agencies of the United States.[70]

---

[70] SAND, ET AL., 1A MODERN FEDERAL JURY INSTRUCTIONS: CRIMINAL ¶ 46.02 (instruction 46-10).

### Q.     SECOND ELEMENT – KNOWLEDGE OF PROCEEDING IN PROGRESS

The second element the government must prove beyond a reasonable doubt is that the defendant knew that the administrative proceeding was in progress.  In order to satisfy this element, you need to determine that the Defendant knew at or about the date charged that the GSA-OIG was conducting an investigation and that he knew about the March 2005 inquiry of the SCIA.[71]

---

[71] SAND, ET AL., 1A MODERN FEDERAL JURY INSTRUCTIONS: CRIMINAL ¶ 46.02 (instruction 46-10).

WRFMAIN 12474043.5

### R.    THIRD ELEMENT – CORRUPTLY OBSTRUCTING OR IMPEDING

The third essential element that the government must prove beyond a reasonable doubt is that the defendant did corruptly obstruct, or impede, or endeavor to obstruct or impede the proceedings at issue.

The word, "corruptly", as used in this statute means having a "wrongful, immoral, depraved, or evil" purpose or intent."[72]

The word "impede," as used in the statute means more than just "subvert" or "undermine," but rather to "interfere with or get in the way of the progress of," to "hold up" or "detract from" the GSA-OIG and SCIA inquiries.[73]

In terms of proof therefore, in order to convict the Defendant of obstruction of justice in Count One, you must be convinced beyond a reasonable doubt that the Defendant, with wrongful, immoral, depraved, or evil intent was endeavoring to obstruct, or impede the GSA-OIG investigation into whether he participated in an international golfing trip provided by lobbyists, and that there was a connection between the defendant's intentional acts and the natural and probable effect of interfering with the administration of justice in that proceeding.[74] If the defendant lacked the knowledge that his actions were likely to impede the judicial proceeding he lacked the requisite intent to obstruct.[75]

In order to convict the Defendant of obstruction of justice in Count Four, you must be convinced beyond a reasonable doubt that the Defendant, with wrongful, immoral, depraved, or

---

[72] Arthur Andersen LLP v. U.S., 125 S.Ct. 2129, 2136 (2005).

[73] Arthur Andersen LLP, 125 S.Ct. at 2136.

[74] United States v. Quattrone, 441 F.3d 153, 170-71 (2d Cir. 2006).

[75] United States v. Makham, 2005 WL 3533263, *7 (D.Or. 2005) (quoting Arthur Andersen LLP, 125 S.Ct. at 2136).

WRFMAIN 12474043.5

evil intent was endeavoring to obstruct, or the power of inquiry being had by the Senate Committee on Indian Affairs into alleged misconduct by Mr. Abramoff against Native American tribes, and that there was a connection between the defendant's intentional acts and the natural and probable effect of interfering with the administration of justice in that proceeding.[76]  It is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the Senate Committee's authority.[77]  If the defendant lacked the knowledge that his actions were likely to impede the judicial proceeding he lacked the requisite intent to obstruct. [78]

---

[76] United States v. Quattrone, 441 F.3d 153, 170-71 (2d Cir. 2006).

[77] United States v. Aguilar, 515 U.S. 593, 599, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995).

[78] United States v. Makham, 2005 WL 3533263, *7 (D.Or. 2005) (quoting Arthur Andersen LLP, 125 S.Ct. at 2136).

## S.    DEFINITIONS - DOING BUSINESS

You have heard testimony concerning whether Mr. Abramoff "had business" with the GSA at the time in which Mr. Safavian requested ethics advice from the GSA General Counsel. This is a reference to the code of regulations governing the Standards for Executive Employees. In considering whether this representation, and its iterations thereof in the subsequent proceedings before the GSA-OIG and Senate Committee on Indian Affairs, falsely stated or otherwise concealed Mr. Abramoff's activities, you are instructed to equate the term "doing business" with having existing contractual arrangements with the GSA.[79]  Therefore, if you conclude, based on the evidence presented, that Mr. Abramoff had no existing contractual arrangements with the GSA, you must conclude that Mr. Abramoff did not have business with the GSA.

---

[79] Letter to a Federal Employee dated January 7, 2004, (Marilynn Glynn), Office of Gov't Ethics; United States v. Godinez, 922 F.2d 752, 753 -54 (11th Cir. 1991) (holding that the common meaning of a regulatory term is a question of law); see also Memorandum for Regional Counsels re: Annual Agency Ethics Briefing for CY 2003, dated July 11, 2003, (Raymond J. McKenna), GSA General Counsel/Designated Agency Ethics Official (instructing that a "prohibited source" under 5 C.F.R. § 2635.202 includes any person who "does or seeks to do business with the employee's agency (i.e. GSA contractor)") (Docket # 58-1).

