UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| **DAVID HOSSEIN SAFAVIAN** | : | |
| | : | |
| **Defendant** | : | |

**GOVERNMENT'S MOTION TO COMPEL DISCOVERY**

The United States of America, by and through its undersigned attorneys, hereby respectfully submits this motion for an order compelling reciprocal discovery pursuant to Federal Rules of Criminal Procedure 16 and 26.2. Defendant has failed to provide any discovery to the Government in violation of his reciprocal discovery obligations.

**Factual Background**

On September 26, 2005, Defendant requested broad discovery from the Government pursuant to Rule 12 and Rules 16, including expert discovery under Rule 16(a)(1)(G). See Attachment A. In a letter dated, February 28, 2006, the Government formally requested reciprocal and expert discovery from Defendant. See Attachment B. Over a month later on April 18, 2006, we received Defendant's response stating that he had acquired only one page of materials outside of the Government's production[1] and that he had not yet determined whether he would call an expert witness. See Attachment C. On April 19, 2006, we again stated that our discovery obligations were complete and repeated our requests for reciprocal and expert discovery. See Attachment D. In subsequent telephone conversations and in court on May 5,

---

[1] Senate Investigator Parker's notes.

2006, Defendant again stated that he had not acquired any additional materials and had not determined whether he would call an expert witness. Defendant has also said that they have not acquired any additional materials outside of those provided to them by the Government. Consequently, Defendant informed the Government and the Court that he did not intend to provide the Government with any additional discovery at this time.

## Defendant's Reciprocal Discovery Obligations

Federal Rule of Criminal Procedure 16(b) defines in very specific terms a defendant's obligation to provide reciprocal discovery to the Government. The purpose of the rule is to ensure that discovery is "a two way street." United States v. Stackpole, 811 F.2d 689, 697 (1st Cir. 1987). See also United States v. Anderson, 416 F. Supp. 2d 110 (D.D.C. 2006) (discussing the reciprocity of defendant and government discovery obligations and noting that documents not identified pre-trial could be prohibited from introduction at trial if the use was planned in advance of trial). The rules provide that if a defendant requests discovery from the Government and the request is complied with, the defense "must" permit the Government:

> to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
> (i) the item is within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. Pro. 16(b)(1)(A).

At this time, the Defendant has identified only one document to the Government, a document obtained by a subpoena to the Senate. Defendant's own filings indicate that he anticipates using at least some other documents, including perhaps a Letter to a Federal Employee from Marilyn L. Glynn, Acting Director, Office of Government Ethics (Jan. 7, 2004)

cited in Docket 82 p. 6.  In addition, Defendant has clearly identified other documents outside of what the Government has produced.  For example, Defendant has filed hundreds of pages of attachments in support of his motion to dismiss, Dockets #32, 52 and 53.  None of these were produced to the Government through any discovery process.  Defendant likely has many others that were not filed, but were acquired in preparation of the Defense.  If any of these fall under the requirements of Fed. R. Crim. Pro. 16(b)(1)(A), Defendant must produce them to the Government immediately.

Moreover, Defendant has additional discovery obligations based upon Government's identification of the documents it intends to use at trial.  In United States v. Hsia, 2000 WL 195067, No. 98-0057 (PLF) (Jan. 21, 2000, D.D.C.), this Court laid out very specific requirements of reciprocal discovery obligations of a defendant.  In a strikingly similar situation to the instant case, Hsia refused to provide discovery arguing "that no material exists that she must provide to the government in discovery because (1) the only documents in her possession, custody or control are the same documents she received from the government in discovery." Hsia, 2000 WL 195067 at *1.  This Court rejected that argument completely, and ruled that:

> Rule 16(b)(1)(A) applies to all "books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant."Rule 16(b)(1)(A), Fed.R.Crim.P. Under the plain language of the Rule, defendant is required to turn over all such documents, regardless of their source or the means by which she came to possess them. The fact that the government already is in possession of the documents does not eliminate defendant's duty to disclose them. See, e.g., United States v. Lin Lyn Trading, Ltd., 911 F .Supp. 494, 498 (D. Utah 1996) (court ordered defendants to disclose the U.S. Customs rules, decisions and internal rulings that defendants intended to introduce or otherwise rely upon in their case-in-chief).

