# ATTACHMENT A

 **Wiley Rein & Fielding** LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE  202.719.7000
FAX      202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE  703.905.2800
FAX      703.905.2820

www.wrf.com

September 26, 2005

Barbara Van Gelder
202.719.7032
bvangeld@wrf.com

**VIA E-MAIL & OVERNIGHT COURIER**

Peter Zeidenberg
Nathaniel B. Edmonds
Public Integrity Section
United States Department of Justice
1400 New York St. NW
Suite 12100
Washington, DC 20005

Re:    David H. Safavian     *NATE & PETER*

Dear Messrs. Edmonds and Zeidenberg:

Since we have a Preliminary Hearing set for October 7, 2005, WRF LLP, acting on behalf of our client, David H. Safavian, requests expedited release of the following materials and information, which are discoverable pursuant to Fed. R. Crim P. 12 and 16:

**STATEMENTS**

　　　1.　　　Please produce all oral, written or recorded statements of David Safavian. This request includes, but is not limited to, all statements made by Mr. Safavian and contained in communications to any member of the Department of Justice ("Department"), Federal Bureau of Investigation ("FBI"), the General Services Administration ("GSA"), the Inspector General's Office of the General Services Administration ("IG"), Members of Congress including, but not limited to, the Senate Committee on Government Affairs and the Senate Committee on Indian Affairs ("Congress"), and the Office of Management and Budget ("OMB").

　　　2.　　　The request for statements of Mr. Safavian also includes any statements of Mr. Safavian obtained from the government or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government. We also request the substance of any statements that the government intends to offer in evidence at trial, any response by Mr. Safavian to questioning or interrogation and the circumstances of such communications, the substance of any oral statements contained in handwritten or typed notes or documents of any government agent, any statements that may have been given by Mr. Safavian in

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 2

response to any <u>Miranda</u> warnings, and any other statements that are discoverable under, <u>inter alia</u>, Fed. R. Crim. P. 16(a)(1)(A).

## DOCUMENTS, PHOTOGRAPHS, TANGIBLE OBJECTS, ETC.

3.      Please produce all statements, reports, and documents of the Department, FBI, GSA, IG, Congress, and OMB. This request includes the identities and statements of each and every current and former officer, employee, counsel, and/or agent of the Department, FBI, GSA, IG, Congress, and OMB that the government contends either: (i) was, at the time of making the statement, so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant in respect to the subject of the statement; or (ii) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant with respect to the alleged conduct in which the person was involved. This request specifically includes the complete files of the GSA ethics opinion and internal investigation referenced in the Criminal Complaint.

4.      Please produce all documents, photographs, books, papers, data, and tangible objects within the possession, custody, or control of the United States that: (i) are material to the preparation of Mr. Safavian's defense; and/or (ii) are intended for use by the government as evidence; and/or (iii) were obtained from or belong to the Department, FBI, GSA, IG, OMB, Congress, or David Safavian. This request specifically includes the complete files of the GSA ethics opinion and internal investigation. In addition, this request includes all emails in the government's possession which relate to the allegations contained in the Criminal Complaint.

5.      Please produce all other information that includes, but is not limited to: (i) all photographs, videotapes, field notes, reports, or other records of any and all visits made by government agents to any GSA, OMB, IG, or Congressional facility; and (ii) all records, documents, photographs or other images, videotapes, field notes, or other written or recorded materials relating to the Criminal Complaint.

6.      Please provide us, in a segregated manner, the documents and other information that the United States intends to use as evidence at trial, specifically including, but not limited to, all of the individual documents, statements, and reports identified in the Criminal Complaint.

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 3

7.      Please provide all documents, arrest reports, incident reports, notes, radio runs or radio communications, surveillance tapes or communications, or any other documents or oral communications that relate to any government communications with Mr. Safavian, or observations of him.

8.      Please disclose evidence seized as a result of any search, with or without a warrant, in relation to this case. See Fed. R. Crim. P. 16(a)(1)(C). Please provide a copy of all documentary or witness subpoenas, including all responses if applicable, that relate in any way to the investigation.

