# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES of AMERICA,** | |
| **v.** | |
| **DAVID HOSSEIN SAFAVIAN,** | **Criminal No. 05-370 (PLF)** |
| **Defendant** | |

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO COMPEL

Defendant David H. Safavian, by and through counsel, hereby submits this response to the government's motion for an order compelling reciprocal discovery.

### Reciprocal Discovery

The government has requested that the defendant produce documents and other information under the reciprocal discovery obligations of Fed. R. Crim. Pro. Rule 16(b)(1). The government is correct that the only information that the defendant has produced pursuant to Rule 16(b)(1) is the one page document received from the Senate investigator. We provided the government that document the day the defense received it. The rest of the documents within the defendant's possession, custody, or control have come from two sources: the government's own production and publicly available information such as the legal documents and opinions attached to its Motion to Dismiss. See Gov't Motion to Compel at 2 (referring to Jan. 7, 2004 Office of Government Ethics Letter and Exhibits to Docket #s 32, 52, and 53).

The reason the defense has not provided the government with its own documents is not a matter of stratagem but of resources. The government has produced thousands of pages of documents, including some information (e.g. disks containing 67,000 archived copies of e-mails), that could not be reviewed without the aid of an outside forensic document service. None

of the approximately 83,000 documents produced by the government have been accompanied by an index or segregated by subject matter. The review process has been costly and labor intensive, and it is also ongoing. For example, recently when the government made its request to admit various documents pursuant to Fed. R. Evid. 902(11), it merely referenced the bates-numbers of the documents it sought to be admitted; leaving the defense to cull through thousands of pages of documents to correlate the actual documents to the proffered certifications.

We would also note that the government has asked the defense to identify cross-examination materials in furtherance of its case before it has provided the defense with their witness list[1] or cross-examination and impeachment materials requested under <u>Giglio v United States</u>, 405 U.S. 150 (1975), and its progeny, including <u>Kyles v. Whitley</u>, 115 S. Ct. 1555 (1995). Of course at this stage, the defense cannot be held to a final determination of documents it will use to cross-examine government witnesses. See <u>United States v. Wilson</u>, 160 F.3d 732, 742 (D.C.Cir. 1998) (noting that the Government must provide impeachment-styled information concerning government witnesses in time for defendants to make use of it); <u>United States v. Hsia</u>, 2000 WL 195067, *2 (D.D.C. 2000) (Friedman, J.) ( "[I]f the defendant uses a document merely to impeach a government witness, and not as affirmative evidence in furtherance of her theory of the case, it is not part of her case-in-chief. Indeed, unlike affirmative evidence presented to support her defense, she may not even know she may need to use such impeaching material until after she hears the direct testimony of the witness."); <u>see also</u>, <u>United States v. Young</u>, 248 F.3d 260, 269-70 (4th Cir. 2001) (affirming district court's conclusion that Rule 16(b)(1)(A) encompasses "evidence in chief" but not evidence used merely for impeachment).

---

[1]     See <u>United States v. Andersen</u>, 416 F.Supp.2d 110, 115 (D.D.C. 2006) (Friedman, J.) ("In short, for the intended reciprocity to be effectuated, the government must identify what it intends to rely on in its case-in-chief at trial *before the defendant* must identify what he intends to rely on in his.") (emphasis added).

If the defendant seeks to affirmatively admit evidence in his case-in-chief, it would come from the above-referenced, publicly available documents and documents received from the government during discovery.  Hence, there is no genuine danger of trial surprise in this instance.  Nevertheless, going beyond its obligations under Rule 16(b)(1), today the defense will produce to the government bates copies of any documents it has independently gathered, and even though the government has not yet established its evidence, specific references to documents from the government's production that it may use in furtherance of its case-in-chief.

## Expert Witness

The government also requests, pursuant to Fed. R. Crim. P. 16(b)(1)(C), reciprocal discovery concerning the defendant's witness.  As defense counsel mentioned during to the Court on May 5, 2006, the defendant is not holding back information.  The defense has previously been unable to find a suitable expert.  Today, we have informed the government that the defendant will call Anthony H. Anikeeff, a partner at Bracewell and Guilani as an expert witness with regard to the specialized field of contracting with the government, including the GSA.  We have also provided the government with Mr. Anikeeff's biography and a summary covering the scope of his expected testimony.

## Federal Rule of Criminal Procedure 26.2

The government asks the Court to order the defendant to produce witness statements "relat[ing] to the subject matter concerning which the witness has testified."  Fed. R. Crim. P. 26.2.  This is simple.  The defense does not have any witness statements, other than the government's 302s.  In all candor, most of the witnesses on the list are represented by counsel who have not allowed us to talk to their clients.  Others are government employees who have also declined our request for an interview.  Moreover, as the government counsel has previously

maintained with respect to its interview notes (e.g. Messrs. Abramoff and Parker), any notes of conversations with a potential witness, or his/her counsel, taken by Mr. Safavian's attorney would be considered attorney work product and not subject to production under Rule 26.2  In any event, the defense does not have any witness statements to produce at this time.

### **<u>Conclusion</u>**

For the reasons stated herein, Defendant David H. Safavian requests that the Court deny the United States' Motion to Compel as moot.

Respectfully submitted,

WILEY REIN & FIELDING LLP

By: /s/ Barbara Van Gelder

Barbara Van Gelder, Esq.
Roderick L. Thomas, Esq.
Albert Lambert, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC  20006
TEL: 202.719.7032
FASCIMILE: 202.719.7049

Attorneys for David H. Safavian

Dated: May 12, 2006