UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| **DAVID HOSSEIN SAFAVIAN** | : | |
| | : | |
| **Defendant** | : | |

**GOVERNMENT'S REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY (Docket #92)**

The United States of America, by and through its undersigned attorneys, hereby respectfully submits this Reply in Support of Government's Motion to Compel Reciprocal Discovery (Docket # 92). On May 12, 2006, Defendant provided reciprocal discovery and stated for the first time that he intended to call an expert witness. Defendant, however, has not complied with expert discovery obligations under Fed. R. Crim. P. 16(b)(1)(C).

**Obligations under Fed. R. Crim. P. 16(b)(1)(C)**

Contrary to Defendant's assertions in Docket #93, Defendant has failed to fully comply with all the reciprocal discovery requirements related to expert witnesses. Fed. R. Crim. P. 16(b)(1)(C) requires that:

> The defendant must, at the government's request, give to the government a **written summary of any testimony** that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial....
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

(Emphasis supplied). The Advisory Committee Notes (1993) provide some details regarding the extent of the expert discovery obligations that are of particular relevance in this case:

> [Rule 16] requir[es] disclosure of the intent to rely on expert opinion testimony, what the testimony will consist of, and the bases of the testimony.... The amendment is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.... The amendment is intended to meet this need by first, requiring notice of the expert's qualifications which in turn will permit the requesting party to determine whether in fact the witness is an expert within the definition of Federal Rule of Evidence 702.
>
> Second, the requesting party is entitled to a **summary of the expected testimony**. This provision is intended to permit more complete pretrial preparation by the requesting party. For example, this should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion.
>
> Third, and perhaps most important, the requesting party is to be provided with a **summary of the bases of the expert's opinion.**... [T]he amendment requires a summary of the bases relied upon by the expert. That should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts.

Fed. R. Crim. P. 16 (Advisory Committee Notes 1993) (emphasis supplied).

<div align="center"><b><u>Defendant's Disclosures</u></b></div>

The information that Defendant has provided regarding his proposed expert witness consists of: 1) a short paragraph in the Response to the Motion to Compel (Docket #93); 2) reference to his web-site biography (Attachment A); and 3) a Powerpoint presentation that the Witness has recently presented.  (Attachment B).  This information falls woefully short of Defendant's discovery obligations under Rule 16.

Defendant's discussion in Docket 93 sheds no light on what the actual **testimony** will be. Defendant writes:

> [W]e have informed the government that the defendant will call Anthony H. Anikeeff, a partner at Bracewell and Guilani as an expert witness with regard to the specialized field


>of contracting with the government, including the GSA. We have also provided the government with Mr. Anikeeff's biography and a **summary covering the scope of his expected testimony.**

Docket 93, p. 3. (Emphasis supplied).

A review of Attachment B makes clear that Defendant has failed to provide the Government with a summary of the expert's trial testimony. The Powerpoint presentation does not provide the government notice of "whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion." Advisory Committee notes. Indeed, given what discovery has been provided, it is difficult - if not impossible - to understand how the "scope of his expected testimony" is either suitable expert testimony, under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 593-94 (1993),[1] or even relevant to the trial. None of the items listed in the Agenda of the powerpoint presentation, which is purportedly the summary of the "scope" of the expert testimony, appear even relevant to any issues at this trial:

>WHAT IS THE "FEDERAL GOVERNMENT"?
>WHY DO BUSINESS WITH THE FEDS?
>SHOULD WE DO BUSINESS WITH THE FEDS?
>IS DOING BUSINESS WITH THE FEDS DIFFERENT THAN WITH OTHER
>    CUSTOMERS?
>HOW DO WE CAPTURE FED BUSINESS?
>WHAT DO WE DO ONCE WE GET FED BUSINESS?
>DO WE NEED ASSISTANCE TO SUCCEED?

---

[1] The Supreme Court has instructed trial courts that they must act as "gatekeepers" to ensure that inadmissible expert testimony does not reach the jury. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 593-94 (1993). It is the role of the trial court to ensure that expert evidence is both reliable and relevant. See id. at 589. The trial court's role as gatekeeper applies whether or not the proffered testimony is of a scientific nature. See Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). One of the factors that the gatekeeper court must consider is helpfulness. See United States v. Gibbs, 190 F.3d 188, 213 (3d Cir. 1999) (citing cases and holding that it was error to admit expert testimony about everyday phrases uttered by the defendant).

3

Attachment B, p. 2.  A full review of the PowerPoint does nothing to illuminate what this expert will testify regarding, or whether such testimony is relevant or even the proper subject of expert testimony.

### Conclusion

Based on the foregoing reasons, the Government seeks an order compelling the Defendant to fulfill its discovery obligations regarding expert witnesses and provide a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, which describes the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

    Respectfully submitted,

| | |
|---|---|
| /s/ Nathaniel B. Edmonds | /s/ Peter R. Zeidenberg |
| NATHANIEL B. EDMONDS | PETER R. ZEIDENBERG |
| Trial Attorney, Fraud Section | Trial Attorney, Public Integrity Section |
| Criminal Division | Criminal Division |
| United States Department of Justice | United States Department of Justice |
| 1400 New York Ave, NW | 1400 New York Ave, NW |
| Bond Building | Bond Building |
| Washington, DC 20005 | Washington, DC 20005 |
| Phone 202-307-0629 | Phone: 202-514-2042 |

CERTIFICATE OF SERVICE

     I hereby certify that on this 15th day of May, 2006, a copy of the foregoing was served on the following counsel by facsimile, electronic service and first class mail to:

        Barbara Van Gelder, Esq.
        Wiley Rein & Fielding
        1776 K Street NW
        Washington, DC 20006
        Tel: 202-719-7032
        Facsimile: 202-719-7049


_____
NATHANIEL B. EDMONDS
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice