UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal No. 05-0370 (PLF) |
| DAVID HOSSEIN SAFAVIAN, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Safavian's motion to exclude evidence of unalleged false statements, gratuities, bribery, or gifts from prohibited sources. Specifically, pursuant to Rule 104(a) of the Federal Rules of Evidence, the defendant asks the Court to exclude all evidence relating to the actual cost of the 2002 trip to Scotland, as well as any other evidence implicating gratuities, bribery or gifts from prohibited sources. The defendant argues that the government should not be able to present evidence of offenses not charged in the indictment, that the actual cost of the Scotland trip is not probative of the charges contained in the indictment, and that any such evidence would unfairly prejudice the defendant and confuse the jury.

The government responds that defendant's misrepresentations to the GSA Office of the Inspector General ("OIG") that he had fully reimbursed Jack Abramoff for the cost of the trip to Scotland was both untrue and constituted obstructive conduct. The government proffers that it will introduce evidence that the $3,100 that defendant paid for the Scotland trip was but a

small fraction of the cost of the trip and that he concealed the true cost from the GSA and from the Senate Committee. Furthermore, the government argues, since the actual cost was roughly four times what Mr. Safavian actually paid to Mr. Abramoff he had a strong motive to lie when he spoke to the ethics officer, the GSA-OIG and the Senate Committee staff. The government's position therefore is that evidence concerning the cost of the trip is not "other crimes" evidence under Rule 404(b) of the Federal Rules of Evidence but evidence that is inextricably intertwined with the charged offenses and therefore is independently admissible. Alternatively, it argues that it is other crimes evidence that goes to a central issue in this case -- namely, whether the defendant made false statements knowingly and willfully.

    The Court agrees with the government that its evidence concerning the cost of the trip to Scotland is inextricably intertwined with the charges set forth in the indictment. In Count 1, the defendant is charged with falsely stating to the GSA-OIG that he had paid Mr. Abramoff "for the total cost of the trip [to Scotland], including airfare, hotels and golf green fees" and that he provided the OIG with a $3,100 check made out to Mr. Abramoff and dated August 3, 2002, which is the date on which the chartered jet left for Scotland. See Indictment ¶ 25. The indictment further charges that the true cost of the Scotland trip was $130,000. Id. ¶ 21. Defendant's proportionate share therefore would be substantially more than $3,100. In Count 4 of the indictment, Mr. Safavian is charged with allegedly, providing with his letter to Senator McCain, Chairman of the Senate Committee on Indian Affairs, a copy of the same $3,100 check to Mr. Abramoff.

    The Court also agrees with the government that evidence of Mr. Abramoff's offers to Mr. Safavian of tickets to sporting events, free meals and golf outings is relevant and

integral to the crimes charged since the government alleges the ongoing concealment of the defendant's relationship with Mr. Abramoff in Counts 2, 3 and 5 of the indictment. These offers and the relationship they show between the two men furthermore go to the motive alleged by the government with respect to all counts. While there may be innocent explanations for all of this, that is a matter for cross-examination and counter-evidence which goes to weight, not admissibility. To the extent that this evidence becomes cumulative as the trial proceeds, or is presented in such a way as to confuse the issues in the case or waste the jury's time, the Court reserves its right to limit or exclude it. See Fed. R. Evid. 403, 611.

For these reasons, defendant Safavian's motion to exclude evidence of unalleged false statements, bribery or gifts from prohibited sources [Docket 69] is DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: May 17, 2006