UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                                        )
        v.                              )        Criminal No. 05-0370 (PLF)
                                        )
DAVID HOSSEIN SAFAVIAN,                 )
                                        )
                Defendant.              )
_____)

MEMORANDUM OPINION AND ORDER

On January 27, 2006, pursuant to its obligation under Rule 404(b) of the Federal

Rules of Evidence, the government provided written notice of its intent to introduce evidence of

other crimes, wrongs, or acts.  Fed. R. Evid. 404(b).  Specifically, the government seeks to

introduce evidence that the defendant, David Safavian, knew that TYCO was a lobbying client of

Jack Abramoff's and that, having learned through his official position at GSA that TYCO was

about to be suspended from doing business with the government, Mr. Safavian called

Mr. Abramoff and gave him advance warning of this fact.  The government also seeks to

introduce evidence that Mr. Safavian subsequently provided Mr. Abramoff with sensitive and

confidential information regarding internal GSA deliberations concerning the circumstances

surrounding the TYCO suspension, and that defendant Mr. Safavian suggested to Mr. Abramoff

certain arguments that TYCO should make when it appealed the suspension decision to GSA

officials.  This conduct on the part of Mr. Safavian allegedly took place in November 2003 and

thereafter.

The government submits that this evidence is relevant to show defendant's motive and intent in lying to the GSA ethics officer in July of 2002, in lying to the GSA Office of the Inspector General ("OIG") in the spring of 2003, and in lying to the Senate Committee staffers in February and March of 2005. The government also argues that this other crimes evidence would help establish that defendant's false statements on these occasions were not made by mistake or accident. This matter is now before the Court on defendant's motion in limine to exclude the government's proposed Rule 404(b) evidence.

The defendant is right, of course, that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith. But it is admissible under Rule 404(b) for other purposes, "such as proof of motive, opportunity, intent . . . or absence of mistake or accident." Fed. R. Evid. 404(b). Furthermore, in this Circuit, the Rule is viewed as one of inclusion rather than exclusion. United States v. Long, 328 F.3d 655, 660-61 (D.C. Cir. 2003); United States v. Cassell, 292 F.3d 788, 792 (D.C. Cir. 2002); United States v. Bowie, 232 F.3d 923, 930 (D.C. Cir. 2000).

The defendant argues that the TYCO evidence is not probative of any material issue in this case and that there is a temporal disconnect between the timing of the TYCO evidence and Mr. Safavian's representations to the GSA ethics officer and the GSA-OIG: the TYCO e-mails and communications in November 2003 were made approximately 16 months after Mr. Safavian sought the ethics opinion and over six months after the GSA-OIG closed its investigation. Defendant therefore maintains that there is no clear or logical connection between the TYCO evidence and the charged conduct. He also argues that even if the Court were to

-2-

conclude that the TYCO evidence was marginally probative of the offenses charged in the indictment, any such probative value is substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, [or] confusion of the issues . . . .").

The government has the burden of proving beyond a reasonable doubt that when the defendant made the allegedly false statements to the GSA and the Senate Committee, he did so "knowingly and willfully." His intent and motive, which are matters which usually can be proved only by circumstantial evidence, therefore are central to the government's case. Where intent, motive, knowledge, or absence of mistake or accident are at issue, the admission of Rule 404(b) evidence is particularly appropriate. See, e.g., United States v. Cassell, 292 F.3d at 793-95; United States v. Mitchell, 49 F.3d 769, 775 (D.C. Cir. 1995).

The defendant's ongoing relationship with Mr. Abramoff -- including the fact that he and Mr. Abramoff may have had a tacit understanding that the defendant would go to work with or for Mr. Abramoff when he left government -- certainly goes to motive and intent. Furthermore, evidence that Mr. Safavian was sharing internal, confidential GSA information with Mr. Abramoff at about the same time he was seeking the GSA ethics opinion or dealing with the GSA-OIG investigation about the truth or falsity of his statements to the GSA ethics officer would present a substantial motive for wanting to keep the true nature of his relationship and interactions with Mr. Abramoff secret. Such evidence would help a jury consider whether Mr. Safavian intended to -- or had a motive to -- make false statements to the GSA. In other words, the government persuasively suggests, it was not just the desire to go on a golfing trip to Scotland with Mr. Abramoff in 2002 or to cover up any wrongdoing associated with going on the

trip at that time that motivated the false statements, but also ongoing considerations regarding his relationship with Mr. Abramoff at the time of the investigations.

        The TYCO e-mails and correspondence surely are relevant to showing Mr. Safavian's motive and intent and the absence of mistake or accident with respect to Counts 4 and 5, relating to his interaction with the Senate Committee and its staff in February and March of 2005, after the communications between Mr. Safavian and Mr. Abramoff about TYCO.  In light of the TYCO correspondence, the jury could well conclude that Mr. Safavian's motive and intent were not pure and that he could not have been mistaken about what he intended to communicate to the Senate staff.  While the evidence post-dated the request for ethics advice and the GSA-OIG investigation, they still also may be relevant to showing Mr. Safavian's motive and intent with respect to Counts 1 through 3 of the indictment because it is one piece of the "pattern of unethical conduct" that the government argues was the ongoing motive for all of Mr. Safavian's allegedly deceptive behavior.  Government's Response to Defendant's Motions in Limine to Preclude Admission of 404(b) Evidence and to Exclude Evidence of Unalleged False Statements, Bribery, or Gifts from Prohibited Sources at 11.  While this kind of evidence may be "prejudicial" in the sense that it is harmful to the defendant's defense and the way he wishes to present himself to the jury, it is not the kind of evidence that is "unfairly prejudicial."  United States v. Cassell, 292 F.3d at 796 ("Virtually all evidence is prejudicial or it isn't material.  The prejudice must be 'unfair.'").

        The Court can only assess the actual prejudice of any particular piece of TYCO evidence -- whether documentary or testimonial -- or the cumulative effect of such evidence, and whether its prejudice "substantially outweighs" the probative value of the evidence, as the trial proceeds because the motions papers do not identity the specific evidence the government

-4-

intends to offer.  The jury, of course, will be instructed as to the limited purposes for which this

evidence is being admitted and directed not to consider the evidence for any other purpose.  It

may consider the evidence for whatever weight it thinks it legitimately deserves.[1]

       For the foregoing reasons, defendant's motion in limine to exclude the

government's proposed Rule 404(b) evidence [Docket 64] is DENIED.[2]

       SO ORDERED.


       /s/_____
       PAUL L. FRIEDMAN
       United States District Judge

DATE:  May 17, 2006

---

[1]    The government should draft a TYCO-specific Rule 404(b) limiting instruction for the Court's and defense counsel's consideration.

[2]    On or before noon on May 19, 2006, defense counsel may suggest a voir dire question with respect to TYCO if they so desire.