# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES of AMERICA,** | |
| **v.** | |
| **DAVID HOSSEIN SAFAVIAN,** | **Criminal No. 05-370 (PLF)** |
| **Defendant** | |

## PROPOSED JOINT JURY INSTRUCTIONS PURSUANT TO COURT MINUTE ORDER DATED MAY 15, 2006

The United States, by and through its attorneys, and Defendant David H. Safavian, by and through his attorneys, hereby submits the following proposed joint jury instructions pursuant to the Court's May 15, 2006 Minute Order (the "Order").

The parties have reached an agreement, reflected herein, on the following instructions as numbered in the Order: Instruction Two (Cautionary Instructions on Publicity); Instruction Three (Testimony of Immunized Witnesses); Instruction Four (Testimony of Witnesses With Plea Agreements); Instruction Five (Credibility of Witnesses – Reputation for Truth or Veracity); Instruction Eight (Jury to Have Considered Only This Defendant, Not Whether Others Have Committed Crimes); and Instruction Nine (Impermissible to Infer Guilt From Association).[1]

---

[1]    These joint jury instructions cover only those instructions addressed in the Order and are not meant to waive any requests for instructions or arguments the parties may have with respect to instructions not covered by the Order.  Specifically, the Defendant continues to request instructions set forth in its proposed jury instructions filed May 2, 2006 (Docket 87), at pages 3-5, 10-13, 15-26, 30, 34-42, 53, 60-61, 65-71. (these page references are to the actual page numbers in the documents, as opposed to the table of content page numbers, which are mis-numbered).

**The Government objects** to the instructions noted in this footnote.  As noted in its previous filing, the Government suggests the Court use the instructions as provided in Barbara E. Bergman, et al. Criminal Jury Instructions for the District of Columbia, (4th ed. 2004) (hereinafter "D.C. Crim.").

## (1) Summary of Charges and Elements (A Statement of the Case to be Read to the Jury)

## AGREED PROPOSED SUMMARY OF CHARGES

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an indictment on October 5, 2005. A United States Attorney[2] from the Department of Justice will present the evidence in support of the charges in the indictment.

The defendant David H. Safavian is the former Chief of Staff of the General Services Administration, known as "GSA." Mr. Safavian went on a golfing trip to Scotland with the lobbyist, Jack Abramoff, in August 2002. He has been charged with making false statements to and concealing information from GSA, the GSA's Office of Inspector General ("OIG"), and the United States Senate Committee on Indian Affairs. He has also been charged with obstructing investigations into the trip by OIG and the United States Senate Committee on Indian Affairs. The false statements and concealments he is alleged to have made relate to the activities of the lobbyist Jack Abramoff and Mr. Abramoff's actions with and interest in properties controlled by GSA at the time that Mr. Safavian was planning on attending the golfing trip to Scotland.[3]

---

[2]    **The Government suggests** "Trial Attorney from the Criminal Division of the United States Department of Justice." **The defendant believes** United States' Attorney is a standard and more neutral reference. T

[3]    Court's Voir Doire at 1. **The Government suggests** removing the temporal limitation by having the last sentence read: "The false statements and concealments he is alleged to have made relate to the activities of the lobbyist Jack Abramoff and Mr. Abramoff's actions with and interest in properties controlled by GSA." **The Defendant opposes** the Government's suggestion on the ground that the Court's Voir Doire is sufficient, and that the suggestion would be inaccurate, given that the last clause in each of its 18 U.S.C. § 1001(a)(1) Counts reads "when in truth and fact, as defendant SAFAVIAN well-knew, prior to the August 2002 Scotland trip Lobbyist A was seeking to lease or purchase GSA-controlled property." Indictment ¶¶ 29, 31, 40. **The Government objects**

## DEFENDANT'S PROPOSED SUMMARY OF CHARGES AND ELEMENTS[4]

Count One of the indictment charges Mr. Safavian with obstruction of justice with regard to a spring 2003 investigation conducted by OIG into whether Mr. Safavian violated any regulations by participating in the golf trip. The investigation closed on May 9, 2003, upon its conclusion that no violation had occurred. The Count alleges that the defendant falsely stated in connection with the investigation that Mr. Abramoff had no business with GSA and that he had paid Abramoff for the total cost of the trip to Scotland.[5]

Count Two charges the defendant with concealing material facts in connection with obtaining the GSA ethics opinion in July 2002.[6]

Count Three charges the defendant with concealing material facts during the course of the GSA-OIG investigation.[7]

Count Four charges obstruction of justice in connection with an investigation into allegations of misconduct by Mr. Abramoff by the Senate Committee on Indian Affairs in March 2005. It relates in part to statements allegedly made to the Committee with respect to Mr. Safavian's statements to the GSA ethics officer in July 2002.[8]

---

to the Defendant placing arguments in these instructions as the the Court's minute order asked not for arguments but only for the parties to "note in that single document in bold any areas where they still cannot agree."

[4]     **The Government contends** that no further instruction on the Counts is necessary in the Section on Summary of Charges.  Rather, the jury should be instructed as to the elements of specific offenses as described infra at pages 24-33 of this document.

[5]     Indictment at ¶25.

[6]     Indictment at ¶29.

[7]     Indictment at ¶31.

[8]     Indictment at ¶¶36-37.

Count Five alleges that Mr. Safavian made false statements to the Committee to the effect that Mr. Abramoff did not have any business with GSA at the time of the trip to Scotland, that Mr. Safavian provided documentation to the Committee containing false statements (his e-mail to the GSA ethics officer), and that he concealed Mr. Abramoff's business relationships with GSA.[9]

The elements of the false statement charges pertaining to alleged concealment that must be proven beyond a reasonable doubt in Counts Two, Three, and Five are that:

(1) Mr. Safavian knowingly falsified or concealed a fact by any trick, scheme or device as detailed in the indictment;

(2) Mr. Safavian acted willfully in concealing the fact;

(3) The fact concealed by Mr. Safavian was material to an official act of the government agency named in Counts two and three, the General Services Administration, and the Senate Committee on Indian Affairs in Count Five;

(4) The subject matter involved was within the jurisdiction of a branch of the Government of the United States; and

(5) Mr. Safavian had a specific, legal duty to disclose the fact allegedly concealed.[10]

The elements of the obstruction charge in Count One that must be proven beyond a reasonable doubt, are that:

(1) On or about March through May 2003 there was a proceeding pending before an agency of the United States;

(2) Mr. Safavian knew that a proceeding was pending before an agency of the United States;

(3) Mr. Safavian corruptly endeavored to influence, obstruct or impede the due administration of the law under which the proceeding was being conducted.[11]

---

[9]     Indictment at ¶40.

[10]     FJP § 40.03 (References to FED-JI are to Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal (5th ed. 2000 & 2005 supp.)); United States v. Crop Growers Corp., 954 F. Supp. 335, 347-48 (D.D.C. 1997).

