1985) ("An inquiry is not an 'assertion,' and accordingly is not and cannot be a hearsay statement.")). Cf. United States v. Long, 905 F.2d 1572, 1579-80 (D.C. Cir. 1990) (unknown caller's statements to police officer who answered phone in defendant's home asking if defendant "had any stuff" and requesting "a fifty" was not hearsay because caller did not intend to assert that defendant was a drug dealer). Other e-mails contain imperative statements instructing Mr. Safavian on how to provide assistance and similarly are offered not for the truth of the matters therein (and also constitute Mr. Abramoff's further efforts to receive help from Mr. Safavian in his work). An example of an exhibit that contains both a request and an imperative from Mr. Abramoff is an October 1, 2002 e-mail in which Mr. Abramoff wrote to Mr. Safavian, "Let's do a meal so we can start getting some of these business ideas for GSA moving. What's good for you?" Exhibit 238.

   Still other e-mails contain information along with explicit or implicit requests for assistance. Those requests (with the factual context provided in some) constitute the non-hearsay "work." An example of an e-mail containing both the non-hearsay "work" being conducted by Jack Abramoff requesting assistance from Mr. Safavian and a non-hearsay statement for context can be can be found in Exhibit 109. On May 24, 2002, Mr. Abramoff sent an e-mail to Mr. Safavian stating in part:

> I have a gsa question. There is a facility which is under control of the GSA in silver Spring Maryland, which was the former Naval Surface Weapons center (off New Hampshire Avenue). They are now going to put the FDA there. it is a huge property. I was wondering if it is possible get some of that property for a school. Do you know if that is doable and how? Thanks.

Exhibit 109. Later, on July 28, 2002, Mr. Abramoff forwarded to Mr. Safavian a draft letter that would eventually be directed to Joseph Moravec, the Commissioner of Public Buildings at GSA,

14