UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES of AMERICA, <br><br> v. <br><br> DAVID HOSSEIN SAFAVIAN, <br><br> Defendant | Criminal No. 05-370 (PLF) |

### MOTION TO CONFER IMMUNITY FOR SELECTED DEFENDANT WITNESSES UNDER SUBPOENA OR IN THE ALTERNATIVE TO DISMISS THE INDICTMENT

David H. Safavian, by and through undersigned counsel, respectfully submits this Motion to Confer Court Ordered Immunity for Selected Witnesses under Subpoena who have stated they will exercise their Fifth Amendment rights if called to testify on behalf of Mr. Safavian. The defendant requests that the Court either: (1) direct the government to confer immunity for select witnesses' testimony at trial; (2) confer judicial immunity upon the witnesses' testimony, or in the alternative; (3) dismiss the Indictment.

If the defendant's selected witnesses assert the Fifth Amendment in response to a subpoena to testify, the defendant's right to put on exculpatory evidence would be unfairly prejudiced.

### BACKGROUND

As the government and Court are aware, a select number of witnesses under subpoena have told the defense that they will move to quash, and if unsuccessful, will assert their Fifth Amendment rights at trial. If these individuals do not testify at trial, Mr. Safavian will be unable to present exculpatory evidence on his behalf. Rather than quash the valid subpoena or deprive

Mr. Safavian of his right to put on evidence, the defense suggests an alternate option is available to the Court.

## ARGUMENT

### The Court Can Confer Immunity Upon Witnesses Who Would Provide Exculpatory Information to Mr. Safavian

Several circuits have recognized that "using the immunity device in a one-sided manner can result in a basic unfairness that rises to the level of a violation of procedural due process." United States v. Dolah, 245 F.3d 98, 106 (2d Cir. 2001), abrogated on other grounds by Crawford v. Washington, 541 U.S. 36 (2004); United States v. Paris, 827 F.2d 395, 403 (9th Cir.1987) (Kozinski, J., dissenting; citing United States v. Taylor, 728 F.2d 930, 935 (7th Cir.1984); Government of Virgin Islands v. Smith, 615 F.2d 964, 970 (3d Cir. 1980) (granting immunity to defense witness on ground that government prevented him from testifying freely before jury where the proffered testimony was exculpatory).

These courts have derived their rulings imposing witness immunity to enforce a defendant's due process right to exculpatory evidence from the Court's decisions in Simmons v. United States, 390 U.S. 377, 394 (1968) (finding inherent judicial power to grant witness immunity in order to vindicate constitutional rights at a 4th Amendment suppression hearing), as well as Chambers v. Mississippi, 410 U.S. 284 (1973) (reversing conviction where rigid application of evidentiary rule against hearsay prevented defendant from introducing other exculpatory statements).[1] See, e.g., Smith, 615 F.2d at 970.

---

[1] In Chambers, the Supreme Court held that Mississippi's strict adherence to its rules of evidence, which prevented the defendant, Chambers, from introducing trustworthy, exculpatory evidence, effectively denied Chambers a fair trial in accordance with the principles of due process. Chambers v. Mississippi, 410 U.S. 284, 296-98 (1973). Chambers had sought to cross-examine a witness who had previously confessed to the same crime; he was prevented from doing so by the state's evidence rule against a party impeaching his own witness. Id. In addition, rigid application of Mississippi's rule against hearsay prevented Chambers from introducing other informal admissions of the witness' guilt which would have exculpated Chambers. Id. at 298-300. The Supreme Court, recognizing the crucial importance of the excluded evidence, reversed Chambers' conviction, holding that his due

In <u>United States v. Lugg</u>, this circuit acknowledged that courts have exercised the authority to intervene in the prosecutorial immunity decision "[w]here the prosecutor's decision not to grant a witness use immunity has distort[ed] the judicial fact-finding process." 892 F.2d 101, 104 (D.C. Cir. 1989) (citing <u>United States v. Paris</u>, 827 F.2d 395, 403 (9th Cir. 1987) (Kozinski, J., dissenting) (quoting <u>United States v. Taylor</u>, 728 F.2d 930, 935 (7th Cir.1984)) (internal quotes omitted); <u>see also</u> <u>United States v. Alessio</u>, 528 F.2d 1079, 1082 (9th Cir.1976). However, the Court decided:

> Whether or not we would join the Seventh and Ninth Circuits in this view were we presented with an appropriate case, the present facts do not present that question. If Robinson and Goff had testified exactly as Lugg's trial counsel hoped, they would have presented at most questionable impeachment of a prosecution witness as to a collateral matter. Whatever it takes to constitute a deprivation of a fair trial by the prosecution's failure to exercise its broad discretion on immunity grants, the present case does not present it.

