## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID HOSSEIN SAFAVIAN, | ) | Criminal No. 05-370 (PLF) |
| | ) | |
| Defendant | ) | |

## RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO CONFER IMMUNITY FOR SELECTED DEFENDANT WITNESSES

The United States of America, by and through undersigned counsel, respectfully requests that this court deny defendant's motion to confer immunity on defendant's witnesses or, in the alternative, to dismiss the Indictment. It is well-established in the D.C. Circuit that "the power to grant immunity is plainly outside the judicial province." United States v. Perkins, 138 F.3d 421, 424 (D.C. Cir. 1998). This Circuit has never authorized court-ordered immunity or approved the dismissal of an indictment in response to the government's refusal to grant immunity. Finally, the defendant has not identified any prosecutorial misconduct which could reasonably be deemed an attempt to distort the fact-finding process. Because the defendant has requested that the court take action that is unprecedented in this Circuit, the government respectfully requests that the motion be denied.

## ARGUMENT

The grant of immunity stems from two sources. First, under 18 U.S.C. §§ 6001-6005, the government may request that the court grant immunity to a witness. This Circuit has squarely held that district courts do not have gand has never recognized an " 'inherent' judicial authority to grant use immunity without regard to the statute or government's position." See United States

v. Perkins, 138 F.3d 421, 424 (D.C. Cir. 1998) (citing D.C. Circuit cases discussing issue).

Second, some circuit courts have held that in rare circumstances, which involved prosecutorial

misconduct designed to distort the fact-finding process, the court may require the government to

grant immunity to a defense witness or face dismissal of the indictment.  Although presented

with the issue on multiple occasions, the D.C. Circuit has never granted district courts the

authority to confer immunity, over objection by the government, to a defense witness who has

expressed an intent to assert his Fifth Amendment privilege if called to testify.  In this case, the

government has not requested statutory immunity for any of the witnesses on either the

government's or the defendant's witness list.  In the event the court applied non-controlling

authority as discussed infra, the defendant has not identified any prosecutorial misconduct that

mandates judicially imposed immunity or dismissal.[1]

A.    **The D.C. Circuit has squarely held that the decision to grant statutory immunity lies solely with the Executive branch.**

This Circuit has repeatedly and definitively rejected the proposition that district courts

have the authority to confer statutory immunity under 18 U.S.C. §§ 6001-6005 without a request

by the government.  See Perkins, 138 F.3d at 424 ("It is true that a district judge is authorized by

statute to immunize a witness claiming a Fifth Amendment privilege-*but only upon the request of*

*the United States attorney*.") (citing 18 U.S.C. § 6003) (emphasis supplied).  When faced with

the question of whether the district court had the authority to order immunity to prevent the

apparent unfairness of a defense witness' refusal to testify on Fifth Amendment grounds, this

---

[1] Courts have recognized that there is a conflict between a witness's Fifth Amendment privilege and a defendant's Sixth Amendment right to compulsory process; however, "such conflict was long ago resolved in favor of a witness's right to silence."  United States v. Cuthel, 903 F.2d 1381, 1384 (11th Cir. 1990) (citing Alford v. United States, 282 U.S. 687, 694 (1931)).

2

Circuit held:

> [T]he court has no power to order such immunity. The cases are legion and uniform that only the Executive can grant statutory immunity, not a court. We are not an exception to this universal rule and have previously approved the view that *it is not the proper business of the trial judge to inquire into the propriety of the prosecution's refusal to grant use immunity to a prospective witness*.

See United States v. Lugg, 892 F.2d 101, 104 (D.C. Cir. 1989) (internal quotations and citations omitted) (emphasis supplied). In so ruling, the D.C. Circuit followed the lead of the Supreme Court, which, when considering whether courts may offer immunity under these statutes, "decline[d] to extend the jurisdiction of courts to include prospective grants of use immunity in the absence of the formal request [by a United States attorney] that the statute requires." See United States v. Doe, 465 U.S.605, 616 (1984).[2]

Furthermore, this Circuit has previously addressed requests to recognize "inherent" judicial authority to grant statutory immunity without regard to the statute or to the government's position. See Perkins, 138 F.3d at 424. In rejecting such requests, the court observed that, "in enacting the immunity statute, the Congress had 'acted with care and particularity, limiting the power to grant immunity to a limited group of federal officials' and therefore concluded that 'with that statute on the books, *the power to grant immunity is plainly outside the judicial*

---

[2] See also United States v. Perkins, 138 F.3d 421, 424 (D.C. Cir. 1998) (applying the Doe holding and rejecting the defendant's argument that the court should grant statutory immunity despite the absence of a United States attorney's request for immunity); United States v. Heldt, 668 F.2d 1238, 1283 (D.C. Cir. 1981) (commenting on the inappropriateness of judicial inquiry into prosecutorial refusals to grant use immunity); Ellis v. United States, 416 F.2d 791, 796-97 (D.C. Cir. 1969) (observing that Congress committed the decision of whether to grant witnesses immunity exclusively to the Executive branch).

3

*province*." Id. (emphasis supplied).[3]  Accordingly, the D.C. Circuit has resolved that the

judiciary lacks the power to grant immunity to witnesses.

**B.    No "extraordinary circumstances" exist to justify judicially imposed immunity or dismissal of the indictment.**

While the D.C. Circuit has noted that "some [out of circuit] cases have indicated that the

government may be compelled to grant a defense witness immunity in 'extraordinary

situations,'" Lugg, 892 F.2d at 104; Perkins, 138 F.3d at 424 n.2, the Circuit has not adopted or

employed this theory to approve judicially granted immunity or dismissal of an indictment.  See

Perkins, 138 F.3d at 424 n.2 (refusing to decide whether it would adopt the test if presented with

an appropriate case); Lugg, 892 F.2d at 104 (same).

