Case 1:05-cr-00370-PLF    Document 105    Filed 05/30/2006    Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES of AMERICA,

v.

DAVID HOSSEIN SAFAVIAN,

Defendant

Criminal No. 05-370 (PLF)

**REPLY IN SUPPORT OF THE MOTION TO CONFER IMMUNITY FOR SELECTED DEFENDANT WITNESSES UNDER SUBPOENA OR IN THE ALTERNATIVE TO DISMISS THE INDICTMENT**

Defendant David H. Safavian, by and through undersigned counsel, hereby submits this reply in support of the Motion to Confer Immunity for Selected Defendant Witnesses.

There is no dispute that the D.C. Circuit has stated, along with other courts, that a criminal defendant is generally not entitled to compel the government to grant immunity to any witness it wants, and that it has yet to encounter circumstances that fit the exception to this rule. United States v. Lugg, 892 F.2d 101, 104 (D.C. Cir. 1989) (citations omitted); United States v. Perkins, 138 F.3d 421, 424 n.2 (D.C. Cir. 1998). The question, however, is whether the circumstances in this case meet the criteria for the exception.

As this Court has acknowledged, the seventh and ninth circuits, among others, have held that judicial intervention in witness immunity is warranted "[w]here the prosecutor's decision not to grant a witness use immunity has distort[ed] the judicial fact-finding process." Lugg, 892 F.2d at 104; Perkins, 138 F.3d at 424 n.2 (citing United States v. Paris, 827 F.2d 395, 403 (9th Cir. 1987) (Kozinski, J., dissenting) (quoting United States v. Taylor, 728 F.2d 930, 935 (7th Cir. 1984)) (internal quotes omitted); see also United States v. Alessio, 528 F.2d 1079, 1082 (9th Cir. 1976).

Indeed, Judge Kozinski's dissent in Paris has become the majority position in the ninth circuit. In that court, immunity is either directed or conferred where the anticipated testimony is: (1) relevant; and (2) the government has distorted the judicial fact-finding process by denying immunity. United States v. Young, 86 F.3d 944, 949 (9th Cir. 1996) (reversing district court's refusal to conduct an evidentiary hearing without any findings of fact as to whether the government's use of immunity distorted the fact finding process); United States v. Westerdahl, 945 F.2d 1083, 1087 (9th Cir. 1991) (reversing conviction because the district court failed to hold an evidentiary hearing to determine whether prosecutorial misconduct distorted the fact-finding process); United States v. Lord, 711 F.2d 887, 891-92 (9th Cir. 1983) (holding that defendant was denied a fair trial when the district court refused to determine whether the prosecutor had deliberately caused a witness to refuse to testify).

Contrary to the government's representation, several courts have embraced the third circuit's approach in Government of Virgin Islands v. Smith, 615 F.2d 964, 970 (3d Cir. 1980) (allowing district court to directly confer immunity where the testimony is exculpatory, essential, and where there are no strong governmental interests which countervail against a grant immunity). See Lord, 711 F.2d at 891-92; see also United States v. Dolah, 245 F.3d 98, 106 (2d Cir. 2001), abrogated on other grounds by Crawford v. Washington, 541 U.S. 36 (2004) (permitting court directed immunity where the government has through its own overreaching, forced a material, exculpatory witness to invoke the fifth amendment; United States v. Bustamante, 45 F.3d 933, 943 (5th Cir. 1995) (acknowledging exception but denying immunity because proferred testimony would have been cumulative); Taylor, 728 F.2d at 935.[1]

---

[1]  Hence, the government is simply wrong to say that the D.C. Circuit has rejected the Third Circuit analysis in Smith. The ninth circuit approach, recognized by this court, explicitly derived its doctrine from that case. See United States v. Lord, 711 F.2d 887, 891-92 (9th Cir. 1983). The ninth circuit has framed judicially directed or

Ultimately, however, in both Perkins and Lugg, this Court decided that the circumstances did not warrant the exercise of these exceptions because the testimony at issue would have been "at most questionable impeachment of a prosecution witness as to a collateral matter." Lugg, 892 F.2d at 104; Perkins, 138 F.3d at 424 n.2 (declining to exercise such authority where the defendants sought appeal from a denial of a request for a new trial and contended that the government's failure to confer immunity upon a witness in preparation for the proposed new trial "somehow deprived the [original] trial itself of fairness").

Unlike the case in Lugg and Perkins, and like the circumstances in Lord, Westerdahl, and Young, where the courts directed hearings to determine whether immunity should be conferred, the witness testimony at issue is not collateral. The witnesses at issue will be speaking to, among other things, the reporting of the cost of the Scotland trip, as well as Mr. Safavian's relationship with Abramoff, and Mr. Safavian's use of e-mail while at the GSA. The government has already deemed these matters critical to its case.[2]

---

conferred immunity as an "exception" to the general rule that a "criminal defendant is not entitled to compel the government to grant immunity to a witness." United States v. Young, 86 F.3d 944, 947 (9th Cir. 1996).

This court's ability to redress this situation has been acknowledged by the aforementioned cases and the Supreme Court itself. The government ignores the defendant's reference to Simmons v. United States, 390 U.S. 377, 394 (1968), which along with Chambers v. Mississippi, has provided the impetus for these decisions. See Smith, 615 F.2d at 970. The government's reference to United States v. Doe, however, is inapt. In Doe, the Court rejected *the government's* attempt to enforce grand jury subpoenas of records without conferring statutory immunity in violation of the defendant's Fifth Amendment privilege. The government there, in an attempt to create a doctrine of constructive use immunity, had merely verbally proffered that it would not use the subpoenaed production against the defendant. United States v. Doe, 465 U.S. 405, 416 (1984); see also Matter of Special Federal Grand Jury Empanelled Oct. 31, 1985 Impounded  819 F.2d 56, 58 (3d Cir. 1987) (reversing district court's conclusion that appellant could be stripped of his fifth amendment privilege by the government's promise not to use the act of production against him).   It is in *this context*, where the prosecution was attempting to have its cake and eat it too, that the Court declined to permit the courts to grant prospective grants of use immunity in the absence of a statutory request. See Gov't Resp. (Doc. 104) at 3.  Notably, the cases discussed above have referenced Simmons and Chambers, and have not found Doe an impediment.

[2]   The government is well-aware of the witnesses at issue and the subject matter of their testimony. Thus, it is both inaccurate and prejudicial for it to claim that "the defendant has utterly failed to establish the nature of the evidence or testimony of the proposed witnesses." Gov't Rep. (Doc. 104) at 6. The defense should not be put in the position of having to reveal the specifics of the anticipated testimony in order to ensure due process protection.

The government claims that none of its witnesses have been given immunity. It neglects to inform that one of its lead witnesses has accepted an agreement to cooperate and testify in this trial in exchange for the government's promises of immunity from further prosecution and the government's recommendation of downward departure under U.S.S.G. § 3E1.1. This arrangement is conditioned upon "completely truthful testimony" at this trial, and possibly other proceedings.

Because of the government's investigatory overreach, not only will the presentation of relevant, potentially exculpatory evidence be impeded, but some of the only witnesses who could potentially challenge and impeach this government witness will be precluded from testifying on Mr. Safavian's behalf. See Young, 86 F.3d at 949 (noting that the proferred defense witness would have directly contradicted a key government witness); Lord, 711 F.2d at 891 - 892 (remanding for a hearing on immunity because witness "might corroborate" defendant's theory of the case and where the witness was implicitly told that his status as a target depended on his testimony); Blisset v. Lifevre, 924 F.2d 434, 442 (2d Cir. 1991) (courts can direct the government to confer immunity when the government's decision "substantially interferes with the defense, or with a potential defense witness's unfettered choice to testify.")[3]

---

[3]  Consistent with the practice in the ninth circuit, the Court may also be inclined to arrange for a separate hearing on this matter. See e.g., Young, 86 F.3d at 949.

## CONCLUSION

For the aforementioned reasons, and those discussed in the Motion to Confer Immunity for Selected Defendant Witnesses (Doc. 102), the defense respectfully requests that the Court exercise its authority, either by (1) directing the government to confer immunity for selected witnesses' testimony at trial; (2) conferring judicial immunity upon the witnesses' testimony, or in the alternative; (3) dismissing the Indictment.

Respectfully submitted,

By:   /s/ Barbara Van Gelder
    Barbara Van Gelder (D.C. Bar # 265603)
    Roderick L. Thomas (D.C. Bar # 433433)
    Albert C. Lambert (D.C. Bar # 489562)
    WILEY REIN & FIELDING LLP
    1776 K Street NW
    Washington, DC  20006
    TEL: 202.719.7032

*Attorneys for David H. Safavian*

Dated: May 30, 2006