UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No 05-370 (PLF) |
| | : | |
| v. | : | |
| | : | |
| **DAVID HOSSEIN SAFAVIAN** | : | |
| | : | |
| **Defendant** | : | |

**GOVERNMENT'S MOTION TO PRECLUDE TESTIMONY OF
DEFENSE EXPERT OR, IN ALTERNATIVE, FOR A DAUBERT HEARING**

The United States of America, by and through its undersigned attorneys, hereby respectfully requests this Court to preclude the defense from calling an expert witness to opine as to his understanding of the definition of "doing business or seeking to do business" with the government. In the alternative, the government requests that this Court conduct a Daubert hearing to determine whether such testimony meets the requirements of Fed.R.Evid. 702.

The defense has proffered that it will call a purported expert in the field of government contracting to opine that, in his opinion, "only when the government actually awards a contract to [a] prevailing offeror can a person/company be said to be doing business with the government." Summary of Testimony of Anthony H. Anikeeff, Attached at "A." He will also opine that "one does not seek to do business with the government until one submits an offer. Prior to that point, one is taking the steps necessary to put oneself in a position to seek to do business with the government." Attachment "A."

These opinions are simply not the proper subject of expert testimony. The question of what is "business" or "seeking to do business" with the federal government is not, to the government's knowledge, defined anywhere by either statute or federal regulations. It is a

question that clearly is not beyond the ken of the average lay person and it is a matter the jury can and should decide without the testimony of a so-called expert in the field. *See United States v. Gibbs*, 190 F.3d 188, 213 (3d Cir. 1999) (citing cases and holding that it was error to admit expert testimony about everyday phrases uttered by the defendant); *Scott v. Sears, Roebuck & Company*, 789 F.2d 1052 (4th Cir. 1985) (expert testimony inadmissible "as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance.").

The question of whether or not Jack Abramoff was or was not doing business or seeking to do business with the GSA is a question properly for the jury and does not and should not require "expert opinion." "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier. 'There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" Advisory Committee notes, quoting Ladd, Expert Testimony, 5 Van.L.Rev. 414, 418 (1952). Mr. Annikeeff's opinion about the definition of what is "business" or "seeking to do business" would be far more likely to confuse the jury, rather than clarify. It would suggest that only an "expert" can truly know what, at bottom, is a commonplace, everyday expression: business.

Moreover, there is no evidence whatsoever that Mr. Anikeeff's subjective opinion regarding the definitions of "business" and "seeking to do business" were shared by the defendant. While defendant's understanding and belief of what he understood by the terms

"business" or "seeking to do business"would be highly relevant, Mr. Anikeeff's opinion is wholly irrelevant unless there can be some showing that this opinion was somehow shared with defendant during the relevant time periods, i.e., when he was alleged to have made the false statements at issue at this trial.

<u>The Courts Should Act as Gatekeepers for Expert Opinion</u>

The Supreme Court has instructed trial courts that they must act as "gatekeepers" to ensure that inadmissible expert testimony does not reach the jury. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993). It is the role of the trial court to ensure that expert evidence is both reliable and relevant. *See id*. at 589. The trial court's role as gatekeeper applies whether or not the proffered testimony is of a scientific nature. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

The burden of laying the proper foundation for the expert testimony is on the party offering the expert. *McCorvey v. Baxter Healthcare Corp.*, 283 F.2d 1253, 1256 (11th Cir. 2002). Thus, when deciding to offer proffered expert testimony, "the court must consider the testimony with the understanding that '[t]he burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion...." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237-38 (11th Cir. 2005) quoting *United States v. Frazier*, 387 F.2d 1244, 1260 (11th Cir. 2004).

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, the Supreme Court stated that the *Daubert* "gate-keeping" obligation applies not only to "scientific" or "technical" testimony but to all expert testimony. *Id. at 147 -48*.

Before admitting expert testimony, the court should look at the following factors:

> *1) whether the expert's technique or theory can be or has been tested – that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability*; 2) whether the technique or theory has been subject to peer review and publication; 3) the known or potential rate of error of the technique or theory when applied; 4) the existence and maintenance of standards and controls; and 5) whether the technique or theory has been generally accepted in the scientific community.

Advisory Committee Notes, R. 702, citing *Kumho*, 119 S.Ct. at 1175 (emphasis supplied).

R. 702 "rejects the premise that an expert's testimony should be treated more permissively simply because it is outside the realm of science. An opinion from an expert who is not a scientist should receive the same degree of scrutiny for reliability as an opinion from an expert who purports to be a scientist. ... The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded. ... The more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable." Advisory Committee Notes.

There is simply no proffer that would enable this Court to find that Mr. Anikeeff's proposed testimony is "properly grounded, well-reasoned, and not speculative." Nor can there be any finding that this testimony is "grounded in an accepted body of learning or experience in the expert's field."

Thus, the Court should conduct a hearing, outside the presence of the jury, to determine preliminarily whether Mr. Anikeeff's testimony meets the *Daubert* test.

**Conclusion**

      For the foregoing reasons, the Court should preclude the testimony of the defense expert or, in the alternative, hold a *Daubert* hearing to determine whether such evidence should be properly admitted.

                                          Respectfully submitted,

| | |
|---|---|
| /s/ Nathaniel B. Edmonds | /s/ Peter R. Zeidenberg |
| NATHANIEL B. EDMONDS | PETER R. ZEIDENBERG |
| Trial Attorney, Fraud Section | Trial Attorney, Public Integrity Section |
| Criminal Division | Criminal Division |
| United States Department of Justice | United States Department of Justice |

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2006, a copy of the foregoing was served on the following counsel by electronic service to:

>Barbara Van Gelder, Esq.
>Albert Lambert, Esq.
>Wiley Rein & Fielding
>1776 K Street NW
>Washington, DC 20006
>Tel: 202-719-7032
>Facsimile: 202-719-7049

>/s/ Nathaniel B. Edmonds
>NATHANIEL B. EDMONDS
>Trial Attorney
>Fraud Section, Criminal Division
>United States Department of Justice