UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES of AMERICA, <br><br> v. <br><br> DAVID HOSSEIN SAFAVIAN, <br><br> Defendant | Criminal No. 05-370 (PLF) |

**DEFENDANT OPPOSITION TO GOVERNMENT MOTION TO PRECLUDE
DEFENSE EXPERT OR IN THE ALTERNATIVE FOR A DAUBERT HEARING**

Defendant David H. Safavian, by and through counsel, hereby submits this Opposition to the Government's Motion to Preclude Defense Expert, or in the Alternative, for a Daubert Hearing.

Under Federal Rule of Evidence 702,

> "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

Fed. R. Evid. 702. Rule 702 imposes a "gatekeeping" obligation upon a trial judge to ensure that any and all expert testimony is both reliable and relevant. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999). Under Daubert v. Merrell-Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), these matters should be judged against the preponderance of the evidence standard. Id. at 592 n.10. This does not mean that the accuracy of the expert testimony must meet the standard, but that the reliability of the expert's opinions

must do so.  In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 744 (3d Cir. 1994) (explaining that an expert's opinions may be reliable even though the judge thinks they are incorrect).  In general, Rule 702 manifests a liberal policy of admissibility.  Paoli, 35 F.3d at 741.

The test of reliability is a "flexible" one.  Kumho, 526 U.S. at 141; Daubert v. Merrell-Dow Pharmaceuticals, Inc., 509 U.S. 579, 594 (1993).  The trial court may consider the following factors "where they are reasonable measures of the reliability of expert testimony:"  whether a theory or technique is able to be and has been tested; whether it has been subject to peer review; whether it has a known or potential rate of error; and whether it is generally accepted with the relevant community.  Kumho, 526 U.S. at 152.

In addition, a witness's qualifications bear on reliability, United States v. Frazier, 387 F.3d 1244 (11th Cir. 2004).[1]  Regarding a witness's qualifications, the court must determine whether he is qualified by "knowledge, skill, experience, training, or education."  Fed. R. Evid. 702; see Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 969 (10th Cir. 2001).  These qualifications must be viewed liberally in favor of admissibility.  Paoli, 35 F.3d at 741.  Indeed, experience alone may be a sufficient basis for a witness to qualify as an expert under Rule 702.  See Fed. R. Evid. 702 ("knowledge, skill, experience, training, or education") (emphasis added); Calvetti v. Anticliff, 346 F. Supp. 2d 92, 110-11 (D.D.C. 2004) ("An individual may be deemed an expert based on 'intense practical experience' in the particular field.") (quoting Lohrenz v. Donnelly, 223

---

[1] Note that to some degree, a lack of specialization reflects only on the weight of the expert's testimony rather than the admissibility thereof.  Baerman v Reisinger, 363 F.2d 309, 310 (D.C. Cir. 1966); Lappe v. Am. Honda Motor Co., 857 F. Supp. 222, 226 (N.D.N.Y. 1994) (post-Daubert).

F. Supp. 2d 25, 35-36 (D.D.C. 2002)); see also Hartzler v. Wiley, 277 F. Supp. 2d 1114, 1117 (D. Kan. 2003) (holding that a witness who "has worked for decades as a construction manager" and "has published articles and given presentations on the construction industry" has "specialized knowledge" and is "qualified to testify as an expert"). This is especially so in an area where "experience dominates and where the court and the jury would likely be inexperienced," making it likely that the expert would assist the trier of fact. Lohrenz, 223 F. Supp. 2d at 36. For example, in Calvetti, a witness who owned home renovation contracting businesses for over 20 years was qualified to testify as an expert in general contracting. Calvetti, 346 F. Supp. 2d at 112.[2]

With regard to relevance, "the dispositive question is whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." Ambrosini v. Labarraque, 101 F.3d 129, 135 (D.C. Cir. 1996) (quoting Daubert and Rule 702); Dyson v. Winfield, 113 F. Supp. 2d 44, 49 (D.D.C. 2000). Doubts about whether to admit expert testimony should be resolved in favor of admission. Paoli, 35 F.3d at 745 (the helpfulness/relevance should be considered with a preference toward admission); Hartzler v. Wiley, 277 F. Supp. 2d 1114, 1116 (D. Kan. 2003). Indeed, "the rejection of expert testimony is the exception rather than the rule." See Fed. R. Evid. 702 (advisory committee notes relating to 2000 amendments).

Under Rule 704(a), an expert witness may testify in the form of an opinion or inference. This is the case even if the opinion or inference embraces an ultimate fact

---

[2] Note, however, that "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 (advisory committee notes to the 2000 Amendments); see also Twin Cities Bakery Workers Health & Welfare Fund v. Biovail Corp., 2005 WL 3675999, at *4 (D.D.C. 2005).

issue. See Fed. R. Evid. 704(a). However, an expert is not entitled to testify as to legal conclusions. United States v. Pal-Tech, Inc., 231 F. Supp. 2d 94, 98 (D.D.C. 2002); see also Burkhart v. Washington Metro. Area Transit Authority, 112 F.3d 1207, 1212-13 (D.C.Cir.1997) ("[A]n expert may offer his opinion as to facts, that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied").

Lawyers may qualify as experts in their fields of practice. Syufy Enters. V. Am. Multicinema, Inc., 793 F.2d 990, 996 (9th Cir. 1986) (antitrust lawyer permitted to opine that party had market power, a question of fact); Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 509 (2d Cir. 1977) (securities lawyer qualified as expert concerning practices in the securities business); Riske v. Truck Ins. Exchange, 490 F.2d 1079, 1083 (8th Cir. 1974) (lawyers were permitted to testify as to practices in the field of personal injury law); Metropolitan St. Louis Equal Housing Opportunity Council v. Gordon A. Gundaker Real Estate Co., 130 F. Supp. 2d 1074, 1089-90 (E.D. Mo. 2001) (fair housing lawyer has specialized knowledge qualifying her to give expert opinion as to fair housing education and training for real estate agents). However, the rule against testifying as to legal conclusions still applies. See Marx, 550 F.2d at 509 (securities lawyer-expert could not give opinions as to the contract terms at issue).

An expert who testifies as to the meaning of terms in a statute, regulation, or contract may be seen as impermissibly opining as to legal conclusions. See id.; see also Burkhart, 112 F.3d 1207, 1213-14 (D.C. Cir. 1997) (expert testimony as to terms "lifted directly from the text" of the relevant regulations was improper offering of legal conclusions); Pal-Tech, 231 F. Supp. 2d 94, 98 (D.D.C. 2002) (expert invoking terms that

have specific meanings as to contract interpretation found to be reaching legal conclusions). However, courts "do not exclude all testimony regarding legal issues." Specht v. Jensen, 853 F.2d 805, 809 (10th Cir. 1988). "[A]n expert may refer to the law in expressing his opinion." Hartzler v. Wiley, 277 F. Supp. 2d 1114, 1118 (D. Kan. 2003) (concluding that the expert's opinions as to contract interpretation were admissible because the terms were ambiguous). "Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." Specht, 853 F.2d at 809. For example, the Tenth Circuit allowed expert testimony that a certain weapon had to be registered with the ATF because the expert's opinion focused on a specific fact issue. United States v. Buchanan, 787 F.2d 477, 483 (10th Cir.1986). See also Huddleston v. Herman & MacLean, 640 F.2d 534, 552 (5th Cir.1981) (attorney expert in securities law allowed to testify that a statement in a prospectus was standard language for the issuance of a new security because this information helped the jury weigh the evidence of defendants' scienter); United States v. Garber, 607 F.2d 92 (5th Cir.1979) (trial court erred in refusing to let experts on income tax law testify regarding whether failure to report funds received for sale of blood plasma constituted income tax evasion).

## CONCLUSION

For the aforementioned reasons, the defense expert's proposed opinions are the proper subject of expert testimony. Accordingly, the defendant respectfully requests that the Court deny the Government's Motion to Preclude Defense Expert, or in the Alternative, for a Daubert Hearing.

Respectfully submitted,

By: /s/ Barbara Van Gelder
Barbara Van Gelder (D.C. Bar # 265603)
Roderick L. Thomas (D.C. Bar # 433433)
Albert C. Lambert (D.C. Bar # 489562)
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC  20006
TEL: 202.719.7032

*Attorneys for David H. Safavian*

Dated: June 1, 2006