# DEFENDANT EXHIBIT 1 – COMPARATIVE SENTENCES

| Date | Case | Position | Offense | Conviction | Sentence |
|---|---|---|---|---|---|
| 1988 | John Poindexter | National Security Adviser | Poindexter supervised North and participated in the Iran-contra operations. In meetings with other Administration officials and members of Congress, he repeatedly described a false version of the illegal transactions. He later attempted to shred and alter the Iran-contra paper trail, deleting thousands of computer messages as well. | Charge: 1 count conspiracy 2 counts § 1505; 2 counts § 1001 Conviction: 1 count conspiracy 2 counts § 1505; 2 counts § 1001 | Sentence: 6 mos. prison (concurrent) Note: Sentence overturned because limited immunity congressional testimony influenced witnesses |
| 1995 | Walter Fauntroy | Member of Congress (D-DC) | Fauntroy stated on his SF-278 that he made a $23,887 charitable deduction to a church, thereby making it appear that he was in compliance with the House 30-percent cap on outside income. | Charge: 1 count § 1001: Pled guilty 1 count misdemeanor 22 D.C.C. § 2514 [now 2405] | Sentence: 2 yrs probation $1,000 fine |
| 1997 | Henry Cisneros. | HUD Secretary | (Facts summarized in Memorandum) | Charge: 1 count § 371 conspiracy; 6 counts cover-up; 10 counts § 1001; 1 § 1505 Pled guilty: 1 count misdemeanor § 1018 lying | Sentence: $10,000 fine Note: Pardoned by President Clinton |

| | | | | | |
|---|---|---|---|---|---|
| 1997 | Mary Rose Oakar | Member of Congress (D-OH) | Oakar solicited straw donors to her reelection campaign. She also caused the mandatory FEC reports to include false information about the identities of and amounts contributed by contributors. In addition, she wrote more than 200 overdrafts on her House bank account and filed a financial disclosure report failing to disclose a $50,000 loan which she used in part to pay the for a luxury Georgetown townhouse. | <u>Charge</u>:<br>1 count § 641 conversion;<br>1 count § 371 FEC false stmts;<br>5 counts § 1001 fin discl rpt<br><br><u>Pled guilty</u>:<br>1 count misdemeanor § 371 | <u>Sentence</u>:<br>2 yrs. Probation;<br>200 hrs cmty. Svc.;<br>$32,000 fine<br><br><u>Note</u>: Court dismissed Sec. 1001 counts per <u>U.S. v. Hubbard</u>. |
| 1998 | Pauline Kanchanalak | Businesswoman | Kanchanalak used accounts of her mother-in-law and sister-in-law to give more than $457,000 to the Democratic National Committee and five state Democratic committees in connection with a Clinton Administration White House coffee. | <u>Charge</u>:<br>4 counts 2 U.S.C. 437g FEC<br>2 counts 18 U.S.C. § 371<br>1 count 18 U.S.C. § 371, 1503<br>1 count 18 U.S.C. § 371, 1505<br>10 counts 18 U.S.C. §§ 1001, 2(b)<br><br><u>Pled guilty</u>:<br>1 count § 371 false stmts<br>1 count 2 U.S.C. § 437g, 18 U.S.C. § 2 | <u>Sentence</u>:<br>3 yrs probation (concurrent)<br>18 mos probation (concurrent)<br>$3,000 fine |

- 2 -

| | | | | | |
|---|---|---|---|---|---|
| 1998 | Charlie Trie | Businessman | Trie made a number of political contributions to the Democratic National Committee. He made contributions through various companies, made contributions for which he was reimbursed by foreign sources, and set up straw donors to make contributions which he caused to be reimbursed by foreign sources. Based on his contributions, the DNC submitted false reports to the FEC. When the Senate began investigating the contributions, Trie instructed a witness to alter or destroy responsive or relevant documents. (1996) | <u>Charge</u> (DC): 1 count 18 U.S.C. § 371 conspiracy 7 counts 18 U.S.C. §§ 1341, 1343, 2 3 counts 18 U.S.C. §§ 1001, 2(b) FEB 1 count 18 U.S.C. § 371 obstruction 1 count 18 U.S.C. § 1505 obstruction 2 counts 18 U.S.C. §§ 1505, 2 tampering<br><br><u>Charge</u> (AR): 1 count 2 U.S.C. § 441 contributions 1 count 18 U.S.C. § 1001 1 count 18 U.S.C. § 1505 congressional<br><br><u>Pled guilty</u> (AR): (1.5 years later): 1 count 18 U.S.C. § 1001 1 count 2 U.S.C. § 441 contributions | <u>Sentence</u> (AR): 3 yrs probation (concurrent) $5,000 fine<br><br><u>Note</u>: DC case dismissed per AR plea |

| | | | | | |
|---|---|---|---|---|---|
| 2000 | Chris Perkins | Member of Congress (D-KY) | Perkins was interviewed by his probation officer about his 1993-1994 income for purposes of sentencing in the House Bank scandal case. He lied and told the P.O. that his income for the two years was $175,000, when in fact it was $315,000 for 1993 alone. (1999) | <u>Pled guilty</u>: Criminal contempt | <u>Sentence</u>: 3 mos. halfway house |
| 2003 | Martha Stewart | Chief Executive Officer Martha Stewart Living Omnimedia | Stewart learned from her broker that the CEO of ImClone, a company in which she held shares, planned to sell all of his shares. She then sold her shares. She was interviewed by the Securities & Exchange Commission, the FBI, and the USAO for SDNY, all of whom were investigating the ImClone sales. During the investigation, Stewart and her broker maintained that the sale was pursuant to a stop-loss order. Stewart also changed a message log of a call from her broker about ImClone to appear more neutral. (2001 – 2002) | <u>Charge</u>: 1 count 18 U.S.C. § 371 obstruct/false st 1 count 15 U.S.C. § 78j, 78ff securities 1 count 18 U.S.C. § 1505 2 counts 18 U.S.C. § 1001<br><br><u>Conviction</u>: 1 count 18 U.S.C. § 371 obstruct/false st 1 count 18 U.S.C. § 1505 2 counts 18 U.S.C. § 1001 | <u>Sentence</u>: 5 mos. prison 2 yrs. supervised release $30,000 fine |

- 4 -

| | | | | | |
|---|---|---|---|---|---|
| 2004 | Alden Stallings | Deputy Public Affairs Officer U.S. Embassy Seoul, South Korea | Stallings had the authority to submit referrals to the Consular Section on behalf of non-immigrant visa applicants. He submitted 54 referrals in which he provided false information stating that the applicant was an "important post contact" whom he had "personally known." (Apr 1999 – Feb 2001) | <u>Pled guilty</u>: (next-month information): 1 count 18 U.S.C. § 1001 | <u>Sentence</u>: 1 yr. probation $5,000 fine 100 hrs cmty svc<br><br><u>Note</u>: Resigned as part of plea |
| 2005 | Erik Blowers | Special Agent Chief Division Counsel Charlotte Division Federal Bureau of Investigation | Blowers advised FBI agents on receiving gifts and the proper completion of their annual confidential financial disclosure reports. He took two gifts of free travel to Las Vegas with a former cooperating witness and did not report them on his disclosure report. (2000) | <u>Charge</u>: 1 count 18 U.S.C. § 1001<br><br><u>Pled guilty</u>: (six months later): 1 count misdemeanor 18 U.S.C. § 1018 | <u>Sentence</u>: 2 yrs. probation 400 hrs cmty svc<br><br><u>Note</u>: Resigned as part of plea |