HONORABLE PAUL L. FRIEDMAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA : Docket No.: **05-CR-370**

vs. : SSN:

SAFAVIAN, David Hossein : Disclosure Date: **September 21, 2006**

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          10/5/06
**Prosecuting Attorney**                   Date

**For the Defendant**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  _____   _____  _____
Defendant             Date          Defense Counsel         Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **October 05, 2006**, to U.S. Probation Officer **Renee Moses-Gregory**, telephone number **(202) 565-1348**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Richard A. Houck, Jr., Chief
United States Probation Officer

The government hereby notifies Probation that in the course of preparing its response to defendant's Sentencing Memorandum it has found what it believes to be a significant error in the Presentence Investigation Report for David H. Safavian.

The PSI Report indicates (¶ 21) that the 2002 Edition of the Guidelines Manual was used in order to avoid any ex post facto concerns. We believe this is incorrect, and that the 2005 Edition of the Guidelines should apply.

§ 1B1.11(a) states that "The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."

§ 1B1.11(3) states: "If the defendant is convicted of two offenses, the first committed before, and the second after, a revised edition of the Guidelines Manual became effective, the revised edition of the Guidelines Manual is to be applied to both offense."

The government believes that § 1B1.11(3) controls in this case. Defendant was convicted for conduct which occurred in 2002 (Count 2), 2003 (Counts 1 and 3), and 2005 (Count 5). Therefore, the later, 2005 version of the guidelines should apply, because it is the "revised version."

The Application Note to § 1B1.11(3) directly applies to this situation:

> Subsection (b)(3) provided that where the defendant is convicted of two offenses, the first committed before, and the second after, a revised edition of the Guidelines Manual became effective, the revised edition of the Guidelines Manual is to be applied to both offenses, even if the revised edition results in an increased penalty for the first offense. Because the defendant completed the second offense after the amendment to the guidelines took effect, the ex post facto clause does not prevent determining the sentence for that count based on the amended guidelines. For example, ... a defendant convicted of two counts of embezzlement, one committed before the amendments were enacted, and the second after. In this example, the ex post facto clause would not bar application of the amended guideline to the first conviction; a contrary conclusion would mean that such defendant was subject to a lower guideline range than if convicted only of the second offense.

As a result of using the 2005 Guidelines, defendant's base offense is 14 instead of 12.