UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-0370 (PLF) |
| ) | |
| DAVID HOSSEIN SAFAVIAN, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant David Safavian's motion for release on bond pending appeal pursuant to 18 U.S.C. § 3143(b). On June 20, 2006, David Hossein Safavian was convicted by a jury of three counts of false statements and concealments pursuant to 18 U.S.C. § 1001(a)(1), and one count of obstruction of a GSA-OIG investigation pursuant to 18 U.S.C. § 1505. The Court sentenced Mr. Safavian to 18 months' incarceration. The defendant has filed his notice of appeal (multiple notices, in fact), and now seeks release pending appeal.

The United States Code provides that:

> [The Court] shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to . . . the community . . . and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a

>term of imprisonment less than the total of the time already served
>plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).  The Court will grant Mr. Safavian's motion for release on bond pending appeal because he has shown by clear and convincing evidence that (1) he is not likely to flee or pose a danger to the community; and (2) he has raised substantial questions of law or fact, as defined by 18 U.S.C. § 3143(b).  Furthermore, if one or more of those questions is resolved in his favor, a new trial likely would be required.  See 18 § U.S.C. 3143(b)(1)(B)(i), (ii).   The government concedes, and the Court agrees, that Mr. Safavian does not present a risk of flight or a danger to the community.  See Government's Opposition to Defendant's Motion for Bond Pending Appeal at 7, n.4.

A substantial question of law for purposes of 18 U.S.C. § 3143(b) is "'a "close" question or one that very well could be decided the other way.'" United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1988) (per curiam) (citations omitted). The Court agrees with the defendant that a number of the issues raised in the pre-trial motions, the motion for judgment of acquittal, and motion for a new trial are substantial and some are without precedent in this Circuit.  If some of these issues were decided in Mr. Safavian's favor on appeal, a new trial likely would be required.  Although the Court is confident in its decisions and unpersuaded by the defendant's arguments, it is also aware that some of the issues he has raised (though certainly not all), and particularly those concerning the admission of the e-mail evidence and the legal duty to disclose, present close questions of law that could be decided in another way.  If, for example, the court of appeals disagreed with this Court regarding the admission of e-mail evidence,  given the importance of that evidence to the government's case, Mr. Safavian might well be entitled to

a new trial. Likewise, if the court of appeals resolves the issue of the legal duty to disclose in Mr. Safavian's favor, it could result in the reversal of one or more of his convictions under 18 U.S.C. § 1001(a)(1). For these reasons, the Court will grant defendant's motion to remain on bond pending appeal, and will stay his sentence pursuant to Rule 38(b)(1) of the Federal Rules of Criminal Procedure. See FED. R. CRIM. P. 38(b)(1) ("If the defendant is released pending appeal, the court must stay a sentence of imprisonment.").

Accordingly, it is hereby

ORDERED that the defendant's motion for release pending appeal [140] is GRANTED; and it is

FURTHER ORDERED that the defendant's sentence is STAYED pending the outcome of his appeal pursuant to Rule 38(b)(1) of the Federal Rules of Criminal Procedure.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 16, 2006