UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 05-0370 (PLF) |
| DAVID HOSSEIN SAFAVIAN, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Motion in Limine to Preclude Evidence or Argument Concerning Alleged Improper Prosecution, and the defendant's opposition thereto. The Court heard oral argument on this motion shortly after it was filed, and has engaged in subsequent colloquies with counsel concerning this matter in open court as the trial has progressed. The Court GRANTS the government's motion in part and DENIES it in part.

For the reasons stated in open court, the Court generally agrees with the government that the questions of whether there has been vindictive or selective prosecution, why the government has decided to prosecute Mr. Safavian and not others, what motivated the government to add charges to the original indictment after defendant's success in the Court of Appeals, and the like are not matters properly presented to the jury. Where issues of vindictive or selective prosecution are properly raised, they are legal matters for the Court, not theories of defense for the jury. See, e.g., United States v. Abboud, 438 F.3d 554, 579 (6th Cir. 2005); United States v. Berrigan, 482 F.3d 171, 175 (3d Cir. 1973). On the other hand, as the Court explained in connection with the cross-examination of FBI Agent Jeffrey Reising, some

questions in this case that touch on these matters also may go to the bias, prejudice or credibility of a particular witness. The Court views these areas of inquiry as being on a continuum, so that neither of the rigid positions taken by counsel for the parties in briefing the motion in limine is wholly correct. The Court believes that, from the colloquies with the Court outside the presence of the jury, counsel understands the Court's views on this matter. In light of these discussions on the record, the Court is confident that counsel for each party will attempt in good faith to keep within these parameters when examining witnesses and will approach the bench for further guidance as appropriate. No more need be said.

      SO ORDERED.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 12, 2008