UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 05-0370 (PLF) |
| DAVID HOSSEIN SAFAVIAN, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant David Safavian's motion for release on bond pending appeal pursuant to 18 U.S.C. § 3143(b)(1).  On December 19, 2008, Mr. Safavian was convicted of one count of obstruction of justice with respect to a GSA Inspector General's investigation of him, in violation of 18 U.S.C. § 1505, and of three counts of false statements in violation of 18 U.S.C. § 1001(a)(1) and/or 18 U.S.C. § 1001(a)(2).  The jury acquitted him of a fourth charge of making false statements.  On July 21, 2009, the Court denied Mr. Safavian's motions for judgment of acquittal and for a new trial.  See United States v. Safavian, 644 F. Supp. 2d 1 (D.D.C. 2009).  On October 16, 2009, the Court sentenced Mr. Safavian to a period of incarceration of twelve months and one day.  The Court ordered that Mr. Safavian self-surrender to begin the service of his sentence on June 18, 2010.  The defendant has filed a notice of appeal and now seeks release on bond pending appeal.  The government opposes his release on bond.

> The United States Code provides that:
>
> [The Court] shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds — (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to . . . the community . . . and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in — (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The Court will grant Mr. Safavian's motion for release on bond pending appeal because (1) he has shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community; and (2) he has raised substantial questions of law or fact, as defined by 18 U.S.C. § 3143(b)(1). As the Court has concluded previously, Mr. Safavian does not present a risk of flight or a danger to the community. In addition, Mr. Safavian has raised substantial questions of law on each of the four counts on which he was convicted. If these questions are resolved in his favor, reversal or a new trial likely would be required. See 18 U.S.C. § 3143(b)(1)(B)(i), (ii).

A substantial question of law for the purpose of 18 U.S.C. § 3143(b) is "a 'close' question or one that very well could be decided the other way." United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1988) (per curiam) (citations omitted). The Court agrees with defendant that a number of the issues raised in his motion for judgment of acquittal and motion for a new trial raise substantial questions of law and that some are without clear precedent in this Circuit. While this Court is confident in its own decisions and is not itself persuaded by the defendant's arguments, it agrees that certain of these issues could be decided another way.

Specifically, the Court concludes that the following legal questions are substantial under the Perholtz standard: whether the statement defendant made to the ethics officer was material (Count Two); whether the addition of Count Five was the product of vindictive prosecution; and whether the admission of the cost of the charter flight was unfairly prejudicial (Counts One and Three).[1] Thus, the defendant raises a substantial question of law as to each of the four counts on which he was convicted. If these issues are resolved in his favor on appeal, reversal or a new trial likely would be required. For example, if the court of appeals disagreed with the Court's conclusions as to materiality of the statement to the ethics officer or whether Count Five was the product of vindictive prosecution, a reversal of defendant's convictions on Counts Two and/or Five would result. Similarly, if the court of appeals concluded that evidence concerning the cost of the charter flight should not have been admitted, a new trial might be required, at least on Counts One and Three.

Finally, the Court concludes that defendant's appeal has not been taken for the purpose of delay. See 18 U.S.C. § 3143(b)(1)(B). The Court notes, however, that it already has postponed the date on which defendant was required to surrender in order to accommodate the defendant's family obligations. The Court would not look kindly on any delay in the proceedings before the court of appeals or on an eleventh hour withdrawal of the appeal. The Court therefore expects that Mr. Safavian's counsel refrain from seeking any delay in the briefing or argument schedule and that government counsel will bring to the Court's attention any indication that

---

[1] The Court does not agree with defendant's arguments that the following are sufficiently close questions to warrant releasing the defendant on bond pending appeal: whether the statement defendant made to the FBI Agent (Count Five) was material and whether the addition of Count Three was the product of vindictive prosecution.

defendant's actions before the court of appeals are for the purpose of delay.

Accordingly it is hereby

ORDERED that the defendant's motion for release pending appeal [265] is GRANTED; and it is

FURTHER ORDERED that the defendant's sentence is STAYED pending the outcome of his appeal pursuant to Rule 38(b)(1) of the Federal Rules of Criminal Procedure.

SO ORDERED.

                                                                                    _/s/_____
                                                                                    PAUL L. FRIEDMAN
DATE: December 11, 2009                                  United States District Judge