## T.    SEEKING TO DO BUSINESS (IF APPLICABLE)

You have heard testimony concerning whether Mr. Abramoff was "seeking to do business" with the GSA at the time in which Mr. Safavian requested ethics advice from the GSA General Counsel.  This is a reference to the code of regulations governing the Standards for Executive Employees.  In considering whether this representation falsely stated or otherwise concealed Mr. Abramoff's activities, you are instructed to equate the term "seeking to do business" with competing for a government contract following a solicitation of bids.[80] Therefore, in order to conclude that Mr. Abramoff was seeking to do business with the GSA, you must conclude, based on the evidence presented, that the GSA had solicited bids for a government contract, and you must also conclude that Mr. Abramoff had responded to the GSA solicitation and was competing for the government contract.

---

[80] Letter to a Federal Employee dated January 7, 2004, (Marilynn Glynn), Office of Gov't Ethics; United States v. Godinez, 922 F.2d 752, 753-54 (11th Cir. 1991) (holding that the common meaning of a regulatory term is a question of law); see also Memorandum for Regional Counsels re: Annual Agency Ethics Briefing for CY 2003, dated July 11, 2003, (Raymond J. McKenna), GSA General Counsel/Designated Agency Ethics Official (instructing that a "prohibited source" under 5 C.F.R. § 2635.202 includes any person who "does or seeks to do business with the employee's agency (i.e. GSA contractor)") (Docket # 58-1).       .

WRFMAIN 12474043.5

## U.    PROOF OF KNOWLEDGE OR INTENT--RULE 404(B) EVIDENCE [IF APPLICABLE]

As I mentioned during trial, you have heard evidence of acts of the defendant concerning the government's investigation of TYCO, Inc., one of Mr. Abramoff's clients, approximately fifteen months after the Scotland trip in November 2003.    You may hear/have also heard evidence to suggest that the government believes Mr. Safavian conspired with Mr. Abramoff to deprive the public of honest services.    You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment.    However, you may consider the TYCO evidence for other, very limited, purposes.

*If* you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, *then* you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crimes charged in the indictment; or

whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or

whether the defendant acted according to a plan or in preparation for commission of a crime; or whether the defendant committed the acts for which he is on trial by accident or mistake.    These are the limited purposes for which evidence concerning TYCO may be considered.[81]

---

[81] FED-JI § 17.08.

## V.     AIDING AND ABETTING--EXPLAINED

The government has also charged Mr. Safavian with aiding and abetting the commission of an offense under Section 2(a) of Title 18 of the United States Code, which provides that: "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

As a preliminary matter, however, the government must identify the indicted crime committed and the individual whom Mr. Safavian may have aided or abetted.[82]  Then, in order to be found guilty of aiding and abetting, the government must prove beyond a reasonable doubt that Defendant:

One, knew that the crime charged was to be committed or was being committed,

Two, knowingly did some act for the purpose of aiding the commission of that crime, and

Three, acted with the intention of causing the crime charged to be committed.

Before Defendant Safavian may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that someone committed each of the essential elements of the offense charged as detailed for you [*in Instruction No. ____*].

---

[82] Nye & Nissen v. United States, 336 U.S. 613, 620 (1949) ("Aiding and abetting rests on a broader base; it states a rule of criminal responsibility for acts for which one assists another in performing."); United States v. Garrett, 720 F.2d 705, 713 (D.C. Cir. 1983) (recognizing criminal liability under § 2 for a person who "assists the perpetrator of the crime while sharing the requisite criminal intent") (internal quotes omitted) (citation omitted); Morgan v. United States, 159 F.2d 85, 87 (10th Cir. 1947) (concluding that "one cannot be found guilty under a charge of aiding and abetting in the commission of an offense unless there is satisfactory evidence not only of his participation but also that another for whom he was acting was connected with the offense").

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that Defendant Safavian knowingly and deliberately associated himself with the crime in some way as a participant-- someone who wanted the crime to be committed--not as a mere spectator.[83]

---

[83] FED-JI § 18.01.

**W.    THE THEORY OF THE DEFENSE--EXPLAINED**[84]

---

[84] Defendant respectfully requests the opportunity to provide instructions concerning the theory of the defense after the presentation of the Government's case-in-chief pursuant to FED-JI § 19.06.

WRFMAIN 12474043.5

## X.    ACTION ON THE ADVICE OF COUNSEL—EXPLAINED

Good faith reliance on the advice of counsel is a complete defense to the charges in the indictment since good faith on the part of the Defendant is inconsistent with the existence of willfulness which is an essential part of the charge.  The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything.  The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged in the indictment.

Thus, if before attending the Scotland trip, Defendant Safavian while acting in good faith and for the purpose of securing advice on the lawfulness of his possible future conduct, sought and obtained the advice of an attorney at the GSA whom he considered to be competent, and made a full and accurate report or disclosure to this attorney of all important and material facts of which he had knowledge or had the means of knowing and the duty to disclose, and then acted strictly in accordance with the advice his attorney gave following this full report or disclosure, then Defendant Safavian would not be willfully or deliberately doing wrong in acting pursuant to that advice or by informing the GSA Inspector General or the Senate Investigator of the advice in their respective investigations.

Whether Defendant Safavian acted in good faith for the purpose of truly seeking guidance as to questions about which he was in doubt, and whether he made a full and complete report or disclosure to his attorney, and whether he acted strictly in accordance with the advice received, are all questions for you to determine.

WRFMAIN 12474043.5

If the evidence in the case leaves the jury with a reasonable doubt as to whether the

defendant acted knowingly, willfully, and corruptly, or in good faith, the jury must acquit

Defendant Safavian.[85]

---

[85] FED-JI § 19.08; <u>United States v. Eisenstein</u>, 731 F.2d 1540, 1544 (11th Cir.1984) (approving similar good faith reliance instruction).

## Y.    ENTRAPMENT BY ESTOPPEL

Defendant Safavian also claims that he is not guilty of willful or deliberate wrongdoing as charged in the indictment because he acted in reliance on a government official in paying for and attending the Scotland trip pursuant to the advice of the GSA General Counsel.

A defendant acts under the authority of a government official if:

(1) that defendant is affirmatively told that his/her conduct would be lawful;

(2) the defendant is told this by an official of the United States government;

(3) the defendant actually relies on what the official tells him/her in taking the action; and,

(4) the defendant's reliance on what he/she was told by the official is reasonable in light of the circumstances.[86]

In considering whether Mr. Safavian relied on the authority of a government official, you are to consider any oral or written statements by government officials.   This includes conversations with government officials, whether oral or written, and also includes any opinions or guidelines published by the United States government or made available to the defendant.[87]

---

[86] See United States v. Hedges, 912 F.2d 1397, 1404-06 (11th Cir. 1990) (finding entrapment by estoppel where Standards of Conduct Counselor in Air Force advised retiring Colonel that certain transactions would not create a conflict of interest); United States v. Tallmadge, 829 F.2d 767, 773-75 (9th Cir. 1987) (finding entrapment by estoppel negated possibility of criminal intent because defendant was told by licensed firearm dealer he could legally own a firearm); United States v. Levin, 973 F.2d 463, 468-69 (6th Cir. 1992) (finding entrapment by estoppel negated possibility of criminal intent because "the statute in question has been rendered ambiguous by numerous opinion letters issued by the government or carriers authorized to act for the government . . . which appear to sanction the practice challenged by this indictment").

[87] See Levin, 973 F.2d at 469 (finding opinion letters issued by the government created entrapment by estoppel defense).

## IV.    <u>DELIBERATION INSTRUCTIONS</u>

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it.   Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the

exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense[s] charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense[s] charged.

[A] [F]orm[s] of verdict[s] [*has*] [*have*] been prepared for your convenience.

[*The form[s] of verdict should be read to the jury*]

You will take [*this*] [*these*] form[s] to the jury room and, when you have reached unanimous agreement as to your verdict[s], you will have your foreperson write your verdict[s], date and sign the form[s], and then return with your verdict[s] to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.[88]

---

[88] FED-JI § 20.01.

As I informed you earlier, the verdict must represent the considered judgment of each juror.  Unless the government has proven the same falsification or concealment of a material fact to each of you, beyond a reasonable doubt, you must acquit the defendant of the charge in Counts Two, Three, and Five of the indictment.  Unless the government has proven the same basis for obstruction of justice to each of you beyond a reasonable doubt, you must acquit the defendant of the charge in Counts One and Four of the indictment.[89]  If you do not reach a unanimous verdict as to any Count of the indictment, you must acquit the defendant of that charge.

Respectfully submitted,

By:   /s/ Barbara Van Gelder
     Barbara Van Gelder (D.C. Bar # 265603)
     Roderick L. Thomas (D.C. Bar # 433433)
     Albert C. Lambert (D.C. Bar # 489562)
     WILEY REIN & FIELDING LLP
     1776 K Street NW
     Washington, DC  20006
     TEL: 202.719.7032

Dated: May 2, 2006          *Attorneys for David H. Safavian*

---

[89] FED-JI § 40.15.