> Nor does the defendant satisfy her obligations under the Rule merely by providing the government with the thousands of pages of discovery she received from the government and stating that the documents upon which she intends to rely are found somewhere

3

> therein. Although the Rule does not specifically say that the parties must identify the specific documents upon which they may rely at trial, its purpose is to avoid surprise and gamesmanship; "it definitely contemplates reciprocity in the production of evidence that both parties intend to introduce in their case-in-chief at trial." United States v. Palumbo Bros., Inc., 1998 WL 67623 at *1 (N .D.Ill.), rev'd on other grounds,145 F.3d 850 (7 th Cir.), cert. denied,119 S.Ct. 375 (1998). See also United States v. Poindexter, 727 F.Supp. 1470, 1484 (D.D.C.1989) (a party may not take a "broad brush approach" to discovery, identifying "several thousand pages, any of which it 'may' rely on at trial"); United States v. Turkish, 458 F.Supp. 874, 882 (S.D .N.Y.1978) (government may not " 'bury[ ] the defendant in paper' by merely ⋯ making all of the documents available ⋯"). Defendant therefore is required to identify the documents she intends to use in her case-in-chief to the same extent that the government delineated the documents for its case-in-chief at defendant's request.

Hsia, 2000 WL 195067 at *1.  See also Andersen, ("the government's possession of documents that a defendant intends to use in the defendant's case-in-chief does not eliminate the defendant's duty to disclose those documents and identify them as such under Rule 16(b)(1)(A).").

The Court should not accept Defendant's excuse that he is unable to comply with the Rule "as of now" because he does not know what case the Government will put on in its case-in-chief.  Courts have consistently rejected this interpretation of discovery rules because accepting that excuse would eviscerate reciprocal discovery obligations.  In United States v. Ryan, 448 F. Supp. 810, 810-12 (S.D.N.Y.), aff'd, 594 F.2d 853 (2d Cir. 1978), cert. denied, 441 U.S. 944 (1979), the defense withheld production of documents that it intended to introduce only through the defendant if he testified because they had not yet decided whether the defendant would testify.  The court rejected that argument, holding that

> [w]hile the refusal to testify is constitutionally protected, the trial strategy determination is not so protected.  Since the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the request for reciprocal discovery if he wished to use the documents directly or refer to them while testifying.

Ryan, 448 F.Supp. at 811.

This Court confronted a similar topic in Andersen and ordered all materials to be identified to the other side if the use was planned prior to trial. Andersen, 416 F. Supp. 2d at 114-15. This Court required the identification of all evidence, including evidence to be used for refreshing recollection, impeachment and rebuttal, if the use "was planned in advance of trial." Id. Consequently, Defendant must identify all documents he intends to use in cross-examining Government's witnesses or what to put on in Defendant's case-in-chief.

On May 12, 2006, the Government will identify all of its exhibits to the Court and to the Defendant. The Government respectfully requests that the Court follow its previous ruling in Hsia and direct that Defendant to comply with Rule 16(b)(1)(A), provide reciprocal discovery immediately, and, by May 17, 2006, provide and identify with specificity the documents that the Defendant intends to use during his case-in-chief or in cross-examination of Government witnesses.

**Expert Discovery**

Under Federal Rule of Criminal Procedure 16(b)(1)(C), if a defendant requests disclosure under Rule 16(a)(1)(G) and the government complies, then at the government's request, the defendant must provide government a written summary of any testimony that his expert intends to use under Rules 702, 703, or 705. That summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. Pro. 16(b)(1)(C). In this case, Defendant specifically requested discovery concerning the Government's proposed expert witnesses as part of a comprehensive discovery demand dated September 26, 2005 at p. 3, ¶ 10. The Government has fulfilled its obligations under Rule 16(a)(1)(g) and has repeatedly requested expert discovery. Rule 16 specifically requires the

5

defendant to provide expert discovery once the government has fulfilled its discovery obligations.  See, e.g., United States v. Kanchanalak, 1999 WL 58547, No. Crim. 98-0241 PLF,.at *1 (D.D.C. 1999) (requiring reciprocal expert discovery).

Defendant has stated in a filing that he "anticipates" calling an expert witness to discuss the costs of the Scotland trip that Mr. Safavian attended with Mr. Abramoff.  See Docket 69 at p. 7 ("Mr. Safavian would contest any valuation that exceeds $3,100 and may present documentary evidence and testimony from experts establishing the historical retail price of comparable flights and package trips.").  Defendant stated in court on May 5, 2006, that he may call an expert witness to testify regarding the legal meaning of contracting terms "business" and "seeking to do business."  Through correspondence and in court, defense counsel has stated that they will not provide expert discovery because they have not made "a final determination regarding expert witness testimony."

Defendant's stated intention of "maybe" calling an expert witness is sufficient to trigger his discovery obligations even if he is not completely sure that an expert witness will be called.  In United States v. Jasper, 2003 WL 223212 at *4 (S.D.N.Y. 2003), the defense claimed that the Government's request for reciprocal discovery and summaries of expert witness testimony was "legally premature" because defense counsel had not yet decided whether to call the expert.  In Jasper, the court found that the possibility that the defendant's expert "may" be called was enough to trigger the disclosure obligation so that the Government would not be prejudiced by a late disclosure.  Jasper, 2003 WL 223212 at *4.   The court noted that "[a]llowing defendant to defer the provision of such discovery until a final determination regarding whether or not [to] put an expert witness on the stand would seem to frustrate" the goal of allowing the opponent a fair

opportunity to prepare his case.  Jasper, 2003 WL 223212 at *4.  Jasper also required that even if an expert report had not yet been prepared, the defendant was required to provide a written summary of testimony under Rule 16(b)(1)(C). Id. at *6.

Consequently, the Government respectfully requests that the Defendant fulfill his reciprocal expert discovery obligations outlined in Fed. R. Crim. P. 16(b)(1)(C) and provide a written summary of any expert testimony.

## Federal Rule of Criminal Procedure 26.2

In addition, the Government again requests production of all statements of any witness that defendant Safavian intends to call as a witness pursuant to Federal Rule of Criminal Procedure 26.2.  Although the court cannot order earlier disclosure of witness statements than that provided in the Jencks Act or Rule 26.2, see United States v. Percevault, 490 F.2d 126, 132 (2d Cir. 1974), nothing prohibits the Court from encouraging defense counsel to cooperate in the early production of witness statements.  For example, in United States v. Abrams, 539 F. Supp. 378, 390-91 (S.D.N.Y. 1982), the court, in granting the Government's request for the production of defense witness statements under Rule 26.2 "[r]ecogniz[ed] the similarities between [Rule] 26.2 and 18 U.S.C. § 3500" and "presume[d] the defendants will agree to produce its 26.2 statements" a day prior to the witness' testimony, just as the Government had offered to do with its witnesses. Abrams, 539 F. Supp. 390-91.

In this case, the Government will produce its Jencks materials seven days prior to trial on May 15, 2006.  Considering there are two days planned for jury selection, the Government is providing Jencks statements nine days in advance of the Government's first witnesses.  The Government requests production of Defendant's Rule 26.2 statements under a similar time frame -

nine days prior to Defendant's first witness testifying. Because the Government's case-in-cief is currently scheduled to last approximately four days and jury selection will last two days, the Government requests Rule 26.2 statements from the Defendant three days prior to trial, May 19, 2006.

## CONCLUSION

For the foregoing reasons, Government respectfully requests the Court require Defendant to fulfill its reciprocal discovery obligations.

Respectfully submitted,

/s/ Nathaniel B. Edmonds
NATHANIEL B. EDMONDS
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice
The Bond Building
10th and Constitution, NW
Washington, DC 20005
202-307-0629

/s/ Peter R. Zeidenberg
PETER R. ZEIDENBERG
Trial Attorney, Public Integrity Section
Criminal Division
United States Department of Justice
The Bond Building
10th and Constitution, NW
Washington, DC 20005
202-514-2042

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2006, a copy of the foregoing was served on the following counsel by electronic service to:

>Barbara Van Gelder, Esq.
>Wiley Rein & Fielding
>1776 K Street NW
>Washington, DC 20006
>Tel: 202-719-7032
>Facsimile: 202-719-7049

>/s/ Nathaniel B. Edmonds
>NATHANIEL B. EDMONDS
>Trial Attorney
>Fraud Section, Criminal Division
>United States Department of Justice