9.      Please provide reports of all reports of examinations or testing pursuant to Fed. R. Crim. P. 16(a)(1)(F).

10.     Please provide a written summary of any expert testimony that the government intends to use during its case in chief at trial, describing the expert witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications, pursuant to Fed. R. Crim. P. 16(a)(1)(G).

## BRADY REQUESTS

11.     A general Brady request is made. See Brady v. United States, 373 U.S. 83 (1963). Also, please provide us with all exculpatory documents, materials, and information, as required by Brady. Exculpatory information should be provided even if it is information that: (i) has never been reduced to writing; (ii) the government believes to be untrue; and/or (iii) is derived from a statement that has since been retracted or changed. Please provide all information, including but not limited to, correspondence, responses to same, delivery receipts, correspondence logs, telephone logs and/or computer records, regarding communications between the Department, FBI, GSA, IG, OMB, Members of Congress including the Senate Committees, and any other U.S. government agency to secure information regarding Mr. Safavian, or any potential alleged co-conspirator, regardless of whether it was made informally or orally.

12.     Mr. Safavian specifically requests all material, including all documents, statements, law enforcement or government reports, investigative reports, witness interviews, law enforcement notes, electronic or video recordings and tangible evidence, in the possession of the government or known to the government, which are arguably favorable to Mr. Safavian or which may lead to

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 4

arguably favorable material on the issue of guilt and/or which affects the credibility of the government's case, whether or not technically admissible in court. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused.  See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

a.     **Impeachment Evidence**

13.     Please provide us with all documents, materials, and information that could serve to impeach or cast doubt upon the credibility of government witnesses or the government's version of events, as required by Giglio v. United States, 405 U.S. 150 (1972), and its progeny, including Kyles v. Whitley, 514 U.S. 419 (1995).

14.     Please provide all impeachable convictions of all government witnesses.  We request the arrest and conviction records and juvenile adjudications for each witness the government intends to call in this matter.  We also request that the government disclose any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction.

15.     We request the jurisdiction, venue, disposition, and nature of all criminal charges (1) now pending involving any person to be called as a government witness, or (2) which have been concluded involving any person to be called as a government witness.  Please disclose any evidence that any prospective witness, including law enforcement agents, is under investigation by federal, state or local authorities for any criminal conduct.  Please disclose all evidence of any administrative, employer, or other proceeding against any government witness, that may bear upon credibility or truthfulness, whether or not the proceeding resulted in a sanction.

16.     Please provide all documents, interview memoranda or other reports or notes that contain information that arguably may contradict or be inconsistent with any evidence or testimony the government intends to admit at trial.  This request shall include all prior inconsistent, or non-corroborative, statements of witnesses or individuals who were interviewed.  This request also includes any oral or written statements, amended statements, retractions, and the like, of witnesses who changed their statements in any way.

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 5

### b.     Evidence Affecting A Witness' Abilities

17.     Please provide all documents, or any other evidence, including medical, psychiatric or substance abuse evaluations, that tend to affect any possible witness' ability to remember, communicate, perceive, or tell the truth.

### c.     Evidence of Bias or Motive to Lie

18.     Please provide all information tending to show bias for the government or against the defendant. This request includes any evidence that a prospective witness has a motive to falsify or alter his or her testimony.

19.     Please provide all information known to the government that could adversely affect a witness' credibility, reliability, veracity, or bias.

20.     Please provide the name and contact information for all witnesses interviewed by the government that may give evidence that may reflect adversely on the credibility, reliability, veracity or bias of any government witness.

21.     Pursuant to Giglio v. United States, 405 U.S. 150 (1972), please provide all statements and/or promises (express or implied) made to any government witness in exchange for his or her testimony in this case, and any other information that could potentially be used for the impeachment of a government witness.

### d.     Cooperating Witnesses

22.     Please provide all information concerning any cooperating witnesses involved in the investigation, including the identification and location of any such individuals. See, e.g., Rovario v. United States, 353 U.S. 53 (1957).

23.     Please provide any plea agreements, offers, immunity discussions, forbearance of charges, preferential treatment, benefits, promises, statements, expenses, payments, communications, or other documents, relating in any way to any government witness.

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 6

## ADDITIONAL REQUESTS

24.     Please advise us when you are willing to provide us with all documents, material, and information pursuant to the Jencks Act. 18 U.S.C. §3500.

25.     Pursuant to Fed. R. Evid. 404(b), please provide disclosure of all other crimes, wrongs, and/or acts that the United States may seek to use against Mr. Safavian.

26.     Please provide disclosure if you possess any information required by 18 U.S.C. § 2518(10)(a) to be disclosed to Mr. Safavian, and advise us whether you will consent to disclosure of all intercepted communications not provided to us pursuant to other requests contained in this letter.

27.     Please provide us with all records, documents and information relating to any and all ethics opinions, accounting receipts, applications for official action from the GSA, or evaluations of such applications by the GSA or OMB that are in the possession of the Department of Justice or the FBI.

28.     Other than the arrest in this case, it is our understanding that Mr. Safavian has no prior criminal record.  If the government disagrees, Mr. Safavian requests that the government provide a copy of Mr. Safavian's criminal record including arrests, prior convictions, dates, specific jurisdictions, case numbers, and dispositions.  See Fed. R. Crim. P. 16(a)(1)(B).

Please understand that all of our requests seek not only documents and information in the possession, custody, or control of your office (and the files of the grand jury that investigated this matter), but also are written to request the production of all responsive documents and/or information in the possession, custody, or control of the Department of Justice, the FBI, and all other government agencies that have participated or assisted in the consideration or evaluation of the issues that are the subject of the Criminal Complaint or that have participated in the investigation of defendant.  See, e.g., United States v. Bryan, 868 F.2d 1032, 1035-36 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

Please further understand that all requests for statements described above are intended to seek statements in any form whatsoever, including, but not limited to, FBI 302's, notes of interviews and/or conversations, rough notes, grand jury

Peter Zeidenberg
Nathaniel B. Edmonds
September 26, 2005
Page 7

testimony, tape recordings and/or transcriptions, electronic surveillance tapes, photographs and images, and all relevant writings. These requests also should be deemed to request accurate disclosure of the substance of any responsive oral statements to the fullest extent such disclosure is required or permitted by law, rule, or court decision, whether or not any such statements were ever recorded in writing or by other means.

Finally, Mr. Safavian expressly requests that the government preserve any and all documents, including rough notes, whether or not the government deems them discoverable at this time. These discovery requests are on-going, and we request that the government immediately provide any additional responsive information that is later obtained.

Sincerely,

Barbara Van Gelder
Counsel for David Safavian

# ATTACHMENT B



**U.S. Department of Justice**

Criminal Division

_Washington, D.C. 20530_

February 28, 2006

**BY FACSIMILE AND MAIL**

Barbara Van Gelder, Esq.
Rod Thomas, Esq.
1776 K Street NW
Washington, DC 20006
Fax: 202-719-7049

      **RE:** _**United States v. David H. Safavian**_, **Crim. No. 05-370**

Dear Biz,

      This letter is to formally advise you of the government's request for reciprocal Rule 16 discovery. Having provided to the defense all materials required by law, we hereby request the opportunity to:

- Inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if the item is within the defendants' possession, custody, or control, and the defendants' intend to use the item in their case-in-chief at trial.

- Inspect, and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiments if the item is within the defendants' possession, custody, or control, and the defendants' intend to use the item or call the witness who prepared the report and the report relates to the witness's testimony. This should include any written reports of interviews, as well as tape recordings of witnesses.

      If you have any questions regarding this request, please feel to give us a call.

                                Sincerely,

                                Peter R. Zeidenberg
                                Trial Attorney, Public Integrity Section

# ATTACHMENT C



Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE   202.719.7000
FAX       202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE   703.905.2800
FAX       703.905.2820

www.wrf.com

April 18, 2006

Barbara Van Gelder
202.719.7032
bvangelder@wrf.com

**VIA EMAIL AND FIRST CLASS MAIL**

Peter Zeidenberg
Nathaniel Edmonds
United States Department of Justice
1400 New York St. NW
Suite 12100
Washington, DC 20005

Re:     GSA-OIG Report and Other Discovery Matters

Dear Messrs. Zeidenberg and Edmonds:

Your Motion in Limine to Exclude Improper Evidence Attacking the Credibility of a Government Witness refers to a GSA-OIG report discussing personal and potentially embarrassing information about a government witness. ("GSA-OIG Report"). Since we do not have a copy of this report, we are unable to properly respond to your motion.

We also ask that you provide a copy of any other investigation reports on any prospective witnesses. Not only are these materials necessary for a proper response to your motion, but they are also responsive to previous discovery requests. On September 26, 2005, we requested discovery of all documents, materials, and information within the possession of the government that could constitute evidence favorable to Mr. Safavian within the meaning of Brady v. Maryland, 373 U.S. 83 (1963). We also requested all documents, materials, and information that could serve to impeach or cast doubt upon the credibility of government witnesses, as required by Giglio v. United States, 405 U.S. 150 (1972), including, but not limited to, evidence of any administrative, employer, or other proceeding against any government witness.

The GSA-OIG Report is responsive to these requests. Judge Friedman has ruled that Brady obligates the government to disclose all favorable evidence before trial, including evidence "that could be used to impeach a prosecution witness. Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure." United States v. Safavian, Case No. 05-370, Slip Op. at 9-10 (Dec. 23, 2005).

The government must produce Brady material "in sufficient time for the defendant to use the favorable material effectively in the preparation and

Wiley Rein & Fielding LLP

Peter Zeidenberg
April 18, 2006
Page 2

presentation of its case." <u>United States v. Ramirez</u>, 54 F. Supp. 2d 25, 32 (D.D.C. 1999). Obviously, to use the GSA-OIG Report "effectively," we must have a copy of it, as well as the context and background information on that witness, in time for a response to your motion to exclude it.

Your April 12, 2006 letter suggests that I am unwilling to stipulate to any documents. That assumption, as we say in the business, is not in evidence. As our April 14th Motion to Deny certifications indicates, I am unwilling to embark in a wholesale authentication of evidence that has never been produced. There are legitimate business and public records that I assume you will want to admit in your case-in-chief. If you provide a specific list of bates numbers, I will review them this week.

With respect to our Rule 16 obligations, so far the only material we have gathered from sources other than your production has been the one page document we received from the Senate pursuant to the Rule 17(c) subpoena. If we get anything else during our trial preparation, we will forward it to you forthwith. Finally, we have not made a final determination regarding expert witness testimony. The decision will be made, in part, in response to the Court's rulings on our dispositive and in limine motions.

Sincerely,

Barbara Van Gelder



Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE 202.719.7000
FAX 202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE 703.905.2800
FAX 703.905.2820

www.wrf.com

April 18, 2006

Barbara Van Gelder
202.719.7032
bvangelder@wrf.com

**VIA EMAIL AND FIRST CLASS MAIL**

Peter Zeidenberg
Nathaniel Edmonds
United States Department of Justice
1400 New York St. NW
Suite 12100
Washington, DC 20005

Re:    GSA-OIG Report and Other Discovery Matters

Dear Messrs. Zeidenberg and Edmonds:

Your Motion in Limine to Exclude Improper Evidence Attacking the Credibility of a Government Witness refers to a GSA-OIG report discussing personal and potentially embarrassing information about a government witness. ("GSA-OIG Report"). Since we do not have a copy of this report, we are unable to properly respond to your motion.

We also ask that you provide a copy of any other investigation reports on any prospective witnesses. Not only are these materials necessary for a proper response to your motion, but they are also responsive to previous discovery requests. On September 26, 2005, we requested discovery of all documents, materials, and information within the possession of the government that could constitute evidence favorable to Mr. Safavian within the meaning of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). We also requested all documents, materials, and information that could serve to impeach or cast doubt upon the credibility of government witnesses, as required by <u>Giglio v. United States</u>, 405 U.S. 150 (1972), including, but not limited to, evidence of any administrative, employer, or other proceeding against any government witness.

The GSA-OIG Report is responsive to these requests. Judge Friedman has ruled that <u>Brady</u> obligates the government to disclose all favorable evidence before trial, including evidence "that could be used to impeach a prosecution witness. Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure." <u>United States v. Safavian</u>, Case No. 05-370, Slip Op. at 9-10 (Dec. 23, 2005).

The government must produce <u>Brady</u> material "in sufficient time for the defendant to use the favorable material effectively in the preparation and

Wiley Rein & Fielding LLP

Peter Zeidenberg
April 18, 2006
Page 2

presentation of its case." United States v. Ramirez, 54 F. Supp. 2d 25, 32 (D.D.C. 1999). Obviously, to use the GSA-OIG Report "effectively," we must have a copy of it, as well as the context and background information on that witness, in time for a response to your motion to exclude it.

Your April 12, 2006 letter suggests that I am unwilling to stipulate to any documents. That assumption, as we say in the business, is not in evidence. As our April 14th Motion to Deny certifications indicates, I am unwilling to embark in a wholesale authentication of evidence that has never been produced. There are legitimate business and public records that I assume you will want to admit in your case-in-chief. If you provide a specific list of bates numbers, I will review them this week.

With respect to our Rule 16 obligations, so far the only material we have gathered from sources other than your production has been the one page document we received from the Senate pursuant to the Rule 17(c) subpoena. If we get anything else during our trial preparation, we will forward it to you forthwith. Finally, we have not made a final determination regarding expert witness testimony. The decision will be made, in part, in response to the Court's rulings on our dispositive and in limine motions.

Sincerely,

Barbara Van Gelder

# ATTACHMENT D



**U.S. Department of Justice**

Criminal Division

_Washington, D.C. 20530_

April 19, 2006

**BY ELECTRONIC MAIL**

Barbara Van Gelder, Esq.
Roderick Thomas, Esq.
Albert Lambert, Esq.
1776 K Street NW
Washington, DC 20006

**RE:** _United States v. David H. Safavian_, **Crim. No. 05-370**

Dear Ms. Van Gelder, Messrs. Thomas and Lambert:

We write in response to your letter of April 18, 2006 regarding the GSA-OIG report on Mr. McKenna, as well as our request for stipulations. This letter is also another formal request for reciprocal discovery.

<u>GSA-OIG Report on Mr. McKenna</u>

We do not intend to provide you a copy of the GSA-OIG report regarding Mr. McKenna at this time. As GSA's former chief of staff, we understand that Mr. Safavian would have full knowledge of the substance of the allegations against Mr. McKenna even if he does not have possession of the GSA-OIG report. As noted in our motion in limine, we will provide the GSA-OIG report to the Court upon request. If the Court reviews it and determines that it is discoverable, we will then turn it over to you. We would, however, disagree with your characterization of the report as <u>Brady</u> material. If anything, the GSA-OIG report is potentially <u>Giglio</u> material. However, as laid out in our motion-in-limine, we don believe the substance of the allegations are a proper basis for inquiry into credibility.

Stipulations:

As noted in our previous letter, we had not heard anything from you regarding our request for stipulations. If you are interested in stipulations in return for our providing you early Jencks material, we would ask that you stipulate to a number of different items provided to you in the course of discovery.

1. We would request that you stipulate to the <u>authenticity</u> of all of the emails provided to you in the course of discovery. Note we are not requesting a stipulation to the <u>admissibility</u> of the e-mails. Obviously you would still reserve the right to object to their admissibility based on other factors, such as hearsay or relevance.

2. We would also request that you stipulate to admissibility of the business records that we have provided 902(11) certifications or foreign records certifications.

3. We would also ask you to stipulate to the authenticity of the photographs produced to you during discovery. You would still reserve the right to object to their admissibility based on other factors, such as relevance.

Reciprocal Discovery Obligations:

In a letter dated, February 28, 2006, the Government formally requested reciprocal discovery. In a letter dated March 12, 2006, we stated that we assumed that you were not providing any tangible evidence because you had not responded to our requests for reciprocal discovery. If you anticipate introducing any tangible evidence, regardless of its source, we respectfully request that you make such a disclosure. On April 18, 2006, we received your response stating that you have acquired only one page of materials outside of our production and that you have not yet determined whether you would call an expert witness. Consequently, you

2

are not providing the government with any additional discovery at this time.

Federal Rule of Criminal Procedure 16(b) defines in very specific terms a defendant's obligation to provide reciprocal discovery to the Government. The purpose of the rule is to ensure that discovery is "a two way street." United States v. Stackpole, 811 F.2d 689, 697 (1st Cir. 1987). See also United States v. Hsia, 2000 WL 195067, No. 98-0057 (PLF) (Jan. 21, 2000, D.D.C.) (discussing "reciprocity" of discovery obligations and noting the obligation of the defense to identify evidence it intends to introduce at trial even if documents were originally provided by the government in discovery). The rules provide that if a defendant requests discovery from the Government and the request is complied with,[1] the defense "must" permit the Government:

> to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
> (i) the item is within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. Pro. 16(b)(1)(A).

Rule 16 mandates that the defense "must" provide the Government with the qualifications of any expert witness it intends to present at trial and a "written summary" of any testimony that his expert intends to use under Rules 702, 703, or 705. Under Federal Rule of Criminal Procedure 16(b)(1)(C), that summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. Pro. 16(b)(1)(C).

---

[1] The Government has provided to the defense copies of all documents and other tangible evidence in its possession that it intends to use at trial or which is material to the defense. As identified in our letter of April 14, 2006, we continue to receive discovery from third parties, and we make these available to you as quickly as possible. We are producing to you additional discovery materials in a separate letter dated April 19, 2006.

You specifically requested discovery concerning the Government's proposed expert witnesses as part of a comprehensive discovery demand dated September 26, 2005 at p. 3, ¶ 10. As previously communicated, the Government will not be calling any expert witnesses at trial.

In our March 12, 2006 letter we stated that we assumed that you were not planning on using any expert witnesses because you had not responded to our requests for expert discovery. Consequently, we were surprised when you stated in your Motion in Limine filed April 14, 2006, that you were anticipating calling an expert witness to discuss the costs of the Scotland trip that Mr. Safavian attended with Mr. Abramoff.  See Docket 69 at p. 7 ("Mr. Safavian would contest any valuation that exceeds $3,100 and may present documentary evidence and testimony from experts establishing the historical retail price of comparable flights and package trips."). Although your April 18, 2006 letter stated that you have not made "a final determination regarding expert witness testimony," we believe that your discovery obligations would include providing us expert information if you anticipate that you will use an expert witness at trial even if you have not made a final determination.  See, e.g., United States v. Anderson, 416 F. Supp. 2d 110 (D.D.C. 2006) (discussing the reciprocity of defendant and government discovery obligations and noting that documents not identified pre-trial could be prohibited from introduction at trial if the use was planned in advance of trial).  Consequently, we respectfully request that you fulfill your discovery obligations and provide a written summary of any testimony that this expert witness intends to use.

4

We look forward to hearing from you on these issues.

Sincerely,

___/s/ Nathaniel B. Edmonds___
Nathaniel B. Edmonds
Trial Attorney, Fraud Section

___/s/ Peter R. Zeidenberg_____
Peter R. Zeidenberg
Trial Attorney, Public Integrity Section

5