The elements of the obstruction charge in Count Four that must be proven beyond a reasonable doubt, are that:

(1) On or about March 2005 there was a proceeding pending before a Congressional committee;

(2) Mr. Safavian knew that a proceeding was pending before a Congressional committee;

(3) Mr. Safavian corruptly endeavored to influence, obstruct, or impede the due and proper exercise of the power of inquiry under which any inquiry or investigation was being had by a committee of either House or any joint committee of the Congress.[12]

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment information as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted. At the end of the trial, you will have to decide whether or not the government has convinced you that the defendant committed each element of every offense with which he has been charged beyond a reasonable doubt. Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the

---

[11]    18 U.S.C. § 1505; L. Sand, et al., Modern Federal Jury Instructions: Criminal ¶ 46.02 (instruction 46-9).

[12]    18 U.S.C. § 1505; L. Sand, et al., Modern Federal Jury Instructions: Criminal ¶ 46.02 (instruction 46-9).

defendant is charged, it is your duty to find him guilty.  On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.[13]

---

[13]    D.C. CRIM. § 2.09.  References to D.C. CRIM. are to Barbara E. Bergman, et al. <u>Criminal Jury Instructions for the District of Columbia</u>, (4th ed. 2004).

## GOVERNMENT'S PROPOSED SUMMARY OF CHARGES AND ELEMENTS[14]

---

[14]     As stated in note 4, the Government contends that no further instruction on the Counts is necessary in the Section on Summary of Charges.  Rather, the jury should be instructed as to the elements of specific offenses as described infra at pages 24-33.

## (2) Cautionary Instructions On Publicity

The parties have agreed to the following instruction:

### PRETRIAL PUBLICITY

There has been some publicity about this case prior to the beginning of this trial. The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who will not be present in court to be seen and evaluated by the jury like the other witnesses and will not be examined or cross-examined by either of the parties under oath. You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.[15]

### PUBLICITY DURING TRIAL

I have been advised that reports about this trial are appearing in the newspapers, radio, television, or the internet. The people who wrote or are reporting these stories may not have listened to all the testimony as you have, may be getting information from people who you will not see here in Court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong.

Please do not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence which will be received here in court.[16]

---

[15]    FED-JI at § 10.02

[16]    Id. at § 11.08

### (3)  Testimony of Immunized Witnesses

The parties have agreed to the following instruction:

### TESTIMONY OF IMMUNIZED WITNESS [IF APPLICABLE]

You have heard evidence that [name of witness] has received immunity. What this means is that the testimony of the witness may not be used against him/her in any criminal case.  You should consider whether such testimony may be colored in such a way as to further the witness' own interest, for a witness who realizes that s/he may obtain his/her own freedom, receive a benefit, or avoid prosecution by incriminating another may have a motive to lie. However, you may also consider that the witness is under the same obligation to tell the truth as is any other witness, because the grant of immunity does not protect him/her against a prosecution for perjury or false statement, should s/he lie under oath.

The testimony of a witness as to whom immunity has been granted should be received with caution and scrutinized with care. You should give the testimony such weight as in your judgment it is fairly entitled to receive.[17]

---

[17]      D.C. CRIM. § 2.23.

### (4)  Testimony of Witnesses With Plea Agreements

The parties have agreed to the following instruction:

### TESTIMONY OF WITNESS WITH A PLEA AGREEMENT [IF APPLICABLE]

You have heard evidence that the government's witness, Neil Volz, entered into a plea agreement with the government pursuant to which he agreed to testify truthfully in this case and the government agreed it will not further prosecute Mr. Volz for the crimes that formed the basis of the plea agreement, or disclosed to the government in debriefing sessions, and agreed to bring the nature, extent, and timing of Mr. Volz' cooperation to the attention of the Court that would determine his sentence.

The government is permitted to enter into this kind of plea agreement.  You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.  A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness, because the plea agreement does not protect him against a prosecution for perjury or false statement, should he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from any other witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony may have a motive to lie.  The testimony of a witness who has entered into a plea agreement should be received with caution and scrutinized with care.  You should give the testimony such weight as in your judgment it is fairly entitled to receive.[18]

---

[18]     D.C. CRIM. § 2.22A.

**(5) Credibility of Witnesses – Reputation for Trust and Veracity**

The parties have agreed to the following instruction:

**CREDIBILITY OF WITNESSES -- BAD REPUTATION FOR TRUTH AND VERACITY
[IF APPLICABLE]**

The credibility of a witness may be discredited or impeached by evidence showing that the general reputation of the witness for truth and veracity is bad. If you believe a witness has been so impeached and thus discredited during this trial it is your exclusive right to give the testimony of that impeached witness such weight, if any, you think it deserves.

You may consider this evidence of bad reputation for truthfulness as one of the circumstances you assess in determining whether or not to believe the testimony of that witness.[19]

---

[19]        FED-JI § 15.09.

<u>**(6)  Evidence of Other Crimes**</u>

<u>**DEFENDANT'S PROPOSED INSTRUCTION FOR EVIDENCE OF OTHER CRIMES
ADMITTED TO SHOW MOTIVE, INTENT/ABSENCE OF MISTAKE OR ACCIDENT
[IF APPLICABLE]**</u>

You have heard evidence to suggest that the defendant may have had communications with Mr. Abramoff concerning the government's investigation of TYCO, Inc., one of Mr. Abramoff's clients in November 2003, approximately fifteen months after the August 2002 Scotland trip.  It is up to you to decide whether to accept that evidence.

Before you consider that evidence however, you must first decide, without considering the defendant's alleged communications regarding TYCO, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offense[s].  If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offense[s], you may then go on to consider the evidence that the defendant may have communicated with Mr. Abramoff concerning TYCO.

If you consider this evidence with respect to Counts One, Two, and Three, you may use it only to help you to decide whether the Defendant had the motive to commit the crimes charged at Counts One, Two, and Three.[20]

If you consider this evidence with respect to Counts Four and Five, you may use it only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the motive and/or specific intent to commit the offenses committed in the indictment knowingly and on purpose, and not by mistake or by accident.[21]

---

[20]     Court's Memorandum Opinion and Order dated May, 17, 2006 at 4; D.C. CRIM. § 2.51(A).

[21]     Court's Memorandum Opinion and Order dated May, 17, 2006 at 4; D.C. CRIM. § 2.51(B).

You may not consider this evidence for any other purpose.[22]  The defendant is not on trial for any act or any conduct not specifically charged in the indictment.[23]  The defendant has not been charged with any offense relating to his communications with Mr. Abramoff concerning TYCO, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality.

The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.  Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the charged offense[s], and you may not conclude from this evidence that because the defendant may have had such communications in November 2003 with Mr. Abramoff for unrelated conduct, that he also committed the act[s] charged in the indictment.[24]

You are instructed that if you find that the defendant did engage in the activity not charged to him here, you are not to draw any inference from such a finding that the defendant is a person of bad character and that he must therefore be guilty of the crimes with which he is charged.  In other words, that the defendant had communications with Mr. Abramoff concerning TYCO is not evidence that he committed any offense for which he is now on trial.  You may only consider the evidence for the limited purpose of showing whether the defendant had a motive to commit the acts charged in the indictment, or if he committed the acts charged in the indictment, did so with the specific intent and not by accident/by mistake.

---

[22]     D.C. CRIM. § 2.51(A) & (B).

[23]     FED-JI § 12.09.

[24]     D.C. CRIM. § 2.51(B).

## GOVERNMENT'S PROPOSED INSTRUCTION FOR EVIDENCE OF OTHER CRIMES ADMITTED TO SHOW MOTIVE, IDENTITY OR COMMON SCHEME OR PLAN

You have heard evidence that defendant provided sensitive GSA information to Jack Abramoff concerning the impending debarment of Tyco Corporation, as well as strategic advice as to how Tyco should contest the debarment.  It is up to you to decide whether to accept that evidence.

If you find that defendant provided this information about Tyco to Abramoff, consider that evidence only for the limited purpose of deciding whether the defendant had a motive to commit the offenses charged in the indictment

If you conclude that the defendant had such a motive you may consider the existence of that motive in helping you decide whether the government has proved beyond a reasonable doubt that the defendant committed the offenses charged in the indictment.

You may not consider this evidence for any other purpose.  The defendant has not been charged with any offense relating to Tyco, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality.  The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.  The defendant is on trial for the crimes charged, and you may use the evidence of acts not charged only for the limited purpose of helping you decide whether the defendant committed the offenses charged in the indictment.[25]

---

[25] D.C. Crim. § 2.51(A).

**The Defendant contends** that because the Court's May 17, 2006 opinion concerning the TYCO evidence held that the materials can come in for intent and absence of mistake for Counts 4 and 5, as well as motive, *see* Docket # 96 at 4, instructions as per D.C. Crim § 2.51 (B) (instruction for absence of mistake) and FED JI § 12.09 are necessary.

### (7)  Evidence Admitted for Limited Purposes (A Series of Appropriate Limiting Instructions for Various Eventualities)[26]

### A.  EVIDENCE ADMITTED FOR A LIMITED PURPOSE [Agreed Instruction]

Several times during the trial I told you that certain evidence was allowed into this trial for a particular and limited purpose.  This has happened most often when certain statements were introduced to show a particular actor's "state of mind."  Further, certain statements were introduced to provide some sort of context for other statements.  As I instructed you at the time, you should consider this evidence only for the purpose for which it was admitted.  When you consider that evidence, you must limit your consideration to that purpose.  You cannot consider a statement introduced for these, or any other limited purpose, for its truth.[27]

---

[26]     **The parties respectfully reserve** the opportunity to supplement, add, or amend these instructions to address other these and/or eventualities that may arise during the course of the trial.

[27]     FED CRIM-JI § 18.

## B. DEFENDANT'S PROPOSED LIMITED CONSIDERATION OF CERTAIN
## STATEMENTS

As I explained to you at the beginning of the trial, it is the Court's role to decide certain legal questions. Prior to this trial I made several determinations concerning the admissibility of certain evidence. One of these determinations relates to a statement in one of the Government's exhibits. Government Exhibit _____ [if applicable and dependent upon the Court's rulings on objections] consists of a March 1, 2005 fax from witness Eugenia Ellison to the Defendant which includes therein what purports to be a July 26, 2002 e-mail from Raymond McKenna to the Defendant. That e-mail includes the language:

> "You stated that a friend and former colleague, Jack Abramoff, invited you, along with several members of Congress and a few Congressional staff, to Scotland to play golf for four days. You stated that you will be paying for all of your hotel expenses, meals, and greens fees. You noted, however, that your friend will be providing the air transportation at no cost to you and the other guests attending the event. You stated that your fried, who is a lawyer and lobbyist with Greenberg and Traurig, is chartering a private jet to take you and the other participants from BWI to Scotland and back. You stated that neither Mr. Abramoff nor his firm does business with or is seeking to do business with GSA."[28]

I have made a legal determination that you cannot consider these statements with respect to Counts One, Two, or Three of the Indictment. That is, you must not base your determination of the Defendant's guilt or innocence on these statements. By eliminating these statements from your consideration for Counts One, Two and Three, I am not suggesting that you must consider these statements with respect to Counts Four or Five or that these statements suggest anything with respect to Mr. Safavian's guilt or innocence. As with all other evidence, the weight and importance you attach to these statements with respect to Counts Four and Five is up to you.

---

[28] **Defendant contends** that all statements within the "ethics opinion" that begin with "[y]ou stated" would necessarily be "hearsay within hearsay" and should fall within this instruction, as proposed at 15. The Defendant would also note that the Court has not heard Defendant's objections to Gov't Exs. 1-99 and 361-420.

## B. GOVERNMENT'S PROPOSED LIMITED CONSIDERATION OF CERTAIN
## STATEMENTS

As I explained to you at the beginning of the trial, it is the Court's role to decide certain legal questions. Prior to this trial I made several determinations concerning the admissibility of certain evidence. One of these determinations relates to a statement in two of the Government's exhibits.

Government Exhibit 41 consists of an ethics opinion obtained from the business files of witness Eugenia Ellison. The ethics opinion includes the language:

> You stated that neither Mr. Abramhoff nor his firm does business with or is seeking to do business with GSA.

I have made a legal determination that you can only consider the statement "is seeking to do business" with respect to Counts One, Two, or Three of the Indictment to provide some sort of context for other statements. As I instructed you at the time, you should consider this evidence only for the purpose for which it was admitted. When you consider that evidence, you must limit your consideration to that purpose. You cannot consider a statement introduced for these, or any other limited purpose, for its truth.

Government Exhibit 83 consists of an ethics opinion obtained from the files of witness Bryan Parker. The ethics opinion includes the language:

> You stated that neither Mr. Abramhoff nor his firm does business with or is seeking to do business with GSA.

I have made a legal determination that you can consider the statement "is seeking to do business" with respect to Counts Four and Five as you would any other piece of evidence.

## C.  DEFENDANT'S PROPOSED INSTRUCTION ON AUTHENTICITY OF

## DOCUMENTS [29]

During this trial several e-mails have been introduced.  It is for you to decide how much weight, if any, you will give to them.  The government must prove beyond a reasonable doubt the authenticity of these documents.  A document, including an e-mail, may be authenticated by appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.[30]

Furthermore, if a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.  You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.[31]

---

[29]      **The Government objects** to an instruction on authenticity.

**The Defendant contends** that if the Court believes that it is the role for the jury to weigh authenticity, then there should be an instruction.

[30]      Fed. R. Evid. 901(b)(4).

[31]      FED-JI § 14.14.

**(8)  Jury to Consider Only this Defendant, Not Whether Others Have Committed Crimes**

The parties have agreed to the following instruction:

**JURY TO CONSIDER ONLY THIS DEFENDANT, NOT WHETHER OTHERS HAVE
COMMITTED CRIMES**

As I explained to you earlier, the defendant, Mr. Safavian, is on trial here because the government has charged him with the alleged crimes I described before. The only question you must answer is whether the government proved, beyond a reasonable doubt, that he committed these alleged crimes.  It is not up to you to decide whether any other witness or person is guilty of any crime.  The question of the possible guilt of others should not enter your thinking when you decide whether the government has proved beyond a reasonable doubt that the defendant committed the alleged crime.[32]

---

[32]     FED-JI § 20.

## (9)  Impermissible to Infer Guilt From Association

The parties have agreed to the following instructions:

## IMPERMISSIBLE TO INFER GUILT FROM ASSOCIATION

Moreover, you may not infer that the defendant was guilty of criminal conduct from the mere fact that he was associated with other people who may have been guilty of wrongdoing.[33]

---

[33]     L. Sand, et al., <u>Modern Federal Jury Instructions</u> at 6-4 (2003) (modified).

## Instructions With Respect to Substantive Offenses

In addition to the nine instructions specifically identified in the Order, the Court "directed the parties to meet and confer and to attempt to agree upon instructions with respect to [the two] substantive offenses as well." The parties have reached agreement on certain instructions related to these offenses but continue to disagree with respect to others.

## DEFENDANT'S PROPOSED INSTRUCTION:

## THE OFFENSES CHARGED UNDER 18 U.S.C. § 1001(A)(1)[34]

The defendant has been charged with three counts of false statements under United States Code Title 18 Section 1001(a)(1), that is falsifying, concealing, or covering up by a trick, scheme, or device a material fact.

Count Two charges the defendant with allegedly concealing or otherwise making false statements in connection with obtaining the GSA ethics opinion in July 2002.[35]

Count Three charges the defendant with allegedly making the same false statements in the course of the GSA-OIG investigation.[36]

Count Five alleges that Mr. Safavian made false statements to the Senate Committee on Indian Affairs in March 2005. It relates in part to statements made to the Committee, via correspondence, to the effect that Mr. Abramoff did not have any business with GSA at the time of the trip to Scotland, that Mr. Safavian provided documentation to the

---

[34]    **The Government contends** the Counts should be described in the order charged rather than divided by substantive offense. See Government's proposed instructions infra at pages 24-33.

[35]    Indictment at ¶ 29.

[36]    Indictment at ¶ 31.

Committee containing false statements (his e-mail to the GSA ethics officer), and that he concealed Mr. Abramoff's business relationships with GSA.[37]

You should understand clearly that the indictment is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment information as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

You will now have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense[s] with which he has been charged. The government must prove each of the elements of this offense beyond a reasonable doubt.

The elements of the false statement charges pertaining to alleged concealment that must be proven beyond a reasonable doubt in Counts <u>Two</u>, <u>Three</u>, and <u>Five</u> are that:

(1) Mr. Safavian knowingly concealed a fact by any trick, scheme or device as detailed in the indictment;

(2) Mr. Safavian acted willfully in concealing the fact;

(3) The fact concealed by Mr. Safavian was material to an official act of the government agency named in Counts Two and Three, the General Services Administration, and the Senate Committee on Indian Affairs in Count Five;

(4) The subject matter involved was within the jurisdiction of a branch of the Government of the United States; and

---

[37] Indictment at ¶ 40.

(5) Mr. Safavian had a specific, legal duty to disclose the fact allegedly

concealed.[38]

---

[38]     FJP § 40.03; <u>United States v. Crop Growers Corp.</u>, 954 F.Supp. 335, 347-48 (D.D.C. 1997).

## GOVERNMENT'S PROPOSED INSTRUCTIONS

Count One: NATURE OF THE OFFENSE

Count One of the indictment charges that on or about March 27, 2003 to in or about May 2003, in the District of Columbia and elsewhere, Defendant Safavian did corruptly influence, obstruct, or impede or corruptly endeavor to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before the General Services Administration Office of the Inspector General.[39]

Count One: STATUTORY LANGUAGE

Section 1505 of Title 18 of the United States Code provides, in part, that

"Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress" shall be guilty of an offense against the United States.

---

[39] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.02 (modifying instruction for 18 U.S.C. § 1503). Indictment at ¶ 27.

<u>Count One</u>:  ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof for the crime of obstructing the investigation of the GSA-OIG as charged in Count One of the Indictment, the Government must prove the following three essential elements beyond a reasonable doubt:

**One**: the proceeding identified in the indictment was pending at the time alleged in the indictment;

**Two**: Defendant Safavian knew that this proceeding was pending

**Three**:  Defendant Safavian did corruptly influence, obstruct or impede or corruptly endeavor to influence, obstruct or impede or did corruptly endeavor to influence, obstruct, or impede the pending GSA-OIG proceeding in Count One of the Indictment.[40]

---

[40] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.03 (modifying instruction for 18 U.S.C. § 1503); <u>United States v. Quattrone</u>, 441 F3d 153, 177 n. 24 (2d Cir. 2006).Indictment at ¶ 27.

Count 2: NATURE OF THE OFFENSE

Count 2 of the Indictment charges that in or about May 2002 to in or about August 2002, in the District of Columbia, Defendant Safavian knowingly and willfully falsified, concealed or covered up a material fact from the executive branch of the United States, the General Services Administration, by (A) concealing his assistance to Mr. Abramoff in GSA-related activities; (B) concealing Mr. Abramoff's business relationships with GSA; or (c) falsely stating to the GSA ethics officer that Mr. Abramoff did not have any business with or was not seeking to do business with GSA or that Mr. Abramoff did all his work on Capitol Hill, when in truth and in fact, as defendant Safavian well knew, prior to the August 2002 Scotland trip Mr. Abramoff was seeking to lease or purchase GSA-controlled property.[41]


Count 2: STATUTORY LANGUAGE

Section 1001 of Title 18 of the United States Code provides, in part, that

"Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact..." shall be guilty of an offense against the United States.

---

[41] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.01. Indictment at ¶ 29.

<u>Count 2</u>:  ELEMENTS OF THE OFFENSE

       In order to sustain its burden of proof for the crime of knowingly and willfully concealing a material fact from the agency of the federal government as charged in Count 2 of the Indictment, the Government must prove the following four essential elements beyond a reasonable doubt:

       **One**: Defendant Safavian knowingly concealed a fact by any trick, scheme or device as detailed in the indictment;

       **Two:** Defendant Safavian acted willfully in concealing the fact;

       **Three**: The fact concealed by defendant Safavian was material to GSA;

       **Four**: The subject was within the jurisdiction of the executive branch of the Government of the United States, the GSA.[42]

---

[42] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.03. Indictment at ¶ 29.

Count 3: NATURE OF THE OFFENSE

Count 3 of the Indictment charges that on or about March 27, 2003 to in or about May 2003, in the District of Columbia, Defendant Safavian knowingly and willfully falsified, concealed or covered up a material fact from the executive branch of the United States, the General Services Administration Office of Inspector General, by (A) concealing his assistance to Mr. Abramoff in GSA-related activities; (B) concealing Mr. Abramoff's business relationships with GSA; or (c) falsely stated to the GSA-OIG Regional Inspector General for Investigations that Abramoff did not have any business with GSA; when in truth and in fact, as defendant Safavian well knew, prior to the August 2002 Scotland trip Abramoff was seeking to lease or purchase GSA-controlled property.[43]

Count 3: STATUTORY LANGUAGE

Section 1001 of Title 18 of the United States Code provides, in part, that

"whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact..." shall be guilty of an offense against the United States."

---

[43] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.01. Indictment at ¶ 31.

<u>Count 3</u>:  ELEMENTS OF THE OFFENSE:

      In order to sustain its burden of proof for the crime of knowingly and willfully concealing a material fact from GSA-OIG as charged in Count 3 of the Indictment, the Government must prove the following four essential elements beyond a reasonable doubt:

      **One**: Defendant Safavian knowingly concealed a fact by any trick, scheme or device as detailed in the indictment;

      **Two**: Defendant Safavian acted willfully in concealing the fact;

      **Three**: The fact concealed by defendant Safavian was material to GSA-OIG;

      **Four**: The subject was within the jurisdiction of the executive branch of the Government of the United States, the GSA-OIG. [44]

---

[44] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.03. Indictment at ¶ 31.

Count Four: NATURE OF THE OFFENSE

Count Four of the indictment charges that in or about February 2005 to in or about March 2005, in the District of Columbia and elsewhere, Defendant Safavian did corruptly influence, obstruct, or impede or corruptly endeavor to influence, obstruct, or impede the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had was being had by the United States Senate Committee on Indian Affairs.[45]


Count Four: STATUTORY LANGUAGE

Section 1505 of Title 18 of the United States Code provides, in part, that

Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress" shall be guilty of an offense against the United States.

---

[45] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.01 (modifying instruction for 18 U.S.C. § 1503).  Indictment at ¶ 38.

<u>Count Four</u>:  ELEMENTS OF THE OFFENSE:

In order to sustain its burden of proof for the crime of obstructing the investigation of the United States Senate Committee of Indian Affairs as charged in Count Four of the Indictment, the Government must prove the following three essential elements beyond a reasonable doubt:

**One**: the inquiry or investigation identified in the indictment was pending at the time alleged in the indictment;

**Two**: Defendant Safavian knew that this inquiry or investigation was pending;

**Three**: Defendant Safavian did corruptly influence, obstruct or impede or corruptly endeavor to influence, obstruct or impede or did corruptly endeavor to influence, obstruct, or impede the due and proper exercise of the power of Congressional inquiry described in Count Four of the Indictment.[46]

---

[46] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.03 (modifying instruction for 18 U.S.C. § 1503); <u>United States v. Quattrone</u>, 441 F3d 153, 177 n. 24 (2d Cir. 2006). Indictment at ¶ 38.

      **The Defendant notes** that <u>Quattrone</u> did not involve the "congressional" inquiry prong of 18 U.S.C. § 1505, but rather the departmental (SEC).  <u>United States v. Quattrone</u>, 441 F3d 153, 177 n. 24 (2d Cir. 2006). Consequently, the Government's proposed instruction omits important language from the statute, namely "the due and proper exercise of **the power of inquiry under which any inquiry or investigation is being had** by either House, or any committee of either House or any joint committee of the Congress."  18 U.S.C. § 1505 (emphasis added).

-31-

Count 5: NATURE OF THE OFFENSE

Count 5 of the Indictment charges that in or about February 2005 to in or about March 2005, in the District of Columbia, Defendant Safavian knowingly and willfully falsified, concealed or covered up a material fact from the legislative branch of the United States, the United States Senate Committee on Indian Affairs, by (A) concealing his assistance to Mr. Abramoff in GSA-related activities; (B) concealing Mr. Abramoff's business relationships with GSA; (c) falsely stating to the Committee that Lobbyist A did not have any business with GSA at the time of the Scotland trip; or (D) providing documentation falsely stating that Mr. Abramoff did all of his work on Capitol Hill, when in truth and in fact, as defendant Safavian well knew, prior to the August 2002 Scotland trip Mr. Abramoff was seeking to lease or purchase GSA-controlled property.[47]

Count 5: STATUTORY LANGUAGE

Section 1001 of Title 18 of the United States Code provides, in part, that

"whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact..." shall be guilty of an offense against the United States."

---

[47] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.01.  Indictment at ¶ 40.

<u>Count 5</u>:  ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof for the crime of knowingly and willfully concealing a material fact from the from the legislative branch of the United States federal government as charged in Count 5 of the Indictment, the Government must prove the following four essential elements beyond a reasonable doubt:

**One**: Defendant Safavian knowingly concealed a fact by any trick, scheme or device as detailed in the indictment;

**Two**: Defendant Safavian acted willfully in concealing the fact;

**Three**: The fact concealed by defendant Safavian was material to Senate Committee on Indian Affairs;

**Four**: The subject was within the jurisdiction of the legislative branch of the Government of the United States, the Senate Committee on Indian Affairs, under applicable rules of the Senate.[48]

---

[48] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.03; Indictment at ¶ 40.

## **DEFENDANT'S PROPOSED INSTRUCTION:**

## **DEFINITION – TO CONCEAL A MATERIAL FACT BY TRICK, SCHEME, OR DEVICE**

With respect to the phrase "conceals or covers up by any trick, scheme, or device," the first element of the charges in Counts Two, Three, and Five, you are instructed that a scheme is a plan for the accomplishment of an object.  A trick or device is a deceptive act or strategy calculated to deceive persons.   Mere nondisclosure of a material fact does not constitute a trick, scheme, or device.

Whether defendant's behavior amounted to a trick, scheme, or device is a question for you, as finders of the facts to decide.  It is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified (or concealed or covered up) a material fact by trick, scheme, or device.[49]

---

[49]      L. Sand, et al., Modern Federal Jury Instructions: Criminal ¶ 36.01 (instruction 36-6); United States v. London, 550 F.2d 206, 214 (5th Cir. 1977) ("The latter clause of § 1001 requires the government to prove something more—that the material fact was affirmatively concealed by ruse or artifice, by scheme or device.").

## GOVERNMENT'S PROPOSED INSTRUCTION:

## DEFINITION – TO CONCEAL A MATERIAL FACT BY TRICK, SCHEME, OR DEVICE

A statement is material if it had the effect of influencing the action of the agency of committee, or was capable of, or had the potential to do so.  It is not necessary that the statement actually have that influence or be relied on by the agency or committee, so long as it had the potential or capability to do so.[50]

The phrase "conceals or covers up by any trick, scheme or device" means any deliberate plan or course of action, or any affirmative act, or any knowing omission designed to deceive others by preventing or delaying the discovery of information.[51]

---

[50] **Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.03 (commentary); 7th Cir. Pattern Instructions; United States v. Gaudin, 515 U.S. 506, 510 (1995).

[51] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.04.

## DEFENDANT'S PROPOSED INSTRUCTION:
## DEFINITION – CONCEALMENT

In considering Counts Two, Three, and Five, you are instructed to consider that concealment consists of the deliberate failure to disclose material facts by trick, scheme, or device in the face of a specific duty to disclose such information.[52]

---

[52]     United States v. Crop Growers Corp., 954 F. Supp. 335, 345 (D.D.C. 1997) (quoting United States v. Dale, 782 F.Supp. 615, 626 (D.D.C.1991)).

## GOVERNMENT'S PROPOSED INSTRUCTION:

## DEFINITION – CONCEALMENT

Concealment, as used in these instructions, can include nondisclosure or partial disclosure.  Once a defendant volunteers information, he has an obligation to refrain from telling half-truths or from excluding information necessary to make the statements accurate. [53]

---

[53]     **Authority**:  United States v. Dale, 991 F.2d 819 (D.C. Cir. 1993); Eighth Circuit Pattern Instructions citing United States v. Olin Mathieson, 368 F.2d 525 (2d Cir. 1966).

**Defendant contends** that the appellate court in Dale did not address this issue, as evidenced by, *inter alia*, the fact that the court in the subsequent Crop Growers opinion relied upon different authority.  See United States v. Crop Growers Corp.,  954 F. Supp. 335, 344-45 (D.D.C. 1997) (citing, *inter alia*, United States v. Dale, 782 F.Supp. 615, 626 (D.D.C.1991)).

## PROPOSED INSTRUCTION
## DEFINITIONS – KNOWINGLY

You are instructed to consider that a person acts "knowingly," as that term is used in these instructions, only if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

A person who makes, submits, or uses a statement or writing which that person believes to be truthful does not "knowingly" make, submit, or use a false, fictitious, or fraudulent statement.[54]  **If the government has not demonstrated beyond a reasonable doubt that the Defendant "knowingly" falsified, concealed, or covered up a material fact by trick, scheme, or device in Counts Two, Three, or Five, then you must find in favor of the Defendant on that Count.**[55]

---

[54]     FED-JI § 40.13.

[55]     **The Government objects** to this section.

## DEFENDANT'S PROPOSED INSTRUCTION:

## DEFINITIONS – WILLFULLY

You are instructed to consider that a person's act is done willfully only if it is done with an intention to do something the law forbids, a bad purpose to disobey the law or where the government alleges that the defendant concealed information, with the specific intent to fail to do something the law requires to be done.[56]  The defendant's conduct is not willful "[if] it was the result of a good faith understanding that he was acting within the requirements of the law."[57]  If the government has not demonstrated that the Defendant's statements were not the result of a good faith understanding that he was acting within the requirements of the law in Counts Two, Three, or Five, you must find in favor of the Defendant on that Count.

---

[56]     L. Sand, et al., <u>Modern Federal Jury Instructions: Criminal</u> ¶ 36.01 (instruction 36-7).

[57]     FED-JI § 17.05; <u>United States v. Doyle</u>, 130 F.3d 523, 540 (2d Cir. 1997).

## **GOVERNMENT'S PROPOSED INSTRUCTION:**

## **DEFINITIONS – WILLFULLY**

A person acts "willfully," as that term is used in these instructions, when that person acts deliberately, voluntarily and intentionally.[58]

---

[58] **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.14.

## DEFENDANT'S PROPOSED INSTRUCTION:

## DEFINITIONS – MATERIAL

A statement or representation is "material" if it has the effect of influencing or is capable of influencing a decision or action of the GSA or committee of Congress.[insert cite]

In relation to whether statements are incorrect as to a material matter in Count Two, a statement is material if the information required to be reported was capable of influencing or impeding the General Services Administration in an official action, such as providing property or equipment to other government agencies.  If the statement at issue in Count Two, that Mr. Abramoff "ha[d] no business before the GSA, (he does all of his work on the Hill)" was not capable of influencing GSA action in service of providing property or equipment to other government agencies, it was not material, irrespective of its truth or falsehood, and you must acquit the defendant on this Count.[59]  Furthermore, if you determine that Mr. Safavian believed that he paid for the Scotland trip from his personal funds then his statement in support of his request for ethics advice from the GSA General Counsel was not material, and you must find in favor of the defendant on this Count, irrespective of the truth or falsehood of the underlying statement.

In relation to whether statements are incorrect as to a material matter in Count Three, a statement is a material matter if the information required to be reported was capable of influencing or impeding the General Services Administration in its official investigation into whether Mr. Safavian participated illicitly in an international golf trip that was provided by

---

[59]      FED-JI § 16.11; United States v. Gaudin, 515 U.S. 506, 511 (1995) (determining whether a statement is "material" implicates two subsidiary questions: "(a) what statement was made . . . (b) what decision was the agency trying to make?") (internal quotes omitted); United States v. Bok, 156 F.3d 157, 165 (2d Cir. 1998) (affirming district court's definition of "material" to jury as requiring the capacity for impeding or influencing an agency (the IRS) in its official action (verifying and auditing a return)).

lobbyists. If you determine that Mr. Safavian believed that he paid for the Scotland trip from his personal funds or that Mr. Safavian believed that Mr. Abamoff did not have business before the GSA prior to the August 2002 trip, then his statements to the GSA-OIG were not material, and you must find in favor of the defendant on this Count, irrespective of the truth or falsehood of the underlying statements.

In relation to whether statements are incorrect as to a material matter in Count Five, a statement is a material matter if the information required to be reported was capable of influencing or impeding the Senate Committee on Indian Affairs in its official investigation into fraudulent activities committed against Indian tribes lobbyists. If you conclude that Mr. Safavian's statements to the Senate Committee via correspondence and other communication concerning Mr. Abramoff's contacts with the GSA could not have impeded the Committee's investigation into whether Indian Tribes were defrauded then you must find in favor of the defendant on this Count, irrespective of the truth or falsehood of any underlying statements.[60]

---

[60]     United States v. Weinstock, 231 F.3d 699, 701-02 (D.C. Cir. 1996) (recognizing that § 1001(a)(1) requires the statement of the accused to be a "material" fact); Office of Government Ethics (OGE), An Ethics Handbook for Executive Employees 8-9, Jan. 1995 (explaining that "exercising your discretion to decline a gift may be particularly smart when a gift is offered by a person or organizations whose interests could be affected by your official action); FED-JI § 19.08 (instruction on good-faith defense of advice of counsel).

## GOVERNMENT'S PROPOSED INSTRUCTION:

## DEFINITIONS – MATERIAL

A statement is material if it had the effect of influencing the action of the agency or committee, or was capable of, or had the potential to do so. It is not necessary that the statement actually have that influence or be relied on by the agency or committee, so long as it had the potential or capability to do so.[61]

---

[61] **Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.03 (commentary); 7th Cir. Pattern Instructions; United States v. Gaudin, 515 U.S. 506, 510 (1995).

The parties have agreed to the following instruction:

## DEFINITIONS – WITHIN THE JURISDICTION OF THE UNITED STATES GOVERNMENT

The fourth element with respect to Counts Two, Three, and Five is that the statement was made with regard to a matter within the jurisdiction of the government of the United States.    To be within the jurisdiction of the government of the United States means that the statement must concern an authorized function of that department or agency.

In that regard, it is not necessary for the government to prove that the defendant had actual knowledge that the statements or concealment thereof was to be utilized in a matter which was within the jurisdiction of the government of the United States.[62]

---

[62]    L. Sand, et al., Modern Federal Jury Instructions: Criminal ¶ 36.01 (instruction 36-8).

## DEFENDANT'S PROPOSED INSTRUCTION:

## DUTY TO DISCLOSE[63]

With respect to the concealment allegations in Counts Two, Three, and Five, the fifth and final element is that there was a legal duty to disclose the material fact allegedly concealed.[64] However, whether Mr. Safavian in fact had a legal duty to disclose the information is a question of law for the court to decide.[65] Nevertheless, as I will explain in later instructions, you must still determine whether Mr. Safavian possessed a good faith belief that he was not obliged to disclose the information he allegedly concealed.[66]

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that Defendant Safavian acted with the required specific knowledge and intent.[67]

---

[63]     **The Government objects** to this instruction.

[64]     FED-JI § 40.03; see also United States v. Crop Growers Corp., 954 F.Supp. 335, 347-48 (D.D.C. 1997); United States v. Irwin, 654 F.2d 671, 678-679 (10th Cir.1981) (reversing convictions for concealing facts from the Economic Development Agency because the government failed to prove that the defendant had a legal duty to disclose the information in question).

[65]     Crop Growers Corp., 954 F.Supp. at 347-48; United States v. DeRosa, 783 F.2d 1401, 1407 (9th Cir); United States v. Zalman, 870 F.2d 1047, 1055 (6th cir. 1989).

[66]     United States v. Blackley, 167 F.3d 543, 550-51 (D.C.Cir.1999) (acknowledging that the majority of circuits have concluded that the duty to disclose is an element for the Court but affirming the district court instruction for the jury to decide the defendant's good faith perception of a duty to disclose).

[67]     FED-JI § 19.06.

-45-

## DEFENDANT'S PROPOSED INSTRUCTION:

## THE OFFENSES CHARGED UNDER 18 U.S.C. § 1505[68]

The government has also charged the Defendant with one count of corruptly obstructing, or impeding or endeavoring to influence, obstruct, or impede the due and proper administration of the law under a pending proceeding before an agency of the United States under United States Code Title 18 Section 1505; and one count of corruptly obstructing, or impeding, or corruptly endeavoring to influence, obstruct, or impede the due and proper exercise of the power of inquiry under an inquiry or investigation by a Senate committee under the same provision.

Count One of the indictment charges Mr. Safavian with obstruction of justice with regard to a spring 2003 investigation conducted by the Office of the Inspector General ("OIG") of GSA into whether Mr. Safavian violated any regulations by participating in an international golfing trip. The investigation closed on May 9, 2003, upon its conclusion that no violation had occurred. The Count specifically alleges that the defendant falsely stated in connection with the investigation that Mr. Abramoff had no business with GSA and that he had paid Abramoff for the total cost of the trip to Scotland.[69]

The elements of this obstruction charge that must be proven beyond a reasonable doubt, are that:

(1) On or about March through May 2003 there was a proceeding pending before an agency of the United States;

---

[68]     **The Government objects** to the characterization of the Counts, and suggests the language identified supra at 24-33.

[69]     Indictment ¶ 25.

(2) Mr. Safavian knew that a proceeding was pending before an agency of the

United States;

(3) Mr. Safavian corruptly endeavored to influence, obstruct or impede the due

administration of the law under which the proceeding was being conducted.[70]

Count Four charges obstruction of justice in connection with an investigation into

allegations of misconduct by Mr. Abramoff by the Senate Committee on Indian Affairs in March

2005.  It relates in part to alleged statements made to the Committee, via correspondence, with

respect to Mr. Safavian's statements to the GSA ethics officer in July 2002.[71]  The elements of

this charge that must be proven beyond a reasonable doubt, are that:

(1) On or about March 2005 there was a proceeding pending before a

Congressional committee;

(2) Mr. Safavian knew that a proceeding was pending before a Congressional

committee;

(3) Mr. Safavian corruptly endeavored to influence, obstruct, or impede the due

and proper exercise of the power of inquiry under which any inquiry or

investigation was being had by a committee of either House or any joint

committee of the Congress.[72]

---

[70]    18 U.S.C. § 1505; L. Sand, et al., Modern Federal Jury Instructions: Criminal ¶ 46.02 (instruction 46-9).

[71]    Indictment at ¶¶ 36-37.

[72]    18 U.S.C. § 1505; L. Sand, et al., Modern Federal Jury Instructions: Criminal ¶ 46.02 (instruction 46-9).

The parties have agreed to the following instruction:

## **FIRST ELEMENT – PROCEEDING WAS PENDING**

The first element the government must prove beyond a reasonable doubt is that at or about the date set forth in the indictment, a proceeding was pending before an agency of the United States.[73]

---

[73]     L. Sand, et al., <u>Modern Federal Jury Instructions: Criminal</u> ¶ 46.02 (instruction 46-10).

The parties have agreed to the following instruction:

## SECOND ELEMENT – KNOWLEDGE OF PROCEEDING IN PROGRESS

The second element the government must prove beyond a reasonable doubt is that the defendant knew that the administrative proceeding was in progress.  In order to satisfy this element, you need to determine that the Defendant knew at or about the date charged that the GSA-OIG was conducting an investigation and that he knew about the March 2005 inquiry of the SCIA.[74]

---

[74]     L. Sand, et al., Modern Federal Jury Instructions: Criminal ¶ 46.02 (instruction 46-10).

**DEFENDANT'S PROPOSED INSTRUCTION:**

**THIRD ELEMENT – CORRUPTLY OBSTRUCTING OR IMPEDING**

The third essential element that the government must prove beyond a reasonable doubt is that the defendant did corruptly obstruct, or impede, or endeavor to obstruct or impede the proceedings at issue.

The word "corruptly" as used in this statute means having a "wrongful, immoral, depraved, or evil" purpose or intent."[75]

The word "impede" as used in the statute means more than just "subvert" or "undermine," but rather to "interfere with or get in the way of the progress of," to "hold up" or "detract from" the GSA-OIG and SCIA inquiries.[76]

In terms of proof therefore, in order to convict the Defendant of obstruction of justice in Count One, you must be convinced beyond a reasonable doubt that the Defendant, with wrongful, immoral, depraved, or evil intent was endeavoring to obstruct, or impede the GSA-OIG investigation into whether he participated in an international golfing trip provided by lobbyists, and that there was a connection between the defendant's intentional acts and the natural and probable effect of interfering with the administration of justice in that proceeding.[77] If the defendant lacked the knowledge that his actions were likely to impede the proceeding he lacked the requisite intent to obstruct.[78]

In order to convict the Defendant of obstruction of justice in Count Four, you must be convinced beyond a reasonable doubt that the Defendant, with wrongful, immoral,

[75]    Arthur Andersen LLP v. United States, 125 S.Ct. 2129, 2136 (2005).

[76]    Id.

[77]    United States v. Quattrone, 441 F.3d 153, 170-71 (2d Cir. 2006).

[78]    Arthur Andersen v. United States, 125 S. Ct. 2129, 2137 (2005).

depraved, or evil intent was endeavoring to obstruct the power of inquiry being had by the Senate Committee on Indian Affairs into alleged misconduct by Mr. Abramoff against Native American tribes, and that there was a connection between the defendant's intentional acts and the natural and probable effect of interfering with the scope of the administration of justice in that proceeding.[79]   It is not enough that there be an intent to influence some ancillary proceeding outside of the Senate Committee's scope or authority.[80]   In addition, the defendant's statements must have concerned a matter material to the Committee's authorized investigation.[81]   If the defendant lacked the knowledge that his actions were likely to impede the judicial proceeding on a material matter, he lacked the requisite intent to obstruct.[82]

---

[79]    Quattrone, 441 F.3d at 170-71.

[80]    United States v. Aguilar, 515 U.S. 593, 599, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995).

[81]    United States v. Saunders, 359 F.3d 874, 879 (7th Cir. 2004) ("If [defendant] had perjured himself on an immaterial matter, even in court, there would be no obstruction of justice.") (citation omitted); United States v. Gaudin, 515 U.S. 506, 511 (1995) (determining whether a statement is "material" implicates two subsidiary questions: "(a) what statement was made . . . (b) what decision was the agency trying to make?") (internal quotes omitted).

[82]    United States v. Makham, 2005 WL 3533263 at *7 (D.Or. 2005) (quoting Arthur Andersen LLP, 125 S.Ct. at 2136).

## GOVERNMENT'S PROPOSED INSTRUCTION:

## THIRD ELEMENT – CORRUPTLY OBSTRUCTING OR IMPEDING

To act "corruptly" as that word is used in these instructions means to act voluntarily and deliberately and for the purpose of improperly influencing, or obstructing, or interfering with the administration of justice.[83]  Defendant Safavian must know that his actions are likely to affect the proceeding, but knowledge of unlawfulness is not required.[84]

The term "endeavors" as used in these instructions means to knowingly and deliberately act or to knowingly and deliberately make any effort which has a reasonable tendency to bring about the desired result. It is not necessary for the government to prove that the "endeavor" was successful or, in fact, achieved the desired result.[85]

---

[83]     **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.04.

[84]     **Authority**: United States v. Quattrone, 441 F.3d 153, 178 (2d Cir. 2006); United States v. North, 910 F.2d 843, 884 (D.C. Cir. 1990) superseded in part on other grounds by United States v. North, 920 F.2d 940 (D.C. Cir. 1990).

**The Defendant notes** that Quattrone did not include the phrase "knowledge of unlawfulness is not required."  United States v. Quattrone, 441 F.3d 153, 178 (2d Cir. 2006).  The more recent Supreme Court decisions in United States v. Aguilar, 515 U.S. 593, 599 and Arthur Andersen, 125 S. Ct. at 2137, have also omitted this portion.

[85]     **Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.05.

## DEFENDANT'S PROPOSED INSTRUCTION:

## AIDING AND ABETTING--EXPLAINED

The government has also charged Mr. Safavian with aiding and abetting the commission of an offense under Section 2(a) of Title 18 of the United States Code, which provides that: "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime. As a preliminary matter, however, the government must identify the indicted crime committed and the individual whom Mr. Safavian may have aided or abetted.[86] Then, in order to be found guilty of aiding and abetting, the government must prove beyond a reasonable doubt that Defendant:

One, knew that the crime charged was to be committed or was being committed,

Two, knowingly did some act for the purpose of aiding the commission of that crime, and

Three, acted with the intention of causing the crime charged to be committed.

Before Defendant Safavian may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that someone committed

---

[86]    L. Sand, et al., Modern Federal Jury Instructions: Criminal ¶ 11.01 (instruction 11-1); Nye & Nissen v. United States, 336 U.S. 613, 620 (1949) ("Aiding and abetting rests on a broader base; it states a rule of criminal responsibility for acts which one assists another in performing."); United States v. Garrett, 720 F.2d 705, 713 (D.C. Cir. 1983) (recognizing criminal liability under § 2 for a person who "assists the perpetrator of the crime while sharing the requisite criminal intent") (internal quotes omitted) (citation omitted); Morgan v. United States, 159 F.2d 85, 87 (10th Cir. 1947) (concluding that "one cannot be found guilty under a charge of aiding and abetting in the commission of an offense unless there is satisfactory evidence not only of his participation but also that another for whom he was acting was connected with the offense").

each of the essential elements of the offense charged as detailed for you *[in Instruction No. ___].*[87]

## GOVERNMENTS'S PROPOSED INSTRUCTION:

## AIDING AND ABETTING--EXPLAINED[88]

You may find the defendant guilty of the crimes charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider or abettor or as a principle offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that the defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt.

The Government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime.

---

[87] Depending on the Government's theory, 18 U.S.C. § 2(a) vs. § 2(b), the Defendant notes that an instruction pursuant to L. Sand, et al., Modern Federal Jury Instructions: Criminal ¶ 11.02 (instruction 11-2) may also be appropriate.

[88] **Authority**: D.C. Crim. §4.02

Respectfully submitted,

By:    /s/ Barbara Van Gelder
      Barbara Van Gelder (D.C. Bar # 265603)
      Roderick L. Thomas (D.C. Bar # 433433)
      Albert C. Lambert (D.C. Bar # 489562)
      WILEY REIN & FIELDING LLP
      1776 K Street NW
      Washington, DC  20006
      TEL: 202.719.7032

      *Attorneys for David H. Safavian*


      /s/ Nathaniel B. Edmonds
      Nathaniel B. Edmonds
      Peter R. Zeidenberg
      Fraud Section -- Public Integrity Section
      Criminal Division
      United States Department of Justice
      The Bond Building
      10th and Constitution, NW
      Washington, DC 20005
      202-307-0629

Dated: May 19, 2006      *Attorneys for the United States*