<u>Lugg</u>, 892 F.2d at 104. This Court, referring to <u>Lugg</u>, came to the same conclusion in <u>United States v. Perkins</u>, again declining to exercise such authority where the defendants sought appeal from a denial of a request for a new trial and contended that the government's failure to confer immunity upon a witness in preparation for the proposed new trial "somehow deprived the [original] trial itself of fairness." 138 F.3d 421, 424 n.2 (D.C. Cir. 1998) (citations omitted). As the Court explained:

> If anything could be said to have affected the trial's fairness it would have been the prosecutorial misconduct before and during trial alleged in the Hartwell recantation letter, not the post-trial lack of immunity. And we cannot accept the allegations of the letter which the district court rejected as unworthy of belief.

<u>Id.</u> Unlike the case in <u>Lugg</u>, here the selected witnesses would be speaking to issues at the core of this case and essential to the fact-finding process. Unlike the circumstances in <u>Perkins</u>,

---

process right to present an effective defense had been violated. <u>Id.</u> at 302. To remedy the constitutional deficiency found in Chambers, the Court required that Chambers be retried so that the exculpatory evidence, which he had originally been denied, could be admitted at the new trial. <u>Id.</u> at 302-03.

defendants here are raising the issue in a timely fashion with respect to the upcoming trial. See id.

The Second Circuit has outlined three factors for "requiring the government to grant defense witness immunity at the risk of dismissal of the indictment" that are instructive here. They are: (1) the district court must find that the government has engaged in discriminatory use of immunity to gain a tactical advantage or, through its own overreaching, has forced the witness to invoke the fifth amendment; (2) the witness's testimony must be material, exculpatory, and not cumulative; (3) the testimony must be unobtainable from any other source. United States v. Badahar, 954 F.2d 821, 825 (2d Cir. 1992).[2] This approach "recognizes the essential unfairness of permitting the Government to manipulate its immunity power to elicit testimony from prosecution witnesses who invoke their right not to testify while declining to use that power to elicit from recalcitrant defense witness testimony" that meets the three-part test. Dolah, 245 F.2d at 106.

### 1. The Government's Discriminatory Use of Immunity

The circumstances here would meet all three prongs of the test. Under the first prong, discriminatory use of immunity "arguably means simply a decision by the Government to confer immunity on some witnesses and not on others." Id. at 105-06. At a minimum, however, the "overreaching" encompassed by the test includes conduct "which substantially interferes with the defense, or with a potential defense witness's unfettered choice to testify." Blisset v. Lifevre, 924 F.2d 434, 442 (2d Cir. 1991).

---

[2] The Third Circuit's standard for a judicial grant of immunity would also be met here: (1) the defense witness must be available to testify; (2) the proffered testimony must be clearly exculpatory; (3) the testimony must be essential; and (4) there must be no strong governmental interests which countervail against a grant immunity. Smith, 615 F.2d at 972.

### 2. The Witnesses Would Provide Material, Exculpatory and Non-Cumulative Testimony

The defense recognizes that courts generally will not direct the government to confer immunity on defendant's witnesses or issue judicial immunity for mere "questionable impeachment of a prosecution witness as to a collateral matter." Lugg, 892 F.2d at 104. Here, the testimony of the subpoenaed defendant witnesses would concern no mere collateral matter, but rather information that is inextricably intertwined with the case and could indeed exculpate the defendant on the charges set forth in the indictment. See Doc. 95 at 2; Doc. 77 at 14; 5 C.F.R. 2635.204 (2006). See also Smith, 615 F.2d at 971 (citing Williams v. Florida, 399 U.S. 78, 82 (1970)) ("The essential task of a criminal trial is to search for truth, and that this search is not furthered by rules which turn the trial into a mere 'poker game' to be won by the most skilled tactician.").

### 3. The Testimony Was Unavailable From Any Other Source

The final prong of the Second Circuit's three prong test for defense witness immunity requires that the testimony be "unobtainable from any other source." See Bahadar, 954 F.2d at 826. In this instance, only the subpoenaed individuals can testify about or authenticate evidence that is exculpatory to the defendant.

## CONCLUSION

For the aforementioned reasons, the defense respectfully requests that the Court exercise its authority, either by (1) directing the government to confer immunity for selected witnesses' testimony at trial; (2) conferring judicial immunity upon the witnesses' testimony, or in the alternative; (3) dismissing the Indictment.

                          Respectfully submitted,

                          By:  /s/ Barbara Van Gelder
                               Barbara Van Gelder (D.C. Bar # 265603)
                               Roderick L. Thomas (D.C. Bar # 433433)
                               Albert C. Lambert (D.C. Bar # 489562)
                               WILEY REIN & FIELDING LLP
                               1776 K Street NW
                               Washington, DC  20006
                               TEL: 202.719.7032

                               *Attorneys for David H. Safavian*

Dated: May 24, 2006