This Circuit recognized it is an incredibly rare instance in which a court has granted

immunity under the "extraordinary circumstances" doctrine and occurs "largely in instances of

---

[3] In support of its argument, the defendant cites Government of Virgin Islands v. Smith, 615 F.2d 964, 970 (3d Cir. 1980).   In Smith, the Third Circuit ruled that "the court has inherent authority to effectuate the defendant's compulsory process right by conferring a judicially fashioned immunity upon a witness whose testimony is an effective defense," and is triggered by "the fact that the defendant is prevented from presenting exculpatory evidence which is crucial to his case." 615 F.2d at 969-70.

The D.C. Circuit has rejected the concept of "inherent" judicial authority.  See Perkins, 138 F.3d at 424 (finding that no "inherent judicial authority" exists to grant immunity to a defense witness).  Each circuit court that has address this issue has criticized and rejected the Third Circuit's ruling that a district court may confer immunity on a defense witness if the witness possesses exculpatory information.  See, e.g., United States v. Castro, 129 F.3d 226, 232 (1st Cir. 1997) (rejecting the Third Circuit's ruling in Smith and holding that the court may not confer immunity on a witness that possesses exculpatory information); United States v. Gottesman, 724 F.2d 1517, 1523-24 (11th Cir. 1984) (rejecting Smith and affirming the district court's refusal to grant immunity to the defendant's witness who possessed exculpatory information); United States v. Thevis, 665 F.2d 616, 639 (5th Cir. 1982) ("District courts may not grant immunity to defense simply because that witness has essential exculpatory information unavailable from other sources.").  Accordingly, the government requests that this court decline the defendant's request to follow a minority view that has been previously rebuffed by this Circuit.

4

prosecutorial misconduct." Lugg, 892 F.2d at 104. Such misconduct occurs where the

prosecutor distorts the fact-finding process or engages in other prosecutorial misconduct such as

intimidation of defense witnesses. See United States v. Serrano, 406 F.3d 1208, 1216 (10th Cir.

2005) (noting that a government actor may not substantially interfere with a witness's decision to

testify, which includes threats of prosecution, intimidation, or coercive badgering). As support

for its argument, the defendant cites non-controlling authority where courts granted immunity to

a defense witness or ordered the government to grant immunity or face dismissal because the

government refused to immunize or objected to testimony from a witness who had previously

*confessed* to committing the crime at issue. See Smith, 615 F.2d at 969; see also Chambers v.

Mississippi, 410 U.S. 284, 296-98 (1973). Here, the defendant has not identified *any* impropriety

of the government, and certainly has not identified any conduct rising to the level of prosecutorial

misconduct such as threatening and intimidating witnesses. This case, which involves false

statement and obstruction charges, is not the type of case in which a prior confession from a

witness precludes the criminal culpability of the charged defendant; thus, those cases are not

instructive. Moreover, the defendant has not identified any exculpatory evidence that will not be

admitted if the motion is denied. Because no prosecutorial misconduct has induced witnesses to

assert their Fifth Amendment right, this is not a case in which the court should find

"extraordinary circumstances" warranting court imposed immunity or dismissal of the

indictment.

     Finally, the Second Circuit test proposed by the defendant has not been adopted by the

D.C. Circuit and, in any event, fails if applied to the facts of this case.[4]  First, the government has not used immunity in a discriminatory fashion.  It has not, for example, conferred immunity on the government's witnesses and refused to confer immunity on defense witnesses.  No witnesses on either the government or the defendant's witness lists have been granted immunity.  Second, the defendant has utterly failed to establish the nature of the evidence or testimony of any proposed witnesses.  Third, the defendant has not identified how the evidence would be exculpatory to the false statement and obstruction charges.  Absent a showing of what the testimony would consist of, the court cannot make a determination either that the testimony is exculpatory or that it is not available through another source.

---

[4] Even in unique factual situations, the Second Circuit recognizes that judicially conferred immunity should be employed sparingly.  See United States v. Bahadar, 954 F.2d 821, 825 (2d Cir. 1992) ("[T]he fifth amendment does not require that defense witness immunity must be ordered whenever it seems fair to grant it.").

**CONCLUSION**

D.C. Circuit case law is quite clear that a district court cannot order the government to confer statutory immunity on a defense witness or grant such immunity itself. The D.C. Circuit has never authorized judicially imposed immunity or dismissal of the indictment where the government refused to grant immunity. Finally, even if the court found that in "extraordinary circumstances" a court may grant immunity, this is not such a case. The defendant has failed to identify *any* prosecutorial misconduct that justifies granting immunity or dismissing the indictment. For the foregoing reasons, the government respectfully requests that the court deny the defendant's motion.

Respectfully submitted,

/s/ Nathaniel B. Edmonds
NATHANIEL B. EDMONDS
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice

/s/ Peter R. Zeidenberg
PETER R. ZEIDENBERG
Trial Attorney, Public Integrity Section
Criminal Division
United States Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May 2006, a copy of the foregoing was served on

the following counsel by electronic service to:

Barbara Van Gelder, Esq.
Albert Lambert
Wiley Rein & Fielding
1776 K Street NW
Washington, DC 20006
Tel: 202-719-7032
Facsimile: 202-719-7049

/s/ Nathaniel B. Edmonds
NATHANIEL B. EDMONDS
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice